# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON | * | |
| 1007 Mistover Lane | | |
| Newark, Delaware 19713 | * | |
| | | |
| and | * | |
| | | |
| SHARON ANDERSON | * | |
| 216 North Connell Street | | |
| Wilmington, Delaware 19713 | * | |
| | | |
| Plaintiffs | * | Civil Action No. |
| | | |
| v. | * | |
| | | |
| GEICO Casualty Company | * | |
| One GEICO Plaza | | |
| Washington, D.C. 20076-0001 | * | **CLASS ACTION** |
| | | |
| and | * | |
| | | |
| GEICO General Insurance Company | * | |
| One GEICO Plaza | | |
| Washington, D.C. 20076-0001 | * | |
| | | |
| and | * | |
| | | |
| GEICO Indemnity Company | * | |
| One GEICO Plaza | | |
| Washington, D.C. 20076-0001 | * | |
| | | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332 and 1446, as amended in relevant part by the Class Action

Fairness Act of 2005 ("CAFA"), Defendants GEICO Casualty Company, GEICO General

Insurance Company and GEICO Indemnity Company hereby remove to the United States

District Court for the District of Delaware the above-styled action, pending as Case No. 06C-04-168 JOH, in the Superior Court of the State of Delaware in and for New Castle County. As grounds for removal, the Defendants state as follows:

## FACTUAL BACKGROUND

1.     On May 10, 2006, Plaintiffs Kerry Johnson and Sharon Anderson ("Plaintiffs") filed this putative class action in the Superior Court of the State of Delaware in and for New Castle County.

2.     Each Defendant was served with a Summons and Complaint, served upon the Insurance Commissioner for the State of Delaware on or about May 30, 2006. In their Complaint, the Plaintiffs refer to the Defendants collectively as "GEICO" and that appellation will be used here, as appropriate, for the sake of brevity.

3.     Plaintiffs claim that the Defendants engaged in a variety of common law and statutory violations including breaches of insurance contracts, bad faith breaches of insurance contracts, breach of duty of fair dealing, common law fraud and violations of 21 Del. C. §§2118 and 2118B (Mandatory PIP Statutes), 6 Del. C. §§2513 (Consumer Fraud) and 2532 (Uniform Deceptive Trade Practices Act), 18 Del. C. §2301, *et seq*. (Unfair Practices in the Insurance Business) and 18 U.S.C. §1962 (R.I.C.O.), all relating to Defendants' handling of personal injury protection ("PIP") claims in Delaware. (Complaint at ¶¶1, 2).

4.     The Plaintiffs' Complaint contains nine separate Counts and seeks on their behalf and on behalf of a class of individuals similarly situated, compensatory damages, consequential and incidental damages, punitive damages on a variety of theories, treble damages on a variety of theories, attorneys' fees on a variety of theories and pain, suffering and exacerbation of their injuries. (Complaint at ¶88 a-o, ¶51).

5.    Plaintiffs are citizens of the state of Delaware.  (Complaint at ¶6, 7).

6.    Defendants are Maryland corporations with their principal place of business located at One GEICO Plaza, Washington, D.C. 20076-0001.[1] (Complaint at ¶5).

7.    Plaintiffs seek to pursue their claims on behalf of a putative class of "[a]ll of GEICO's Delaware insureds who, during the period GEICO has issued insurance in Delaware, submitted covered claims for medical expenses or other benefits under PIP coverage issued as part of GEICO's contracts; but who, owing to GEICO's unreasonable, unfair, fraudulent deceptive and otherwise wrongful conduct (as shown by the regular, routine and consistent pattern and practice of claims alleged above), were denied the benefits and performances to which they were entitled, or otherwise subjected to injury." (Complaint at ¶34).  In essence then, Plaintiffs seek the aforementioned damages and compensation for the entire period of time that the GEICO Defendants have issued insurance in Delaware providing PIP coverage.  The Plaintiffs also assert that any applicable statutes of limitations have been tolled by GEICO's fraudulent concealment of the systematic practices alleged by the Plaintiffs.  (Complaint at ¶41).

## BASIS OF JURISDICTION IN THIS COURT

8.    <u>Application of the Class Action Fairness Act of 2005</u>.  This Court has original jurisdiction over this civil action pursuant to CAFA, which creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and the number of members of all proposed

---

[1] The principal place of business is physically located at 5260 Western Avenue, Chevy Chase, Maryland 20815-3799.

plaintiff classes exceeds 100. 28 U.S.C. § 1332(d)(2)(A) & (d)(5)(B).[2] As explained below, each of these criteria is met here.

9.     <u>Amount in Controversy</u>. For a putative class action that is removed under the Class Action Fairness Act, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6); *see also Plubell v. Merck & Co.*, 434 F.3d 1070, 1071 (8th Cir. 2006). Based on the allegations in Plaintiffs' Complaint, the aggregate amount in controversy in this case easily exceeds $5,000,000, exclusive of interest and costs. As indicated above, Plaintiffs assert claims for **compensatory damages, consequential damages and incidental damages** arising out of all counts in the Complaint, **treble damages** based on alleged violations of 6 Del. C. §2513, 6 Del. C. §2532, 18 Del. C §2301, et seq., 18 U.S.C. §1962, **punitive damages** based on bad faith breach of contract, breach of contractual duty of fair dealing, common law fraud and violation of 6 Del. C. §2513, **attorneys fees** based on 18 Del. C. §4102 and violations of 18 U.S.C. §1962, and 21 Del. C. §§ 2118 and 2118B and costs and expenses.[3] (Complaint at ¶ 88 a-o). In addition to these claims, Plaintiffs assert in Count II that as a result of GEICO's arbitrary, wrongful and fraudulent breaches of their insurance contracts, the Plaintiffs and others similarly situated have been deprived of necessary medical care with resulting pain and suffering and exacerbation of injuries. (Complaint at ¶51).

Assuming proper proof, these claimed categories of damages are, on their face, recoverable under the various theories set out in the Complaint. The essence of Plaintiffs'

---

[2] CAFA applies to any action commencing on or after February 18, 2005 – the date on which CAFA was enacted. See CAFA § 9 ("The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act.")

[3] The Defendants deny that Plaintiffs have stated any valid claims or that certification of the proposed class would be appropriate. Defendants further deny that Plaintiffs or any putative class members are entitled to any relief whatsoever in this action.

Complaint is that GEICO has engaged in a systematic, intentional and knowingly fraudulent delay or denial of PIP benefits to Delaware claimants, GEICO routinely fails to pay PIP claims, GEICO routinely fails to pay within the time prescribed by statute and GEICO uses arbitrary methods in its handling of PIP claims which has been pervasive throughout the entire time that GEICO has been writing PIP insurance in Delaware. Plaintiffs also allege that they were prevented from learning of these practices because of GEICO's fraudulent actions and, thus, the otherwise applicable statutes of limitations have been tolled.

Plaintiffs' Complaint does not contain a specific dollar claim or ad damnum clause for compensatory, consequential or incidental damages. Likewise, there is no specific dollar amount claimed for punitive damages, attorneys' fees or for the pain, suffering and injury exacerbation claimed in Count II. At the same time, however, Plaintiffs have alleged open-ended claims for such damages which, on their face, appear viable. Moreover, Plaintiffs have made no attempt to limit, in any way, any component of the various types of monetary awards they seek. While the compensatory, consequential and incidental damages for breach of contract are presumably limited to the actual, although as yet, unspecified amounts by which their claims were allegedly reduced or denied, punitive damages need only bear a reasonable relationship to the compensatory damages and are otherwise open to determination by the trier of fact. In addition, attorneys' fees, if awarded under any of the variety of theories being claimed, will necessarily bear a relationship to the amount of ultimate recovery, if any,  and to the amount of legal work required by counsel. Although the amount of damages being claimed as a result of the pain, suffering and exacerbation of injury is not specifically delineated in the Complaint, such amounts would necessarily depend upon the Plaintiffs' evidence at trial and also would be subject to determination by the jury, without limitation. Of course, the Plaintiffs have also claimed

entitlement to treble damages and are claiming damages for the entire time that the three

Defendants have written PIP coverage in Delaware. GEICO Indemnity Company first issued

auto insurance in Delaware on September 8, 1961, followed by GEICO General Insurance

Company on November 7, 1978 and GEICO Casualty Company on October 4, 1993. (*See*

Affidavit of Jan Stewart, attached hereto and marked as **Exhibit A**). PIP coverage became

mandatory in Delaware in 1972.

To put the "amount in controversy" in perspective, during the past five years alone, the

three Defendants combined have paid PIP medical expenses totaling $19,762,596 to a total of

4,279 Delaware claimants. (*See* Affidavit of Tim Henderson, attached hereto and marked as

**Exhibit B**). As for the named Class Plaintiffs, Plaintiff Anderson submitted medical bills

totaling $7,659 in connection with her claim, and GEICO has paid a total of $5,897. Plaintiff

Johnson submitted medical bills totaling $16,720 in connection with his claim and GEICO has

paid a total of $11,870. (*See* Affidavit of Jaci Todd, attached hereto and marked as **Exhibit C**).

Plaintiffs allege throughout their Complaint that all other members of the proposed class have

and will suffer similar injury and that their claims are typical of putative class members.

Based on the allegations in the Complaint, as supplemented by Exhibits B and C, the

actual compensatory amount in controversy alone exceeds the $5,000,000 aggregate limit. Of

the $16,720 in medical bills submitted by Johnson, GEICO paid $11,870 meaning that, for

whatever reasons, GEICO reduced or denied Johnson's claimed medical bills by $4,850.

Likewise, Anderson's $7,659 medical claim was reduced by $1,762 down to $5,897. (*See*

**Exhibit B**). Combining these two "typical claims", the total medical expenses paid by GEICO

($17,767) was 72.87% of the $24,379 in bills submitted. Extrapolating this percentage over the

five year claims data contained in the Affidavit of Mr. Henderson, the total amount of medical

bills submitted to the three Defendants is estimated at $27,120,348. ($19,762,596 ÷ 72.87%).

(*See* **Exhibit C**). It is the difference between submitted bills and paid bills, or $7,357,752, which

is, presumably, the amount of compensatory damages Plaintiffs would be seeking if their claims

only go back five years.  Of course, the extent of Plaintiffs' compensatory claim depends on

whether reductions or denials by the Defendants were illegal or otherwise inappropriate under

the statute and the insurance contracts.  It also depends upon whether the Johnson and Anderson

claims are truly typical of the claims of the putative class members.  Yet, this analysis

demonstrates what is at stake before even considering punitive damages, treble damages,

attorneys' fees or pain, suffering and exacerbation of injuries.

 This Court, in *In Re: Intel Corp. Microprocessor Antitrust Litigation*; *Paul v. Intel Corp.*

U.S. Dist. Lexis 36716 (D. Del. 2006) recently had occasion to consider the amount in

controversy issue under CAFA.  The Court recognized that there is a split of authority among the

district courts throughout the country as to whether the plaintiff or the defendant has the burden

of establishing that the amount in controversy does or does not satisfy the $5,000,000 threshold.

The Court recognized that the Seventh and Ninth Circuits have concluded that the burden of

establishing federal jurisdiction remains on the removing defendant.  *Id.* at 4, citing *Abrego v.*

*Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) and *Brill v. Countrywide Home Loans, Inc.*, 427

F.3d 446 (7th Cir. 2005).[4]  In *Intel*, the Court concluded that it was unnecessary to decide which

party has the burden of proof, since the removing defendant had satisfactorily demonstrated that

---

[4] The Eleventh Circuit reached the same conclusion in *Miedema v. Maytag Corp.* 2006 U.S. App. Lexis 13788 (11th Cir. 2006).  In *Miedema*, the Court was faced with a class action claim related to alleged defects in stoves manufactured by defendant and sold in Florida.  While the removing defendant supplied an affidavit concerning the number of stoves sold, along with various other information, the Court concluded that the removing defendant had not met its burden to establish that the amount in controversy met or exceeded $5,000,000.  The *Miedema* case, however, is factually different from this case because the only apparent claim was for specific monetary damages arising out of the costs associated with repairing or replacing the defective stoves.  There was no claim for injuries, punitive damages, treble damages or attorneys' fees as there are in this case.

the amount in controversy in each case exceeded the statutory threshold of $5,000,000. Relying

upon *Brill*,[5] the Court quoted, "[o]nce the proponent of jurisdiction has set out the amount in

controversy, only a 'legal certainty' that the judgment will be less forecloses federal

jurisdiction." *Id*. The removing defendant provided statistical and census data to support its

claim that the amounts in controversy in the two cases under consideration exceeded the

$5,000,000 federal jurisdictional threshold. While the plaintiffs criticized the defendant's

calculations, they offered no evidence, calculations, or estimates of their own to refute the

defendant's claim and in the absence of such, the Court concluded that the amount in controversy

met the jurisdictional limit. In *Intel*, unlike here, there were apparently no claims for open-ended

or unliquidated elements of damages such as punitive damages, bodily injuries, or attorneys'

fees.

The Court in *Brill, supra*, also was required to decide whether the amount in controversy

had been established by the removing defendant. In a general discussion of the issue, the Court

stated as follows:

> [S]uits are removed on the pleadings, long before 'evidence' or
> 'proof' have been adduced. The question is not what damages the
> plaintiff will recover but what amount is 'in controversy' between
> the parties. That the plaintiff may fail in its proof, and the
> judgment be less than the threshold (indeed a good chance that the
> plaintiff will fail and the judgment will be zero) does not prevent
> removal. Once the proponent of jurisdiction has set out the amount
> in controversy, only a 'legal certainty' that the judgment will be
> less forecloses federal jurisdiction.

427 F.3d at 448. The Court recognized the dilemma in cases where the complaint is silent as to

one or more of the ingredients needed to calculate the amount in controversy, recognizing that

"the plaintiff may limit his claims (either substantive or financial) to keep the amount in

controversy below the threshold" thereby requiring the removing party to show not only what the

---

[5] Citing *St. Paul Mercury & Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938).

stakes of the litigation could be what they actually are based on the complaint. *Id.* at 449. The *Brill* Court concluded that the removing defendant had demonstrated satisfactorily that the amount in controversy between the parties exceeded the CAFA jurisdictional amount. *Id.*

It seems beyond debate that when unliquidated damages being claimed are not subject to precise mathematical calculation but are, rather, only determined at the discretion of the fact-finder, a claim for such damages alone is ordinarily sufficient to satisfy the federal jurisdictional amount. For example, the Third Circuit has held that "a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Golden v. Golden*, 382 F.3d 348 (3rd Cir. 2004). Only when a claim for punitive damages is "'patently frivolous and without foundation'" will the claim for such damages not satisfy the necessary amount in controversy. *Id.*, citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039 (3d Cir. 1993); *see also Yeroushalmi v. Blockbuster, Inc.*, 2005 U.S. Dist. Lexis 39331 (D.C. D. Ca. 2005). In *Ongstad v. Piper Jaffray & Co.*, 407 F. Supp. 2d 1085 (D.N.D. 2006), the Court rejected removing defendant's claim that the amount in controversy satisfied the jurisdictional limit. In doing so, the Court determined that there were insufficient allegations to support a claim for punitive damages and there was also no allegation of a statutory or other basis for the award of attorneys' fees. In the absence of a valid claim for either punitive damages or attorney's fees, the removing defendant was unable to establish that the amount at stake in the litigation met the amount in controversy requirement under CAFA. *See also*, *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560 (6th Cir. 2001) (punitive damages must be considered when determining amount in controversy unless, to a legal certainty, they cannot be recovered.); *Sutter v. Aventis CropScience USA Holding, Inc.*, 145 F. Supp. 2d 1050 (D. Iowa 2001) (holding that

9

amount in controversy was met when facially valid claim for punitive damages, attorneys' fees and injunctive relief were claimed.); *West Bend Elevator, Inc. v. Rhone-Poulenc S.A.*, 140 F. Supp. 2d 963 (D. Wis. 2000) (attorneys' fees, punitive damages and treble damages permitted to be included in amount in controversy determination where such damages were permitted by statute.); *Louque v. Allstate Ins. Co.*, 314 F.3d 776 (5th Cir. 2002), *cert. denied*, 540 U.S. 812 (2003); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, *cert. denied*, 538 U.S. 945 (2003), (both pre-CAFA class action cases upholding removal based on potential recovery of attorneys' fees by class representative); *Sorenson v. Ashmore*, 4 F. Supp.2d 669 (D. Tex. 1998) (although the complaint was silent as to dollar amount claimed, the claim for emotional distress, punitive damages and attorneys' fees was sufficient to satisfy amount in controversy).

Given the allegations in the Complaint, neither the parties nor the Court can state with "legal certainty" that the aggregation of compensatory, punitive and treble damages, attorneys' fees and damages for pain, suffering and injury exacerbation will be less than $5,000,000. As such, the removing Defendants have met their burden.

10.    Citizenship of the Parties.    CAFA's diversity of citizenship requirement is satisfied, *inter alia*, where any member of the putative class of Plaintiffs and the named Defendants are diverse. 28 U.S.C. § 1332(d)(2)(A). Here, there is complete diversity of citizenship between the Plaintiffs and the Defendants

11.    Number of Putative Class Members.    Jurisdiction exists where, *inter alia*, the proposed class contains at least 100 members. 28 U.S.C. § 1332(d)(5)(B); *Plubell v. Merck & Co.*, 434 F.3d 1070, 1071 (8th Cir. 2006). This requirement is satisfied here, as Plaintiffs estimate that the purported class contains over one thousand members (Complaint at ¶35).

12.     <u>Mandatory Jurisdiction.</u>  Federal jurisdiction over this action is mandatory, not permissive.  CAFA classifies qualifying class actions (*i.e.*, those in which the $5 million amount-in-controversy requirement is met) by the number of class members located in the state where the action is filed and the citizenship of the Defendants.  Although more than two-thirds of the class members are located in the State of Delaware, the provision of CAFA that requires a court to decline jurisdiction does not apply here, because each of the Defendants is not a citizen of the State of Delaware.  Thus, there is complete diversity.  *See* 28 U.S.C. § 1332(d)(4).

13.     <u>Questions Regarding Removal Should Be Resolved in Favor of Federal Jurisdiction</u>.  The Court should resolve any questions or ambiguities regarding the Defendants' right to remove in favor of federal jurisdiction.  CAFA's legislative history makes clear that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction:

- Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.  S. Rep. 109-14, at 43 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 41.

- Pursuant to new subsection 1332(d)(6), the claims of the individual class members in any class action shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000 (exclusive of interest and costs).  The Committee intends this subsection to be interpreted expansively.  If a purported class action is removed pursuant to these jurisdictional provisions, the named plaintiff(s) should bear the burden of demonstrating that the removal was improvident (i.e., that the applicable jurisdictional requirements are not satisfied).  And if a federal court is uncertain about whether "all matters in controversy" in a purported class action "do not in the aggregate exceed the sum or value of $5,000,000," the court should err in favor of exercising jurisdiction over the case.  By the same token, the Committee intends that a matter be subject to federal

jurisdiction under this provision if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief). *Id.* at 42, 2005 U.S.C.C.A.N. 3, 40.

- [T]he overall intent of [section 1332(d)] is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications. *Id.* at 35, 2005 U.S.C.C.A.N. 3, 34.

- The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy. *Id.* at 27, 2005 U.S.C.C.A.N. 3, 27.

## PROCEDURAL MATTERS

14.    <u>Removal is Timely</u>.  A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable.  28 U.S.C. § 1446(b).  The United States Supreme Court has held that the 30-day period prescribed in section 1446(b) runs from the date of simultaneous service of the summons and complaint or other formal service of the complaint.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 355-56 (1999).  The record reflects that the Defendants were served with the Summons and Complaint, via service upon the Insurance Commissioner, on May 30, 2006. This petition for removal is thus timely, as the 30-day period for removal does not expire until June 29, 2006.

15.    <u>Removal to Proper Court</u>.  This Court is part of the "district and division embracing the place where" Plaintiffs' Complaint was filed – Wilmington, Delaware.  28 U.S.C. § 1441(a).  Venue, therefore, is proper in this district under 28 U.S.C. §§ 100(1) and 1441(a).

16.    <u>Pleadings and Process</u>.  Pursuant to 28 U.S.C. § 1446(a),  a "copy of all process, pleadings, and orders served upon" Defendants is attached to this Notice of Removal as **Exhibit**

**D.** The Defendants have not answered or otherwise filed a responsive pleading to the Complaint filed in this action.

17.    A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of Delaware in and for New Castle County, consistent with 28 U.S.C. § 1446(a) & (d). The Superior Court of the State of Delaware in and for New Castle County is located within this District.

18    The Defendants hereby reserve all defenses and objections to Plaintiffs' Complaint

WHEREFORE, Defendants GEICO Casualty Company, GEICO General Insurance Company and GEICO Indemnity Company remove this action, now pending in the Superior Court of the State of Delaware in and for New Castle County, to the United States District Court for the District of Delaware for further proceedings according to law

Respectfully submitted,

Gary Alderson, Trial Bar No. 3895
Dawn L. Becker, Trial Bar No. 2975
Law Offices of Dawn L. Becker
Citizens Bank Center
919 Market Street
Suite 725
Wilmington, Delaware 19801

Attorneys for Defendants
GEICO Casualty Company
GEICO General Insurance Company
GEICO Indemnity Company

**OF COUNSEL**

George M. Church
Laura A. Cellucci
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 385-3839

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of June, 2006, a copy of the foregoing was

served electronically and/or by first class mail, postage prepaid, to:

Richard H. Cross, Jr., Esquire
Christopher P. Simon, Esquire
CROSS & SIMON, LLC
913 North Market Street
11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380

Attorneys for Plaintiffs


_____
Gary Alderson

# Exhibit  A

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON | * | |
| 1007 Mistover Lane | | |
| Newark, Delaware 19713 | * | |
| | | |
| and | * | |
| | | |
| SHARON ANDERSON | * | |
| 216 North Connell Street | | |
| Wilmington, Delaware 19713 | * | |
| | | |
| Plaintiffs | * | Civil Action No. |
| | | |
| v. | * | |
| | | |
| GEICO Casualty Company | * | **CLASS ACTION** |
| One GEICO Plaza | | |
| Washington, D.C. 20076-0001 | * | |
| | | |
| and | * | |
| | | |
| GEICO General Insurance Company | * | |
| One GEICO Plaza | | |
| Washington, D.C. 20076-0001 | * | |
| | | |
| and | * | |
| | | |
| GEICO Indemnity Company | * | |
| One GEICO Plaza | | |
| Washington, D.C. 20076-0001 | * | |
| | | |
| Defendants | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>AFFIDAVIT</u>

1.    My name is Jan Stewart and I am the Corporate Secretary for Government Employees Insurance Company and affiliated companies.   I am over eighteen years of age, am competent to testify and have personal knowledge of the facts contained herein.

2.    I have researched corporate records and have determined that GEICO General Insurance Company was first admitted to issue automobile insurance policies in the state of Delaware on November 7, 1978; GEICO Casualty Company was first admitted to issue automobile insurance policies in the state of Delaware on October 4, 1993; and GEICO Indemnity Company was first admitted to issue automobile insurance policies in the state of Delaware on September 8, 1961.

I DO SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY, and upon personal knowledge that the contents of the foregoing paper are true

Jan Stewart

2

# Exhibit  B

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

KERRY JOHNSON                          *
1007 Mistover Lane
Newark, Delaware 19713                 *

    and                               *

SHARON ANDERSON                        *
216 North Connell Street
Wilmington, Delaware 19713             *

    Plaintiffs                        *     Civil Action No

v                                      *

GEICO Casualty Company                 *     **CLASS ACTION**
One GEICO Plaza
Washington, D C 20076-0001             *

    and                               *

GEICO General Insurance Company        *
One GEICO Plaza
Washington, D.C 20076-0001             *

    and                               *

GEICO Indemnity Company                *
One GEICO Plaza
Washington, D C 20076-0001             *

    Defendants                        *

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

## <u>AFFIDAVIT</u>

1.    My name is Tim Henderson and I am a Senior Program Analyst for

Government Employees Insurance Company and affiliated companies. I am over eighteen

years of age, am competent to testify and have personal knowledge of the facts contained herein

    2.    In my position as Senior Program Analyst, I have responsibilities for the development and maintenance of the claims computer mainframe system for Government Employees Insurance Company and affiliated companies including the preparation of programs that enable the extraction of data from the claims databases and the determination of which databases to access in order to extract requested information. It is ultimately my responsibility to compile data into useable form.

    3.    In my capacity as a Senior Program Analyst for Government Employees Insurance Company I have access to claims information databases for affiliated companies including GEICO General Insurance Company, GEICO Indemnity Company and GEICO Casualty Company.

    4.    At the request of counsel, I searched the databases for medical payments made under the Personal Injury Protection (PIP) coverage of Delaware Family Automobile Insurance Policies rated for and issued in the state of Delaware by GEICO General Insurance Company, GEICO Indemnity Company and GEICO Casualty Company for the five year period beginning June 2, 2001 and ending May 31, 2006. During that timeframe, the number of PIP claimants and the amount of medical expenses paid under the PIP coverage of policies rated for and issued in Delaware for the three companies is as follows:

**6/2/01 – 5/31/06**

| COMPANY | NO. OF PIP CLAIMANTS | AMOUNT |
|---|---|---|
| GEICO General Insurance Company | 1,996 | $ 8,971,142. |
| GEICO Indemnity Company | 1,501 | $ 7,050,941. |
| GEICO Casualty Company | 782 | $ 3,740,513. |
| **FIVE YEAR TOTAL FOR THREE COMPANIES** | 4,279 | $19,762,596. |

I DO SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY, and upon

personal knowledge that the contents of the foregoing paper are true.

Tim Henderson

3

# Exhibit  C

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON | * | |
| 1007 Mistover Lane | | |
| Newark, Delaware 19713 | * | |
| | | |
| and | * | |
| | | |
| SHARON ANDERSON | * | |
| 216 North Connell Street | | |
| Wilmington, Delaware 19713 | * | |
| | | |
| Plaintiffs | * | Civil Action No. |
| | | |
| v. | * | |
| | | |
| GEICO Casualty Company | * | **CLASS ACTION** |
| One GEICO Plaza | | |
| Washington, D.C. 20076-0001 | * | |
| | | |
| and | * | |
| | | |
| GEICO General Insurance Company | * | |
| One GEICO Plaza | | |
| Washington, D.C. 20076-0001 | * | |
| | | |
| and | * | |
| | | |
| GEICO Indemnity Company | * | |
| One GEICO Plaza | | |
| Washington, D.C. 20076-0001 | * | |
| | | |
| Defendants | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>AFFIDAVIT</u>

1.    My name is Jaci Todd and I am a Claims Examiner for Government Employees Insurance Company and have been so employed for 15 years. I am over eighteen

years of age, am competent to testify and have personal knowledge of the facts contained herein.

2.    In the course of my employment, I handle claims for GEICO Casualty Company, GEICO Indemnity Company and GEICO General Insurance Company.   I currently have responsibility for handling the claims of Kerry Johnson, claim number 0232413390101017 related to a motor vehicle accident which occurred on July 16, 2004 and the claim of Sharon Anderson, claim number 014124013010103501 related to a motor vehicle accident which occurred on August 3, 2004.

3.    In order to prepare this Affidavit, I have reviewed both claims files.

4.    Based upon information currently available in Mr. Johnson's claims file, medical bills and expenses have been submitted in the amount of $16,720.06 and we have paid medical expenses in the amount of $11,870.63.

5.    Based upon information currently available in Ms. Anderson's claims file, medical bills and expenses have been submitted in the amount of $7,659.00 and we have paid medical expenses in the amount of $5,897.00.

I DO SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY, and upon personal knowledge that the contents of the foregoing paper are true.

Jaci Todd

# Exhibit  D

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNNTY**

KERRY JOHNSON and )
SHARON ANDERSON, )
on behalf of themselves and all )
others similarly situated, )
         )
         Plaintiffs, )    C.A. No. 06C-04-168 JOH
         )
v. )
         )    NON-ARBITRATION
GEICO CASUALTY COMPANY, )    TRIAL-BY JURY DEMANDED
GEICO GENERAL INSURANCE )
COMPANY, and GEICO INDEMNITY )
COMPANY, )
         )
         Defendants. )

## SUMMONS

**THE STATE OF DELAWARE
TO THE SHERIFF OF KENT COUNTY:
YOU ARE COMMANDED:**

      To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon Christopher P. Simon, Esquire, plaintiffs' attorneys, whose address is Cross & Simon, LLC, 913 North Market Street, 11th Floor, P.O. Box 1380, Wilmington, Delaware 19899-1380, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

      To serve upon defendants a copy hereof and of the complaint (and of the affidavit of demand, if any has been filed by plaintiffs)

Dated: 5/16/06                        Sharon D. Agnew
                                       Prothonotary
                                       Per Deputy

**TO THE ABOVE NAMED DEFENDANTS:**

      In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve upon plaintiff's attorneys named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

Dated:                                      Sharon D. Agnew
                                       Prothonotary
                                       Per Deputy

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNNTY**

| | |
|---|---|
| KERRY JOHNSON and | ) |
| SHARON ANDERSON, | ) |
| on behalf of themselves and all | ) |
| others similarly situated, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| GEICO CASUALTY COMPANY, | ) |
| GEICO GENERAL INSURANCE | ) |
| COMPANY, and GEICO INDEMNITY | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

C.A. No. _06C-04-168 JOH_

NON-ARBITRATION
TRIAL-BY JURY DEMANDED

<u>**SUMMONS**</u>

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY:**
**YOU ARE COMMANDED:**

To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon Christopher P. Simon, Esquire, plaintiffs' attorneys, whose address is Cross & Simon, LLC, 913 North Market Street, 11th Floor, P.O. Box 1380, Wilmington, Delaware 19899-1380, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

To serve upon defendants a copy hereof and of the complaint (and of the affidavit of demand, if any has been filed by plaintiffs)

Dated:  5/16/06

Sharon D. Agnew
Prothonotary

Per Deputy

**TO THE ABOVE NAMED DEFENDANTS:**

In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve upon plaintiff's attorneys named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

Dated:

Sharon D. Agnew
Prothonotary

Per Deputy

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNNTY**

KERRY JOHNSON and )
SHARON ANDERSON, )
on behalf of themselves and all )
others similarly situated, )
)
     Plaintiffs, )   C.A. No. *06C-04-168  JOH*
)
v. )
)   NON-ARBITRATION
GEICO CASUALTY COMPANY, )   TRIAL-BY JURY DEMANDED
GEICO GENERAL INSURANCE )
COMPANY, and GEICO INDEMNITY )
COMPANY, )
)
     Defendants. )

## SUMMONS

**THE STATE OF DELAWARE
TO THE SHERIFF OF KENT COUNTY:
YOU ARE COMMANDED:**

    To summon the above named defendants so that, within 20 days after service hereof upon

defendants, exclusive of the day of service, defendants shall serve upon Christopher P. Simon, Esquire,

plaintiffs' attorneys, whose address is Cross & Simon, LLC, 913 North Market Street, 11th Floor, P.O. Box

1380, Wilmington, Delaware 19899-1380, an answer to the complaint (and, if an affidavit of demand has

been filed, an affidavit of defense).

    To serve upon defendants a copy hereof and of the complaint (and of the affidavit of

demand, if any has been filed by plaintiffs)

Dated: *5/16/06*

                          Sharon D. Agnew
                          Prothonotary

                          Per Deputy

**TO THE ABOVE NAMED DEFENDANTS:**

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of

service, to serve upon plaintiff's attorneys named above an answer to the complaint (and, if an affidavit of

demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the

relief demanded in the complaint (or in the affidavit of demand, if any).

Dated:

                          Sharon D. Agnew
                          Prothonotary

                          Per Deputy

# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNNTY

| | | |
|---|---|---|
| KERRY JOHNSON and SHARON ANDERSON, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. *06C-04-168* |
| v. | ) ) | NON-ARBITRATION |
| GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY, and GEICO INDEMNITY COMPANY, | ) ) ) ) ) | TRIAL-BY JURY DEMANDED |
| Defendants. | ) | |

## PRAECIPE

TO:    Prothonotary
       Superior Court
       500 North King Street
       Wilmington, Delaware 19801

PLEASE ISSUE a summons and instruct the Sheriff of Kent County to serve the

summons and complaint pursuant to 18 Del. C. § 525 upon GEICO Casualty Company,

GEICO General Insurance Company, and GEICO Indemnity Company as follows:

> GEICO Casualty Company
> c/o Matt Denn, Insurance Commissioner
> 841 Silver Lake Boulevard
> Rodney Building
> Dover, DE 19901

> GEICO General Insurance Company
> c/o Matt Denn, Insurance Commissioner
> 841 Silver Lake Boulevard
> Rodney Building
> Dover, DE 19901

GEICO Indemnity Company
c/o Matt Denn, Insurance Commissioner
841 Silver Lake Boulevard
Rodney Building
Dover, DE 19901


Dated: April 19, 2006                    CROSS & SIMON, LLC
        Wilmington, Delaware

                                         By:_____
                                              Richard H. Cross, Jr. (No. 3576)
                                              Christopher P. Simon (No. 3697)
                                              913 North Market Street, 11th Floor
                                              P.O. Box 1380
                                              Wilmington, Delaware  19899-1380
                                              (302) 777-4200

                                              Attorneys for Plaintiffs

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY:  (N)  K  S      CIVIL ACTION NUMBER: _06C-04-168 JOH_

Civil Case Code: **CACT**      Civil Case Type: **Class Action**

(SEE REVERSE SIDE FOR CODE AND TYPE)

| Caption | NAME AND STATUS OF PARTY FILING DOCUMENT: **KERRY JOHNSON AND SHARON ANDERSON, PLAINTIFFS** |
|---|---|
| Kerry Johnson and Sharon Anderson<br><br>Plaintiffs,<br><br>v.<br><br>GEICO Casualty Company,<br>GEICO General Insurance Company, and<br>GEICO Indemnity Company<br><br>Defendants. | Document Type: **COMPLAINT**<br><br>NON-ARBITRATION __X__      eFile _____<br>(CERTIFICATE OF VALUE MAY BE REQUIRED)<br><br>Arbitration ____ Mediation____ Neutral Assessment____<br>DEFENDANT (CIRCLE ONE) **ACCEPT REJECT**<br>JURY DEMAND YES _X_ No ____<br>TRACK ASSIGNMENT REQUESTED (CIRCLE ONE)<br>**EXPEDITED (STANDARD) COMPLEX** |
| ATTORNEY NAME(S):<br><br>Christopher P. Simon<br><br>ATTORNEY ID(S):<br><br>3697<br><br>FIRM NAME:<br><br>**Cross & Simon, LLC**<br><br>ADDRESS:<br>**913 N. Market Street, 11th Floor**<br>**P.O. Box 1380**<br>**Wilmington, DE  19899-1380**<br><br>TELEPHONE NUMBER:<br><br>**302-777-4200**<br><br>FAX NUMBER:<br>**302-777-4224**<br><br>E-MAIL ADDRESS:<br><br>csimon@crosslaw.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS<br><br>_____<br>_____<br>EXPLAIN THE RELATIONSHIP(S)<br>_____<br>_____<br>_____<br>_____<br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br>_____<br>_____<br>_____<br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED.  THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNNTY**

2006 APR 19  PM 3: 14

| | | |
|---|---|---|
| KERRY JOHNSON and | ) | |
| SHARON ANDERSON, | ) | |
| on behalf of themselves and all | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 06C-04-168 JOH |
| | ) | |
| v. | ) | |
| | ) | NON-ARBITRATION |
| GEICO CASUALTY COMPANY, | ) | TRIAL-BY JURY DEMANDED |
| GEICO GENERAL INSURANCE | ) | |
| COMPANY, and GEICO INDEMNITY | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, allege as follows:

### Nature of Action

1.    This is an action seeking recovery of compensatory, punitive and treble damages, reasonable attorneys' fees, and declaratory and other relief arising from defendants' breaches of insurance contracts; bad faith breaches of insurance contracts; violations of 21 Del. C. §§ 2118 and 2118B, 6 Del. C. §§ 2513 and 2532, 18 Del. C. § 2301 *et seq.*, and 18 U.S.C. 1962; common law fraud; and otherwise wrongful refusal to honor its contractual obligations arising under certain policies of automobile insurance issued by GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY, and/or GEICO INDEMNITY COMPANY (collectively, "GEICO"), to members and representatives of the plaintiff class.

2.      This is a class action brought on behalf of those of GEICO's Delaware policyholders who submitted covered claims for medical expenses or other benefits under Personal Injury Protection (or "PIP") coverage issued as part of GEICO's insurance contracts, or who were otherwise entitled to GEICO's performance under such coverage; but who, owing to GEICO's unreasonable, unfair, fraudulent, deceptive and otherwise wrongful conduct (as shown by the regular, routine and consistent pattern and practice of claims), were denied the benefits and performances to which they were entitled.

### The Parties

3.      Plaintiff Kerry Johnson is a natural person residing at 1007 Mistover Lane Newark, Delaware 19713, and a named insured under GEICO auto policy 4009-41-57-30. Mr. Johnson has tendered claims for PIP benefits under the subject policy to GEICO, including claims tendered on his behalf by health care providers.

4.      Plaintiff Sharon Anderson is a natural person residing at 216 North Connell Street, Wilmington, Delaware 19805, and a named insured under GEICO auto policy 0571-19-46-04.  Ms. Anderson has tendered claims for PIP benefits under the subject policy to GEICO, including claims tendered on her behalf by health care providers.

5.      Defendant GEICO is an insurance company -- a Maryland corporation -- whose principal place of business is located at One Geico Plaza, Washington, D.C. 20076-0001.   GEICO is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

2

**Factual Background Applicable**
**to the proposed Plaintiffs' Class**

6.      GEICO is a prolific underwriter of automobile insurance, including first-party medical benefits for persons injured while driving or occupying motor vehicles. In Delaware, such no-fault coverage is known as "personal injury protection" or "PIP."

7.      For years, GEICO has derived substantial revenues and profits from the sale of such insurance products in Delaware.

8.      21 Del. C. § 2118B imposes definite requirements on the handling of PIP claims. Subsection (c), for example, requires insurers to "promptly process" PIP claims, and to either pay or deny them within thirty days. It also requires that an insurer's denial of coverage be explained to the insured in writing.

9.      21 Del. C. § 2118B(d) provides in part that if an insurer fails to pay covered PIP benefits within thirty days, and does so "in bad faith," the claimant is entitled to recover (in addition to the principal amount due) "an award for the costs of the action and the prosecution of the action, including reasonable attorney's fees...."

10.     When GEICO denies PIP benefits, in whole or in part, a PIP claimant may appeal to the Department of Insurance.  In such cases, the Department of Insurance typically, if not always, directs GEICO to pay PIP benefits to the PIP claimant. Notwithstanding repeated rulings by the Department of Insurance, GEICO continues to improperly reduce payments owed on bills, and denies PIP benefits in direct contradiction of rulings by the Department of Insurance and Delaware law.

3

## GEICO's
## Fraudulent Practices

11.    Under 21 Del. C. §§ 2118 and 2118B, and under GEICO's contractual obligations, GEICO must provide PIP benefits for reasonable and necessary medical expenses that arise from injuries sustained in automobile accidents. If these three elements -- reasonableness, medical necessity and causation -- are met, GEICO must pay the full amount of the expense incurred, subject to other statutory limitations.

12.    PIP coverage is required for all motor vehicles registered in Delaware. The specifications for this coverage are set forth in the statute, and include coverage for "reasonable and necessary" medical expenses.    GEICO cannot depart from this specification without violating Delaware law.

13.    For years, GEICO has engaged in the systematic delay or denial of full PIP benefits to Delaware claimants in violation of law, and without reasonable basis.

14.    GEICO routinely fails to pay PIP claims in Delaware.

15.    GEICO routinely fails to pay PIP claims in Delaware within the thirty-day statutory period under 21 Del. C. § 2118B.

16.    GEICO has implemented a medical expense review. Under this "procedure," GEICO limits its payment of PIP-related expenses to "the usual and customary charges for [the claimant's] area." In reality, GEICO conducts an arbitrary bill reduction.  By doing so, GEICO violates Delaware law and breaches its contractual obligations - - both of which require payment of reasonable expenses, regardless of what a treatment's "usual" charge may be.

17.    Medical expenses are not unreasonably excessive simply because they exceed what is usually charged in the locality - - especially where the excess over the

"usual" charge is nominal. In addition, a charge may exceed the "usual" charge and still be reasonable, if it reflects the greater than-usual expertise of the care provider, or the care provider's use of state-of-the-art (and hence, more costly) equipment.

18.    On information and belief, Delaware doctors refer unpaid medical bills to collection agencies - - a fact that was explicitly recognized by the Delaware general assembly when it passed 21 <u>Del</u>. <u>C</u>. §2118 "to prevent the financial hardship and damage to personal credit ratings that can result from the unjustifiable delays of [PIP] payments." When and if GEICO withholds a portion of the treating physician's reasonable fee, it offers no protection to its insured's personal credit ratings.

19.    Additionally, GEICO wrongfully and arbitrarily denies PIP benefits without obtaining any independent medical or expert opinion justifying the termination of medical treatment for reasons of medical necessity or causation.  The denial of benefits in whole, or in part, without any credible medical basis is prohibited under Delaware law.

<b>Allegations Specific To<br><u>Plaintiff Kerry Johnson</u></b>

20.    Plaintiff Kerry Johnson was injured in an automobile collision in New Castle County, Delaware on or about July 16, 2004.  As alleged above, Mr. Johnson was a named insured under a GEICO auto policy on the date of the accident.

21.    In connection with his claim for PIP benefits, Mr. Johnson has been subjected by GEICO to the systematic practices complained of above.

22.    GEICO has delayed payment of covered PIP benefits to Mr. Johnson without reasonable justification.

23.    GEICO has denied payment of covered PIP benefits to Mr. Johnson without reasonable justification.

24.    GEICO denied payment of covered PIP benefits purportedly because "[t]he procedure billed exceeds the level of service required by the diagnosis given or the condition for which this patient is being treated," notwithstanding the fact that GEICO conducted no medical examination of Mr. Johnson prior to making that determination.

25.    GEICO has failed to pay or deny Mr. Johnson's claims for PIP benefits within thirty days of its receipt of the same, in violation of 21 Del. C. §§ 2118 and 2118B.

26.    On information and belief, GEICO has applied its fraudulent "usual and customary" scheme to Mr. Johnson's claims for PIP-related medical expenses. GEICO has thereby failed to pay the reasonable and necessary medical expenses arising from Mr. Johnson's July 16, 2004 collision, in violation of 21 Del. C. §§ 2118 and 2118B and its contractual obligations.

### Allegations Specific
### to Sharon Anderson

27.    Plaintiff Sharon Anderson was injured in an automobile collision in New Castle County, Delaware on or about August 3, 2004.  As alleged above, Ms. Anderson was a named insured under a GEICO auto policy on the date of the accident.

28.    In connection with his claim for PIP benefits, Ms. Anderson has been subjected by GEICO to the systematic practices complained of above.

29.    GEICO has delayed payment of covered PIP benefits to Ms. Anderson without reasonable justification.

30.    GEICO has denied payment of covered PIP benefits to Ms. Anderson without reasonable justification.

31.    GEICO denied payment of covered PIP benefits purportedly because it determined that Ms. Anderson's treatment "would provide no therapeutic benefit durng the chronic period of the diagnosed conditions," notwithstanding the fact that GEICO conducted no medical examination of Ms. Anderson prior to making that determination.

32.    GEICO has failed to pay or deny Ms. Anderson's claims for PIP benefits within thirty days of its receipt of the same, in violation of 21 Del. C. §§ 2118 and 2118B.

33.    On information and belief, GEICO has applied its fraudulent "usual and customary" scheme to Ms. Anderson's claims for PIP-related medical expenses. GEICO has thereby failed to pay the reasonable and necessary medical expenses arising from Ms. Anderson's August 3, 2004 collision, in violation of 21 Del. C. §§ 2118 and 2118B and its contractual obligations.

### Class Certification Allegations

34.    This action is brought and may properly be maintained as a class action pursuant to Superior Court Civil Rules 23(a) and (b) (1) (A) , (2) and (3).  Plaintiffs Kerry Johnson and Sharon Anderson bring this action on behalf of themselves and all others similarly situated, as representative of the following proposed class: All of GEICO's Delaware insureds who, during the period GEICO has issued insurance in Delaware, submitted covered claims for medical expenses or other benefits under PIP coverage issued as part of GEICO's insurance contracts; but who, owing to GEICO's unreasonable, unfair, fraudulent, deceptive and otherwise wrongful conduct (as shown by the regular, routine and consistent pattern and practice of claims alleged above), were

denied the benefits and performances to which they were entitled, or otherwise subjected to injury.

## Numerosity of the Class
## (Super. Ct. Civ. R. 23(a)(1))

35.     The proposed class is so numerous that the individual joinder of all its members is impracticable. GEICO has been, at all relevant times, a major underwriter of PIP coverage; and it remains so today. While the exact number and identities of the proposed class members is presently unknown, and can only be determined through investigation and discovery, plaintiff is informed and believes that the proposed class includes over 1,000 members.

## Existence and Predominance of Common Questions of Law and Fact
## (Super. Ct, Civ. R. 23(a)(2), 23(b)(3))

36.     Common questions of law and fact exist as to all members of the proposed class.  They include, without limitation, the following:

a.      Whether GEICO engages in the delay or denial of covered PIP benefits in Delaware without reasonable justification, and as a matter of regular business practice;

b.      Whether GEICO engages in the practices complained of in the paragraphs above as a matter of regular business practice;

c.      Whether GEICO engages in the practices proscribed under 18 Del. C. § 2303 as a matter of regular business practice;

d.      Whether GEICO engages in the practices proscribed under 18 Del. C. § 2304(16) as a matter of regular business practice;

e.      Whether GEICO's conduct is in violation of 21 Del. C. §§ 2118 and 2118B;

8

f.      Whether GEICO's conduct is in violation of 6 <u>Del</u>. <u>C</u>. § 2513;

g.      Whether GEICO's conduct is in violation of 6 <u>Del</u>. <u>C</u>. § 2532;

h.      Whether GEICO's conduct is in violation of 18 U.S.C. §1962;

i.      Whether GEICO has evinced a conscious indifference to the rights of the proposed class members;

j.      Whether the subject insurance contracts constitute property insurance within the meaning of 18 <u>Del</u>. <u>C</u>. §904;

k.      Whether the proposed class is entitled to compensatory damages, and if so, the amount of such damages;

l.      Whether the proposed class is entitled to treble damages, and if so, the amount of such damages;

m.      Whether the proposed class is entitled to punitive damages, and if so, the amount of such damages; and

n.      Whether the proposed class is entitled to recovery of its reasonable attorneys' fees, and if so, the amount of such fees.

### Typicality of Claims
### (Super. Ct. Civ. R. 23(a)(3))

37.      Plaintiffs' claims are typical of the claims of the members of the proposed class. Mr. Johnson and Ms. Anderson are GEICO insureds with pending, unpaid claims for PIP benefits that GEICO has denied. To the extent that GEICO has paid PIP benefits to Mr. Johnson and Ms. Anderson, it has failed to do so in a timely manner. As alleged above, Mr. Johnson and Ms. Anderson have been subjected to the systematic practices identified above.   All members of the proposed class have been subjected to one or more of the same systematic practices; and all members of the proposed class, including Mr.

Johnson and Ms. Anderson, have been injured thereby. None of the proposed class members, including Mr. Johnson and Ms. Anderson, were aware of GEICO's fraudulent practices and intent at the time they purchased PIP insurance from GEICO.

### Adequacy of Representation
### (Super. Ct. Civ. R. 23(a)(4))

38.     Mr. Johnson and Ms. Anderson are under no actual or potential conflict of interest with respect to other members of the proposed class, and will fairly and adequately protect their interest.   They have retained attorneys experienced in the prosecution of complex litigation, complex coverage litigation, PIP-related litigation, and complex trial practice.

### Superiority of Class Action
### (Super. Ct. Civ. R. 23(b)(3))

39.     A class action is superior to other available methods of adjudication for this dispute, because individual joinder of all members of the proposed class is impracticable, and no other method of adjudication of the claims asserted herein is more efficient and manageable. Further, the damages suffered by individual members of the proposed class may be relatively modest, so that the burden and expense of prosecuting individual actions would make it difficult or impossible for such members to obtain relief. The prosecution of such individual actions would also impose a substantial burden on the Delaware trial courts, and on this Court in particular. At the same time, individualized litigation would entail a significant risk of varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and the courts, by requiring multiple trials for the same complex factual issues. By contrast, the class action mechanism presents fewer case-management problems; conserves the

resources of the parties and the courts; and protects the rights of each member of the proposed class. The proposed class members thus have little interest in individually controlling the prosecution of separate actions; and to counsel's knowledge, there has been no substantial litigation of this dispute in any forum.  It is not anticipated that the prosecution of this dispute as a class action will entail any special case-management difficulties; and notice of the pendency of this action, and of any resolution of the same, can be provided to the proposed class by publication and/or individual notice.

### Other Grounds for Certification

40.    This action is also certifiable under Superior Court Civil Rules 23(b) (1) and (2) because:

a.    The prosecution of separate actions by the individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to such individual class members, thus establishing incompatible standards of conduct for GEICO; and

b.    GEICO has acted or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

### Tolling Of Applicable
### Statutes Of Limitation

41.    Any applicable statutes of limitation have been tolled by GEICO's fraudulent concealment of the systematic practices alleged above. Because GEICO deals with each proposed class member individually, such class members are unable, acting alone, to discover GEICO's pattern of fraudulent conduct and racketeering activity. At the moment that each proposed class member's insurance contract with GEICO was formed, GEICO was already engaging in the systematic practices complained of herein,

11

and so had already formed its intent to pursue such practices; but in each case, GEICO concealed that (inherently unknowable) intent from its prospective insured.

## COUNT I
### Declaratory Judgment

42.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

43.    Under Delaware law, and under the obligations imposed by GEICO's respective insurance contracts with the proposed class members, GEICO was required to pay covered claims for PIP benefits.

44.    Under Delaware law, and under the obligations imposed by GEICO's respective insurance contracts with the proposed class members, GEICO was required to pay covered claims for PIP benefits with reasonable promptness.

45.    GEICO has failed to pay the proposed class members' covered claims for PIP benefits.

46.    GEICO has failed to pay the proposed class members' covered claims for PIP benefits with reasonable promptness.

47.    An actual controversy of a justiciable nature exists between plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated (on the one hand) and GEICO (on the other), concerning the parties' rights and obligations under the subject GEICO insurance contracts. The controversy is of sufficient immediacy to justify the entry of a declaratory judgment.

48.    Declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

## COUNT II
### Breach Of Contract

49.     Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

50.     GEICO has breached the subject contracts of insurance by delaying or denying payment of covered claims for PIP benefits.

51.     As a direct result of GEICO's breaches of the subject insurance contracts, plaintiffs Kerry Johnson and Sharon Anderson, and all others similarly situated have been deprived of the benefit of the insurance coverage for which premiums were paid under those contracts. As a further result of GEICO's breaches of contract, plaintiffs Kerry Johnson and Sharon Anderson and all others similarly situated have been deprived of necessary medical care, with resulting pain and suffering and exacerbation of injury.

## COUNT III
### Bad Faith Breach of Contract

52.     Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

53.     GEICO's denial of covered PIP benefits, as heretofore alleged, has been without reasonable justification.

54.     GEICO's delay in the payment of covered PIP benefits, as heretofore alleged, has been without reasonable justification.

55.     GEICO knowingly and intentionally violated its contract with Plaintiffs and applicable law by performing arbitrary and improper bill reductions.

13

56.    As a direct result of GEICO's bad faith breaches of the subject insurance contracts, Plaintiffs and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT IV
### Breach of the Duty of Fair Dealing

57.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

58.    GEICO has failed and refused to deal fairly with plaintiffs Kerry Johnson and Sharon Anderson, and with all others similarly situated, in connection with their covered claims for PIP benefits.

59.    As a direct result of GEICO's breaches of its contractual duty of fair dealing, plaintiffs Kerry Johnson and Sharon Anderson, and all others similarly situated, have suffered and will suffer injury as heretofore alleged.

## COUNT V
### Common Law Fraud

60.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

61.    The insurance contracts sold by GEICO to plaintiff Kerry Johnson and Sharon Anderson, and to all others similarly situated, contained representations of fact. Among them was the representation mandated by 21 Del. C. §§ 2118 and 2118B-- that covered PIP benefits would be paid.

62.    An implied representation of fact contained in all the disputed insurance policies was that GEICO would neither delay nor deny payment of covered PIP benefits without reasonable justification.

63.    An implied representation of fact contained in all the disputed insurance policies was that GEICO would deal fairly with its insureds under those contracts.

64.    Representations of fact made by GEICO under the disputed policies, including the representations alleged in the paragraphs above, were false.

65.    GEICO knew that the subject representations were false at the time they were made.

66.    GEICO believed that the subject representations were false at the time they were made.

67.    The subject representations were made by GEICO with reckless indifference to their truth or falsity.

68.    GEICO made the subject representations with the intent to induce plaintiffs Kerry Johnson and Sharon Anderson, and all others similarly situated, to enter into the disputed insurance contracts with GEICO, and to make premium payments to GEICO thereon.

69.    Plaintiffs Kerry Johnson and Sharon Anderson, and all others similarly situated entered into the disputed insurance contracts with GEICO in reliance on the subject representations.

70.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, were justified in relying on GEICO's representations as alleged.

71.    In addition to its affirmative acts of misrepresentation, GEICO also concealed from plaintiffs Kerry Johnson and Sharon Anderson, and from all others similarly situated, its intent to dishonor its contractual obligations under the disputed insurance contracts, and the systematic practices by which it would do so.

72.    As a direct result of GEICO's fraudulent representations and concealment, plaintiffs Kerry Johnson and Sharon Anderson and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT VI
### Consumer Fraud

73.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

74.    GEICO's conduct, as alleged above, is in violation of 6 Del. C. § 2513.

75.    As a direct result of GEICO's violations of 6 Del. C. § 2513, plaintiffs Kerry Johnson and Sherry Anderson, and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT VII
### Uniform Deceptive Trade Practices

76.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

77.    GEICO's conduct, as alleged above, is in violation of 6 Del. C. § 2532. On information and belief, in the course of GEICO's business, GEICO's conduct which is violative includes, but is not limited to:

16

a.    GEICO represents that GEICO's insurance services provide all benefits as required by Delaware law when it does not;

b.    GEICO represents that GEICO's insurance services meet the standards set by Delaware law when it does not;

c.    GEICO advertises services that purportedly meet the standards set by Delaware law with the intent not to sell them as advertised;

d.    GEICO engages in conduct as set forth in this complaint which creates a likelihood of confusion or misunderstanding.

78.    As a direct result of GEICO's violations of 6 <u>Del</u>. <u>C</u>. § 2532, plaintiffs Kerry Johnson and Sherry Anderson, and all others similarly situated have suffered and will suffer injury as heretofore alleged.

**COUNT VIII**
**18 Del. C. § 2301 et seq.**

79.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

80.    GEICO's conduct is in violation of 18 <u>Del</u>. <u>C</u>. § 2301 *et seq.*

**COUNT IX**
**Racketeering Activity**

81.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

82.    GEICO's sale of automobile insurance products in Delaware, including its sale of PIP coverage, is an enterprise that affects interstate commerce.

17

83.    At all relevant times, GEICO has operated the enterprise by which it sells automobile insurance products, including PIP coverage, in Delaware.

84.    At all relevant times, GEICO has participated in the conduct and affairs of the enterprise by which it sells automobile insurance products, including PIP coverage, in Delaware.

85.    Through the systematic practices complained of in the paragraphs above, GEICO has pursued a scheme to defraud its insureds. GEICO has used the United States mails in furtherance of that scheme.

86.    Through a pattern of racketeering activity, including two or more acts of mail fraud (as defined under 18 U.S.C. § 1341), GEICO has participated in the fraudulent insurance enterprise alleged above.

87.    As a direct result of GEICO's pattern of racketeering activity, plaintiffs and all others similarly situated have suffered and will suffer injury as heretofore alleged.

88.    As a direct result of GEICO's pattern of racketeering activity, plaintiffs and all others similarly situated have been injured in their property; namely, in their loss of money and contract rights.

WHEREFORE, plaintiffs, on behalf of themselves and all others similarly situated, respectfully requests that this Court enter judgment as follows:

a.    Entering an Order certifying the plaintiff class, appointing plaintiffs Kerry Johnson and Sharon Anderson as representatives of that class, and appointing Mr. Johnson's and Ms. Anderson's counsel to represent that class, all pursuant to Superior Court Civil Rule 23;

b.    Declaring the parties' rights, duties, status or other legal relations under the disputed insurance contracts;

c.    Awarding to plaintiffs and all others similarly situated damages, including compensatory damages, consequential and incidental damages, for GEICO's breaches of its insurance contracts;

d.    Awarding to plaintiffs and all others similarly situated punitive damages for GEICO's bad faith breaches of its insurance contracts;

e.    Awarding to plaintiffs and all others similarly situated punitive damages for GEICO's breaches of its contractual duty of fair dealing;

f.    Awarding to plaintiffs and all others similarly situated compensatory, consequential and punitive damages for GEICO's common law fraud;

g.    Awarding to plaintiffs and all others similarly situated compensatory, consequential, treble and punitive damages for GEICO's violations of 6 Del. C. § 2513;

h.    Awarding to plaintiffs and all others similarly situated compensatory, treble damages and, to the extent the Court finds that GEICO willfully engaged in a deceptive trade practice, reasonable attorney fees and costs for GEICO's violation of 6 Del. C. § 2532;

i.    Awarding to plaintiffs and all others similarly situated compensatory, treble damages and, to the extent the Court finds that GEICO willfully engaged in a deceptive trade practice, reasonable attorney fees and costs for GEICO's violation of 18 Del. C. § 2301 *et seq.*;

j.      Awarding to plaintiffs and all others similarly situated compensatory damages, treble damages and reasonable attorneys' fees for GEICO's violation of 18 U.S.C. § 1962;

k.      Awarding to plaintiffs and all others similarly situated their reasonable attorneys' fees in the prosecution of this action, consistent with 18 <u>Del</u>. <u>C</u>. § 4102;

l.      Awarding to plaintiffs and all others similarly situated all costs of this action, all costs of the prosecution of this action, and their reasonable attorneys' fees, consistent with 21 <u>Del</u>. <u>C</u>. §§ 2118 and 2118B;

m.      Awarding to plaintiffs and all others similarly situated all costs of this action;

n.      Awarding to plaintiffs pre- and post-judgment interest; and

o.      Awarding such other and further relief as this Court deems just and appropriate.


Dated: April 19, 2006                    CROSS & SIMON, LLC
       Wilmington, Delaware

                                         By: _____
                                             Richard H. Cross, Jr. (No. 3576)
                                             Christopher P. Simon (No. 3697)
                                             913 North Market Street, 11th Floor
                                             P.O. Box 1380
                                             Wilmington, Delaware  19899-1380
                                             (302) 777-4200

                                             Attorneys for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

KERRY JOHNSON, et al        *

       Plaintiffs        *

v.        *       C.A. No. 06C-04-168

GEICO CASUALTY COMPANY, et al.        *       NON-ARBITRATION
       TRIAL-BY JURY DEMANDED

       Defendants        *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## NOTICE OF REMOVAL TO FEDERAL COURT

Please take notice that a Notice of Removal of the above-captioned action from the

Superior Court of the State of Delaware in and for New Castle County to the United States

District Court for the District of Delaware (a copy of which is attached hereto) was duly

filed this date in the United States District Court for the District of Delaware

Respectfully submitted,

Gary Alderson, Trial Bar No. 3895
Dawn L. Becker, Trial Bar No. 2975
Law Offices of Dawn L. Becker
Citizens Bank Center
919 Market Street
Suite 725
Wilmington, Delaware  19801

Attorneys for Defendants
GEICO Casualty Company
GEICO General Insurance Company
GEICO Indemnity Company

**OF COUNSEL**

George M. Church
Laura A. Cellucci
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 385-3839

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of June, 2006, a copy of the foregoing

was mailed, first class mail, postage prepaid, to:

Richard H. Cross, Jr., Esquire
Christopher P. Simon, Esquire
CROSS & SIMON, LLC
913 North Market Street
11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380

Attorneys for Plaintiffs

Gary Alderson

2

✎JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kerry Johnson and
Sharon Anderson

**(b)** County of Residence of First Listed Plaintiff  Newark, De.
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 302-777-4200
Richard H. Cross, Jr. & Christopher P.
Simon, P.O. Box 1380, Wilmington, DE

## DEFENDANTS
GEICO Casualty Company
GEICO General Insurance Company
GEICO Indemnity Company
County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Gary Alderson & Dawn L. Becker,
919 Market St., Suite 725, Wilmington, DE

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court |
| ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332, 1446
Brief description of cause:
Class action - breach of contract, fraud, R.I.C.O., state statutes

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Not included
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE                    DOCKET NUMBER

DATE
June 27, 2006

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

KERRY JOHNSON                                *
1007 Mistover Lane
Newark, Delaware 19713                       *

    and                  *

SHARON ANDERSON                              *
216 North Connell Street
Wilmington, Delaware 19713                   *

    Plaintiffs           *          Civil Action No.

v.                                           *

GEICO Casualty Company                       *
One GEICO Plaza
Washington, D.C. 20076-0001                  *          **CLASS ACTION**

    and                  *

GEICO General Insurance Company              *
One GEICO Plaza
Washington, D.C. 20076-0001                  *

    and                  *

GEICO Indemnity Company                      *
One GEICO Plaza
Washington, D.C. 20076-0001                  *

    Defendants           *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§ 1332 and 1446, as amended in relevant part by the Class Action

Fairness Act of 2005 ("CAFA"), Defendants GEICO Casualty Company, GEICO General

Insurance Company and GEICO Indemnity Company hereby remove to the United States

District Court for the District of Delaware the above-styled action, pending as Case No. 06C-04-168 JOH, in the Superior Court of the State of Delaware in and for New Castle County. As grounds for removal, the Defendants state as follows:

## FACTUAL BACKGROUND

1.    On May 10, 2006, Plaintiffs Kerry Johnson and Sharon Anderson ("Plaintiffs") filed this putative class action in the Superior Court of the State of Delaware in and for New Castle County.

2.    Each Defendant was served with a Summons and Complaint, served upon the Insurance Commissioner for the State of Delaware on or about May 30, 2006. In their Complaint, the Plaintiffs refer to the Defendants collectively as "GEICO" and that appellation will be used here, as appropriate, for the sake of brevity.

3.    Plaintiffs claim that the Defendants engaged in a variety of common law and statutory violations including breaches of insurance contracts, bad faith breaches of insurance contracts, breach of duty of fair dealing, common law fraud and violations of 21 Del. C. §§2118 and 2118B (Mandatory PIP Statutes), 6 Del. C. §§2513 (Consumer Fraud) and 2532 (Uniform Deceptive Trade Practices Act), 18 Del. C. §2301, *et seq*. (Unfair Practices in the Insurance Business) and 18 U.S.C. §1962 (R.I.C.O.), all relating to Defendants' handling of personal injury protection ("PIP") claims in Delaware. (Complaint at ¶¶1, 2).

4.    The Plaintiffs' Complaint contains nine separate Counts and seeks on their behalf and on behalf of a class of individuals similarly situated, compensatory damages, consequential and incidental damages, punitive damages on a variety of theories, treble damages on a variety of theories, attorneys' fees on a variety of theories and pain, suffering and exacerbation of their injuries. (Complaint at ¶88 a-o, ¶51).

5.    Plaintiffs are citizens of the state of Delaware.  (Complaint at ¶6, 7).

6.    Defendants are Maryland corporations with their principal place of business located at One GEICO Plaza, Washington, D.C. 20076-0001.[1]  (Complaint at ¶5).

7.    Plaintiffs seek to pursue their claims on behalf of a putative class of "[a]ll of GEICO's Delaware insureds who, during the period GEICO has issued insurance in Delaware, submitted covered claims for medical expenses or other benefits under PIP coverage issued as part of GEICO's contracts; but who, owing to GEICO's unreasonable, unfair, fraudulent deceptive and otherwise wrongful conduct (as shown by the regular, routine and consistent pattern and practice of claims alleged above), were denied the benefits and performances to which they were entitled, or otherwise subjected to injury." (Complaint at ¶34).  In essence then, Plaintiffs seek the aforementioned damages and compensation for the entire period of time that the GEICO Defendants have issued insurance in Delaware providing PIP coverage.  The Plaintiffs also assert that any applicable statutes of limitations have been tolled by GEICO's fraudulent concealment of the systematic practices alleged by the Plaintiffs.  (Complaint at ¶41).

## BASIS OF JURISDICTION IN THIS COURT

8.    <u>Application of the Class Action Fairness Act of 2005</u>.  This Court has original jurisdiction over this civil action pursuant to CAFA, which creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and the number of members of all proposed

---

[1] The principal place of business is physically located at 5260 Western Avenue, Chevy Chase, Maryland 20815-3799.

plaintiff classes exceeds 100. 28 U.S.C. § 1332(d)(2)(A) & (d)(5)(B).[2] As explained below, each of these criteria is met here.

      9.    <u>Amount in Controversy</u>. For a putative class action that is removed under the Class Action Fairness Act, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6); *see also Plubell v. Merck & Co.*, 434 F.3d 1070, 1071 (8th Cir. 2006). Based on the allegations in Plaintiffs' Complaint, the aggregate amount in controversy in this case easily exceeds $5,000,000, exclusive of interest and costs. As indicated above, Plaintiffs assert claims for **compensatory damages, consequential damages and incidental damages** arising out of all counts in the Complaint, **treble damages** based on alleged violations of 6 Del. C. §2513, 6 Del. C. §2532, 18 Del. C. §2301, et seq., 18 U.S.C. §1962, **punitive damages** based on bad faith breach of contract, breach of contractual duty of fair dealing, common law fraud and violation of 6 Del. C. §2513, **attorneys fees** based on 18 Del. C. §4102 and violations of 18 U.S.C. §1962, and 21 Del. C. §§ 2118 and 2118B and costs and expenses.[3] (Complaint at ¶ 88 a-o). In addition to these claims, Plaintiffs assert in Count II that as a result of GEICO's arbitrary, wrongful and fraudulent breaches of their insurance contracts, the Plaintiffs and others similarly situated have been deprived of necessary medical care with resulting pain and suffering and exacerbation of injuries. (Complaint at ¶51).

      Assuming proper proof, these claimed categories of damages are, on their face, recoverable under the various theories set out in the Complaint. The essence of Plaintiffs'

---

[2] CAFA applies to any action commencing on or after February 18, 2005 – the date on which CAFA was enacted. See CAFA § 9 ("The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act.")

[3] The Defendants deny that Plaintiffs have stated any valid claims or that certification of the proposed class would be appropriate. Defendants further deny that Plaintiffs or any putative class members are entitled to any relief whatsoever in this action.

Complaint is that GEICO has engaged in a systematic, intentional and knowingly fraudulent delay or denial of PIP benefits to Delaware claimants, GEICO routinely fails to pay PIP claims, GEICO routinely fails to pay within the time prescribed by statute and GEICO uses arbitrary methods in its handling of PIP claims which has been pervasive throughout the entire time that GEICO has been writing PIP insurance in Delaware. Plaintiffs also allege that they were prevented from learning of these practices because of GEICO's fraudulent actions and, thus, the otherwise applicable statutes of limitations have been tolled.

Plaintiffs' Complaint does not contain a specific dollar claim or ad damnum clause for compensatory, consequential or incidental damages. Likewise, there is no specific dollar amount claimed for punitive damages, attorneys' fees or for the pain, suffering and injury exacerbation claimed in Count II. At the same time, however, Plaintiffs have alleged open-ended claims for such damages which, on their face, appear viable. Moreover, Plaintiffs have made no attempt to limit, in any way, any component of the various types of monetary awards they seek. While the compensatory, consequential and incidental damages for breach of contract are presumably limited to the actual, although as yet, unspecified amounts by which their claims were allegedly reduced or denied, punitive damages need only bear a reasonable relationship to the compensatory damages and are otherwise open to determination by the trier of fact. In addition, attorneys' fees, if awarded under any of the variety of theories being claimed, will necessarily bear a relationship to the amount of ultimate recovery, if any,  and to the amount of legal work required by counsel. Although the amount of damages being claimed as a result of the pain, suffering and exacerbation of injury is not specifically delineated in the Complaint, such amounts would necessarily depend upon the Plaintiffs' evidence at trial and also would be subject to determination by the jury, without limitation. Of course, the Plaintiffs have also claimed

entitlement to treble damages and are claiming damages for the entire time that the three

Defendants have written PIP coverage in Delaware.  GEICO Indemnity Company first issued

auto insurance in Delaware on September 8, 1961, followed by GEICO General Insurance

Company on November 7, 1978 and GEICO Casualty Company on October 4, 1993.  (*See*

Affidavit of Jan Stewart, attached hereto and marked as **Exhibit A)**.  PIP coverage became

mandatory in Delaware in 1972.

    To put the "amount in controversy" in perspective, during the past five years alone, the

three Defendants combined have paid PIP medical expenses totaling $19,762,596 to a total of

4,279 Delaware claimants.  (*See* Affidavit of Tim Henderson, attached hereto and marked as

**Exhibit B)**.  As for the named Class Plaintiffs, Plaintiff Anderson submitted medical bills

totaling $7,659 in connection with her claim, and GEICO has paid a total of $5,897.  Plaintiff

Johnson submitted medical bills totaling $16,720 in connection with his claim and GEICO has

paid a total of $11,870.  (*See* Affidavit of Jaci Todd, attached hereto and marked as **Exhibit C)**.

Plaintiffs allege throughout their Complaint that all other members of the proposed class have

and will suffer similar injury and that their claims are typical of putative class members.

    Based on the allegations in the Complaint, as supplemented by Exhibits B and C, the

actual compensatory amount in controversy alone exceeds the $5,000,000 aggregate limit.  Of

the $16,720 in medical bills submitted by Johnson, GEICO paid $11,870 meaning that, for

whatever reasons, GEICO reduced or denied Johnson's claimed medical bills by $4,850.

Likewise, Anderson's $7,659 medical claim was reduced by $1,762 down to $5,897.  (*See*

**Exhibit B)**. Combining these two "typical claims", the total medical expenses paid by GEICO

($17,767) was 72.87% of the $24,379 in bills submitted.  Extrapolating this percentage over the

five year claims data contained in the Affidavit of Mr. Henderson, the total amount of medical

bills submitted to the three Defendants is estimated at $27,120,348. ($19,762,596 ÷ 72.87%). (*See* **Exhibit C**). It is the difference between submitted bills and paid bills, or $7,357,752, which is, presumably, the amount of compensatory damages Plaintiffs would be seeking if their claims only go back five years. Of course, the extent of Plaintiffs' compensatory claim depends on whether reductions or denials by the Defendants were illegal or otherwise inappropriate under the statute and the insurance contracts. It also depends upon whether the Johnson and Anderson claims are truly typical of the claims of the putative class members. Yet, this analysis demonstrates what is at stake before even considering punitive damages, treble damages, attorneys' fees or pain, suffering and exacerbation of injuries.

This Court, in *In Re: Intel Corp. Microprocessor Antitrust Litigation; Paul v. Intel Corp.* U.S. Dist. Lexis 36716 (D. Del. 2006) recently had occasion to consider the amount in controversy issue under CAFA. The Court recognized that there is a split of authority among the district courts throughout the country as to whether the plaintiff or the defendant has the burden of establishing that the amount in controversy does or does not satisfy the $5,000,000 threshold. The Court recognized that the Seventh and Ninth Circuits have concluded that the burden of establishing federal jurisdiction remains on the removing defendant. *Id.* at 4, citing *Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006) and *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).[4] In *Intel*, the Court concluded that it was unnecessary to decide which party has the burden of proof, since the removing defendant had satisfactorily demonstrated that

---

[4] The Eleventh Circuit reached the same conclusion in *Miedema v. Maytag Corp.* 2006 U.S. App. Lexis 13788 (11th Cir. 2006). In *Miedema*, the Court was faced with a class action claim related to alleged defects in stoves manufactured by defendant and sold in Florida. While the removing defendant supplied an affidavit concerning the number of stoves sold, along with various other information, the Court concluded that the removing defendant had not met its burden to establish that the amount in controversy met or exceeded $5,000,000. The *Miedema* case, however, is factually different from this case because the only apparent claim was for specific monetary damages arising out of the costs associated with repairing or replacing the defective stoves. There was no claim for injuries, punitive damages, treble damages or attorneys' fees as there are in this case.

the amount in controversy in each case exceeded the statutory threshold of $5,000,000. Relying upon *Brill*,[5] the Court quoted, "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Id.* The removing defendant provided statistical and census data to support its claim that the amounts in controversy in the two cases under consideration exceeded the $5,000,000 federal jurisdictional threshold. While the plaintiffs criticized the defendant's calculations, they offered no evidence, calculations, or estimates of their own to refute the defendant's claim and in the absence of such, the Court concluded that the amount in controversy met the jurisdictional limit. In *Intel*, unlike here, there were apparently no claims for open-ended or unliquidated elements of damages such as punitive damages, bodily injuries, or attorneys' fees.

The Court in *Brill, supra*, also was required to decide whether the amount in controversy had been established by the removing defendant. In a general discussion of the issue, the Court stated as follows:

> [S]uits are removed on the pleadings, long before 'evidence' or 'proof' have been adduced. The question is not what damages the plaintiff will recover but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal. Once the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction.

427 F.3d at 448. The Court recognized the dilemma in cases where the complaint is silent as to one or more of the ingredients needed to calculate the amount in controversy, recognizing that "the plaintiff may limit his claims (either substantive or financial) to keep the amount in controversy below the threshold" thereby requiring the removing party to show not only what the

---

[5] Citing *St. Paul Mercury & Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938).

stakes of the litigation could be what they actually are based on the complaint. *Id.* at 449. The *Brill* Court concluded that the removing defendant had demonstrated satisfactorily that the amount in controversy between the parties exceeded the CAFA jurisdictional amount. *Id.*

It seems beyond debate that when unliquidated damages being claimed are not subject to precise mathematical calculation but are, rather, only determined at the discretion of the fact-finder, a claim for such damages alone is ordinarily sufficient to satisfy the federal jurisdictional amount. For example, the Third Circuit has held that "a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Golden v. Golden*, 382 F.3d 348 (3rd Cir. 2004). Only when a claim for punitive damages is "'patently frivolous and without foundation'" will the claim for such damages not satisfy the necessary amount in controversy. *Id.*, citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039 (3d Cir. 1993); *see also Yeroushalmi v. Blockbuster, Inc.*, 2005 U.S. Dist. Lexis 39331 (D.C. D. Ca. 2005). In *Ongstad v. Piper Jaffray & Co.*, 407 F. Supp. 2d 1085 (D.N.D. 2006), the Court rejected removing defendant's claim that the amount in controversy satisfied the jurisdictional limit. In doing so, the Court determined that there were insufficient allegations to support a claim for punitive damages and there was also no allegation of a statutory or other basis for the award of attorneys' fees. In the absence of a valid claim for either punitive damages or attorney's fees, the removing defendant was unable to establish that the amount at stake in the litigation met the amount in controversy requirement under CAFA. *See also, Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560 (6th Cir. 2001) (punitive damages must be considered when determining amount in controversy unless, to a legal certainty, they cannot be recovered.); *Sutter v. Aventis CropScience USA Holding, Inc.*, 145 F. Supp. 2d 1050 (D. Iowa 2001) (holding that

amount in controversy was met when facially valid claim for punitive damages, attorneys' fees and injunctive relief were claimed.); *West Bend Elevator, Inc. v. Rhone-Poulenc S.A.*, 140 F. Supp. 2d 963 (D. Wis. 2000) (attorneys' fees, punitive damages and treble damages permitted to be included in amount in controversy determination where such damages were permitted by statute.); *Louque v. Allstate Ins. Co.*, 314 F.3d 776 (5th Cir. 2002), *cert. denied*, 540 U.S. 812 (2003); *Grant v. Chevron Phillips Chem. Co.,* 309 F.3d 864, *cert. denied*, 538 U.S. 945 (2003), (both pre-CAFA class action cases upholding removal based on potential recovery of attorneys' fees by class representative); *Sorenson v. Ashmore*, 4 F. Supp.2d 669 (D. Tex. 1998) (although the complaint was silent as to dollar amount claimed, the claim for emotional distress, punitive damages and attorneys' fees was sufficient to satisfy amount in controversy).

Given the allegations in the Complaint, neither the parties nor the Court can state with "legal certainty" that the aggregation of compensatory, punitive and treble damages, attorneys' fees and damages for pain, suffering and injury exacerbation will be less than $5,000,000. As such, the removing Defendants have met their burden.

10. <u>Citizenship of the Parties</u>. CAFA's diversity of citizenship requirement is satisfied, *inter alia*, where any member of the putative class of Plaintiffs and the named Defendants are diverse. 28 U.S.C. § 1332(d)(2)(A). Here, there is complete diversity of citizenship between the Plaintiffs and the Defendants

11. <u>Number of Putative Class Members</u>. Jurisdiction exists where, *inter alia*, the proposed class contains at least 100 members. 28 U.S.C. § 1332(d)(5)(B); *Plubell v. Merck & Co.*, 434 F.3d 1070, 1071 (8th Cir. 2006). This requirement is satisfied here, as Plaintiffs estimate that the purported class contains over one thousand members (Complaint at ¶35).

12.    <u>Mandatory Jurisdiction.</u> Federal jurisdiction over this action is mandatory, not permissive. CAFA classifies qualifying class actions (*i.e.*, those in which the $5 million amount-in-controversy requirement is met) by the number of class members located in the state where the action is filed and the citizenship of the Defendants. Although more than two-thirds of the class members are located in the State of Delaware, the provision of CAFA that requires a court to decline jurisdiction does not apply here, because each of the Defendants is not a citizen of the State of Delaware. Thus, there is complete diversity. *See* 28 U.S.C. § 1332(d)(4).

13.    <u>Questions Regarding Removal Should Be Resolved in Favor of Federal Jurisdiction</u>. The Court should resolve any questions or ambiguities regarding the Defendants' right to remove in favor of federal jurisdiction. CAFA's legislative history makes clear that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction:

- Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant. S. Rep. 109-14, at 43 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 41.

- Pursuant to new subsection 1332(d)(6), the claims of the individual class members in any class action shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000 (exclusive of interest and costs). The Committee intends this subsection to be interpreted expansively. If a purported class action is removed pursuant to these jurisdictional provisions, the named plaintiff(s) should bear the burden of demonstrating that the removal was improvident (i.e., that the applicable jurisdictional requirements are not satisfied). And if a federal court is uncertain about whether "all matters in controversy" in a purported class action "do not in the aggregate exceed the sum or value of $5,000,000," the court should err in favor of exercising jurisdiction over the case. By the same token, the Committee intends that a matter be subject to federal

jurisdiction under this provision if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief). *Id.* at 42, 2005 U.S.C.C.A.N. 3, 40.

- [T]he overall intent of [section 1332(d)] is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications. *Id.* at 35, 2005 U.S.C.C.A.N. 3, 34.

- The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy. *Id.* at 27, 2005 U.S.C.C.A.N. 3, 27.

## **PROCEDURAL MATTERS**

14.    <u>Removal is Timely</u>.  A notice of removal may be filed within 30 days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b).  The United States Supreme Court has held that the 30-day period prescribed in section 1446(b) runs from the date of simultaneous service of the summons and complaint or other formal service of the complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 355-56 (1999).  The record reflects that the Defendants were served with the Summons and Complaint, via service upon the Insurance Commissioner, on May 30, 2006. This petition for removal is thus timely, as the 30-day period for removal does not expire until June 29, 2006.

15.    <u>Removal to Proper Court</u>.  This Court is part of the "district and division embracing the place where" Plaintiffs' Complaint was filed – Wilmington, Delaware. 28 U.S.C. § 1441(a).  Venue, therefore, is proper in this district under 28 U.S.C. §§ 100(1) and 1441(a).

16.    <u>Pleadings and Process</u>.  Pursuant to 28 U.S.C. § 1446(a),  a "copy of all process, pleadings, and orders served upon" Defendants is attached to this Notice of Removal as **Exhibit**

12

**D.** The Defendants have not answered or otherwise filed a responsive pleading to the Complaint filed in this action.

17.     A copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of Delaware in and for New Castle County, consistent with 28 U.S.C. § 1446(a) & (d).  The Superior Court of the State of Delaware in and for New Castle County is located within this District.

18     The Defendants hereby reserve all defenses and objections to Plaintiffs' Complaint.

WHEREFORE, Defendants GEICO Casualty Company, GEICO General Insurance Company and GEICO Indemnity Company remove this action, now pending in the Superior Court of the State of Delaware in and for New Castle County, to the United States District Court for the District of Delaware for further proceedings according to law.

Respectfully submitted,

Gary Alderson, Trial Bar No. 3895
Dawn L. Becker, Trial Bar No. 2975
Law Offices of Dawn L. Becker
Citizens Bank Center
919 Market Street
Suite 725
Wilmington, Delaware  19801

Attorneys for Defendants
GEICO Casualty Company
GEICO General Insurance Company
GEICO Indemnity Company

**OF COUNSEL**

George M. Church
Laura A. Cellucci
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 385-3839

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of June, 2006, a copy of the foregoing was

served electronically and/or by first class mail, postage prepaid, to:

Richard H. Cross, Jr., Esquire
Christopher P. Simon, Esquire
CROSS & SIMON, LLC
913 North Market Street
11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380

Attorneys for Plaintiffs

Gary Alderson

14

# Exhibit  A

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| KERRY JOHNSON<br>1007 Mistover Lane<br>Newark, Delaware 19713 | * |
| | * |
| and | * |
| SHARON ANDERSON<br>216 North Connell Street<br>Wilmington, Delaware 19713 | * |
| | * |
| Plaintiffs | *    Civil Action No. |
| v. | * |
| GEICO Casualty Company<br>One GEICO Plaza<br>Washington, D.C 20076-0001 | *    **CLASS ACTION** |
| | * |
| and | * |
| GEICO General Insurance Company<br>One GEICO Plaza<br>Washington, D.C 20076-0001 | * |
| | * |
| and | * |
| GEICO Indemnity Company<br>One GEICO Plaza<br>Washington, D C 20076-0001 | * |
| | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## <u>AFFIDAVIT</u>

1.    My name is Jan Stewart and I am the Corporate Secretary for Government Employees Insurance Company and affiliated companies.  I am over eighteen years of age, am competent to testify and have personal knowledge of the facts contained herein.

2.    I have researched corporate records and have determined that GEICO General Insurance Company was first admitted to issue automobile insurance policies in the state of Delaware on November 7, 1978; GEICO Casualty Company was first admitted to issue automobile insurance policies in the state of Delaware on October 4, 1993; and GEICO Indemnity Company was first admitted to issue automobile insurance policies in the state of Delaware on September 8, 1961.

I DO SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY, and upon personal knowledge that the contents of the foregoing paper are true

_____
Jan Stewart

# Exhibit  B

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| KERRY JOHNSON | * |
| 1007 Mistover Lane | |
| Newark, Delaware 19713 | * |
| | |
| and | * |
| | |
| SHARON ANDERSON | * |
| 216 North Connell Street | |
| Wilmington, Delaware 19713 | * |
| | |
| Plaintiffs | *    Civil Action No |
| | |
| v | * |
| | |
| GEICO Casualty Company | *    **CLASS ACTION** |
| One GEICO Plaza | |
| Washington, D C. 20076-0001 | * |
| | |
| and | * |
| | |
| GEICO General Insurance Company | * |
| One GEICO Plaza | |
| Washington, D.C 20076-0001 | * |
| | |
| and | * |
| | |
| GEICO Indemnity Company | * |
| One GEICO Plaza | |
| Washington, D C. 20076-0001 | * |
| | |
| Defendants | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>AFFIDAVIT</u>

1.    My name is Tim Henderson and I am a Senior Program Analyst for

Government Employees Insurance Company and affiliated companies.  I am over eighteen

years of age, am competent to testify and have personal knowledge of the facts contained herein

2.    In my position as Senior Program Analyst, I have responsibilities for the development and maintenance of the claims computer mainframe system for Government Employees Insurance Company and affiliated companies including the preparation of programs that enable the extraction of data from the claims databases and the determination of which databases to access in order to extract requested information. It is ultimately my responsibility to compile data into useable form.

3.    In my capacity as a Senior Program Analyst for Government Employees Insurance Company I have access to claims information databases for affiliated companies including GEICO General Insurance Company, GEICO Indemnity Company and GEICO Casualty Company.

4.    At the request of counsel, I searched the databases for medical payments made under the Personal Injury Protection (PIP) coverage of Delaware Family Automobile Insurance Policies rated for and issued in the state of Delaware by GEICO General Insurance Company, GEICO Indemnity Company and GEICO Casualty Company for the five year period beginning June 2, 2001 and ending May 31, 2006. During that timeframe, the number of PIP claimants and the amount of medical expenses paid under the PIP coverage of policies rated for and issued in Delaware for the three companies is as follows:

2

**6/2/01 – 5/31/06**

| COMPANY | NO. OF PIP CLAIMANTS | AMOUNT |
|---|---|---|
| GEICO General Insurance Company | 1,996 | $ 8,971,142. |
| GEICO Indemnity Company | 1,501 | $ 7,050,941. |
| GEICO Casualty Company | 782 | $ 3,740,513. |
| FIVE YEAR TOTAL FOR THREE COMPANIES | 4,279 | $19,762,596. |

I DO SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY, and upon personal knowledge that the contents of the foregoing paper are true.

Tim Henderson

3

# Exhibit  C

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

KERRY JOHNSON                                   *
1007 Mistover Lane
Newark, Delaware 19713                          *

   and                          *

SHARON ANDERSON                                 *
216 North Connell Street
Wilmington, Delaware 19713                      *

   Plaintiffs                   *       Civil Action No.

v.                                              *

GEICO Casualty Company                          *       **CLASS ACTION**
One GEICO Plaza
Washington, D.C. 20076-0001                     *

   and                          *

GEICO General Insurance Company                 *
One GEICO Plaza
Washington, D.C. 20076-0001                     *

   and                          *

GEICO Indemnity Company                         *
One GEICO Plaza
Washington, D.C. 20076-0001                     *

   Defendants                   *

*   *   *   *   *   *   *   *   *   *   *

## <u>AFFIDAVIT</u>

1.   My name is Jaci Todd and I am a Claims Examiner for Government Employees Insurance Company and have been so employed for 15 years. I am over eighteen

years of age, am competent to testify and have personal knowledge of the facts contained herein.

2.    In the course of my employment, I handle claims for GEICO Casualty Company, GEICO Indemnity Company and GEICO General Insurance Company.  I currently have responsibility for handling the claims of Kerry Johnson, claim number 0232413390101017 related to a motor vehicle accident which occurred on July 16, 2004 and the claim of Sharon Anderson, claim number 014124013010103501 related to a motor vehicle accident which occurred on August 3, 2004.

3.    In order to prepare this Affidavit, I have reviewed both claims files.

4.    Based upon information currently available in Mr. Johnson's claims file, medical bills and expenses have been submitted in the amount of $16,720.06 and we have paid medical expenses in the amount of $11,870.63.

5.    Based upon information currently available in Ms. Anderson's claims file, medical bills and expenses have been submitted in the amount of $7,659.00 and we have paid medical expenses in the amount of $5,897.00.

I DO SOLEMNLY AFFIRM UNDER THE PENALTIES OF PERJURY, and upon personal knowledge that the contents of the foregoing paper are true.

Jaci Todd

# Exhibit  D

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNNTY**

KERRY JOHNSON and )
SHARON ANDERSON, )
on behalf of themselves and all )
others similarly situated, )
       )
            Plaintiffs, )   C.A. No. O6C-04-168 JOH
       )
v. )
       )   NON-ARBITRATION
GEICO CASUALTY COMPANY, )   TRIAL-BY JURY DEMANDED
GEICO GENERAL INSURANCE )
COMPANY, and GEICO INDEMNITY )
COMPANY, )
       )
            Defendants. )

## SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY:**
**YOU ARE COMMANDED:**

       To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon Christopher P. Simon, Esquire, plaintiffs' attorneys, whose address is Cross & Simon, LLC, 913 North Market Street, 11th Floor, P.O. Box 1380, Wilmington, Delaware 19899-1380, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

       To serve upon defendants a copy hereof and of the complaint (and of the affidavit of demand, if any has been filed by plaintiffs)

Dated: 5/16/06

                                 Sharon D. Agnew
                                 Prothonotary
                                 Per Deputy

**TO THE ABOVE NAMED DEFENDANTS:**

       In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve upon plaintiff's attorneys named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

Dated:

                                 Sharon D. Agnew
                                 Prothonotary
                                 Per Deputy

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNNTY**

| | | |
|---|---|---|
| KERRY JOHNSON and <br> SHARON ANDERSON, <br> on behalf of themselves and all <br> others similarly situated, | ) <br> ) <br> ) <br> ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 06C-04-168 JOH |
| | ) | |
| v. | ) | |
| | ) | NON-ARBITRATION |
| GEICO CASUALTY COMPANY, <br> GEICO GENERAL INSURANCE <br> COMPANY, and GEICO INDEMNITY <br> COMPANY, | ) <br> ) <br> ) <br> ) | TRIAL-BY JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

## SUMMONS

**THE STATE OF DELAWARE**
**TO THE SHERIFF OF KENT COUNTY:**
**YOU ARE COMMANDED:**

    To summon the above named defendants so that, within 20 days after service hereof upon

defendants, exclusive of the day of service, defendants shall serve upon Christopher P. Simon, Esquire,

plaintiffs' attorneys, whose address is Cross & Simon, LLC, 913 North Market Street, 11th Floor, P.O. Box

1380, Wilmington, Delaware 19899-1380, an answer to the complaint (and, if an affidavit of demand has

been filed, an affidavit of defense).

    To serve upon defendants a copy hereof and of the complaint (and of the affidavit of

demand, if any has been filed by plaintiffs)

Dated: 5/16/06

                                 Sharon D. Agnew
                                 Prothonotary

                                 Per Deputy

**TO THE ABOVE NAMED DEFENDANTS:**

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of

service, to serve upon plaintiff's attorneys named above an answer to the complaint (and, if an affidavit of

demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the

relief demanded in the complaint (or in the affidavit of demand, if any).

Dated:

                                   Sharon D. Agnew
                                 Prothonotary

                                 Per Deputy

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNNTY**

KERRY JOHNSON and )
SHARON ANDERSON, )
on behalf of themselves and all )
others similarly situated, )
)
    Plaintiffs, )    C.A. No. *06C-04-168 JOH*
)
v. )
)
GEICO CASUALTY COMPANY, )    NON-ARBITRATION
GEICO GENERAL INSURANCE )    TRIAL-BY JURY DEMANDED
COMPANY, and GEICO INDEMNITY )
COMPANY, )
)
    Defendants. )

### SUMMONS

**THE STATE OF DELAWARE
TO THE SHERIFF OF KENT COUNTY:
YOU ARE COMMANDED:**

    To summon the above named defendants so that, within 20 days after service hereof upon defendants, exclusive of the day of service, defendants shall serve upon Christopher P. Simon, Esquire, plaintiffs' attorneys, whose address is Cross & Simon, LLC, 913 North Market Street, 11th Floor, P.O. Box 1380, Wilmington, Delaware 19899-1380, an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense).

    To serve upon defendants a copy hereof and of the complaint (and of the affidavit of demand, if any has been filed by plaintiffs)

Dated: **5/16/06**

                                   Sharon D. Agnew
                                   Prothonotary

                                   Per Deputy

**TO THE ABOVE NAMED DEFENDANTS:**

    In case of your failure, within 20 days after service hereof upon you, exclusive of the day of service, to serve upon plaintiff's attorneys named above an answer to the complaint (and, if an affidavit of demand has been filed, an affidavit of defense), judgment by default will be rendered against you for the relief demanded in the complaint (or in the affidavit of demand, if any).

Dated:

                                   Sharon D. Agnew
                                   Prothonotary

                                   Per Deputy

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNNTY**

| | |
|---|---|
| KERRY JOHNSON and<br>SHARON ANDERSON,<br>on behalf of themselves and all<br>others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>GEICO CASUALTY COMPANY,<br>GEICO GENERAL INSURANCE<br>COMPANY, and GEICO INDEMNITY<br>COMPANY,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 06C-04-168

NON-ARBITRATION
TRIAL-BY JURY DEMANDED

## PRAECIPE

TO:    Prothonotary
        Superior Court
        500 North King Street
        Wilmington, Delaware 19801

PLEASE ISSUE a summons and instruct the Sheriff of Kent County to serve the

summons and complaint pursuant to 18 Del. C. § 525 upon GEICO Casualty Company,

GEICO General Insurance Company, and GEICO Indemnity Company as follows:

        GEICO Casualty Company
        c/o Matt Denn, Insurance Commissioner
        841 Silver Lake Boulevard
        Rodney Building
        Dover, DE 19901

        GEICO General Insurance Company
        c/o Matt Denn, Insurance Commissioner
        841 Silver Lake Boulevard
        Rodney Building
        Dover, DE 19901

GEICO Indemnity Company
c/o Matt Denn, Insurance Commissioner
841 Silver Lake Boulevard
Rodney Building
Dover, DE 19901

Dated: April 19, 2006          CROSS & SIMON, LLC
       Wilmington, Delaware

By: _____

Richard H. Cross, Jr. (No. 3576)
Christopher P. Simon (No. 3697)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware  19899-1380
(302) 777-4200

Attorneys for Plaintiffs

2

# SUPERIOR COURT CIVIL CASE INFORMATION STATEMENT (CIS)

COUNTY: (N)  K   S          CIVIL ACTION NUMBER: _06C-04-168 JOH_

Civil Case Code: **CACT**          Civil Case Type: **Class Action**

(SEE REVERSE SIDE FOR CODE AND TYPE)

| | |
|---|---|
| Caption<br><br>Kerry Johnson and Sharon Anderson<br><br>                   Plaintiffs,<br><br>       v.<br><br>GEICO Casualty Company,<br>GEICO General Insurance Company, and<br>GEICO Indemnity Company<br><br>               Defendants. | NAME AND STATUS OF PARTY FILING DOCUMENT: **KERRY JOHNSON AND SHARON ANDERSON, PLAINTIFFS**<br><br>Document Type: **COMPLAINT**<br><br>NON-ARBITRATION __X__          eFile _____<br>(CERTIFICATE OF VALUE MAY BE REQUIRED)<br><br>Arbitration ____ Mediation____ Neutral Assessment____<br>DEFENDANT (CIRCLE ONE) **ACCEPT  REJECT**<br>JURY DEMAND  YES _X_ No ____<br>TRACK ASSIGNMENT REQUESTED (CIRCLE ONE)<br>**EXPEDITED** (**STANDARD**) **COMPLEX** |
| ATTORNEY NAME(S):<br><br>Christopher P. Simon<br><br>ATTORNEY ID(S):<br><br>3697<br><br>FIRM NAME:<br><br>**Cross & Simon, LLC**<br><br>ADDRESS:<br>**913 N. Market Street, 11th Floor<br>P.O. Box 1380<br>Wilmington, DE  19899-1380**<br><br>TELEPHONE NUMBER:<br><br>**302-777-4200**<br><br>FAX NUMBER:<br>**302-777-4224**<br><br>E-MAIL ADDRESS:<br><br>csimon@crosslaw.com | IDENTIFY ANY RELATED CASES NOW PENDING IN THE SUPERIOR COURT BY CAPTION AND CIVIL ACTION NUMBER INCLUDING JUDGE'S INITIALS<br><br>_____<br>_____<br>_____<br><br>EXPLAIN THE RELATIONSHIP(S)<br><br>_____<br>_____<br>_____<br>_____<br>_____<br><br>OTHER UNUSUAL ISSUES THAT AFFECT CASE MANAGEMENT:<br><br>_____<br>_____<br>_____<br>_____<br><br>(IF ADDITIONAL SPACE IS NEEDED, PLEASE ATTACH PAGE) |

THE PROTHONOTARY WILL NOT PROCESS THE COMPLAINT, ANSWER, OR FIRST RESPONSIVE PLEADING IN THIS MATTER FOR SERVICE UNTIL THE CASE INFORMATION STATEMENT (CIS) IS FILED.  THE FAILURE TO FILE THE CIS AND HAVE THE PLEADING PROCESSED FOR SERVICE MAY RESULT IN THE DISMISSAL OF THE COMPLAINT OR MAY RESULT IN THE ANSWER OR FIRST RESPONSIVE PLEADING BEING STRICKEN.

## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNNTY

2006 APR 19  PM 3: 14

| | | |
|---|---|---|
| KERRY JOHNSON and<br>SHARON ANDERSON,<br>on behalf of themselves and all<br>others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GEICO CASUALTY COMPANY,<br>GEICO GENERAL INSURANCE<br>COMPANY, and GEICO INDEMNITY<br>COMPANY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06C-04-168 JOH<br><br>NON-ARBITRATION<br>TRIAL-BY JURY DEMANDED |

### CLASS ACTION COMPLAINT

Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, allege as follows:

### Nature of Action

1.      This is an action seeking recovery of compensatory, punitive and treble damages, reasonable attorneys' fees, and declaratory and other relief arising from defendants' breaches of insurance contracts; bad faith breaches of insurance contracts; violations of 21 Del. C. §§ 2118 and 2118B, 6 Del. C. §§ 2513 and 2532, 18 Del. C. § 2301 et seq., and 18 U.S.C. 1962; common law fraud; and otherwise wrongful refusal to honor its contractual obligations arising under certain policies of automobile insurance issued by GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY, and/or GEICO INDEMNITY COMPANY (collectively, "GEICO"), to members and representatives of the plaintiff class.

2.      This is a class action brought on behalf of those of GEICO's Delaware policyholders who submitted covered claims for medical expenses or other benefits under Personal Injury Protection (or "PIP") coverage issued as part of GEICO's insurance contracts, or who were otherwise entitled to GEICO's performance under such coverage; but who, owing to GEICO's unreasonable, unfair, fraudulent, deceptive and otherwise wrongful conduct (as shown by the regular, routine and consistent pattern and practice of claims), were denied the benefits and performances to which they were entitled.

### The Parties

3.      Plaintiff Kerry Johnson is a natural person residing at 1007 Mistover Lane Newark, Delaware 19713, and a named insured under GEICO auto policy 4009-41-57-30. Mr. Johnson has tendered claims for PIP benefits under the subject policy to GEICO, including claims tendered on his behalf by health care providers.

4.      Plaintiff Sharon Anderson is a natural person residing at 216 North Connell Street, Wilmington, Delaware 19805, and a named insured under GEICO auto policy 0571-19-46-04.  Ms. Anderson has tendered claims for PIP benefits under the subject policy to GEICO, including claims tendered on her behalf by health care providers.

5.      Defendant GEICO is an insurance company -- a Maryland corporation -- whose principal place of business is located at One Geico Plaza, Washington, D.C. 20076-0001.  GEICO is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

2

**Factual Background Applicable**
**to the proposed Plaintiffs' Class**

6.      GEICO is a prolific underwriter of automobile insurance, including first-party medical benefits for persons injured while driving or occupying motor vehicles. In Delaware, such no-fault coverage is known as "personal injury protection" or "PIP."

7.      For years, GEICO has derived substantial revenues and profits from the sale of such insurance products in Delaware.

8.      21 Del. C. § 2118B imposes definite requirements on the handling of PIP claims. Subsection (c), for example, requires insurers to "promptly process" PIP claims, and to either pay or deny them within thirty days. It also requires that an insurer's denial of coverage be explained to the insured in writing.

9.      21 Del. C. § 2118B(d) provides in part that if an insurer fails to pay covered PIP benefits within thirty days, and does so "in bad faith," the claimant is entitled to recover (in addition to the principal amount due) "an award for the costs of the action and the prosecution of the action, including reasonable attorney's fees...."

10.      When GEICO denies PIP benefits, in whole or in part, a PIP claimant may appeal to the Department of Insurance.  In such cases, the Department of Insurance typically, if not always, directs GEICO to pay PIP benefits to the PIP claimant. Notwithstanding repeated rulings by the Department of Insurance, GEICO continues to improperly reduce payments owed on bills, and denies PIP benefits in direct contradiction of rulings by the Department of Insurance and Delaware law.

3

## GEICO's
## Fraudulent Practices

11.     Under 21 Del. C. §§ 2118 and 2118B, and under GEICO's contractual obligations, GEICO must provide PIP benefits for reasonable and necessary medical expenses that arise from injuries sustained in automobile accidents. If these three elements -- reasonableness, medical necessity and causation -- are met, GEICO must pay the full amount of the expense incurred, subject to other statutory limitations.

12.     PIP coverage is required for all motor vehicles registered in Delaware. The specifications for this coverage are set forth in the statute, and include coverage for "reasonable and necessary" medical expenses. GEICO cannot depart from this specification without violating Delaware law.

13.     For years, GEICO has engaged in the systematic delay or denial of full PIP benefits to Delaware claimants in violation of law, and without reasonable basis.

14.     GEICO routinely fails to pay PIP claims in Delaware.

15.     GEICO routinely fails to pay PIP claims in Delaware within the thirty-day statutory period under 21 Del. C. § 2118B.

16.     GEICO has implemented a medical expense review. Under this "procedure," GEICO limits its payment of PIP-related expenses to "the usual and customary charges for [the claimant's] area." In reality, GEICO conducts an arbitrary bill reduction. By doing so, GEICO violates Delaware law and breaches its contractual obligations - - both of which require payment of reasonable expenses, regardless of what a treatment's "usual" charge may be.

17.     Medical expenses are not unreasonably excessive simply because they exceed what is usually charged in the locality - - especially where the excess over the

4

"usual" charge is nominal. In addition, a charge may exceed the "usual" charge and still be reasonable, if it reflects the greater than-usual expertise of the care provider, or the care provider's use of state-of-the-art (and hence, more costly) equipment.

18.    On information and belief, Delaware doctors refer unpaid medical bills to collection agencies - - a fact that was explicitly recognized by the Delaware general assembly when it passed 21 Del. C. §2118 "to prevent the financial hardship and damage to personal credit ratings that can result from the unjustifiable delays of [PIP] payments." When and if GEICO withholds a portion of the treating physician's reasonable fee, it offers no protection to its insured's personal credit ratings.

19.    Additionally, GEICO wrongfully and arbitrarily denies PIP benefits without obtaining any independent medical or expert opinion justifying the termination of medical treatment for reasons of medical necessity or causation. The denial of benefits in whole, or in part, without any credible medical basis is prohibited under Delaware law.

**Allegations Specific To**
**Plaintiff Kerry Johnson**

20.    Plaintiff Kerry Johnson was injured in an automobile collision in New Castle County, Delaware on or about July 16, 2004. As alleged above, Mr. Johnson was a named insured under a GEICO auto policy on the date of the accident.

21.    In connection with his claim for PIP benefits, Mr. Johnson has been subjected by GEICO to the systematic practices complained of above.

22.    GEICO has delayed payment of covered PIP benefits to Mr. Johnson without reasonable justification.

23.    GEICO has denied payment of covered PIP benefits to Mr. Johnson without reasonable justification.

24.    GEICO denied payment of covered PIP benefits purportedly because "[t]he procedure billed exceeds the level of service required by the diagnosis given or the condition for which this patient is being treated," notwithstanding the fact that GEICO conducted no medical examination of Mr. Johnson prior to making that determination.

25.    GEICO has failed to pay or deny Mr. Johnson's claims for PIP benefits within thirty days of its receipt of the same, in violation of 21 Del. C. §§ 2118 and 2118B.

26.    On information and belief, GEICO has applied its fraudulent "usual and customary" scheme to Mr. Johnson's claims for PIP-related medical expenses. GEICO has thereby failed to pay the reasonable and necessary medical expenses arising from Mr. Johnson's July 16, 2004 collision, in violation of 21 Del. C. §§ 2118 and 2118B and its contractual obligations.

### Allegations Specific
### to Sharon Anderson

27.    Plaintiff Sharon Anderson was injured in an automobile collision in New Castle County, Delaware on or about August 3, 2004. As alleged above, Ms. Anderson was a named insured under a GEICO auto policy on the date of the accident.

28.    In connection with his claim for PIP benefits, Ms. Anderson has been subjected by GEICO to the systematic practices complained of above.

29.    GEICO has delayed payment of covered PIP benefits to Ms. Anderson without reasonable justification.

30.    GEICO has denied payment of covered PIP benefits to Ms. Anderson without reasonable justification.

6

31.    GEICO denied payment of covered PIP benefits purportedly because it determined that Ms. Anderson's treatment "would provide no therapeutic benefit durng the chronic period of the diagnosed conditions," notwithstanding the fact that GEICO conducted no medical examination of Ms. Anderson prior to making that determination.

32.    GEICO has failed to pay or deny Ms. Anderson's claims for PIP benefits within thirty days of its receipt of the same, in violation of 21 Del. C. §§ 2118 and 2118B.

33.    On information and belief, GEICO has applied its fraudulent "usual and customary" scheme to Ms. Anderson's claims for PIP-related medical expenses. GEICO has thereby failed to pay the reasonable and necessary medical expenses arising from Ms. Anderson's August 3, 2004 collision, in violation of 21 Del. C. §§ 2118 and 2118B and its contractual obligations.

## Class Certification Allegations

34.    This action is brought and may properly be maintained as a class action pursuant to Superior Court Civil Rules 23(a) and (b) (1) (A) , (2) and (3). Plaintiffs Kerry Johnson and Sharon Anderson bring this action on behalf of themselves and all others similarly situated, as representative of the following proposed class: All of GEICO's Delaware insureds who, during the period GEICO has issued insurance in Delaware, submitted covered claims for medical expenses or other benefits under PIP coverage issued as part of GEICO's insurance contracts; but who, owing to GEICO's unreasonable, unfair, fraudulent, deceptive and otherwise wrongful conduct (as shown by the regular, routine and consistent pattern and practice of claims alleged above), were

denied the benefits and performances to which they were entitled, or otherwise subjected to injury.

## Numerosity of the Class
### (Super. Ct. Civ. R. 23(a)(1))

35.    The proposed class is so numerous that the individual joinder of all its members is impracticable. GEICO has been, at all relevant times, a major underwriter of PIP coverage; and it remains so today. While the exact number and identities of the proposed class members is presently unknown, and can only be determined through investigation and discovery, plaintiff is informed and believes that the proposed class includes over 1,000 members.

## Existence and Predominance of Common Questions of Law and Fact
### (Super. Ct. Civ. R. 23(a)(2), 23(b)(3))

36.    Common questions of law and fact exist as to all members of the proposed class. They include, without limitation, the following:

a.    Whether GEICO engages in the delay or denial of covered PIP benefits in Delaware without reasonable justification, and as a matter of regular business practice;

b.    Whether GEICO engages in the practices complained of in the paragraphs above as a matter of regular business practice;

c.    Whether GEICO engages in the practices proscribed under 18 Del. C. § 2303 as a matter of regular business practice;

d.    Whether GEICO engages in the practices proscribed under 18 Del. C. § 2304(16) as a matter of regular business practice;

e.    Whether GEICO's conduct is in violation of 21 Del. C. §§ 2118 and 2118B;

8

f.    Whether GEICO's conduct is in violation of 6 <u>Del</u>. <u>C</u>. § 2513;

g.    Whether GEICO's conduct is in violation of 6 <u>Del</u>. <u>C</u>. § 2532;

h.    Whether GEICO's conduct is in violation of 18 U.S.C. §1962;

i.    Whether GEICO has evinced a conscious indifference to the rights of the proposed class members;

j.    Whether the subject insurance contracts constitute property insurance within the meaning of 18 <u>Del</u>. <u>C</u>. §904;

k.    Whether the proposed class is entitled to compensatory damages, and if so, the amount of such damages;

l.    Whether the proposed class is entitled to treble damages, and if so, the amount of such damages;

m.    Whether the proposed class is entitled to punitive damages, and if so, the amount of such damages; and

n.    Whether the proposed class is entitled to recovery of its reasonable attorneys' fees, and if so, the amount of such fees.

### Typicality of Claims
### (Super. Ct. Civ. R. 23(a)(3))

37.    Plaintiffs' claims are typical of the claims of the members of the proposed class. Mr. Johnson and Ms. Anderson are GEICO insureds with pending, unpaid claims for PIP benefits that GEICO has denied. To the extent that GEICO has paid PIP benefits to Mr. Johnson and Ms. Anderson, it has failed to do so in a timely manner. As alleged above, Mr. Johnson and Ms. Anderson have been subjected to the systematic practices identified above.   All members of the proposed class have been subjected to one or more of the same systematic practices; and all members of the proposed class, including Mr.

9

Johnson and Ms. Anderson, have been injured thereby. None of the proposed class members, including Mr. Johnson and Ms. Anderson, were aware of GEICO's fraudulent practices and intent at the time they purchased PIP insurance from GEICO.

### Adequacy of Representation
### (Super. Ct. Civ. R. 23(a)(4))

38.    Mr. Johnson and Ms. Anderson are under no actual or potential conflict of interest with respect to other members of the proposed class, and will fairly and adequately protect their interest. They have retained attorneys experienced in the prosecution of complex litigation, complex coverage litigation, PIP-related litigation, and complex trial practice.

### Superiority of Class Action
### (Super. Ct. Civ. R. 23(b)(3))

39.    A class action is superior to other available methods of adjudication for this dispute, because individual joinder of all members of the proposed class is impracticable, and no other method of adjudication of the claims asserted herein is more efficient and manageable. Further, the damages suffered by individual members of the proposed class may be relatively modest, so that the burden and expense of prosecuting individual actions would make it difficult or impossible for such members to obtain relief. The prosecution of such individual actions would also impose a substantial burden on the Delaware trial courts, and on this Court in particular. At the same time, individualized litigation would entail a significant risk of varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and the courts, by requiring multiple trials for the same complex factual issues. By contrast, the class action mechanism presents fewer case-management problems; conserves the

resources of the parties and the courts; and protects the rights of each member of the proposed class. The proposed class members thus have little interest in individually controlling the prosecution of separate actions; and to counsel's knowledge, there has been no substantial litigation of this dispute in any forum. It is not anticipated that the prosecution of this dispute as a class action will entail any special case-management difficulties; and notice of the pendency of this action, and of any resolution of the same, can be provided to the proposed class by publication and/or individual notice.

### Other Grounds for Certification

40.    This action is also certifiable under Superior Court Civil Rules 23(b) (1) and (2) because:

a.    The prosecution of separate actions by the individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to such individual class members, thus establishing incompatible standards of conduct for GEICO; and

b.    GEICO has acted or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

### Tolling Of Applicable
### Statutes Of Limitation

41.    Any applicable statutes of limitation have been tolled by GEICO's fraudulent concealment of the systematic practices alleged above. Because GEICO deals with each proposed class member individually, such class members are unable, acting alone, to discover GEICO's pattern of fraudulent conduct and racketeering activity. At the moment that each proposed class member's insurance contract with GEICO was formed, GEICO was already engaging in the systematic practices complained of herein,

11

and so had already formed its intent to pursue such practices; but in each case, GEICO concealed that (inherently unknowable) intent from its prospective insured.

## COUNT I
### Declaratory Judgment

42.     Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

43.     Under Delaware law, and under the obligations imposed by GEICO's respective insurance contracts with the proposed class members, GEICO was required to pay covered claims for PIP benefits.

44.     Under Delaware law, and under the obligations imposed by GEICO's respective insurance contracts with the proposed class members, GEICO was required to pay covered claims for PIP benefits with reasonable promptness.

45.     GEICO has failed to pay the proposed class members' covered claims for PIP benefits.

46.     GEICO has failed to pay the proposed class members' covered claims for PIP benefits with reasonable promptness.

47.     An actual controversy of a justiciable nature exists between plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated (on the one hand) and GEICO (on the other), concerning the parties' rights and obligations under the subject GEICO insurance contracts. The controversy is of sufficient immediacy to justify the entry of a declaratory judgment.

48.     Declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

12

## COUNT II
## Breach Of Contract

49.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

50.    GEICO has breached the subject contracts of insurance by delaying or denying payment of covered claims for PIP benefits.

51.    As a direct result of GEICO's breaches of the subject insurance contracts, plaintiffs Kerry Johnson and Sharon Anderson, and all others similarly situated have been deprived of the benefit of the insurance coverage for which premiums were paid under those contracts. As a further result of GEICO's breaches of contract, plaintiffs Kerry Johnson and Sharon Anderson and all others similarly situated have been deprived of necessary medical care, with resulting pain and suffering and exacerbation of injury.

## COUNT III
## Bad Faith Breach of Contract

52.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

53.    GEICO's denial of covered PIP benefits, as heretofore alleged, has been without reasonable justification.

54.    GEICO's delay in the payment of covered PIP benefits, as heretofore alleged, has been without reasonable justification.

55.    GEICO knowingly and intentionally violated its contract with Plaintiffs and applicable law by performing arbitrary and improper bill reductions.

13

56.    As a direct result of GEICO's bad faith breaches of the subject insurance contracts, Plaintiffs and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT IV
### Breach of the Duty of Fair Dealing

57.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

58.    GEICO has failed and refused to deal fairly with plaintiffs Kerry Johnson and Sharon Anderson, and with all others similarly situated, in connection with their covered claims for PIP benefits.

59.    As a direct result of GEICO's breaches of its contractual duty of fair dealing, plaintiffs Kerry Johnson and Sharon Anderson, and all others similarly situated, have suffered and will suffer injury as heretofore alleged.

## COUNT V
### Common Law Fraud

60.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

61.    The insurance contracts sold by GEICO to plaintiff Kerry Johnson and Sharon Anderson, and to all others similarly situated, contained representations of fact. Among them was the representation mandated by 21 Del. C. §§ 2118 and 2118B-- that covered PIP benefits would be paid.

62.    An implied representation of fact contained in all the disputed insurance policies was that GEICO would neither delay nor deny payment of covered PIP benefits without reasonable justification.

63.    An implied representation of fact contained in all the disputed insurance policies was that GEICO would deal fairly with its insureds under those contracts.

64.    Representations of fact made by GEICO under the disputed policies, including the representations alleged in the paragraphs above, were false.

65.    GEICO knew that the subject representations were false at the time they were made.

66.    GEICO believed that the subject representations were false at the time they were made.

67.    The subject representations were made by GEICO with reckless indifference to their truth or falsity.

68.    GEICO made the subject representations with the intent to induce plaintiffs Kerry Johnson and Sharon Anderson, and all others similarly situated, to enter into the disputed insurance contracts with GEICO, and to make premium payments to GEICO thereon.

69.    Plaintiffs Kerry Johnson and Sharon Anderson, and all others similarly situated entered into the disputed insurance contracts with GEICO in reliance on the subject representations.

70.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, were justified in relying on GEICO's representations as alleged.

15

71.    In addition to its affirmative acts of misrepresentation, GEICO also concealed from plaintiffs Kerry Johnson and Sharon Anderson, and from all others similarly situated, its intent to dishonor its contractual obligations under the disputed insurance contracts, and the systematic practices by which it would do so.

72.    As a direct result of GEICO's fraudulent representations and concealment, plaintiffs Kerry Johnson and Sharon Anderson and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT VI
### Consumer Fraud

73.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

74.    GEICO's conduct, as alleged above, is in violation of 6 Del. C. § 2513.

75.    As a direct result of GEICO's violations of 6 Del. C. § 2513, plaintiffs Kerry Johnson and Sherry Anderson, and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT VII
### Uniform Deceptive Trade Practices

76.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

77.    GEICO's conduct, as alleged above, is in violation of 6 Del. C. § 2532. On information and belief, in the course of GEICO's business, GEICO's conduct which is violative includes, but is not limited to:

a.    GEICO represents that GEICO's insurance services provide all benefits as required by Delaware law when it does not;

b.    GEICO represents that GEICO's insurance services meet the standards set by Delaware law when it does not;

c.    GEICO advertises services that purportedly meet the standards set by Delaware law with the intent not to sell them as advertised;

d.    GEICO engages in conduct as set forth in this complaint which creates a likelihood of confusion or misunderstanding.

78.    As a direct result of GEICO's violations of 6 Del. C. § 2532, plaintiffs Kerry Johnson and Sherry Anderson, and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT VIII
## 18 Del. C. § 2301 et seq.

79.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

80.    GEICO's conduct is in violation of 18 Del. C. § 2301 et seq.

## COUNT IX
## Racketeering Activity

81.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

82.    GEICO's sale of automobile insurance products in Delaware, including its sale of PIP coverage, is an enterprise that affects interstate commerce.

83.    At all relevant times, GEICO has operated the enterprise by which it sells automobile insurance products, including PIP coverage, in Delaware.

84.    At all relevant times, GEICO has participated in the conduct and affairs of the enterprise by which it sells automobile insurance products, including PIP coverage, in Delaware.

85.    Through the systematic practices complained of in the paragraphs above, GEICO has pursued a scheme to defraud its insureds. GEICO has used the United States mails in furtherance of that scheme.

86.    Through a pattern of racketeering activity, including two or more acts of mail fraud (as defined under 18 U.S.C. § 1341), GEICO has participated in the fraudulent insurance enterprise alleged above.

87.    As a direct result of GEICO's pattern of racketeering activity, plaintiffs and all others similarly situated have suffered and will suffer injury as heretofore alleged.

88.    As a direct result of GEICO's pattern of racketeering activity, plaintiffs and all others similarly situated have been injured in their property; namely, in their loss of money and contract rights.

WHEREFORE, plaintiffs, on behalf of themselves and all others similarly situated, respectfully requests that this Court enter judgment as follows:

a.    Entering an Order certifying the plaintiff class, appointing plaintiffs Kerry Johnson and Sharon Anderson as representatives of that class, and appointing Mr. Johnson's and Ms. Anderson's counsel to represent that class, all pursuant to Superior Court Civil Rule 23;

b.    Declaring the parties' rights, duties, status or other legal relations under the disputed insurance contracts;

c.    Awarding to plaintiffs and all others similarly situated damages, including compensatory damages, consequential and incidental damages, for GEICO's breaches of its insurance contracts;

d.    Awarding to plaintiffs and all others similarly situated punitive damages for GEICO's bad faith breaches of its insurance contracts;

e.    Awarding to plaintiffs and all others similarly situated punitive damages for GEICO's breaches of its contractual duty of fair dealing;

f.    Awarding to plaintiffs and all others similarly situated compensatory, consequential and punitive damages for GEICO's common law fraud;

g.    Awarding to plaintiffs and all others similarly situated compensatory, consequential, treble and punitive damages for GEICO's violations of 6 Del. C. § 2513;

h.    Awarding to plaintiffs and all others similarly situated compensatory, treble damages and, to the extent the Court finds that GEICO willfully engaged in a deceptive trade practice, reasonable attorney fees and costs for GEICO's violation of 6 Del. C. § 2532;

i.    Awarding to plaintiffs and all others similarly situated compensatory, treble damages and, to the extent the Court finds that GEICO willfully engaged in a deceptive trade practice, reasonable attorney fees and costs for GEICO's violation of 18 Del. C. § 2301 *et seq.*;

j.     Awarding to plaintiffs and all others similarly situated compensatory damages, treble damages and reasonable attorneys' fees for GEICO's violation of 18 U.S.C. § 1962;

k.     Awarding to plaintiffs and all others similarly situated their reasonable attorneys' fees in the prosecution of this action, consistent with 18 Del. C. § 4102;

l.     Awarding to plaintiffs and all others similarly situated all costs of this action, all costs of the prosecution of this action, and their reasonable attorneys' fees, consistent with 21 Del. C. §§ 2118 and 2118B;

m.     Awarding to plaintiffs and all others similarly situated all costs of this action;

n.     Awarding to plaintiffs pre- and post-judgment interest; and

o.     Awarding such other and further relief as this Court deems just and appropriate.

Dated: April 19, 2006              CROSS & SIMON, LLC
       Wilmington, Delaware

                                   By: _____

                                   Richard H. Cross, Jr. (No. 3576)
                                   Christopher P. Simon (No. 3697)
                                   913 North Market Street, 11th Floor
                                   P.O. Box 1380
                                   Wilmington, Delaware  19899-1380
                                   (302) 777-4200

                                   Attorneys for Plaintiffs

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| KERRY JOHNSON, et al | * | |
| Plaintiffs | * | |
| v. | * | C.A. No. 06C-04-168 |
| GEICO CASUALTY COMPANY, et al. | * | NON-ARBITRATION |
| | | TRIAL-BY JURY DEMANDED |
| Defendants | * | |

\*   ·  \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

### NOTICE OF REMOVAL TO FEDERAL COURT

Please take notice that a Notice of Removal of the above-captioned action from the

Superior Court of the State of Delaware in and for New Castle County to the United States

District Court for the District of Delaware (a copy of which is attached hereto) was duly

filed this date in the United States District Court for the District of Delaware

Respectfully submitted,

Gary Alderson, Trial Bar No. 3895
Dawn L. Becker, Trial Bar No. 2975
Law Offices of Dawn L. Becker
Citizens Bank Center
919 Market Street
Suite 725
Wilmington, Delaware  19801

Attorneys for Defendants
GEICO Casualty Company
GEICO General Insurance Company
GEICO Indemnity Company

**OF COUNSEL**

George M. Church
Laura A. Cellucci
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 385-3839

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of June, 2006, a copy of the foregoing was mailed, first class mail, postage prepaid, to:

Richard H. Cross, Jr., Esquire
Christopher P. Simon, Esquire
CROSS & SIMON, LLC
913 North Market Street
11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380

Attorneys for Plaintiffs

Gary Alderson

2

≈JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Kerry Johnson and
Sharon Anderson

(b) County of Residence of First Listed Plaintiff  Newark, De.
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number) 302-777-4200
Richard H. Cross, Jr. & Christopher P.
Simon, P.O. Box 1380, Wilmington, DE

## DEFENDANTS
GEICO Casualty Company
GEICO General Insurance Company
GEICO Indemnity Company
County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)
Gary Alderson & Dawn L. Becker,
919 Market St., Suite 725, Wilmington,
DE

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
(U.S. Government Not a Party)

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                        and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332, 1446
Brief description of cause:
Class action - breach of contract, fraud, R.I.C.O., state statutes

## VII. REQUESTED IN
COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
Not included

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S)
IF ANY
(See instructions):  JUDGE                DOCKET NUMBER

DATE
June 27, 2006

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____ 0 6 - 4 0 8 - _____

# ACKNOWLEDGMENT
# OF  RECEIPT  FOR AO FORM  85

## NOTICE OF AVAILABILITY OF A
## UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF ____3____ COPIES OF AO FORM 85.

_____6-27-06_____
(Date forms issued)

_____Beth Winnington_____
(Signature of Party or their Representative)

_____Beth Winnington_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action