## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

KERRY JOHNSON and )
SHARON ANDERSON, )
on behalf of themselves and all )
others similarly situated, )
            )
           Plaintiffs, )    C.A. No. 1:06-cv408 (JJF)
            )
v. )
            )    NON-ARBITRATION
GEICO CASUALTY COMPANY, )    TRIAL BY JURY DEMANDED
GEICO GENERAL INSURANCE )
COMPANY, and GEICO INDEMNITY )
COMPANY, )    CLASS ACTION
            )
           Defendants. )

### PLAINTIFFS' MOTION FOR
### LEAVE TO AMEND COMPLAINT

Plaintiffs, on behalf of themselves and all others similarly situated, by and through undersigned counsel, hereby move for leave to amend the Complaint filed in this case pursuant to Fed. R. Civ. P. 15 and Del. LR 15.1. Pursuant to Del. LR 15.1, Plaintiffs attach a copy of the proposed amended Complaint as Exhibit A hereto, and a form of the proposed amended Complaint indicating in what respect it differs from the Complaint, as Exhibit B hereto.

In support of this Motion, Plaintiffs respectfully incorporate by reference their Opening Brief in Support of Motion for Leave to Amend Complaint, filed and served herewith.

[remainder of page left intentionally blank]

Dated: August 24, 2006
      Wilmington, Delaware

CROSS & SIMON, LLC


By: _CPS_____

Richard H. Cross, Jr. (No. 3576)
Christopher P. Simon (No. 3697)
Kristen Healey Cramer (No. 4512)
Kevin S. Mann (No. 4576)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware  19899-1380
(302) 777-4200
(302) 777-4224 facsimile

Attorneys for Plaintiffs

Exhibit  A

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON and SHARON ANDERSON, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. 1:06-cv408 (JJF) |
| v. | ) ) ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY, CRITERION INSURANCE AGENCY, INC., and COLONIAL COUNTY MUTUAL INSURANCE, | ) ) ) ) ) ) ) ) ) | NON-ARBITRATION TRIAL-BY JURY DEMANDED CLASS ACTION |
| Defendants. | ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, allege as follows:

### Nature of Action

1. This is an action seeking recovery of compensatory, punitive and treble damages, reasonable attorneys' fees, and declaratory and other relief arising from defendants' breaches of insurance contracts; bad faith breaches of insurance contracts; violations of 21 Del. C. §§ 2118 and 2118B, 6 Del. C. §§ 2513 and 2532, 18 Del. C. § 2301 *et seq*., and 18 U.S.C. 1962; common law fraud; and otherwise wrongful refusal to honor their contractual obligations arising under certain policies of automobile insurance

issued by GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY, CRITERION INSURANCE AGENCY, INC. (COLONIAL COUNTY MUTUAL INS.), doing business as "GEICO" or "GEICO Direct", (collectively, "GEICO"), to members and representatives of the plaintiff class.

2. This is a class action brought on behalf of GEICO's Delaware policyholders who submitted covered claims for medical expenses or other benefits under Personal Injury Protection (or "PIP") coverage issued as part of GEICO's insurance contracts, or who were otherwise entitled to GEICO's performance under such coverage; but who, owing to GEICO's arbitrary, unreasonable, unjustified, unfair, fraudulent, deceptive and otherwise wrongful and illegal conduct (as shown by the arbitrary, regular, routine and consistent pattern and practice of claims), were denied the benefits and performances to which they were lawfully entitled.

### The Parties

3. Plaintiff Kerry Johnson is a natural person residing at 1007 Mistover Lane Newark, Delaware 19713, and a named insured under GEICO IMDEMNITY COMPANY auto policy 4009-41-57-30. Mr. Johnson has tendered reasonable and necessary claims for PIP benefits under the subject policy to GEICO, including claims tendered on his behalf by health care providers.

4. Plaintiff Sharon Anderson is a natural person residing at 216 North Connell Street, Wilmington, Delaware 19805, and a named insured under GOVERNMENT EMPLOYEES INSURANCE COMPANY auto policy 0571-19-46-04. Ms. Anderson has tendered reasonable and necessary claims for PIP benefits under the

subject policy to GEICO, including claims tendered on her behalf by health care providers.

5.    Defendant    GOVERNMENT    EMPLOYEES    INSURANCE COMPANY is an insurance company – a Maryland corporation – whose principal place of business is located at One Geico Plaza, Washington, D.C.    20076-0001. GOVERNMENT EMPLOYEES INSURANCE COMPANY is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

6.    Defendant    GEICO    CASUALTY    COMPANY    is    an    insurance company – a Maryland corporation – whose principal place of business is located at One Geico Plaza, Washington, D.C.    20076-0001.    GEICO CASUALTY COMPANY is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

7.    Defendant GEICO GENERAL INSURANCE COMPANY is an insurance company – a Maryland corporation – whose principal place of business is located at One Geico Plaza, Washington, D.C.    20076-0001.    GEICO GENERAL INSURANCE COMPANY is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

8.    Defendant    GEICO    INDEMNITY    COMPANY    is    an    insurance company – a Maryland corporation – whose principal place of business is located at One Geico Plaza, Washington, D.C.    20076-0001.    GEICO INDEMNITY COMPANY is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

9. Defendant CRITERION INSURANCE AGENCY, INC. (COLONIAL COUNTY MUTUAL INS.) is an insurance company – a Texas corporation – whose principal place of business is located at One Geico Plaza, Washington, D.C. 20076-0001. CRITERION INSURANCE AGENCY, INC. (COLONIAL MUTUAL INS.) is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

### Factual Background Applicable to the proposed Plaintiffs' Class

10. GEICO is a prolific underwriter of automobile insurance, including first-party medical benefits for persons injured while driving or occupying motor vehicles. In Delaware, such no-fault coverage is known as "personal injury protection" or "PIP."

11. When an individual is injured in an automobile collision, a no-fault policy is intended to provide coverage for medical bills incurred, and wages lost as a result of the accident. Legislators have intended such policies – which are mandatory in Delaware – to provide immediate coverage following an accident, regardless of who is at fault.

12. GEICO is a prolific advertiser in the insurance services market. GEICO's advertising campaign, which includes the slogan, "Fifteen minutes could save you fifteen percent or more on car insurance" is ubiquitous on television, radio and the internet.

13. For years, GEICO has derived substantial revenues and profits from the sale of insurance products in Delaware. For years, GEICO has failed to pay covered PIP benefits for its insureds.

4

14. 21 <u>Del</u>. <u>C</u>. § 2118B imposes definite requirements on the handling of PIP claims. Subsection (c), for example, requires insurers to "promptly process" PIP claims, and to either pay or deny them within thirty days. It also requires that an insurer's denial of coverage be explained to the insured in writing.

15. 21 <u>Del</u>. <u>C</u>. § 2118B(d) provides in part that if an insurer fails to pay covered PIP benefits within thirty days, and does so "in bad faith," the claimant is entitled to recover (in addition to the principal amount due) "an award for the costs of the action and the prosecution of the action, including reasonable attorney's fees…."

16. When GEICO denies PIP benefits, in whole or in part, a PIP claimant may file suit with the Department of Insurance. In such cases, the Department of Insurance typically, if not always, directs GEICO to pay PIP benefits to the PIP claimant. Notwithstanding repeated rulings by the Department of Insurance, GEICO continues to improperly reduce payments owed on bills, and denies PIP benefits in direct contradiction of rulings by the Department of Insurance and Delaware law.

### GEICO's
### Fraudulent Practices

17. Under 21 <u>Del</u>. <u>C</u>. §§ 2118 and 2118B, and under GEICO's contractual obligations, GEICO must provide PIP benefits for reasonable and necessary medical expenses that arise from injuries sustained in automobile accidents. If these three elements -- reasonableness, medical necessity and causation -- are met, GEICO must pay the full amount of the expense incurred, subject to other statutory limitations.

18. PIP coverage is required for all motor vehicles registered in Delaware. The specifications for this coverage are set forth in the statute, and include coverage for

"reasonable and necessary" medical expenses. GEICO cannot depart from this specification without violating Delaware law.

19. For years, GEICO sold policies to its insureds with the express promise that its policies would save its insureds money, and that its policies would cover reasonable and necessary claims submitted under PIP. For years, individuals purchased policies from GEICO, believing that GEICO would honor its obligations under the policies and Delaware law.

20. For years, GEICO's insureds have submitted claims for reasonable and necessary medical bills and lost wages under PIP, in compliance with Delaware law. In return, GEICO engaged in an arbitrary and systematic delay or denial of full PIP benefits to Delaware claimants in violation of law, without reasonable basis or justification.

21. GEICO routinely fails to pay reasonable and necessary PIP claims in Delaware.

22. GEICO routinely fails to pay reasonable and necessary PIP claims in Delaware within the thirty-day statutory period under 21 Del. C. § 2118B.

23. GEICO states that it has implemented a medical expense review to analyze PIP claims. Under this "procedure," GEICO states that it limits its payment of PIP-related expenses to "the usual and customary charges for [the claimant's] area." In reality, GEICO conducts an arbitrary bill reduction, without justification. By doing so, GEICO violates Delaware law and breaches its contractual and legal obligations.

24. Medical expenses are not unreasonably excessive simply because they exceed what is usually charged in the locality - - especially where the excess over the "usual" charge is nominal. In addition, a charge may exceed the "usual" charge and still

be reasonable, if it reflects the greater than-usual expertise of the care provider, or the care provider's use of state-of-the-art (and hence, more costly) equipment.

25. GEICO's insureds are held liable for unpaid medical bills. On information and belief, Delaware doctors collect unpaid medical bills directly from GEICO's insureds. Delaware doctors refer unpaid medical bills to collection agencies – a fact that was explicitly recognized by the Delaware general assembly when it passed 21 Del. C. §2118 "to prevent the financial hardship and damage to personal credit ratings that can result from the unjustifiable delays of [PIP] payments." When GEICO withholds a portion of the treating physician's reasonable fee, it offers no protection to the insured, or the insured's personal credit ratings.

26. Additionally, GEICO wrongfully and arbitrarily denies PIP benefits without obtaining any independent medical or expert opinion justifying the termination of medical treatment for reasons of medical necessity or causation. The denial of benefits in whole, or in part, without any credible medical basis is prohibited under Delaware law.

<div align="center">

**Allegations Specific To**
**Plaintiff Kerry Johnson**

</div>

27. Plaintiff Kerry Johnson purchased GEICO insurance because GEICO represented it would cover his claims in the event of an automobile accident, and because he believed GEICO would fully cover him in the event of an automobile accident. Mr. Johnson paid his insurance premiums to GEICO.

28. Mr. Johnson was injured in an automobile collision in New Castle County, Delaware on or about July 16, 2004. As alleged above, Mr. Johnson was a named insured under a GEICO auto policy on the date of the accident.

29. In connection with his claim for PIP benefits, Mr. Johnson has been subjected by GEICO to the systematic practices complained of above.

30. GEICO has delayed payment of covered PIP benefits to Mr. Johnson without reasonable justification.

31. GEICO has denied payment of covered PIP benefits to Mr. Johnson without reasonable justification.

32. Specifically, Mr. Johnson received medical treatment from various providers including Family Practice Associates, P.A., Rehabilitation Associates, P.A., Delaware Neurosurgical Group, P.A., and Neurology Associates. Medical bills and medical records from these treating offices were provided to GEICO. These medical records documented the medical care providers' diagnosis, prognosis and treatment plan for Mr. Johnson.

33. Dr. John Moore, Mr. Johnson's family doctor, ordered Mr. Johnson to undergo physical therapy as a result of the accident. (Exhibit A, p. 2.) Dr. Barry Bakst, of Rehabilitation Associates, P.A., clearly wrote in his August 11, 2004 typed report that Mr. Johnson sustained exacerbated cervical spine pain, exacerbated lumbosacral spine pain, exacerbated anxiety/depression, myofacial pain, and thoracic strain as a result of the July 16, 2004 automobile accident. (Exhibit B, p 4.) Further, Dr. Bakst states, "The initiation of rehab and chiropractic care and my treatment is 100 percent related to the motor vehicle accident of 7/16/04." (Exhibit B.)

34. GEICO was provided with both medical bills and medical records from Mr. Johnson. (*See, e.g.*, Exhibit C.) In addition, Mr. Johnson executed a medical

8

authorization so that GEICO was able to request the records from the medical providers directly.  (Exhibit D.)

35. Even though Mr. Johnson satisfied his burden of proof by submitting medical records detailing that Plaintiff's injuries and treatment were reasonable and related to the July 16, 2004 accident, GEICO refused to make full and prompt payment. For example, when Mr. Johnson submitted bills from Neurology Associates for services performed on November 17, 2004 for brachial neuritis and thoracic and lumbosacral neuritis, GEICO reduced payment on a cervical CAT scan by ten dollars.  The bill was $731.00 and GEICO paid $721.00, providing the general unsupported explanation that, "[t]he charge for the services exceeds an amount which would appear reasonable when compared to the charges of other providers in the same geographic area."  (Exhibit E.) GEICO continued to use the same "rationale" to reduce payments for physical therapy: GEICO paid $52.31 of a $67.00 exercise bill; $37.00 of $38.00 stimulation bill; $60.00 of a $62.00 manipulation bill; $60.00 of a $90.00 office visit; $94.00 of a $98.00 group therapy bill; $385.00 on a $536.00 bill for electromyography performed on September 16, 2004, etc.  (Exhibit F.)

36. GEICO added another "explanation" for reducing payment on a bill for an office visit on August 11, 2004 to Rehabilitation Associates.  GEICO paid $109.15 of a $214.00 office visit bill and provided the following reason: "The procedure billed exceeds the level of service required by the diagnosis given or the condition for which this patient is being treated."  (Exhibit F, p 6.)  This "explanation" is a medical conclusion that is absolutely disallowed and unjustified absent an expert medical opinion

to rely on. GEICO did not have such a medical expert until an IME was performed in 2005.

37. GEICO has stated that if Mr. Johnson requests further consideration of any bill balances, a written response from the provider and the bill balance from the insured should be resubmitted. (Exhibit G.) As stated, Mr. Johnson routinely submitted medical records with the medical bills and the providers often submitted the bills as well. GEICO has still not paid these bills in full.

38. Mr. Johnson and his personal injury attorney have been advised by a collection agency, Delaware Recovery Systems, Inc., on behalf of Rehabilitation Associates, that if said attorney does not provide a letter of protection promising to pay the balance, they will "take appropriate action to collect the balance." (Exhibit H.)

39. Additionally, GEICO has failed to pay or deny Mr. Johnson's claims for PIP benefits within thirty days of its receipt of the same, in violation of 21 Del. C. §§ 2118 and 2118B.

40. GEICO has applied its fraudulent "usual and customary" scheme to Mr. Johnson's claims for PIP-related medical expenses. GEICO has thereby failed to pay the reasonable and necessary medical expenses arising from Mr. Johnson's July 16, 2004 collision, in violation of 21 Del. C. §§ 2118 and 2118B and GEICO's contractual obligations.

### Allegations Specific
### to Sharon Anderson

41. Plaintiff Sharon Anderson purchased GEICO insurance because GEICO represented it would cover her claims in the event of an automobile accident, and

because she believed GEICO would fully cover her in the event of an automobile accident. Ms. Anderson paid her insurance premiums to GEICO.

42. Ms. Anderson was injured in an automobile collision in New Castle County, Delaware on or about August 3, 2004. As alleged above, Ms. Anderson was a named insured under a GEICO auto policy on the date of the accident.

43. In connection with her claim for PIP benefits, Ms. Anderson has been subjected by GEICO to the systematic practices complained of above.

44. GEICO has delayed payment of covered PIP benefits to Ms. Anderson without reasonable justification.

45. GEICO has denied payment of covered PIP benefits to Ms. Anderson without reasonable justification.

46. Specifically, Ms. Anderson received medical treatment from Stoney Batter Family Medicine and Pro Physical Therapy for her injuries related to the August 3, 2004 accident. Ms. Anderson treated for headaches, and neck and back pain. Dr. Horatio Jones, of Stoney Batter Family Medicine, ordered physical therapy which she received at Pro Physical Therapy from July 19, 2005 through October 27, 2005. Dr. Jones provided a detailed, typed report dated November 14, 2005 that states that as of Ms. Anderson's last visit on October 10, 2005, "she was left with mild neck pain and low back pain which may be exacerbated from time to time." (Exhibit I, p. 1.) The report also explained that Ms. Anderson had prior low back pain, but "it is within a reasonable degree of medical probability that the accident which occurred on August 3, 2004 did exacerbate her low back condition." (Exhibit I, p. 2.)

47. Ms. Anderson received treatment at Stoney Batter Family Medicine on August 5, 2004, and GEICO paid $145.00 of a $145.00 bill. Strangely, on June 13, 2005, when Ms. Anderson had the same type of office visit and was charged $145.00, GEICO only paid $114.00. (Exhibit J.) Ms. Anderson was informed by her provider that "Balance shown [$31.00] is patient's responsibility." (Exhibit J, p. 2.)

48. From July 21, 2005 to October 27, 2005, Ms. Anderson treated at Pro Physical Therapy and GEICO routinely failed to pay her bills in full, without justification. For example, on July 21, 2005, GEICO paid $0 of a $35.00 stimulation bill and $0 of a $30.00 hot/cold pack treatment bill. (Exhibit K, p. 1.) GEICO provided the following "explanation": "The provider performed a physical medicine modality that would provide no therapeutic benefit during the chronic period of the diagnosed conditions." (Exhibit K, p. 2.) GEICO had not performed an IME and therefore had no medical expert basis for giving such an "explanation." It appears that GEICO continued to use a variation on that explanation to deny some physical therapy bills in full: "physical medicine modalities the [sic] provide no therapeutic benefit during the chronic period of the diagnosed condition are not reimbursable." (Exhibit K, p. 2.)

49. With respect to bills for hot/cold pack treatment and stimulation on October 4, 2005, October 6, 2005, October 10, 2005, and October 12, 2005, GEICO denied payment based on a new "explanation": "Submit medical records so that we may determine the length of acute care based on the patient's age, diagnosis and medical intervention. The medical records must include positive, specific, objective findings to indicate the appropriate use of the physical modality as well as a progression to an active therapeutic exercise program with a decrease in passive modalities. If we are unable to

validate ongoing acute care, we may seek independent medical review." (Exhibit L, p. 3.) Ms. Anderson provided GEICO with relevant medical records. Although GEICO is not permitted and unjustified to "determine the length of care" without the opinion of a medical expert, which it did not have, Ms. Anderson was charged with a balance of $1,302.00. (Exhibit M.)

50. GEICO denied payment of covered PIP benefits purportedly because it determined that Ms. Anderson's treatment "would provide no therapeutic benefit during the chronic period of the diagnosed conditions," notwithstanding the fact that GEICO conducted no medical examination of Ms. Anderson prior to making that determination.

51. GEICO has failed to pay or deny Ms. Anderson's claims for PIP benefits within thirty days of its receipt of the same, in violation of 21 Del. C. §§ 2118 and 2118B.

52. On information and belief, GEICO has applied its fraudulent "usual and customary" scheme to Ms. Anderson's claims for PIP-related medical expenses. GEICO has thereby failed to pay the reasonable and necessary medical expenses arising from Ms. Anderson's August 3, 2004 collision, in violation of 21 Del. C. §§ 2118 and 2118B and its contractual obligations.

### Class Certification Allegations[1]

53. This action is brought and may properly be maintained as a class action pursuant to Superior Court Civil Rules 23(a) and (b) (1) (A) , (2) and (3). Plaintiffs Kerry Johnson and Sharon Anderson bring this action on behalf of themselves and all others similarly situated, as representative of the following proposed class: All of

---

[1]     Plaintiffs' allegations for class certification do not constitute a motion for class certification, and Plaintiffs reserve the right to pursue discovery on issues related to class certification prior to filing a motion therefor.

GEICO's Delaware insureds who, during the period GEICO has issued insurance in Delaware, submitted covered (reasonable and necessary) claims for medical expenses or other benefits under PIP coverage issued as part of GEICO's insurance contracts; but who, owing to GEICO's unreasonable, unfair, fraudulent, deceptive and otherwise wrongful conduct (as shown by the regular, routine and consistent pattern and practice of claims alleged above), were denied the benefits and performances to which they were entitled, or otherwise subjected to injury.

## Numerosity of the Class
## (Fed. R. Civ. P. 23(a)(1))

54. The proposed class is so numerous that the individual joinder of all its members is impracticable. GEICO has been, at all relevant times, a major underwriter of PIP coverage, and it remains so today. While the exact number and identities of the proposed class members is presently unknown and can only be determined through investigation and discovery, Plaintiffs are informed and believe that the proposed class includes over 1,000 members.

## Existence and Predominance of Common Questions of Law and Fact
## (Fed. R. Civ. P. 23(a)(2), 23(b)(3))

55. Common questions of law and fact exist as to all members of the proposed class. They include, without limitation, the following:

a. Whether GEICO engages in the delay or denial of covered PIP benefits in Delaware without reasonable justification, and as a matter of regular business practice;

b. Whether GEICO engages in the practices complained of in the paragraphs above as a matter of regular business practice;

14

c.  Whether GEICO engages in the practices proscribed under 18 <u>Del</u>. <u>C</u>. § 2303 as a matter of regular business practice;

d.  Whether GEICO engages in the practices proscribed under 18 <u>Del</u>. <u>C</u>. § 2304(16) as a matter of regular business practice;

e.  Whether GEICO's conduct is in violation of 21 <u>Del</u>. <u>C</u>. §§ 2118 and 2118B;

f.  Whether GEICO's conduct is in violation of 6 <u>Del</u>. <u>C</u>. § 2513;

g.  Whether GEICO's conduct is in violation of 6 <u>Del</u>. <u>C</u>. § 2532;

h.  Whether GEICO's conduct is in violation of 18 U.S.C. §1962;

i.  Whether GEICO has evinced a conscious indifference to the rights of the proposed class members;

j.  Whether the subject insurance contracts constitute property insurance within the meaning of 18 <u>Del</u>. <u>C</u>. §904;

k.  Whether the proposed class is entitled to compensatory damages, and if so, the amount of such damages;

l.  Whether the proposed class is entitled to treble damages, and if so, the amount of such damages;

m.  Whether the proposed class is entitled to punitive damages, and if so, the amount of such damages; and

n.  Whether the proposed class is entitled to recovery of its reasonable attorneys' fees, and if so, the amount of such fees.

**Typicality of Claims**
**(Fed. R. Civ. P. 23(a)(3))**

15

56. Plaintiffs' claims are typical of the claims of the members of the proposed class. Mr. Johnson and Ms. Anderson are GEICO insureds with pending, unpaid claims for PIP benefits that GEICO has denied. To the extent that GEICO has paid PIP benefits to Mr. Johnson and Ms. Anderson, it has failed to do so in a timely manner. As alleged above, Mr. Johnson and Ms. Anderson have been subjected to the systematic practices identified above.    All members of the proposed class have been subjected to one or more of the same systematic practices; and all members of the proposed class, including Mr. Johnson and Ms. Anderson, have been injured thereby. None of the proposed class members, including Mr. Johnson and Ms. Anderson, were aware of GEICO's fraudulent practices and intent at the time they purchased PIP insurance from GEICO.

### Adequacy of Representation
### (Fed. R. Civ. P. 23(a)(4))

57. Mr. Johnson and Ms. Anderson are under no actual or potential conflict of interest with respect to other members of the proposed class, and will fairly and adequately protect their interest.  They have retained attorneys experienced in the prosecution of complex litigation, complex coverage litigation, PIP-related litigation, and complex trial practice.

### Superiority of Class Action
### (Fed. R. Civ. P. 23(b)(3))

58. A class action is superior to other available methods of adjudication for this dispute, because individual joinder of all members of the proposed class is impracticable, and no other method of adjudication of the claims asserted herein is more efficient and manageable. Further, the damages suffered by individual members of the

proposed class may be relatively modest, so that the burden and expense of prosecuting individual actions would make it difficult or impossible for such members to obtain relief. The prosecution of such individual actions would also impose a substantial burden on the Delaware trial courts, and on this Court in particular. At the same time, individualized litigation would entail a significant risk of varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and the courts, by requiring multiple trials for the same complex factual issues. By contrast, the class action mechanism presents fewer case-management problems; conserves the resources of the parties and the courts; and protects the rights of each member of the proposed class. The proposed class members thus have little interest in individually controlling the prosecution of separate actions; and to counsel's knowledge, there has been no substantial litigation of this dispute in any forum. It is not anticipated that the prosecution of this dispute as a class action will entail any special case-management difficulties; and notice of the pendency of this action, and of any resolution of the same, can be provided to the proposed class by publication and/or individual notice.

### Other Grounds for Certification

59. This action is also certifiable under Superior Court Civil Rules 23(b)(1) and (2) because:

a.  The prosecution of separate actions by the individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to such individual class members, thus establishing incompatible standards of conduct for GEICO; and

b.  GEICO has acted or refused to act on grounds generally applicable

17

to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

### Tolling Of Applicable
### Statutes Of Limitation

60. Any applicable statutes of limitation have been tolled by GEICO's fraudulent concealment of the systematic practices alleged above. Because GEICO deals with each proposed class member individually, such class members are unable, acting alone, to discover GEICO's pattern of fraudulent conduct and racketeering activity. At the moment that each proposed class member's insurance contract with GEICO was formed, GEICO was already engaging in the systematic practices complained of herein, and so had already formed its intent to pursue such practices; but in each case, GEICO concealed that (inherently unknowable) intent from its prospective insured.

### COUNT I
### Declaratory Judgment

61. Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

62. Under Delaware law, and under the obligations imposed by GEICO's respective insurance contracts with the proposed class members, GEICO was required to pay covered claims for PIP benefits.

63. Under Delaware law, and under the obligations imposed by GEICO's respective insurance contracts with the proposed class members, GEICO was required to pay covered claims for PIP benefits with reasonable promptness.

64. GEICO has failed to pay the proposed class members' covered claims for PIP benefits.

65. GEICO has failed to pay the proposed class members' covered claims for PIP benefits with reasonable promptness.

66. An actual controversy of a justiciable nature exists between Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated (on the one hand) and GEICO (on the other), concerning the parties' rights and obligations under the subject GEICO insurance contracts. The controversy is of sufficient immediacy to justify the entry of a declaratory judgment.

67. Declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

68. Plaintiffs, on behalf of themselves and all others similarly situated respectfully request that this Court enter judgment, as a matter of law, that: (i) GEICO violated 21 Del. C. § 2118; and (ii) GEICO breaches its contracts with its insureds by failing to pay claims submitted in accordance with Delaware's PIP statute.

## COUNT II
### Breach of Contract

69. Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

70. Plaintiffs, and all those similarly situated, purchased GEICO insurance because GEICO represented it would cover claims in the event of an automobile accident, and because they believed GEICO would fully cover properly submitted claims in the

event of an automobile accident. Plaintiffs, and all those similarly situated, paid their insurance premiums to GEICO.

71. GEICO has breached the subject contracts of insurance by delaying or denying payment of covered claims for PIP benefits.

72. As a direct result of GEICO's breaches of the subject insurance contracts, Plaintiffs Kerry Johnson and Sharon Anderson, and all others similarly situated have been deprived of the benefit of the insurance coverage for which premiums were paid under those contracts. As a further result of GEICO's breaches of contract, Plaintiffs Kerry Johnson and Sharon Anderson and all others similarly situated have been deprived of necessary medical care, with resulting pain and suffering and exacerbation of injury. As a further result of GEICO's breaches of contract, Plaintiffs have suffered economic loss, including paying medical bills that should have been covered by insurance, facing collection actions by Delaware doctors and third party collection agencies, and being referred to negatively to credit agencies

### COUNT III
### Bad Faith Breach of Contract

73. Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

74. GEICO's denial of covered PIP benefits, as heretofore alleged, has been without reasonable justification.

75. GEICO's delay in the payment of covered PIP benefits, as heretofore alleged, has been without reasonable justification.

76. GEICO knowingly and intentionally violated its contract with Plaintiffs and applicable law by performing arbitrary and improper bill reductions, without justification.

77. As a direct result of GEICO's bad faith breaches of the subject insurance contracts, Plaintiffs and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT IV
### Breach of the Duty of Fair Dealing

78. Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

79. GEICO has failed and refused to deal fairly with plaintiffs Kerry Johnson and Sharon Anderson, and with all others similarly situated, in connection with their covered claims for PIP benefits.

80. As a direct result of GEICO's breaches of its contractual duty of fair dealing, plaintiffs Kerry Johnson and Sharon Anderson, and all others similarly situated, have suffered and will suffer injury as heretofore alleged.

## COUNT V
### Common Law Fraud

81. Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

82. The insurance contracts sold by GEICO to Plaintiffs Kerry Johnson and Sharon Anderson, and to all others similarly situated, contained representations of

fact. Among them was the representation mandated by 21 Del. C. §§ 2118 and 2118B --
that covered PIP benefits, including reasonable and necessary medical expenses, would
be paid.

83. Plaintiffs, and all those similarly situated, purchased GEICO insurance
because GEICO promised it would pay covered claims in the event of an automobile
accident, and because they believed GEICO would fully pay covered claims, including
reasonable and necessary medical expenses and lost wages under PIP in the event of an
automobile accident. Plaintiffs, and all those similarly situated, paid their insurance
premiums to GEICO.

84. An implied representation of fact contained in all the disputed
insurance policies was that GEICO would neither delay nor deny payment of covered PIP
benefits without reasonable justification.

85. An implied representation of fact contained in all the disputed
insurance policies was that GEICO would deal fairly with its insureds under those
contracts.

86. Representations of fact made by GEICO under the disputed policies,
including the representations alleged in the paragraphs above, were false.

87. GEICO knew that the subject representations were false at the time
they were made.

88. GEICO believed that the subject representations were false at the time
they were made.

89. The subject representations were made by GEICO with reckless
indifference to their truth or falsity.

90. GEICO made the subject representations with the intent to induce Plaintiffs Kerry Johnson and Sharon Anderson, and all others similarly situated, to enter into the disputed insurance contracts with GEICO, and to make premium payments to GEICO thereon.

91. Plaintiffs Kerry Johnson and Sharon Anderson, and all others similarly situated entered into the disputed insurance contracts with GEICO in reliance on the subject representations.

92. Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, were justified in relying on GEICO's representations as alleged.

93. In addition to its affirmative acts of misrepresentation, GEICO also concealed from Plaintiffs Kerry Johnson and Sharon Anderson, and from all others similarly situated, its intent to dishonor its contractual obligations under the disputed insurance contracts, and the systematic practices by which it would do so.

94. As a direct result of GEICO's fraudulent representations and concealment, Plaintiffs Kerry Johnson and Sharon Anderson and all others similarly situated have suffered and will suffer injury as heretofore alleged.

### COUNT VI
### Consumer Fraud

95. Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

96. GEICO's conduct, as alleged above, is in violation of 6 Del. C. § 2513.

97. Specifically, as set forth herein, GEICO has engaged in deception, fraud, false pretense, false promise, misrepresentation, concealment, suppression or omission of material facts with its insureds, with the intent that its insureds and prospective customers rely on such conduct in connection with the sale or advertisement of its products.

98. As a direct result of GEICO's violations of 6 Del. C. § 2513, Plaintiffs Kerry Johnson and Sherry Anderson, and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT VII
### Uniform Deceptive Trade Practices

99. Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

100.    GEICO's conduct, as alleged above, is in violation of 6 Del. C. § 2532. On information and belief, in the course of GEICO's business, GEICO's conduct which is violative includes, but is not limited to:

    a.    GEICO represents that GEICO's insurance services provide all benefits as required by Delaware law when it does not;

    b.    GEICO represents that GEICO's insurance services meet the standards set by Delaware law when it does not;

    c.    GEICO advertises services that purportedly meet the standards set by Delaware law with the intent not to sell them as advertised;

24

d.    GEICO engages in conduct as set forth in this Complaint which creates a likelihood of confusion or misunderstanding.

101.    As a direct result of GEICO's violations of 6 Del. C. § 2532, Plaintiffs Kerry Johnson and Sherry Anderson, and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT VIII
## 18 Del. C. § 2301 et seq.

102.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

103.    GEICO regularly advertises that its policies will save its insureds money, and that it will pay covered claims.    In fact, as set forth herein, GEICO misrepresents the benefits, advantages, conditions or terms of its insurance policies, in violation of 18 Del. C. § 2304(1).

104.    GEICO's conduct, described herein, further violates 18 Del. C. § 2304(2), in that it repeatedly publishes statements which are untrue, deceptive or misleading.

105.    GEICO's conduct described herein also violates 18 Del. C. § 2304(16).    GEICO misrepresents the benefits of its insurance policies, fails to acknowledge and act reasonably promptly upon communication with respect to claims arising under its insurance policies, refuses to pay claims without conducting a reasonable investigation based upon all available information, fails to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been

completed, and compels its insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.

106.    As a result of GEICO's violations of 18 Del. C. § 2301, et seq., Plaintiffs, and all those similarly situated, are entitled to damages, including statutory damages provided for by this Act.

<div align="center">

**COUNT IX**
**Racketeering Activity**

</div>

107.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

108.    GEICO is an enterprise as defined by 18 U.S.C. §1961(4), by which it sells automobile insurance products, including policies for PIP coverage, in Delaware.

109.    GEICO has engaged in a pattern of racketeering activity to operate an enterprise which is engaged in activities that affect interstate commerce, in violation of 18 U.S.C. § 1962(a). GEICO receives substantial income from its racketeering activities.

110.    GEICO regularly uses the United States mail to conduct its scheme to defraud its insureds and prospective customers, and for the purpose of executing, or attempting to execute, its scheme to defraud its insureds and prospective customers.

111.    Through a pattern of racketeering activity, including two or more acts of mail fraud (as defined under 18 U.S.C. § 1341), GEICO has participated in the fraudulent insurance enterprise alleged above.

112.   As a direct result of GEICO's pattern of racketeering activity, Plaintiffs and all others similarly situated have suffered and will suffer injury as heretofore alleged.

113.   As a direct result of GEICO's pattern of racketeering activity, Plaintiffs and all others similarly situated have been injured in their property; namely, in their loss of money and contract rights.

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully requests that this Court enter judgment as follows:

a.   Entering an Order certifying the plaintiff class, appointing Plaintiffs Kerry Johnson and Sharon Anderson as representatives of that class, and appointing Mr. Johnson's and Ms. Anderson's counsel to represent that class, all pursuant to Superior Court Civil Rule 23;

b.   Declaring the parties' rights, duties, status or other legal relations under the disputed insurance contracts and 18 Del. C. § 2118;

c.   Awarding to Plaintiffs and all others similarly situated damages, including compensatory damages, consequential and incidental damages, for GEICO's breaches of its insurance contracts;

d.   Awarding to Plaintiffs and all others similarly situated punitive damages for GEICO's bad faith breaches of its insurance contracts;

e.   Awarding to Plaintiffs and all others similarly situated punitive damages for GEICO's breaches of its contractual duty of fair dealing;

f.   Awarding to Plaintiffs and all others similarly situated compensatory, consequential and punitive damages for GEICO's common law fraud;

27

g. Awarding to Plaintiffs and all others similarly situated compensatory, consequential, treble and punitive damages for GEICO's violations of 6 Del. C. § 2513;

h. Awarding to Plaintiffs and all others similarly situated compensatory, treble damages and, to the extent the Court finds that GEICO willfully engaged in a deceptive trade practice, reasonable attorney fees and costs for GEICO's violation of 6 Del. C. § 2532;

i. Awarding to Plaintiffs and all others similarly situated compensatory, treble damages and, to the extent the Court finds that GEICO willfully engaged in a deceptive trade practice, reasonable attorney fees and costs for GEICO's violation of 18 Del. C. § 2301 et seq.;

j. Awarding to Plaintiffs and all others similarly situated compensatory damages, treble damages and reasonable attorneys' fees for GEICO's violation of 18 U.S.C. § 1962;

k. Awarding to Plaintiffs and all others similarly situated their reasonable attorneys' fees in the prosecution of this action, consistent with 18 Del. C. § 4102;

l. Awarding to Plaintiffs and all others similarly situated all costs of this action, all costs of the prosecution of this action, and their reasonable attorneys' fees, consistent with 21 Del. C. §§ 2118 and 2118B;

m. Awarding to Plaintiffs interest for unpaid claims, consistent with 21 Del. C. § 2118.

n. Awarding to Plaintiffs and all others similarly situated all costs of

this action;

        o.  Awarding to Plaintiffs pre- and post-judgment interest; and

        p.  Awarding such other and further relief as this Court deems just and

appropriate.


Dated: August 24, 2006            CROSS & SIMON, LLC
       Wilmington, Delaware

                By:_____
                     Richard H. Cross, Jr. (No. 3576)
                     Christopher P. Simon (No. 3697)
                     Kristen Healy Cramer (No. 4512)
                     Kevin S. Mann (No. 4576)
                     913 North Market Street, 11th Floor
                     P.O. Box 1380
                     Wilmington, Delaware  19899-1380
                     (302) 777-4200

                     Attorneys for Plaintiffs

# EXHIBIT A

FPA Progress Notes

PAGE: 1    NAME: Kerry Johnson

| | | |
|---|---|---|
| **213** | Date: 7/19/04 | CC |
| need 2/3 | | HCC |
| | Age: 47yrs. 1:50 pm | PMH |
| **HIST** | 178 lbs. | FH |
| xc    CC | | SH |
| | | MEDS REV |
| **HPI** | | ROS LABS REV |
| 3 elements | MVA | GENERAL 0 |
| | 7/16/04 | HENT 0 |
| **ROS** | | EYES 0 |
| 1 system | | THYROID 0 |
| | | NECK 0 |
| **PFSH** | | CAROTID 0 |
| N/A | | HEART 0 |
| | | LUNGS 0 |
| **PE** | | BREAST 0 |
| 4 BA/OS | | ABD 0 |
| 6-11 elem | | GU 0 |
| | | RECT/PRO 0 |
| **DECISION** | | EXTREM 0 |
| 3 Dx or Tx | | NEURO 0 |
| mt Com=3 | | CENTRAL |
| Risk = Mod | | PERIPH 0 |
| | | SKIN 0 |
| **TIME** | | HEM/LYMP 0 |
| 15 Min | | MUS-SKEL 0 |
| | | PSYCH 0 |
| | | OTHER |
| | | IMPRESS |
| | | PLAN |
| | | TIME>1/2 counsel= |

① On MVA pt. was the driver of a pickup truck that was rear ended that was [?] He was by a car. He was wearing a seat belt. Denies hitting his head or LOC. states his car was pushed into the car ahead of him. — And not go to ER.

— Now c/o pain [?] LS area & BLE trapezius [?] tingling & dull pain into medial aspect of lower ext. intermittent. c/o occasional [?] wants Meds & [?]

O: A O x 3 N MOO 120/78 @
DTR 2/4 BLE 9L
sperm BLE @ [?] areas
[?] LS [?]
S [?] 5° BLE
O focal neuro. d's.

——→ over

| | | |
|---|---|---|
| | Date: | CC |
| need 2/3 | | HCC |
| | Age: | PMH |
| **HIST** | | FH |
| detailed CC | | SH |
| | | MEDS REV |
| **HPI** | | ROS LABS REV |
| elements | | GENERAL 0 |
| 3+chronic | | HENT 0 |
| illnesses | | EYES 0 |
| | | THYROID 0 |
| **ROS** | | NECK 0 |
| 2-9 systm | | CAROTID 0 |
| | | HEART 0 |
| **PFSH** | | LUNGS 0 |
| 1 element | | BREAST 0 |
| | | ABD 0 |
| **PE** | | GU 0 |
| 4-7 BA/OS | | RECT/PRO 0 |
| | | EXTREM 0 |
| **DECISION** | | NEURO |
| 3 Dx or Tx | | CENTRAL |
| mt Com=3 | | PERIPH 0 |
| Risk = Mod | | SKIN 0 |
| | | HEM/LYMP 0 |
| **TIME** | | MUS-SKEL 0 |
| 25 min | | PSYCH 0 |
| | | OTHER |
| | | IMPRESS |
| | | PLAN |
| | | TIME>1/2 counsel= |

OS=organ systems

elements=location,quality,severity,duration,timing,context,etc

version 5/21/03

PAGE: 2    NAME: Kerry Johnson    FPA Progress Notes

| | | |
|---|---|---|
| **213**<br>(need 2/3) | Date: ___ | CC<br>HCC |
| | Age: ___ | PMH<br>FH<br>SH<br>MEDS REV |
| **HIST**<br>Expand CC | | |
| **HPI**<br>1-3 elements | | ROS LABS REV |
| | | 0 GENERAL 0 |
| **ROS**<br>1 system | | 0 HENT 0<br>0 EYES 0<br>0 THYROID 0 |
| **PFSH**<br>N/A | | 0 NECK 0<br>0 CAROTID 0<br>0 HEART 0<br>0 LUNGS 0 |
| **PE**<br>2-4 BA/OS<br>or 6-11 elem | | 0 BREAST 0<br>0 ABD 0<br>0 GU 0<br>0 RECT/PRO 0 |
| **DECISION**<br>3 Dx or Tx<br>Amt Com=3<br>Risk = Mod | | 0 EXTREM 0<br>0 NEURO 0<br>   CENTRAL 0<br>   PERIPH 0 |
| **TIME**<br>15 Min | | 0 SKIN 0<br>0 HEM/LYMP 0<br>0 MUS-SKEL 0<br>0 PSYCH 0<br>   OTHER<br>   IMPRESS<br>   PLAN<br>TIME>1/2 counsel= |

| | | |
|---|---|---|
| **214**<br>(need 2/3) | Date: ___ | CC<br>HCC |
| | Age: ___ | PMH<br>FH<br>SH<br>MEDS REV |
| **HIST**<br>Detailed CC | | |
| **HPI**<br>+elements<br>· 3+chronic<br>illnesses | | ROS LABS REV<br>0 GENERAL 0<br>0 HENT 0<br>0 EYES 0<br>0 THYROID 0 |
| **ROS**<br>2-9 systm | | 0 NECK 0<br>0 CAROTID 0<br>0 HEART 0 |
| **PFSH**<br>1 element | | 0 LUNGS 0<br>0 BREAST 0<br>0 ABD 0<br>0 GU 0 |
| **PE**<br>5-7 BA/OS | | 0 RECT/PRO 0<br>0 EXTREM 0<br>0 NEURO 0<br>   CENTRAL 0<br>   PERIPH 0 |
| **DECISION**<br>3 Dx or Tx<br>Amt Com=3<br>Risk = Mod | | 0 SKIN 0<br>0 HEM/LYMP 0<br>0 MUS-SKEL 0<br>0 PSYCH 0 |
| **TIME**<br>25 min | | OTHER<br>IMPRESS<br>PLAN<br>TIME>1/2 counsel= |

version 5/21/03

OS=organ systems

# EXHIBIT B



**Delaware Back Pain & Sports Rehabilitation Centers**

*Depend on us to get you better faster.*

**FOLLOWUP VISIT**
RE: Kerry Johnson
DATE: 8/11/04

**Depend on teamwork for better health:**
- Physical medicine & rehabilitation
- Interventional pain management/ injections
- EMG
- Chiropractic care
- Rehabilitation therapy
- Exercise physiology
- Psychology/pain management counseling
- Massage therapy
- Wellness/nutrition programs
- QRCEs

**Nonsurgical solutions:**
- Auto, work & sports injuries
- Back & neck pain
- Shoulder pain
- Leg, ankle & foot pain
- Hand & wrist pain (carpal tunnel syndrome)
- Arm pain
- Arthritis, neuritis & bursitis pain
- Headaches

**Effective rehabilitation:**
- Musculoskeletal injury
- Nerve injury
- Postsurgical rehabilitation
- Sciatica
- Stroke
- Postpolio syndrome
- Spinal cord & brain injury
- Joint replacement

John Moore, DO
1100 S. Broom Street
Wilmington, DE 19805

Dear Dr. Moore:

Today I had the opportunity of reevaluating your patient, Kerry Johnson, in our office. He was last seen over one year ago, in May of 2003. Since that time, he states that he continued to have intermittent episodes of neck and low back pain; however, in general he was doing better. Unfortunately, he was involved in a motor vehicle accident on 7/16/04. He was the driver of a car that was hit from behind from another, and then his car was pushed into the car in front him. He was wearing a seatbelt and denies any head injury, or loss of consciousness, or memory problems. He noted some neck and low back pain; however, he went home, and his pain increased later on that night. He took some hydrocodone that he had around the house, and he subsequently saw Dr. Krasner on 7/19/04. He was then seen in followup several weeks later by you and was referred to our office for further evaluation and treatment.

Currently, he relates to having cervical spine pain that is constant, is a burning type pain, and intermittent episodes of sharp, stabbing pain. Previously admits to pain radiating bilateral upper extremities, and it goes to the left upper extremity to the ring finger and the right to the middle finger. He states at times it goes into the right thumb. He states that with elevating his left arm and reaching above his shoulder he notes a numbness and tingling in his left arm with intermittent episodes of weakness. He states on a scale of 0-10, with 0 being no pain and 10 being severe, excruciating, unbearable pain, his cervical spine pain is between a 7 and 8/10. It is a burning sensation in the mid back area, and relates to having low back pain that at times is a sharp, stabbing pain, at other times a dull aching pain. His low back pain is a 6/10. He has intermittent episodes of pain radiating his left lower extremity to his calf area. He denies any weakness in either of his lower extremities. He states that activities that increase his pain include sitting. Activities that



**Five convenient locations:**
Foulk Road Office Park Plaza: (302) 529-8783 • 2006 Foulk Road, Suite B, Wilmington, DE 19810 • Fax: (302) 529-7470
Medical Arts Complex: (302) 764-0271 • 700 Lea Boulevard, Suite 102, Wilmington, DE 19802 • Fax: (302) 762-4076
Omega Professional Center: (302) 733-0980 • 87-B Omega Drive, Newark, DE 19713 • Fax: (302) 733-7495
Glasgow Medical Center: (302) 832-8894 • 2600 Glasgow Avenue, Suite 210, Newark, DE 19702 • Fax: (302) 832-8897
Walker Square: (302) 730-8848 • 830 Walker Street, Suite 11-1, Dover, DE 19901 • Fax: (302) 730-8846

www.delawarebackpain.com

**FOLLOWUP VISIT**
RE: Kerry Johnson
DATE: 8/11/04
Page 2

decrease his pain include changing positions, as well as taking his pain medication. The pain at times awakes him at night. He does have a preexisting history of cervical and lumbosacral spine pain, and this motor vehicle accident markedly increased his musculoskeletal symptomatologies.

He has been taking hydrocodone and Flexeril, and he feels that that does help. **He denies any drug allergies.**

He states he has been having difficulty swallowing that predated his motor vehicle accident, and he is scheduled for a GI evaluation on 8/17/04. He also has intermittent episodes of headaches. He denies any history of diabetes mellitus, rheumatic fever, scarlet fever, tuberculosis, hypertension, peptic ulcer disease, thyroid problems, kidney problems, chest pain, or shortness of breath. Review of systems is negative other than that which has been noted.

His past surgical history is significant for cervical spine surgery in 1992, then again in 2002. He has not had any new surgeries since his last visit last year. He is married and has four children between the ages of 27 and 13. He has not worked since November of 1999 and worked as a dock worker loading and unloading ships. He states that recently he has been looking for alternative employment. He denies smoking cigarettes, and he is a social drinker on occasion. He is continent of bowel and bladder.

**PHYSICAL EXAMINATION:** His blood pressure is 130/82, his height is 5'11", his weight is 180-1/2 pounds, and he is afebrile. Skin is soft and moist and no areas of ecchymosis. Cranial nerves III-XII are grossly intact. He does appear to be somewhat anxious and depressed. Cranial nerves III-XII are grossly intact. Speech and comprehension are intact. Deep tendon reflexes in the biceps and triceps are 2+/4 and symmetric. Brachioradialis is 1/4 and symmetric, and knee jerks 2/4, and the Achilles reflex is 1/4 and symmetric. Sensation is decreased in the left upper extremity versus the right and the left lower extremity versus the right lower extremity; however, it does not follow any specific dermatomal abnormality. He does have a positive Tinel's percussing the left median nerve and has a positive Phalen's sign at 10 seconds. He has a negative Hoffmann sign and has a negative Babinski sign. There is no clonus or fasciculations noted. He is able to get up on his tiptoes and his heels without any difficulty. On muscle strength testing, it is difficult

**FOLLOWUP VISIT**
RE: Kerry Johnson
DATE: 8/11/04
Page 3

to accurately assess secondary to pain being a limiting factor. There is no clear weakness in a radicular fashion.

Range of motion of cervical spine is restricted, and he can rotate to about 30 degrees bilaterally then he has decreased pain. Extension causes more discomfort than flexion. Rotation and side bending causes pain. On Spurling's maneuver he has pain in bilateral cervical and trapezius areas without pain radiating past his shoulder area. There is ropiness and tenderness from the occipital to T1. There is tenderness in the trapezius and levator scapulae region with some taut bands and several trigger points. There is also ropiness in the dorsal paraspinal region.

Flexion of his lumbar spine is his fingertips getting to about 2" below his knees and then he has increased pain. Extension 10 degrees. Rotation and side and bending causes pain, and he has sacral base unleveling. There is soreness in the lumbar area. When having him sit at the side of the table and extending his knees, he has increased low back pain, and he has hamstring tightness on straight leg raising with a negative crossed straight leg raising sign. Functionally, he ambulates independently.

IMPRESSION:
1) **Cervical spine pain secondary to strain and sprain with preexisting history of chronic cervical spine pain and previous history of anterior diskectomy and anterior body arthrodesis that occurred on 5/26/02 — recent exacerbation secondary to his motor vehicle accident of 7/16/04.**
2) **Lumbosacral spine pain secondary to strain and sprain with preexisting history of chronic intermittent lumbosacral spine pain with** Deg Disc.Ds. **L5-S1 and recent exacerbation.**
3) **Anxiety/depression – recent exacerbation.**
4) **Myofascial type pain.**
5) **Thoracic spine pain secondary to strain and sprain.**

PLAN AND RECOMMENDATION:  At this time, I did discuss his problems with him in detail. This initiation of rehab and chiropractic care and

**FOLLOWUP VISIT**
RE: Kerry Johnson
DATE: 8/11/04
Page 4


my treatment is 100 percent related to the motor vehicle accident of 7/16/04.
If it were not for the 7/16/04 motor vehicle accident, he would not be seeing
me or be requiring rehab therapy or chiropractic treatment at this time and
would be following up with you. I have given him a prescription for a
cervical spine x-ray with flexion and extension views, as well as a
lumbosacral spine x-ray with obliques. I also recommended a left wrist splint
for carpal tunnel symptomatologies. I have initiated chiropractic and rehab
therapy at three times a week for four weeks with no active correction, and his
program will include:

1) Hot packs and inferential current to the cervical, trapezius, as well as
   the lumbosacral spine region.
2) Myofascial release to the affected areas.
3) Cervical and lumbosacral spine stabilization program.
4) Trial of McKenzie's program for the cervical and lumbosacral spine
   area.
5) Reviewing all of his home exercises.

He states he recently got a prescription for hydrocodone from your office with
apparently one years worth of refills, and, therefore, I will not be giving him a
prescription for hydrocodone. I will hold off on a nonsteroidal
anti-inflammatory, as well as a muscle relaxant, in view of his GI complaints.
He is anxious and depressed, and I have referred him back to Dr. Irene Fisher
for that. A formal followup has been scheduled in four weeks. I have
instructed him to avoid repetitive motion of his wrist and will monitor that
situation as far as his carpal tunnel symptomatologies are concerned. Further
recommendations will be made in followup in four weeks, and he will be
seeing you on a regular basis for all of his general medical needs.

Thank you for allowing me to participate in the care of your patient. If he has
any progressive problems, he will be seeing me sooner than the four weeks.


Barry L. Bakst, D.O.

BLB/aew
8/17/04

# EXHIBIT C

# Dalton & Associates, P.A.

Attorneys at Law
Cool Spring Meeting House
1106 West Tenth Street
Wilmington, DE 19806

(302) 652-2050
Fax (302) 652-0687

bdalton@b-dpa.com
lsimon@b-dpa.com

Bartholomew J. Dalton
Laura J. Simon

August 12, 2005

MaryBeth Carter
GEICO
One GEICO Blvd.
Fredericksburg, VA 22412-0002

RE:    Your Insured: Kerry Johnson
       Our Client: Kerry Johnson
       Claim No.: 0232413390101017
       Date of accident: July 16, 2004

Dear Ms. Carter:

Enclosed please find a statement from Family Practice Associates for services rendered on 7/21/05 totaling $42.00, along with the office note. Please pay this amount under PIP at your earliest convenience and send me confirmation of payment.

If you have any questions, please do not hesitate to call me. Thank you for your assistance in this matter.

Very truly yours,

Laura J. Simon
Dalton & Associates, P.A.

LJS/jh
Enclosure
cc:  Kasey Furrow, GEICO Claims
        Claim No.: 017022343-0101-016

# Dalton & Associates, P.A.

### Attorneys at Law
### Cool Spring Meeting House
### 1106 West Tenth Street
### Wilmington, DE 19806

---

(302) 652-2050
Fax (302) 652-0687

Bartholomew J. Dalton
Laura J. Simon

May 3, 2005

bdalton@b-dpa.com
lsimon@b-dpa.com

MaryBeth Carter
GEICO
One GEICO Blvd.
Fredericksburg, VA  22412-0002

RE:    Your Insured:  Kerry Johnson
       Our Client:  Kerry Johnson
       Claim No.:  0232413390101017
       Date of accident:  July 16, 2004

Dear Ms. Carter:

Enclosed please find medical records from Rehabilitation Associates for services rendered on 9/17/04 through 10/12/04, along with their billing statements totaling $1,489.85.    Please pay this amount directly to the provider under PIP at your earliest convenience and send me confirmation of payment.

If you have any questions, please do not hesitate to call me.  Thank you for your assistance in this matter.

Very truly yours,

*Laura J. Simon/ly*

Laura J. Simon
Dalton & Associates, P.A.

LJS/bj
Enclosure
cc:  Kasey Furrow, GEICO Claims
      Claim No.:  017022343-0101-016

# Dalton & Associates, P.A.

### Attorneys at Law
### Cool Spring Meeting House
### 1106 West Tenth Street
### Wilmington, DE 19806

---

### (302) 652-2050
### Fax (302) 652-0687

Bartholomew J. Dalton
Laura J. Simon

March 23, 2005

bdalton@b-dpa.com
lsimon@b-dpa.com

Jim Moseler
GEICO
One GEICO Blvd.
Fredericksburg, VA 22412-0002

RE:   Your Insured:  Kerry Johnson
      Our Client:  Kerry Johnson
      Claim No.:  0232413390101017
      Date of accident:  July 16, 2004

Dear Mr. Moseler:

Enclosed please find medical records from Delaware Neurosurgical Group in regard to Kerry Johnson.

If you have any questions, please do not hesitate to call me.  Thank you for your assistance in this matter.

Very truly yours,

Laura J. Simon
Dalton & Associates, P.A.

LJS/bj
Enclosure

# Dalton & Associates, P.A.

Attorneys at Law
Cool Spring Meeting House
1106 West Tenth Street
Wilmington, DE 19806

---

(302) 652-2050
Fax (302) 652-0687

Bartholomew J. Dalton
Laura J. Simon

March 22, 2005

bdalton@b-dpa.com
lsimon@b-dpa.com

MaryBeth Carter
GEICO
One GEICO Blvd.
Fredericksburg, VA  22412-0002

RE:    Your Insured:  Kerry Johnson
       Our Client:  Kerry Johnson
       Claim No.:  0232413390101017
       Date of accident:  July 16, 2004

Dear Ms. Carter:

Enclosed please find a statement from Family Practice Associates for services rendered on 3/11/05 totaling $55.00, along with the office note.  Please pay this amount under PIP at your earliest convenience and send me confirmation of payment.

If you have any questions, please do not hesitate to call me.  Thank you for your assistance in this matter.

Very truly yours,

Laura J. Simon
Dalton & Associates, P.A.

LJS/bj
Enclosure
cc:  Kasey Furrow, GEICO Claims
     Claim No.:  017022343-0101-016

# D lton & Associates, P  ..

Attorneys at Law
Cool Spring Meeting House
1106 West Tenth Street
Wilmington, DE 19806

(302) 652-2050
Fax (302) 652-0687

Bartholomew J. Dalton
Laura J. Simon

November 22, 2004

bdalton@b-dpa.com
lsimon@b-dpa.com

Jim Moseler
GEICO
One GEICO Blvd.
Fredericksburg, VA  22412-0002

RE:    Your Insured:  Kerry Johnson
       Our Client:  Kerry Johnson
       Claim No.:  0232413390101017
       Date of accident:  July 16, 2004

Dear Mr. Moseler:

Enclosed please find a statement from Family Practice Associates in regard to Kerry Johnson for services rendered on 11/11/04 totaling $55.00, along with the office note.

Please pay this amount directly to the provider under PIP at your earliest convenience and send me confirmation of payment.

If you have any questions, please do not hesitate to call me.  Thank you for your assistance in this matter.

Very truly yours,

Laura J. Simon
Dalton & Associates, P.A.

LJS/bj
Enclosure
cc: Amy L. Violette, GEICO, Claim No.:  017022343-0101-016

# EXHIBIT D

# Dalton & Associates, P.A.

Attorneys at Law
Cool Spring Meeting House
1106 West Tenth Street
Wilmington, DE 19806

(302) 652-2050
Fax (302) 652-0687

Bartholomew J. Dalton                                    bdalton@b-dpa.com
Laura J. Simon                        December 9, 2004      lsimon@b-dpa.com

Jennifer Harper
GEICO
One GEICO Blvd.
Fredericksburg, VA 22412-0002

RE:    Your Insured:  Kerry Johnson
       Our Client:  Kerry Johnson
       Claim No.:  0232413390101017
       Date of accident:  July 16, 2004

Dear Ms. Harper:

    Enclosed please find the completed authorizations of Kerry Johnson.

    If you have any questions, please do not hesitate to call me.  Thank you for
your assistance in this matter.

                        Very truly yours,

                        Barbara Jones

                        Barbara Jones
                        Secretary to
                        Laura J. Simon

/bj
Enclosure

# MEDICAL PROVIDER LIST

**CLAIM NUMBER:** _017022343 0101016_

**NAME OF PATIENT:** _KERRY JOHNSON_

**SOCIAL SECURITY NUMBER OF PATIENT:** _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_

**DATE OF BIRTH:** _5/12/56_

List below the names and addresses of all persons (doctors, surgeons, dentists, ambulance/ emergency transportation operators, physical therapists, chiropractors, hospitals, nursing care facilities, funeral directors, etc.) who: (1) rendered or who are rendering services in connection with injuries sustained in the subject accident and the amount of bills, if known; and/or (2) rendered services during the time period from five (5) years prior to the subject accident to the current time, and the amount of bills, if known.

| **NAME AND ADDRESS** | **AMOUNT OF BILL** |
|---|---|
| _JOHN J. MOORE, D.O._ | _UNKNOWN_ |
| _1100 S. Broom St._ | |
| _WILMINGTON, DE 19805_ | |
| | |
| _BARRY BAKST, D.O._ | |
| _700 Lea Blvd._ | |
| _WILMINGTON, DE_ | |

**IF ADDITIONAL SPACE IS NEEDED, PLEASE USE THE REVERSE OF THIS PAGE.**

Are any of the expenses claimed herein covered by Blue Cross or other insurance group plan, government policy or plan, or other insurance policy? [Answer "yes" or "no"] _____ (If "yes," then please give details on the reverse side of this form and indicate if you have collected or are making claim for any of these expenses.)

This form only seeks information. Your providing the requested information will speed-up the processing of your claim by allowing GEICO to request medical information directly from your doctor. The signing of this form is not a release of your claim so please do not delay returning this form.

Signature of the patient, the patient's guardian, or the personal representative of the patient:

_Kerry W Johnson_      _Kerry W Johnson_    _12-08-04_
SIGNATURE             PRINTED NAME        DATE

YAKOU ROYI MA
MEDICAL ARTS PAVILLION
NEWARK, DE 19713

IRENE FISHER, Psy.D.
87 OMEGA DR.
NEWARK, DE 19713

Claim No.: _01 ) 22 343 010 1 01 6_

*[PATIENT: FILL IN YOUR CLAIM NUMBER]*

# HIPAA COMPLIANT AUTHORIZATION TO OBTAIN MEDICAL RECORDS

To: _____  (Provider Name)

_____  (Provider Address)

For purposes of evaluating a claim made by me and/or preparing and conducting a trial on the issues concerning a claim, you are hereby authorized to furnish to Government Employees Insurance Company, GEICO General Insurance Company, GEICO Indemnity Company, GEICO Casualty Company, or any of its representatives (individually and collectively referred to as "GEICO") any and all medical information which may be requested concerning my physical and/or mental condition and treatment (excluding "psychotherapy notes" as defined in 45 CFR 164.501) therefore, diagnosis, prognosis, and any and all records, files, or other documentation concerning the treatment, prescription, consultation or other advisory visits or events (collectively referred to as the "Records") that pertain to:

- _Kerry Johnson_ _____,
  *[PATIENT: PRINT YOUR NAME ABOVE]*

- DOB: _8/12/56_ _____,
  *[PATIENT: WRITE YOUR BIRTH DATE ABOVE]*

- SSN: _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_ _____.
  *[PATIENT: WRITE YOUR SOCIAL SECURITY NUMBER ABOVE]*

- The Records covered by this HIPAA Compliant Authorization cover the time period beginning five (5) years prior to the date of last treatment through *[PATIENT: INDICATE YOUR LAST DATE OF TREATMENT IN THE FOLLOWING SPACE]* _____, 20 _____, the date of last treatment, and up to and including the date of Provider's compliance with this HIPAA Compliant Authorization.

- The Records shall specifically include, but shall not be limited to, such condition and treatment as may pertain to the automobile accident/loss/claim of *[PATIENT: INDICATE THE DATE OF THE AUTOMOBILE ACCIDENT/LOSS/CLAIM IN THE FOLLOWING SPACE]* _7/16_, 20 _04_.

The information covered by this HIPAA Compliant Authorization includes, but is not limited to, reports, records, test results, X-rays, and any other diagnostic testing, whether in your possession or available to you. I understand that the information in the Records may include information relating to sexually transmitted disease, Acquired Immunodeficiency Syndrome (AIDS), Human Immunodeficiency Virus (HIV) and other communicable diseases, behavioral health care/psychiatric care (excluding "psychotherapy notes" as defined in 45 CFR 164.501), and treatment for alcohol and/or drug abuse, and/or substance abuse. Copies of this Authorization shall be considered as valid as the original. This information is being requested for the purpose of evaluating a claim made by me and/or preparing and conducting a trial on the issues concerning this claim. This Authorization shall be valid for the duration of the claim. This is not a release of claims for damages. I further understand that I am entitled to a copy of this Authorization and acknowledge receipt by signing below. I acknowledge that the information disclosed pursuant to this Authorization may be re-disclosed by GEICO pursuant to applicable law and may no longer be protected by the Health Insurance Portability and Accountability Act (HIPAA). I also authorize GEICO to further re-disclose the records received pursuant to this authorization, including, but not limited to, information relating to sexually transmitted disease, Acquired Immunodeficiency Syndrome (AIDS), Human Immunodeficiency Virus (HIV) and other communicable diseases, behavioral health care/psychiatric care (excluding "psychotherapy notes" as

C-622 DE (04-04) NS

Page 1 of 2

## AUTHORIZATION TO OBTAIN LEAVE AND SALARY INFORMATION

_Kerry Johnson_ hereby authorize _____
Company, through its employees and authorized representatives, to acquire all leave and salary information available to and in the
possession of any employer, concerning or in any way relating to time or salary loss relating to an injury or injuries received by
_____ in an accident that occurred on __7/16_, 20_04_, at or near
_____. This information is being requested for the purpose
f evaluating a claim made by this individual and in preparation for any proceedings connected with that claim. This authorization or a
hotostatic copy will be tendered to any current or prior employer. This authorization shall be valid for the duration of the claim.

further understand that I am entitled to a copy of this authorization form and acknowledge receipt by signing below.

_12-08-04_
Date

_Kerry W. Johnson_
Authorizing Party

_____
Relationship, if not the injured party

## MEMBER NATIONAL INSURANCE CRIME BUREAU

-176 (07-01) NS

# EXHIBIT E

EXPLANATION OF BENEFITS SUBMITTED TO G.E.I.C.O. INSURANCE

Provider:510110646-04
    NEUROLOGY ASSOCIATES PA
    774 CHRISTINA RD SUITE 1
    NEWARK, DE 19713

Bill ID:2005012512262951DRE 00
    Claim:023241339-017
    SSN:221427246
Claimant:KERRY JOHNSON
    Injured:07-16-2004

  Payee:510110646-01
    NEUROLOGY ASSOCIATES PA
    1228 N SCOTT STREET
    WILMINGTON, DE 19806

Insured:DE
    DELAWARE

FEB 1 8 2005

Adjustor-ID:

CC:client
2/22/05

ICD9:723.4  BRACHIAL NEURITIS NOS
ICD9:724.4  THORACIC LUMBOSACRAL NEURITIS NOS

| Date | Service | Mods | Charge | Reduction | Allowance | Reasons |
|------|---------|------|--------|-----------|-----------|---------|
| 11-17-04 72125 | CAT SCAN CERVICAL | | 731.00 | 10.00 | 721.00 | 40 |
| 11-17-04 76375 | TOMOGRAPHY | | 351.00 | .00 | 351.00 | |
| 11-17-04 72114 | XRAY LUMBOSACRAL | | 165.00 | .00 | 165.00 | |
| 11-17-04 72050 | XRAY CERVICAL | | 129.00 | .00 | 129.00 | |
| | Totals | | 1376.00 | 10.00 | 1366.00 | |

** Reduction Explanations:

  RC 40 The charge for the services exceeds an amount which
      would appear reasonable when compared to the
      charges of other providers in the same geographic
      area.

THE ABOVE EXPLANATION OF BENEFIT REFLECTS OUR INITIAL RE-
VIEW OF THE PROVIDER'S CHARGES AS SUBMITTED.  IF FURTHER
RE-EVALUATION IS REQUESTED, THE PROVIDER SHOULD SEND US
ADDITIONAL INFORMATION TO RE-EVALUATE OUR DETERMINATION
USING THE FOLLOWING CRITERIA:

RC 40 RE-EVALUATION CRITERIA:  SUBMIT MEDICAL RECORDS SO
THAT WE MAY DETERMINE IF THE APPROPRIATE CPT CODE WAS USED
TO DESCRIBE THE SERVICES PROVIDED.  IF THE APPROPRIATE CPT
CODE WAS USED, WE WILL COMPARE THE PAYMENT MADE TO YOU WITH
AMOUNTS CHARGED BY PROVIDERS OF THE SAME TYPE IN THE SUR-
ROUNDING GEOGRAPHIC AREA TO DETERMINE IF AN ADJUSTMENT IS
APPROPRIATE.

CORRESPONDENCE SHOULD BE SENT TO:

      GEICO DIRECT
      ONE GEICO BLVD, FREDERICKSBURG, VA 22412
      PHONE 1-800-841-1003    EXT_____ ADJ CODE_____

PAYMENT SENT TO: _____PATIENT    ✓ ATTORNEY _____PROVIDER

# EXHIBIT F

EXPLANATION OF BENEFITS SUBMITTED TO G.E.I.C.O. INSURANCE          Page    1

Provider:510329923-12                          Bill ID:2004092810014304DRE 00
          REHABILITATION ASSOC (MD/DO)          Claim:023241339-017
          OMEGA PROFESSIONAL CTR                   SSN:221427246
          87B OMEGA DRIVE                     Claimant:KERRY JOHNSON
          NEWARK, DE 19711                     Injured:07-16-2004

    Payee:510329923-02                         Insured:DE
          REHABILITATION ASSOC                        DELAWARE
          2600 GLASGOW AVE #210
          NEWARK, DE 19702


Adjustor-ID:

ICD9:723.1  CERVICALGIA
ICD9:724.2  LUMBAGO
ICD9:846.0  SPRAIN LUMBOSACRAL

---

| Date | Service | | Mods | Charge | Reduction | Allowance | Reasons |
|------|---------|--|------|--------|-----------|-----------|---------|
| 08-23-04 | 97110 | EXERCISES | | 67.00 | 14.69 | 52.31 | 40 |
| 08-23-04 | 97110 | EXERCISES | | 67.00 | 14.69 | 52.31 | 40 |
| 08-23-04 | 97014 | STIMULATION | | 38.00 | 1.00 | 37.00 | 40 |
| 08-23-04 | 97010 | HOT COLD PACKS | | 20.00 | .00 | 20.00 | |
| 08-25-04 | 97110 | EXERCISES | | 67.00 | 14.69 | 52.31 | 40 |
| 08-25-04 | 97014 | STIMULATION | | 38.00 | 1.00 | 37.00 | 40 |
| 08-25-04 | 97010 | HOT COLD PACKS | | 20.00 | .00 | 20.00 | |

---

Totals                                          317.00    46.07    270.93

* Reduction Explanations:

RC 40 The charge for the services exceeds an amount which
      would appear reasonable when compared to the
      charges of other providers in the same geographic
      area.

THE ABOVE EXPLANATION OF BENEFIT REFLECTS OUR INITIAL RE-
VIEW OF THE PROVIDER'S CHARGES AS SUBMITTED.  IF FURTHER
RE-EVALUATION IS REQUESTED, THE PROVIDER SHOULD SEND US
ADDITIONAL INFORMATION TO RE-EVALUATE OUR DETERMINATION
USING THE FOLLOWING CRITERIA:

RC 40 RE-EVALUATION CRITERIA:  SUBMIT MEDICAL RECORDS SO
THAT WE MAY DETERMINE IF THE APPROPRIATE CPT CODE WAS USED
TO DESCRIBE THE SERVICES PROVIDED.  IF THE APPROPRIATE CPT
CODE WAS USED, WE WILL COMPARE THE PAYMENT MADE TO YOU WITH
AMOUNTS CHARGED BY PROVIDERS OF THE SAME TYPE IN THE SUR-
ROUNDING GEOGRAPHIC AREA TO DETERMINE IF AN ADJUSTMENT IS
APPROPRIATE.

CORRESPONDENCE SHOULD BE SENT TO:

          GEICO DIRECT

Continued on next page

EXPLANATION OF BENEFITS SUBMITTED TO G.E.I.C.O. INSURANCE    Page    2

Provider:510329923-12
      REHABILITATION ASSOC (MD/DO)
      OMEGA PROFESSIONAL CTR
      87B OMEGA DRIVE
      NEWARK, DE 19711

  Payee:510329923-02
      REHABILITATION ASSOC
      2600 GLASGOW AVE #210
      NEWARK, DE 19702

Bill ID:2004092810014304DRE 00
  Claim:023241339-017
    SSN:221427246
Claimant:KERRY JOHNSON
 Injured:07-16-2004

Insured:DE
     DELAWARE

Adjustor-ID:

    ONE GEICO BLVD, FREDERICKSBURG, VA 22412
    PHONE 1-800-841-1003    EXT_____ ADJ CODE _____

PAYMENT SENT TO: _____PATIENT _____ATTORNEY / _____PROVIDER

EXPLANATION OF BENEFITS SUBMITTED TO G.E.I.C.O. INSURANCE          Page     1

Provider:510329923-17                     Bill ID:2004091615151325HCW 00
          REHABILITATION ASSOC (DC)          Claim:023241339-017
          87B OMEGA DRIVE                       SSN:221427246
          NEWARK, DE 19711                 Claimant:KERRY JOHNSON
                                            Injured:07-16-2004


     Payee:510329923-02                    Insured:DE
          REHABILITATION ASSOC                     DELAWARE
          2600 GLASGOW AVE #210
          NEWARK, DE 19702


Adjustor-ID:


ICD9:724.2  LUMBAGO
ICD9:723.1  CERVICALGIA
ICD9:739.1  NONALLOPATHIC LESION CERVICAL REGIONAL
ICD9:784.0  HEADACHE

------------------------------------------------------------------------------

| Date | Service | Mods | Charge | Reduction | Allowance | Reasons |
|------|---------|------|--------|-----------|-----------|---------|
| 08-09-04 | 97535 | HOME MANAGEMENT | | 31.00 | .00 | 31.00 | |
| 08-09-04 | 97010 | HOT COLD PACKS | | 20.00 | .00 | 20.00 | |
| 08-13-04 | 99212 | SUBSEQUENT VISIT | | 90.00 | 30.00 | 60.00 | 40 |
| 08-13-04 | 98940 | MANIPULATION | | 62.00 | 2.00 | 60.00 | 40 |
| 08-16-04 | 98940 | MANIPULATION | | 62.00 | 2.00 | 60.00 | 40 |

------------------------------------------------------------------------------
          Totals                            265.00    34.00    231.00


** Reduction Explanations:

 RC 40 The charge for the services exceeds an amount which
        would appear reasonable when compared to the
        charges of other providers in the same geographic
        area.


THE ABOVE EXPLANATION OF BENEFIT REFLECTS OUR INITIAL RE-
VIEW OF THE PROVIDER'S CHARGES AS SUBMITTED.  IF FURTHER
RE-EVALUATION IS REQUESTED, THE PROVIDER SHOULD SEND US
ADDITIONAL INFORMATION TO RE-EVALUATE OUR DETERMINATION
USING THE FOLLOWING CRITERIA:


RC 40 RE-EVALUATION CRITERIA:  SUBMIT MEDICAL RECORDS SO
THAT WE MAY DETERMINE IF THE APPROPRIATE CPT CODE WAS USED
TO DESCRIBE THE SERVICES PROVIDED.  IF THE APPROPRIATE CPT
CODE WAS USED, WE WILL COMPARE THE PAYMENT MADE TO YOU WITH
AMOUNTS CHARGED BY PROVIDERS OF THE SAME TYPE IN THE SUR-
ROUNDING GEOGRAPHIC AREA TO DETERMINE IF AN ADJUSTMENT IS
APPROPRIATE.


CORRESPONDENCE SHOULD BE SENT TO:


          GEICO DIRECT
          ONE GEICO BLVD, FREDERICKSBURG, VA 22412

Continued on next page

EXPLANATION OF BENEFITS SUBMITTED TO G.E.I.C.O. INSURANCE          Page     2

Provider:510329923-17                    Bill ID:2004091615151325HCW 00
          REHABILITATION ASSOC (DC)           Claim:023241339-017
          87B OMEGA DRIVE                        SSN:221427246
          NEWARK, DE 19711                  Claimant:KERRY JOHNSON
                                             Injured:07-16-2004

    Payee:510329923-02                      Insured:DE
          REHABILITATION ASSOC                       DELAWARE
          2600 GLASGOW AVE #210
          NEWARK, DE 19702


Adjustor-ID:

          PHONE 1-800-841-1003     EXT_____ ADJ CODE_____         _ _   .    . __

PAYMENT SENT TO:  _____PATIENT   _____ATTORNEY  \ / PROVIDER

EXPLANATION OF BENEFITS SUBM~~TED TO G.E.I.C.O. INSURANC~~                    Page    1

Provider:510329923-17                          Bill ID:2004092810001273DRE 00
         REHABILITATION ASSOC (DC)               Claim:023241339-017
         87B OMEGA DRIVE                           SSN:221427246
         NEWARK, DE 19711                      Claimant:KERRY JOHNSON
                                               Injured:07-16-2004


    Payee:510329923-02                          Insured:DE
          REHABILITATION ASSOC                          DELAWARE
          2600 GLASGOW AVE #210
          NEWARK, DE 19702


Adjustor-ID:

ICD9:724.2   LUMBAGO
ICD9:723.1   CERVICALGIA
ICD9:739.1   NONALLOPATHIC LESION CERVICAL REGIONAL
ICD9:784.0   HEADACHE

------------------------------------------------------------------------------
| Date | Service | Mods | Charge | Reduction | Allowance | Reasons |
|------|---------|------|--------|-----------|-----------|---------|
| 08-27-04 | 98940 MANIPULATION | | 62.00 | 2.00 | 60.00 | 40 |
| 09-02-04 | 98940 MANIPULATION | | 62.00 | 2.00 | 60.00 | 40 |
| | Totals | | 124.00 | 4.00 | 120.00 | |
------------------------------------------------------------------------------

** Reduction Explanations:

  RC 40 The charge for the services exceeds an amount which
        would appear reasonable when compared to the
        charges of other providers in the same geographic
        area.

THE ABOVE EXPLANATION OF BENEFIT REFLECTS OUR INITIAL RE-
VIEW OF THE PROVIDER'S CHARGES AS SUBMITTED.  IF FURTHER
RE-EVALUATION IS REQUESTED, THE PROVIDER SHOULD SEND US
ADDITIONAL INFORMATION TO RE-EVALUATE OUR DETERMINATION
USING THE FOLLOWING CRITERIA:

RC 40 RE-EVALUATION CRITERIA:  SUBMIT MEDICAL RECORDS SO
THAT WE MAY DETERMINE IF THE APPROPRIATE CPT CODE WAS USED
TO DESCRIBE THE SERVICES PROVIDED.  IF THE APPROPRIATE CPT
CODE WAS USED, WE WILL COMPARE THE PAYMENT MADE TO YOU WITH
AMOUNTS CHARGED BY PROVIDERS OF THE SAME TYPE IN THE SUR-
ROUNDING GEOGRAPHIC AREA TO DETERMINE IF AN ADJUSTMENT IS
APPROPRIATE.

CORRESPONDENCE SHOULD BE SENT TO:

         GEICO DIRECT
         ONE GEICO BLVD, FREDERICKSBURG, VA 22412
         PHONE 1-800-841-1003    EXT_____ ADJ CODE _____

PAYMENT SENT TO: _____PATIENT _____ATTORNEY  ✓  PROVIDER

EXPLANATION OF BENEFITS SUBMITTED TO G.E.I.C.O. INSURANCE          Page    1

Provider:510329923-12                    Bill ID:2004091615170154HCW 00
         REHABILITATION ASSOC (MD/DO)      Claim:023241339-017
         OMEGA PROFESSIONAL CTR              SSN:221427246
         87B OMEGA DRIVE                   Claimant:KERRY JOHNSON
         NEWARK, DE 19711                   Injured:07-16-2004

   Payee:510329923-02                      Insured:DE
         REHABILITATION ASSOC                      DELAWARE
         2600 GLASGOW AVE #210
         NEWARK, DE 19702


Adjustor-ID:

ICD9:723.1  CERVICALGIA
ICD9:724.2  LUMBAGO
ICD9:846.0  SPRAIN LUMBOSACRAL

| Date | Service | Mods | Charge | Reduction | Allowance | Reasons |
|------|---------|------|--------|-----------|-----------|---------|
| 08-11-04 | 99214 SUBSEQUENT VISIT | | 214.00 | 104.85 | 109.15 | 43 40 |
| | Reviewed As 99213 | | | | | |
| 08-12-04 | 97150 GROUP THERAPY | 52 | 56.00 | .00 | 56.00 | |
| 08-12-04 | 97014 STIMULATION | | 38.00 | 1.00 | 37.00 | 40 |
| 08-12-04 | 97010 HOT COLD PACKS | | 20.00 | .00 | 20.00 | |
| 08-13-04 | 97150 GROUP THERAPY | 52 | 56.00 | .00 | 56.00 | |
| 08-13-04 | 97014 STIMULATION | | 38.00 | 1.00 | 37.00 | 40 |
| 08-13-04 | 97010 HOT COLD PACKS | | 20.00 | .00 | 20.00 | |
| 08-16-04 | 97150 GROUP THERAPY | 52 | 56.00 | .00 | 56.00 | |
| 08-16-04 | 97014 STIMULATION | | 38.00 | 1.00 | 37.00 | 40 |
| 08-16-04 | 97010 HOT COLD PACKS | | 20.00 | .00 | 20.00 | |
| 08-19-04 | 97150 GROUP THERAPY | | 98.00 | 4.00 | 94.00 | 40 |
| | Totals | | 654.00 | 111.85 | 542.15 | |

** Reduction Explanations:

  RC 40 The charge for the services exceeds an amount which
        would appear reasonable when compared to the
        charges of other providers in the same geographic
        area.

  RC 43 The procedure billed exceeds the level of service
        required by the diagnosis given or the condition
        for which this patient is being treated.


THE ABOVE EXPLANATION OF BENEFIT REFLECTS OUR INITIAL RE-
VIEW OF THE PROVIDER'S CHARGES AS SUBMITTED.  IF FURTHER
RE-EVALUATION IS REQUESTED, THE PROVIDER SHOULD SEND US
ADDITIONAL INFORMATION TO RE-EVALUATE OUR DETERMINATION
USING THE FOLLOWING CRITERIA:

RC 40 RE-EVALUATION CRITERIA:  SUBMIT MEDICAL RECORDS SO
THAT WE MAY DETERMINE IF THE APPROPRIATE CPT CODE WAS USED

Continued on next page

EXPLANATION OF BENEFITS SUBMITTED TO G.E.I.C.O. INSURANCE            Page    2

Provider:510329923-12                   Bill ID:2004091615170154HCW 00
         REHABILITATION ASSOC (MD/DO)        Claim:023241339-017
         OMEGA PROFESSIONAL CTR                 SSN:221427246
         87B OMEGA DRIVE                   Claimant:KERRY JOHNSON
         NEWARK, DE 19711                    Injured:07-16-2004

    Payee:510329923-02                      Insured:DE
         REHABILITATION ASSOC                       DELAWARE
         2600 GLASGOW AVE #210
         NEWARK, DE 19702


Adjustor-ID:

TO DESCRIBE THE SERVICES PROVIDED.  IF THE APPROPRIATE CPT
CODE WAS USED, WE WILL COMPARE THE PAYMENT MADE TO YOU WITH
AMOUNTS CHARGED BY PROVIDERS OF THE SAME TYPE IN THE SUR-
ROUNDING GEOGRAPHIC AREA TO DETERMINE IF AN ADJUSTMENT IS
APPROPRIATE.

RC 43 RE-EVALUATION CRITERIA:  SUBMIT MEDICAL RECORDS SO
THAT WE MAY COMPARE THE INFORMATION IN THE MEDICAL RECORDS
WITH THE CPT CODE MANUAL REQUIREMENTS REGARDING THE LEVEL OF
SERVICE PROVIDED BY YOU TO THE PATIENT.  IN MAKING THIS
DETERMINATION, WE WILL CONSIDER THE COMPLEXITY OF THE STATED
DIAGNOSIS AND TREATMENT PLAN TO ENSURE THAT THE PAYMENT
ALLOWANCE REFLECTS THE LEVEL OF SERVICE PROVIDED BY YOU TO
THE PATIENT.

CORRESPONDENCE SHOULD BE SENT TO:

         GEICO DIRECT
         ONE GEICO BLVD, FREDERICKSBURG, VA 22412
         PHONE 1-800-841-1003    EXT_____  ADJ CODE ____

PAYMENT SENT TO:  _____PATIENT   _____ATTORNEY  _/__PROVIDER

EXPLANATION OF BENEFITS SUBMITTED TO G.E.I.C.O. INSURANCE          **Page**    **1**

```
Provider:510329923-12                        Bill ID:2004102111284094DRE 00
         REHABILITATION ASSOC (MD/DO)          Claim:023241339-017
         OMEGA PROFESSIONAL CTR                  SSN:221427246
         87B OMEGA DRIVE                     Claimant:KERRY JOHNSON
         NEWARK, DE 19713                     Injured:07-16-2004

   Payee:510329923-02                        Insured:DE
         REHABILITATION ASSOC                         DELAWARE
         2600 GLASGOW AVE #210
         NEWARK, DE 19702
```

Adjustor-ID:

ICD9:723.1  CERVICALGIA
ICD9:724.2  LUMBAGO
ICD9:846.0  SPRAIN LUMBOSACRAL

| Date | Service | | Mods | Charge | Reduction | Allowance | Reasons |
|------|---------|--|------|--------|-----------|-----------|---------|
| 09-16-04 | 95861 | ELECTROMYOGRAPHY | | 536.00 | 151.00 | 385.00 | 40 |
| 09-16-04 | 95934 | H REFLEX STUDY | | 91.00 | .00 | 91.00 | |
| 09-16-04 | 95934 | H REFLEX STUDY | | 91.00 | .00 | 91.00 | |
| 09-16-04 | 95900 | NERVE CONDUCTION | | 90.00 | .00 | 90.00 | |
| 09-16-04 | 95900 | NERVE CONDUCTION | | 90.00 | .00 | 90.00 | |
| 09-16-04 | 95900 | NERVE CONDUCTION | | 90.00 | .00 | 90.00 | |
| 09-16-04 | 95900 | NERVE CONDUCTION | | 90.00 | .00 | 90.00 | |
| 09-16-04 | 95904 | NERVE CONDUCTION | | 88.00 | .00 | 88.00 | |
| 09-16-04 | 95904 | NERVE CONDUCTION | | 88.00 | .00 | 88.00 | |
| 09-16-04 | 95904 | NERVE CONDUCTION | | 88.00 | .00 | 88.00 | |
| | Totals | | | 1342.00 | 151.00 | 1191.00 | |

** Reduction Explanations:

 RC 40 The charge for the services exceeds an amount which
       would appear reasonable when compared to the
       charges of other providers in the same geographic
       area.

THE ABOVE EXPLANATION OF BENEFIT REFLECTS OUR INITIAL RE-
VIEW OF THE PROVIDER'S CHARGES AS SUBMITTED.  IF FURTHER
RE-EVALUATION IS REQUESTED, THE PROVIDER SHOULD SEND US
ADDITIONAL INFORMATION TO RE-EVALUATE OUR DETERMINATION
USING THE FOLLOWING CRITERIA:

RC 40 RE-EVALUATION CRITERIA:  SUBMIT MEDICAL RECORDS SO
THAT WE MAY DETERMINE IF THE APPROPRIATE CPT CODE WAS USED
TO DESCRIBE THE SERVICES PROVIDED.  IF THE APPROPRIATE CPT
CODE WAS USED, WE WILL COMPARE THE PAYMENT MADE TO YOU WITH
AMOUNTS CHARGED BY PROVIDERS OF THE SAME TYPE IN THE SUR-
ROUNDING GEOGRAPHIC AREA TO DETERMINE IF AN ADJUSTMENT IS
APPROPRIATE.

Continued on next page.

EXPLANATION OF BENEFITS SUBMITTED TO G.E.I.C.O. INSURANCE                    Page    2

Provider:510329923-12                          Bill ID:2004102111284094DRE 00
          REHABILITATION ASSOC (MD/DO)            Claim:023241339-017
          OMEGA PROFESSIONAL CTR                    SSN:221427246
          87B OMEGA DRIVE                       Claimant:KERRY JOHNSON
          NEWARK, DE 19713                       Injured:07-16-2004

     Payee:510329923-02                          Insured:DE
          REHABILITATION ASSOC                            DELAWARE
          2600 GLASGOW AVE #210
          NEWARK, DE 19702


Adjustor-ID:

CORRESPONDENCE SHOULD BE SENT TO:

          GEICO DIRECT
          ONE GEICO BLVD, FREDERICKSBURG, VA 22412
          PHONE 1-800-841-1003    EXT_____  ADJ CODE_____

PAYMENT SENT TO:    _____PATIENT   _____ATTORNEY   __/___PROVIDER

# EXHIBIT G

 **GEICO**
- Government Employees Insurance Company
- GEICO General Insurance Company
- GEICO Indemnity Company
- GEICO Casualty Company

One GEICO Blvd. ■ Fredericksburg, VA  22412-0001

September 20, 2004

MR KERRY W JOHNSON
1007 MISTOVER LN
NEWARK, DE  19713-3346

CLAIM NUMBER:   023241339-017
DATE OF LOSS:    07/16/04

Dear Mr Johnson:

One of GEICO's obligations is to assure medical benefits paid on your behalf accurately reflect services provided and reasonable reimbursement for those services. As we explained in our initial letter to you, medical bills are reviewed to determine if the charges for treatment are reasonable (usual and prevailing) for the geographical area in which the treatment was rendered. Only those charges for services determined medically necessary will be considered.

We have reviewed the bills and our findings are enclosed for your information. Any subsequent bills will be reviewed in the same manner. If further consideration is requested, we would require a written response from your provider(s) within 30 days. Additionally, should you receive a bill for the balance of a payment benefit, please send it to us for handling.

Should you have any additional questions regarding your claim, please contact your adjuster, **J Moseler**, at **1-800-841-1003, extension 4661.**

Sincerely,

Claims Department

# EXHIBIT H

# Delaware Recovery Systems, Inc.
## Glasgow Medical Center
### 2600 Glasgow Avenue Suite #205
### Newark, Delaware  19702
### Phone (302) 832-3369  Fax (302) 832-5854

*APR 1 2 2005*

Date:03/31/05
RE:Johnson, Kerry
Account #:10198

Dear: Attorney,

This is in reference to our above named patient/your client. Unfortunately, the patient's insurance carrier is denying our claims for services we rendered to the patient.

As this is a personal injury/workmans compensation case, we do not want to bill the patient directly, however, at this time we must protect the physician's interests. Therefore, we must obtain a letter of protection from your office. Upon receipt of your letter we will waive payment until the settlement of the case. If your client will not authorize you to protect this balance due, kindly notify our office so we may take appropriate action to collect the balance.

We have enclosed a copy of the patient's account balance for your review. Thank you in advance for your attention to this matter.

Sincerely,

Connie Salvatelli

Delaware Recovery Systems, Inc.

Enclosure

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

# EXHIBIT I

HAL KRAMER, M.D.
SCOTT SCHAEFFER, M.D.
ANNE E. ARCHBALD, N.P.-C., M.S.N.
JENNY L. HUGHES, N.P.-C., M.S.N.

STONEY BATTER FAMILY MEDICINE ASSOCIATES, P.A.

November 14, 2005

RE: Sharon Anderson
DOA: August 3, 2004.

Dear Ms. Simon,

I'm providing this letter at your request to describe treatment for which Ms. Anderson received as a result of a motor vehicle accident on August 3, 2004.

The patient first presented for evaluation of injuries sustained from this car accident on August 5, 2004. At that time, the patient described the accident as a rear end collision where she did not sustain any head trauma, or loss of consciousness. At that time she complained of significant headache which was throbbing in nature. Patient also complained of a whiplash type injury consisting of posterior neck muscle pain. There were no other associated neurological symptoms which could have suggested a peripheral neuropathy. The patient also complained of low back pain which was of equal intensity bilaterally, also with no association of neurological symptoms. Her exam at that time was only significant for tenderness of the back and neck muscles. A CAT scan of the head was ordered to rule out any intracranial injury, and medication was prescribed with simple instructions for home exercises and stretches. The patient was instructed to return in approximately two weeks if symptoms did not resolve. Unfortunately, the CAT scan of the head was not completed.

Patient was next seen on June 13, 2005 for re-evaluation of her neck and lumbar strain which at this point had become chronic. Patient did not make any contact with my office regarding the injuries sustained during this motor vehicle accident in the time between the March 5, 2004 office visit, and the June 13, 2005 office visit. During this June 2005 office visit, the patient states that she did have an exacerbation of the neck and back pain without any specific cause. As indicated in the progress notes, patient did miss work because of neck and back pain during several days in September, October, and April of 2005. During this June 13, 2005 office visit, the patient was again prescribed muscle relaxants and anti-inflammatories, and was also referred to physical therapy for evaluation and treatment. Patient was initially evaluated by the physical therapist on July 19, 2005, and was discharged from treatment on October 27, 2005 after it was determined that physical therapy treatment would not benefit the patient any further. Patient was instructed on a home exercise program, and educated on proper posture to minimize symptoms. Before the patient was finally discharged from physical therapy, patient did have a final office visit on October 10, 2005, at which time it was agreed that the patient would not benefit from further physical therapy and she was left with mild neck and low back pain which may be exacerbated from time to time.

HAL KRAMER, M.D.
SCOTT SCHAEFFER, M.D.
ANNE E. ARCHBALD, N.P.-C., M.S.N.
JENNY L. HUGHES, N.P.-C., M.S.N.

STONEY BATTER FAMILY MEDICINE ASSOCIATES, P.A.

It is also important to note the patient does have a history of low back pain for which the patient was seen several times in 2002. Patient was also referred to a back specialist who referred her at that time to physical therapy and prescribed ibuprofen. Patient had been relatively stable with her low back pain until it was exacerbated during the accident on August 3, 2004. It is within reasonable medical probability that the accident which occurred on August 3, 2004 did exacerbate her low back pain condition. However, currently, the patient has minimal discomfort. Patient has full range of motion, full functionality, and is able to engage in her activities of daily living without difficulty. The patient's prognosis is good, and it can be believed the patient will have permanent problems with exacerbations of back and neck pain from time to time depending on physical activity. At this time, the patient has no disabilities, but the patient was advised not to engage in any heavy manual labor which would require heavy lifting. Also, it is estimated that there is no anticipated future treatment which is planned as a result of this August 3, 2004 accident. It may be determined with reasonable medical probability that the accident of August 3, 2004 exacerbated a previous low back pain condition and ultimately worsened her condition by approximately 10%.

I hope this narrative has been helpful, please contact my office if any further information is required at (302) 234-9109.

Sincerely,

Horatio C. Jones, III, MD

# EXHIBIT J

**Statement Details**

Page    1
09/06/2005
302-234-2080

Stoney Batter Family Medicine
5301 Limestone Rd. #222
Wilmington, DE 19808

Fed. Tax ID No.:    51 0339390

**For patient :**    SHARON ANDERSON
216 NORTH CONNELL STREET
WILMINGTON, DE 19805

| Line No. | Date | Description | Charge | Copay or Deductible | Payment | Adjust-ment | Debit/ Transfer | Patient Responsibility | Balance |
|---|---|---|---|---|---|---|---|---|---|
| | | *** For bill no. :  1 *** | | $0.00 | | | | $0.00 | $.00 |
| | | Diagnoses : 8469 -8479 - | | $0.00 | | | | $0.00 | $.00 |
| 1 | 08/05/2004 | 99214,EST PT LEVEL 4 VISIT | $145.00 | $0.00 | | | | $0.00 | $145.00 |
| 2 | 11/10/2004 | NO PIP APPLICATION ON FILE | | $0.00 | | | | $0.00 | $145.00 |
| 3 | 12/08/2004 | GEICO #71957785 | | $0.00 | $145.00 | | | $0.00 | $.00 |
| | | *** For bill no. :  2 *** | | $0.00 | | | | $0.00 | $.00 |
| | | Diagnoses : 8460 -8470 - | | $0.00 | | | | $0.00 | $.00 |
| 4 | 06/13/2005 | 99214,EST PT LEVEL 4 VISIT | $145.00 | $0.00 | | | | $0.00 | $145.00 |
| 5 | 08/29/2005 | GEICO#4590212 | | $0.00 | $114.00 | | | $0.00 | $31.00 |
| 6 | 08/29/2005 | INS.:Pat.Resp.for this bill | | $31.00 | | | | $31.00 | $31.00 |

## SERVICE STATEMENT

Stoney Batter Family Medicine
5301 Limestone Rd. #222
Wilmington, DE 19808

**09/06/2005**
302-234-2080

Fed. Tax ID No.:          51 0339390

* Make checks payable to Stoney Batter Family Medicine *
** Please return this page with your payment **
*** Details of the bill are on the following pages ***

```
To : SHARON ANDERSON :(ANSH-M)
     216 NORTH CONNELL STREET
     WILMINGTON DE 19805
```

Balance shown is patient's responsibility.
Please remit payment upon receipt of bill : $    31.00

                                                        ==========

                    THANK YOU

# EXHIBIT K

rovider:510251928-06
        PRO PHYSICAL THERAPY
        100 VALLEY CENTER DR
        WILMINGTON, DE 19808

    Payee:510251928-01
        PRO PHYSICAL THERAPY
        1812 MARSH RD, STE 505
        WILMINGTON, DE 19810

          Bill ID:2005083115095122HCW 00
           Claim:014124013-027
            SSN:221520746
      Claimant:SHARON ANDERSON
       Injured:08-03-2004

      Insured:DE
           DELAWARE

djustor-ID:

CD9:723.1  CERVICALGIA
CD9:728.85 SPASM OF MUSCLE
CD9:847.0  NECK SPRAIN

| Date | Service | | Mods | Charge | Reduction | Allowance | Reasons |
|------|---------|--|------|--------|-----------|-----------|---------|
| 17-21-05 | 97530 | ACTIVITIES | 59 | 50.00 | .00 | 50.00 | |
| 17-21-05 | 97110 | EXERCISES | | 50.00 | .00 | 50.00 | |
| 17-21-05 | 97110 | EXERCISES | | 50.00 | .00 | 50.00 | |
| 17-21-05 | 97014 | STIMULATION | | 35.00 | 35.00 | .00 | 51 |
| 17-21-05 | 97010 | HOT COLD PACKS | | 30.00 | 30.00 | .00 | 51 |
| 17-25-05 | 97530 | ACTIVITIES | 59 | 50.00 | .00 | 50.00 | |
| 17-25-05 | 97110 | EXERCISES | | 50.00 | .00 | 50.00 | |
| 17-25-05 | 97110 | EXERCISES | | 50.00 | .00 | 50.00 | |
| 17-25-05 | 97014 | STIMULATION | | 35.00 | 35.00 | .00 | 51 |
| 17-25-05 | 97010 | HOT COLD PACKS | | 30.00 | 30.00 | .00 | 51 |
| 17-26-05 | 97530 | ACTIVITIES | 59 | 50.00 | .00 | 50.00 | |
| 17-26-05 | 97110 | EXERCISES | | 50.00 | .00 | 50.00 | |
| 17-26-05 | 97110 | EXERCISES | | 50.00 | .00 | 50.00 | |
| 17-26-05 | 97012 | TRACTION | | 35.00 | .00 | 35.00 | |
| 17-26-05 | 97014 | STIMULATION | | 35.00 | 35.00 | .00 | 51 |
| 17-26-05 | 97010 | HOT COLD PACKS | | 30.00 | 30.00 | .00 | 51 |
| 17-29-05 | 97014 | STIMULATION | | 35.00 | 35.00 | .00 | 51 |
| 17-29-05 | 97010 | HOT COLD PACKS | | 30.00 | 30.00 | .00 | 51 |
| 18-02-05 | 97530 | ACTIVITIES | 59 | 50.00 | .00 | 50.00 | |
| 18-02-05 | 97110 | EXERCISES | | 50.00 | .00 | 50.00 | |
| 18-02-05 | 97110 | EXERCISES | | 50.00 | .00 | 50.00 | |
| 18-02-05 | 97012 | TRACTION | | 35.00 | .00 | 35.00 | |
| 18-02-05 | 97014 | STIMULATION | | 35.00 | 35.00 | .00 | 51 |
| 18-02-05 | 97010 | HOT COLD PACKS | | 30.00 | 30.00 | .00 | 51 |
| 18-04-05 | 97530 | ACTIVITIES | 59 | 50.00 | .00 | 50.00 | |
| 18-04-05 | 97110 | EXERCISES | | 50.00 | .00 | 50.00 | |
| 18-04-05 | 97110 | EXERCISES | | 50.00 | .00 | 50.00 | |
| 18-04-05 | 97012 | TRACTION | | 35.00 | .00 | 35.00 | |
| 18-04-05 | 97014 | STIMULATION | | 35.00 | 35.00 | .00 | 51 |
| 18-04-05 | 97010 | HOT COLD PACKS | | 30.00 | 30.00 | .00 | 51 |
| 18-09-05 | 97530 | ACTIVITIES | 59 | 50.00 | .00 | 50.00 | |
| 18-09-05 | 97110 | EXERCISES | | 50.00 | .00 | 50.00 | |
| 18-09-05 | 97110 | EXERCISES | | 50.00 | .00 | 50.00 | |
| 18-09-05 | 97014 | STIMULATION | | 35.00 | 35.00 | .00 | 51 |

Continued on next page

EXPLANATION OF BENEFITS SUBMITTED TO G.E.I.C.O. INSURANCE

Provider:510251928-06                           Bill ID:2005083115095122HCW 00
          PRO PHYSICAL THERAPY                      Claim:014124013-027
          100 VALLEY CENTER DR                        SSN:221520746
          WILMINGTON, DE 19808                    Claimant:SHARON ANDERSON
                                                   Injured:08-03-2004

     Payee:510251928-01                          Insured:DE
           PRO PHYSICAL THERAPY                           DELAWARE
           1812 MARSH RD, STE 505
           WILMINGTON, DE 19810


Adjustor-ID:

ICD9:723.1  CERVICALGIA
ICD9:728.85 SPASM OF MUSCLE
ICD9:847.0  NECK SPRAIN

---

| Date | Service | Mods | Charge | Reduction | Allowance | Reasons |
|------|---------|------|--------|-----------|-----------|---------|
| 08-09-05 | 97010  HOT COLD PACKS | | 30.00 | 30.00 | .00 | 51 |
| | Totals | | 1460.00 | 455.00 | 1005.00 | |

** Reduction Explanations:

RC 51 The provider performed a physical medicine modality
      that would provide no therapeutic benefit during
      the chronic period of the diagnosed conditions.

THE ABOVE EXPLANATION OF BENEFIT REFLECTS OUR INITIAL RE-
VIEW OF THE PROVIDER'S CHARGES AS SUBMITTED.  IF FURTHER
RE-EVALUATION IS REQUESTED, THE PROVIDER SHOULD SEND US
ADDITIONAL INFORMATION TO RE-EVALUATE OUR DETERMINATION
USING THE FOLLOWING CRITERIA:

RC 51 RE-EVALUATION CRITERIA:  SUBMIT MEDICAL RECORDS SO
THAT WE MAY DETERMINE THE LENGTH OF ACUTE CARE BASED ON THE
PATIENT'S AGE, DIAGNOSIS AND MEDICAL INTERVENTION.  THE
MEDICAL RECORDS MUST INCLUDE POSITIVE, SPECIFIC, OBJECTIVE
FINDINGS TO INDICATE THE APPROPRIATE USE OF THE PHYSICAL
MEDICINE MODALITY, AS WELL AS A PROGRESSION TO AN ACTIVE
THERAPEUTIC EXERCISE PROGRAM WITH A DECREASE IN PASSIVE
MODALITIES.  IF WE ARE UNABLE TO VALIDATE ONGOING ACUTE CARE
TREATMENT, WE MAY SEEK INDEPENDENT MEDICAL REVIEW.

CORRESPONDENCE SHOULD BE SENT TO:

          GEICO DIRECT
          ONE GEICO BLVD, FREDERICKSBURG, VA 22412
          PHONE 1-800-841-1003    EXT_____  ADJ CODE_____

PAYMENT SENT TO:  _____PATIENT   _____ATTORNEY   _____PROVIDER

# EXHIBIT L

Page: 1

**Client:**

FREDERICKSBURG-DELAWARE - 05
GEICO - FREDERICKSBURG
ONE GEICO BOULEVARD
FREDERICKSBURG, VA 22412
PHONE: 800-841-1003

**Case:** GE2-05DE-0001010

**Provider:**

PRO PHYSICAL THERAPY
1812 MARSH ROAD SUITE 505
WILMINGTON, DE 19810

**Claim:**

ANDERSON, SHARON
216 N CONNELL ST
WILMINGTON, DE 198053635

| | | | |
|---|---|---|---|
| **Tax ID:** | 510251928 | **Type:** PT   **Specialty (1):** UNKNOWN | **Claim Number:** 014124013010102701 |
| **License:** | | **Specialty (2):** | **Carrier Received Date:** 10-11-2005 |
| **External ID:** | 510251928XXXXXX1 | | **Social Security Number:** XXX-XX-XXXX |
| **Account Number:** | RA05DE879070 | **Invoice Date:** | **Date of Loss:** 08-03-2004 |
| **Medicare Number:** | | | **Policyholder:** |
| **Region:** | | | **Policy Number:** |

| Case Details | | | | |
|---|---|---|---|---|
| **Risk:** DE | | **Dates of Service:** 09-27-2005 to 09-29-2005 | | **Reviewer:** @@/ |
| **File:** 0000000/0000000 | | **Post Date:** 11-03-2005 | | **Client Type of Bill:** |
| **Adjuster:** D. CURRY | | **PPO Network:** | | **DRG:** |
| **AdjCd:** 05F883 | | **PPO Claim:** | | **Pay Authorization:** |
| **Phone:** 800-841-1003 ext. 7853 | | | | |

Dx 1: 728.85  SPASM OF MUSCLE      Dx 2: 723.1  CERVICALGIA      Dx 3: 847.0  SPRAIN OF NECK
Dx 4:                                Dx 5:

| Line | Date | POS | TOS | Rev./Proc. Code | Modifiers Charges | Dx. | Units Review | Description PPO      UR    Co-Pay | Explanation Deduct. | Code(s) Allow. |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 09-27-2005 | 11 | 1 | 97014 | 35.00 | 1 | 1 35.00 | ELECTRIC STIMULATION | | 767 |
| 2 | 09-27-2005 | 11 | 1 | 97530 | 50.00 | 1 | 1 | (59) THERAPEUTIC ACTIVITY | | 50.00 |
| 3 | 09-27-2005 | 11 | 1 | 97010 | 30.00 | 1 | 1 30.00 | HOT OR COLD PACK | | 767 |
| 4 | 09-27-2005 | 11 | 1 | 97110 | 100.00 | 1 | 2 | THERAPEUTIC EXERCISE | | 100.00 |
| 5 | 09-29-2005 | 11 | 1 | 97110 | 100.00 | 1 | 2 | THERAPEUTIC EXERCISE | | 100.00 |
| 6 | 09-29-2005 | 11 | 1 | 97010 | 30.00 | 1 | 1 30.00 | HOT OR COLD PACK | | 767 |
| 7 | 09-29-2005 | 11 | 1 | 97014 | 35.00 | 1 | 1 35.00 | ELECTRIC STIMULATION | | 767 |
| 8 | 09-29-2005 | 11 | 1 | 97530 | 50.00 | 1 | 1 | THERAPEUTIC ACTIVITY | | 50.00 |

| Totals | Total Charges: | 430.00 | | |
|---|---|---|---|---|
| | Bill Review Reductions: | | 130.00 | |
| | Recommended Allowance: | | | 300.00 |

CORRESPONDENCE SHOULD BE SENT TO THE ABOVE ADDRESS AND ATTENTION OF:
ADJUSTER CODE_____EXTENSION_____

GEICO - FREDERICKSBURG, ONE GEICO BOULEVARD, FREDERICKSBURG, VA 22412, PHONE:  800-841-1003
DCN: 2307848

**Explanation of Review**

Page: 2

**Client:**

FREDERICKSBURG-DELAWARE - 05

ONE GEICO BOULEVARD
FREDERICKSBURG, VA 22412
PHONE: 800-841-1003

Case:  GE2-05DE-0001010

| Provider: | Claim: |
|---|---|
| PRO PHYSICAL THERAPY<br>1812 MARSH ROAD SUITE 505<br>WILMINGTON, DE 19810 | ANDERSON, SHARON<br>216 N CONNELL ST<br>WILMINGTON, DE 198053635 |

**Tax ID:**            510251928        **Type:** PT    **Specialty (1):**    UNKNOWN
**License:**                                          **Specialty (2):**
**External ID:**        510251928XXXXXX1
**Account Number:**    RA05DE879070        **Invoice Date:**
**Medicare Number:**
**Region:**

**Claim Number:**        014124013010102701
**Carrier Received Date:**  10-11-2005
**Social Security Number:**  XXX-XX-XXXX
**Date of Loss:**        08-03-2004
**Policyholder:**
**Policy Number:**

| Case Details | Risk: | DE | | Dates of Service: | 09-27-2005 to 09-29-2005 | Reviewer: | @@/ |
|---|---|---|---|---|---|---|---|
| | File: | 0000000/0000000 | | Post Date: | 11-03-2005 | Client Type of Bill: | |
| | Adjuster: | D. CURRY | | PPO Network: | | DRG: | |
| | AdjCd: | 05F883 | | PPO Claim: | | Pay Authorization: | |
| | Phone: | 800-841-1003 ext. 7853 | | | | | |

Dx 1: 728.85   SPASM OF MUSCLE        Dx 2:   723.1      CERVICALGIA            Dx 3:  847.0   SPRAIN OF NECK
Dx 4:                                 Dx 5:

| Line | Date | POS | TOS | Rev./Proc. Code | Modifiers Charges | Dx. | Units Review | Description PPO | UR | Co-Pay | Explanation Deduct. | Code(s) Allow. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Messages:**

*767
    PHYSICAL MEDICINE MODALITIES THE PROVIDE NO THERAPEUTIC BENEFIT DURING THE CHRONIC PERIOD OF THE DIAGNOSED CONDITION ARE NOT
    REIMBURSABLE.
THIS EXPLANATION OF REVIEW REFLECTS OUR INITIAL REVIEW OF THE PROVIDER'S
CHARGES SUBMITTED.  IF FURTHER RE-EVALUATION IS REQUESTED, THE PROVIDER SHOULD
SEND US ADDITIONAL INFORMATION TO RE-EVALUATE OUR DETERMINATION USING THE
IDENTIFIED CRITERIA.  SEE RE-EVALUATION CRITERIA ENCLOSED.
PAYMENT SENT TO: _____PATIENT_____ATTORNEY_____PROVIDER

**Notes:**

CORRESPONDENCE SHOULD BE SENT TO THE ABOVE ADDRESS AND ATTENTION OF:
        ADJUSTER CODE_____EXTENSION_____

GEICO - FREDERICKSBURG, ONE GEICO BOULEVARD, FREDERICKSBURG, VA 22412, PHONE:  800-841-1003
                                                        DCN: 2307848

| MESSAGE MODIFIER | RE-EVALUATION CRITERIA |
|---|---|
| 204 | Submit documentation to support the need for the disallowed procedure in light of the fact that it was performed on the same date as another procedure for which reimbursement was allowed. |
| 435 | Submit documentation that clearly defines the reason or logic for reimbursement of the lesser-valued surgical procedure performed on the same date as the higher-valued surgical procedure. |
| 252 | Identify the service you provided or the materials you supplied. You may present an invoice from your durable medical equipment supplier, and you will be reimbursed 150% of the wholesale cost. |
| 220 | Submit medical records confirming that, with respect to the visit for which you billed on the same day as the surgical procedure, you provided a service that was unrelated to the surgical procedure. |
| 224 | Submit medical records confirming that the services you provided on the same day were not duplicative services. You must use the appropriate identifying modifier when you make multiple charges for the same CPT code on the same day. |
| 253 | Submit the invoice that shows the supplier's wholesale cost. We will reimburse 150% of the supplier's wholesale cost. |
| 760 | Submit documentation to demonstrate that these are not charges for educational supplies. Educational supplies are not viewed as a component of treatment and therefore, are not reimbursable. |
| 761 | Submit documentation showing the circumstances of the missed appointment. We will reimburse charges for a missed appointment only if you demonstrate extreme extenuating circumstances. |
| 762 | Submit documentation to demonstrate that these are not charges for vitamins or supplements. Vitamins and supplements are not viewed as a component of treatment with this diagnosis and, therefore, are not reimbursable. |
| 206 | Submit document that supports and clearly defines the need for this procedure. |
| 257 | Submit documentation that demonstrates that the claims examiner requested the special report as a supplement to the daily treatment notes or the evaluation and management notes. |
| 229 | Submit documentation that clearly links the procedure to trauma sustained as a direct result of the automobile accident. |
| 763 | Submit documentation to substantiate the need for a Surface EMG. If we are unable to establish medical necessity, we may seek independent medical review. |
| 764 | Submit documentation to support the need for a second provider to read the X-rays in that the charge was reimbursed previously to another provider. |
| 765 | Submit medical records so that we may determine if the appropriate CPT code was used to describe the services provided. If the appropriate CPT code was used, we will compare the payment made to you with amounts charged by providers of the same type in the surrounding geographic area to determine if an adjustment is appropriate. |
| 766 | Submit medical records so that we may compare the information in the medical records with the CPT code manual requirements regarding the level of service provided by you to the patient. In making this determination, we will consider the complexity of the stated diagnosis and treatment plan to ensure that the payment allowance reflects the level of service provided by you to the patient. |
| 767 | Submit medical records so that we may determine the length of acute care based on the patient's age, diagnosis and medical intervention. The medical records must include positive, specific, objective findings to indicate the appropriate use of the physical modality as well as a progression to an active therapeutic exercise program with a decrease in passive modalities. If we are unable to validate ongoing acute care, we may seek independent medical review. |
| 215 | Submit medical records so that we may substantiate the physical medicine procedures and modalities performed. In reviewing the medical records, we will look at the functional goals of treatment. The functional goals must be clearly defined, easily recognized and based on a thorough evaluation of the patient. Evidence of improvement and the patient's response to treatment should confirm that the functional goals are being met. You must identify any underlying risk factors and their therapy. If we are unable to establish medical necessity, we may seek independent medical review. |
| 768 | Submit the invoice you received for the drug or supply. We will reimburse 150% of the wholesale price of the drug or supply. |

**CO DIRECT**

GOVERNMENT EMPLOYEES INSURANCE
COMPANY

Office - ONE GEICO PLAZA ■ Washington, DC 20076

FLEET NATIO. – BANK
HARTFORD, CONNECTICUT

075545666

N75545666

| | | |
|---|---|---|
| DATE ISSUED | 12/13/05 | |
| ACCIDENT DATE | 08/03/04 | |
| CO CODE | 01 | |

POLICY/CLAIM NUMBER 014124013010 1027   ADJ F883

CLAIMANT   SHARON ANDERSON

IS NUMBER/ATTY ADJ   ID
—0251928   LP NBM   150.00
FEATURE/AMOUNT

EXPENSE   FCC
.05

ONE—HUNDRED—FIFTY—————————————AND————0/100 DOLLARS   $150.00

TO
E
ER
:

HORATIO JONES
PRO PHYSICAL THERAPY

DALTON & ASSOCIATES PA
1106 WEST TENTH STREET
WILMINGTON, DE 19806

. TO:

IN
PAY-
MENT
OF

PERSONAL INJURY PROTECTION
10/04/2005  –  10/04/2005
ACCT# RA05DE879070
EOB
SHARON ANDERSON

INSURED

AUTHORIZED SIGNATURE

⑈75545666⑈  ⑆011900445⑆   C 19191⑈

Explanation of Review

**Client:**

FREDERICKSBURG-DELAWARE - 05
GEICO - FREDERICKSBURG
ONE GEICO BOULEVARD
FREDERICKSBURG, VA 22412
PHONE: 800-841-1003

**Case:** GE2-05DE-0001011

**Provider:**

PRO PHYSICAL THERAPY
1812 MARSH ROAD SUITE 505
WILMINGTON, DE 19810

**Claim:**

ANDERSON, SHARON
216 N CONNELL ST
WILMINGTON, DE 198053635

| | | | |
|---|---|---|---|
| **Tax ID:** | 510251928 | **Type:** PT | **Specialty (1):** UNKNOWN |
| **License:** | | | **Specialty (2):** |
| **External ID:** | 510251928XXXXXX1 | | |
| **Account Number:** | RAU5DE879070 | **Invoice Date:** | |
| **Medicare Number:** | | | |
| **Region:** | | | |

**Claim Number:** 014124013010102701
**Carrier Received Date:** 10-20-2005
**Social Security Number:** XXX-XX-XXXX
**Date of Loss:** 08-03-2004
**Policyholder:**
**Policy Number:**

**Case Details**

**Risk:** DE
**File:** 0000000/0000000
**Adjuster:** D. CURRY
**AdjCd:** 05F883
**Phone:** 800-841-1003 ext. 7853

**Dates of Service:** 10-04-2005
**Post Date:** 11-03-2005
**PPO Network:**
**PPO Claim:**

**Reviewer:** @@/
**Client Type of Bill:**
**DRG:**
**Pay Authorization:**

**Dx 1:** 728.85 SPASM OF MUSCLE   **Dx 2:** 723.1 CERVICALGIA   **Dx 3:** 847.0 SPRAIN OF NECK
**Dx 4:**   **Dx 5:**

| Line | Date | POS | TOS | Rev./Proc. Code | Modifiers Charges | Dx. | Units Review | Description PPO | UR | Co-Pay | Explanation Deduct. | Code(s) Allow. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 10-04-2005 | 11 | 1 | 97110 | 100.00 | 1 | 2 | THERAPEUTIC EXERCISE | | | | 100.00 |
| 2 | 10-04-2005 | 11 | 1 | 97530 | 50.00 | 1 | 1 | (59) THERAPEUTIC ACTIVITY | | | | 50.00 |
| 3 | 10-04-2005 | 11 | 1 | 97010 | 30.00 | 1 | 1 | HOT OR COLD PACK | 30.00 | | | 767 |
| 4 | 10-04-2005 | 11 | 1 | 97014 | 35.00 | 1 | 1 | ELECTRIC STIMULATION | 35.00 | | | 767 |

| Totals | Total Charges: | 215.00 | |
|---|---|---|---|
| | Bill Review Reductions: | 65.00 | |
| | Recommended Allowance: | | 150.00 |

**Messages:**

*767 PHYSICAL MEDICINE MODALITIES THE PROVIDE NO THERAPEUTIC BENEFIT DURING THE CHRONIC PERIOD OF THE DIAGNOSED CONDITION ARE NOT REIMBURSABLE.
THIS EXPLANATION OF REVIEW REFLECTS OUR INITIAL REVIEW OF THE PROVIDER'S CHARGES SUBMITTED. IF FURTHER RE-EVALUATION IS REQUESTED, THE PROVIDER SHOULD SEND US ADDITIONAL INFORMATION TO RE-EVALUATE OUR DETERMINATION USING THE IDENTIFIED CRITERIA. SEE RE-EVALUATION CRITERIA ENCLOSED.
PAYMENT SENT TO: _____PATIENT_____ATTORNEY_____PROVIDER

**Notes:**

CORRESPONDENCE SHOULD BE SENT TO THE ABOVE ADDRESS AND ATTENTION OF:
ADJUSTER CODE_____EXTENSION_____

GEICO - FREDERICKSBURG, ONE GEICO BOULEVARD, FREDERICKSBURG, VA 22412, PHONE: 800-841-1003
DCN: 2307849

| MESSAGE MODIFIER | RE-EVALUATION CRITERIA |
|---|---|
| 204 | Submit documentation to support the need for the disallowed procedure in light of the fact that it was performed on the same date as another procedure for which reimbursement was allowed. |
| 435 | Submit documentation that clearly defines the reason or logic for reimbursement of the lesser-valued surgical procedure performed on the same date as the higher-valued surgical procedure. |
| 252 | Identify the service you provided or the materials you supplied. You may present an invoice from your durable medical equipment supplier, and you will be reimbursed 150% of the wholesale cost. |
| 220 | Submit medical records confirming that, with respect to the visit for which you billed on the same day as the surgical procedure, you provided a service that was unrelated to the surgical procedure. |
| 224 | Submit medical records confirming that the services you provided on the same day were not duplicative services. You must use the appropriate identifying modifier when you make multiple charges for the same CPT code on the same day. |
| 253 | Submit the invoice that shows the supplier's wholesale cost. We will reimburse 150% of the supplier's wholesale cost. |
| 760 | Submit documentation to demonstrate that these are not charges for educational supplies. Educational supplies are not viewed as a component of treatment and therefore, are not reimbursable. |
| 761 | Submit documentation showing the circumstances of the missed appointment. We will reimburse charges for a missed appointment only if you demonstrate extreme extenuating circumstances. |
| 762 | Submit documentation to demonstrate that these are not charges for vitamins or supplements. Vitamins and supplements are not viewed as a component of treatment with this diagnosis and, therefore, are not reimbursable. |
| 206 | Submit document that supports and clearly defines the need for this procedure. |
| 257 | Submit documentation that demonstrates that the claims examiner requested the special report as a supplement to the daily treatment notes or the evaluation and management notes. |
| 229 | Submit documentation that clearly links the procedure to trauma sustained as a direct result of the automobile accident. |
| 763 | Submit documentation to substantiate the need for a Surface EMG. If we are unable to establish medical necessity, we may seek independent medical review. |
| 764 | Submit documentation to support the need for a second provider to read the X-rays in that the charge was reimbursed previously to another provider. |
| 765 | Submit medical records so that we may determine if the appropriate CPT code was used to describe the services provided. If the appropriate CPT code was used, we will compare the payment made to you with amounts charged by providers of the same type in the surrounding geographic area to determine if an adjustment is appropriate. |
| 766 | Submit medical records so that we may compare the information in the medical records with the CPT code manual requirements regarding the level of service provided by you to the patient. In making this determination, we will consider the complexity of the stated diagnosis and treatment plan to ensure that the payment allowance reflects the level of service provided by you to the patient. |
| 767 | Submit medical records so that we may determine the length of acute care based on the patient's age, diagnosis and medical intervention. The medical records must include positive, specific, objective findings to indicate the appropriate use of the physical modality as well as a progression to an active therapeutic exercise program with a decrease in passive modalities. If we are unable to validate ongoing acute care, we may seek independent medical review. |
| 215 | Submit medical records so that we may substantiate the physical medicine procedures and modalities performed. In reviewing the medical records, we will look at the functional goals of treatment. The functional goals must be clearly defined, easily recognized and based on a thorough evaluation of the patient. Evidence of improvement and the patient's response to treatment should confirm that the functional goals are being met. You must identify any underlying risk factors and their therapy. If we are unable to establish medical necessity, we may seek independent medical review. |
| 768 | Submit the invoice you received for the drug or supply. We will reimburse 150% of the wholesale price of the drug or supply. |

**ICO DIRECT**

GOVERNMENT EMPLOYEES INSURANCE COMPANY

e Office - ONE GEICO PLAZA ■ Washington, DC 20076

IRS NUMBER/ATTY ADJ

1-0251928    LP NBM    450.00

FLEET NATIONAL BANK
HARTFORD, CONNECTICUT

075545670

51-44
119

CHECK NUMBER

N7554567(

DATE ISSUED
12/13/05

ACCIDENT DATE
08/03/04

CO. CODE
01

POLICY/CLAIM NUMBER
0141240130101027

CLAIMANT
SHARON ANDERSON

FEATURE/AMOUNT

ADJ
F883

EXPENSE    FO

..05

FOUR-HUNDRED-FIFTY———————————————————————AND———OO/100 DOLLARS    $450.C

y TO    HORATIO JONES
HE    PRO PHYSICAL THERAPY
DER
OF

        DALTON & ASSOCIATES PA
        1106 WEST TENTH STREET
        WILMINGTON, DE 19806

IL TO:

IN
PAY-
MENT
OF

PERSONAL INJURY PROTECTION
10/06/2005  ——  10/12/2005
ACCT# RA05DE879070
EOB
SHARON ANDERSON
INSURED

AUTHORIZED SIGNATURE

C

⑆755456700⑆    ⑈011900445⑈    19191⑈

Explanation of Review

Page: 1

| | |
|---|---|
| | **Client:** |
| | FREDERICKSBURG-DELAWARE - 05 |
| | GEICO - FREDERICKSBURG |
| | ONE GEICO BOULEVARD |
| | FREDERICKSBURG, VA 22412 |
| | PHONE: 800-841-1003 |
| | **Case:** GE2-05DE-0001623 |

**Provider:**

PRO PHYSICAL THERAPY
1812 MARSH ROAD STE 505
WILMINGTON, DE 19810

**Claim:**

ANDERSON, SHARON
216 N CONNELL ST
WILMINGTON, DE 198053635

Tax ID: 510251928  Type: PT  Specialty (1): UNKNOWN
License:                          Specialty (2):
External ID: 510251928XXXXXX1
Account Number: RA05DE879070  **Invoice Date:**
Medicare Number:
Region:

Claim Number: 014124013010102701
Carrier Received Date: 11-04-2005
Social Security Number: XXX-XX-XXXX
Date of Loss: 08-03-2004
Policyholder:
Policy Number:

**Case Details**  Risk: DE
File: 0000000/0000000
Adjuster: D. CURRY
AdjC'd: 05F883
Phone: 800-841-1003 ext. 7853

Dates of Service: 10-06-2005 to 10-12-2005
Post Date: 12-09-2005
PPO Network:
PPO Claim:

Reviewer: @@/
Client Type of Bill:
DRG:
Pay Authorization:

Dx 1: 728.85  SPASM OF MUSCLE  Dx 2: 723.1  CERVICALGIA  Dx 3: 847.0  SPRAIN OF NECK
Dx 4:  Dx 5:

| Line | Date | POS | TOS | Rev./Proc. Code | Modifiers Charges | Dx. | Units Review | Description PPO | UR | Co-Pay | Explanation Deduct. | Code(s) Allow. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 10-06-2005 | 11 | 1 | 97010 | 30.00 | 1 | 1 30.00 | HOT OR COLD PACK | | | | 767 |
| 2 | 10-06-2005 | 11 | 1 | 97014 | 35.00 | 1 | 1 35.00 | ELECTRIC STIMULATION | | | | 767 |
| 3 | 10-06-2005 | 11 | 1 | 97530 | 50.00 | 1 | 1 | (59)THERAPEUTIC ACTIVITY | | | | 50.00 |
| 4 | 10-06-2005 | 11 | 1 | 97110 | 100.00 | 1 | 2 | THERAPEUTIC EXERCISE | | | | 100.00 |
| 5 | 10-10-2005 | 11 | 1 | 97530 | 50.00 | 1 | 1 | (59)THERAPEUTIC ACTIVITY | | | | 50.00 |
| 6 | 10-10-2005 | 11 | 1 | 97014 | 35.00 | 1 | 1 35.00 | ELECTRIC STIMULATION | | | | 767 |
| 7 | 10-10-2005 | 11 | 1 | 97110 | 100.00 | 1 | 2 | THERAPEUTIC EXERCISE | | | | 100.00 |
| 8 | 10-10-2005 | 11 | 1 | 97010 | 30.00 | 1 | 1 30.00 | HOT OR COLD PACK | | | | 767 |
| 9 | 10-12-2005 | 11 | 1 | 97010 | 30.00 | 1 | 1 30.00 | HOT OR COLD PACK | | | | 767 |
| 10 | 10-12-2005 | 11 | 1 | 97014 | 35.00 | 1 | 1 35.00 | ELECTRIC STIMULATION | | | | 767 |
| 11 | 10-12-2005 | 11 | 1 | 97110 | 100.00 | 1 | 2 | THERAPEUTIC EXERCISE | | | | 100.00 |
| 12 | 10-12-2005 | 11 | 1 | 97530 | 50.00 | 1 | 1 | (59)THERAPEUTIC ACTIVITY | | | | 50.00 |

| Totals | Total Charges: | 645.00 | | | |
|---|---|---|---|---|---|
| | Bill Review Reductions: | | 195.00 | | |
| | Recommended Allowance: | | | | 450.00 |

CORRESPONDENCE SHOULD BE SENT TO THE ABOVE ADDRESS AND ATTENTION OF:
ADJUSTER CODE_____EXTENSION_____

GEICO - FREDERICKSBURG, ONE GEICO BOULEVARD, FREDERICKSBURG, VA 22412, PHONE: 800-841-1003
DCN: 2384721

Explanation of Review

Page: 2

**Client:**

FREDERICKSBURG-DELAWARE - 05

GEICO - FREDERICKSBURG
ONE GEICO BOULEVARD
FREDERICKSBURG, VA 22412
PHONE: 800-841-1003

Case:  GE2-05DE-0001623

**Provider:**

PRO PHYSICAL THERAPY
1812 MARSH ROAD STE 505
WILMINGTON, DE 19810

**Claim:**

ANDERSON, SHARON
216 N CONNELL ST
WILMINGTON, DE 198053635

| | | | | | |
|---|---|---|---|---|---|
| Tax ID: | 510251928 | Type: PT | Specialty (1): | UNKNOWN | |
| License: | | | Specialty (2): | | |
| External ID: | 510251928XXXXXX1 | | | | |
| Account Number: | RA05DE879070 | | Invoice Date: | | |
| Medicare #: | | | | | |
| Region: | | | | | |

Claim Number:         014124013010102701
Carrier Received Date:   11-04-2005
Social Security Number:  XXX-XX-XXXX
Date of Loss:           08-03-2004
Policyholder:
Policy Number:

| Case Details | Risk: | DE | | Dates of Service: | 10-06-2005 to 10-12-2005 | Reviewer: | @@/ |
|---|---|---|---|---|---|---|---|
| | File: | 0000000/0000000 | | Post Date: | 12-09-2005 | Client Type of Bill: | |
| | Adjuster: | D. CURRY | | PPO Network: | | DRG: | |
| | AdjCd: | 05F883 | | PPO Claim: | | Pay Authorization: | |
| | Phone: | 800-841-1003 ext. 7853 | | | | | |
| Dx 1: 728.85 | SPASM OF MUSCLE | | Dx 2: | 723.1  CERVICALGIA | | Dx 3: 847.0  SPRAIN OF NECK | |
| Dx 4: | | | Dx 5: | | | | |

| Line | Date | POS | TOS | Rev./Proc. Code | Modifiers Charges | Dx. | Units Review | Description PPO | UR | Co-Pay | Explanation Deduct. | Code(s) Allow. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Messages:**

*767  PHYSICAL MEDICINE MODALITIES THE PROVIDE NO THERAPEUTIC BENEFIT DURING THE CHRONIC PERIOD OF THE DIAGNOSED CONDITION ARE NOT
   REIMBURSABLE.
THIS EXPLANATION OF REVIEW REFLECTS OUR INITIAL REVIEW OF THE PROVIDER'S
CHARGES SUBMITTED.  IF FURTHER RE-EVALUATION IS REQUESTED, THE PROVIDER SHOULD
SEND US ADDITIONAL INFORMATION TO RE-EVALUATE OUR DETERMINATION USING THE
IDENTIFIED CRITERIA.  SEE RE-EVALUATION CRITERIA ENCLOSED.
PAYMENT SENT TO: _____PATIENT_____ATTORNEY_____PROVIDER

**Notes:**

CORRESPONDENCE SHOULD BE SENT TO THE ABOVE ADDRESS AND ATTENTION OF:
ADJUSTER CODE_____EXTENSION_____

GEICO - FREDERICKSBURG, ONE GEICO BOULEVARD, FREDERICKSBURG, VA 22412, PHONE:  800-841-1003
DCN: 2384721

| MESSAGE MODIFIER | RE-EVALUATION CRITERIA |
|---|---|
| 204 | Submit documentation to support the need for the disallowed procedure in light of the fact that it was performed on the same date as another procedure for which reimbursement was allowed. |
| 435 | Submit documentation that clearly defines the reason or logic for reimbursement of the lesser-valued surgical procedure performed on the same date as the higher-valued surgical procedure. |
| 252 | Identify the service you provided or the materials you supplied. You may present an invoice from your durable medical equipment supplier, and you will be reimbursed 150% of the wholesale cost. |
| 220 | Submit medical records confirming that, with respect to the visit for which you billed on the same day as the surgical procedure, you provided a service that was unrelated to the surgical procedure. |
| 224 | Submit medical records confirming that the services you provided on the same day were not duplicative services. You must use the appropriate identifying modifier when you make multiple charges for the same CPT code on the same day. |
| 253 | Submit the invoice that shows the supplier's wholesale cost. We will reimburse 150% of the supplier's wholesale cost. |
| 760 | Submit documentation to demonstrate that these are not charges for educational supplies. Educational supplies are not viewed as a component of treatment and therefore, are not reimbursable. |
| 761 | Submit documentation showing the circumstances of the missed appointment. We will reimburse charges for a missed appointment only if you demonstrate extreme extenuating circumstances. |
| 762 | Submit documentation to demonstrate that these are not charges for vitamins or supplements. Vitamins and supplements are not viewed as a component of treatment with this diagnosis and, therefore, are not reimbursable. |
| 206 | Submit document that supports and clearly defines the need for this procedure. |
| 257 | Submit documentation that demonstrates that the claims examiner requested the special report as a supplement to the daily treatment notes or the evaluation and management notes. |
| 229 | Submit documentation that clearly links the procedure to trauma sustained as a direct result of the automobile accident. |
| 763 | Submit documentation to substantiate the need for a Surface EMG. If we are unable to establish medical necessity, we may seek independent medical review. |
| 764 | Submit documentation to support the need for a second provider to read the X-rays in that the charge was reimbursed previously to another provider. |
| 765 | Submit medical records so that we may determine if the appropriate CPT code was used to describe the services provided. If the appropriate CPT code was used, we will compare the payment made to you with amounts charged by providers of the same type in the surrounding geographic area to determine if an adjustment is appropriate. |
| 766 | Submit medical records so that we may compare the information in the medical records with the CPT code manual requirements regarding the level of service provided by you to the patient. In making this determination, we will consider the complexity of the stated diagnosis and treatment plan to ensure that the payment allowance reflects the level of service provided by you to the patient. |
| 767 | Submit medical records so that we may determine the length of acute care based on the patient's age, diagnosis and medical intervention. The medical records must include positive, specific, objective findings to indicate the appropriate use of the physical modality as well as a progression to an active therapeutic exercise program with a decrease in passive modalities. If we are unable to validate ongoing acute care, we may seek independent medical review. |
| 215 | Submit medical records so that we may substantiate the physical medicine procedures and modalities performed. In reviewing the medical records, we will look at the functional goals of treatment. The functional goals must be clearly defined, easily recognized and based on a thorough evaluation of the patient. Evidence of improvement and the patient's response to treatment should confirm that the functional goals are being met. You must identify any underlying risk factors and their therapy. If we are unable to establish medical necessity, we may seek independent medical review. |
| 768 | Submit the invoice you received for the drug or supply. We will reimburse 150% of the wholesale price of the drug or supply. |

# EXHIBIT M

**PRO Physical Therapy** **Patient Visit History Report** 01/23/2006

PRO Physical Therapy
1812 Marsh Road
Suite 505
Wilmington DE 19810
(302) 793-0432 51-0251928
ACCOUNT #: RA05DE879070
Insurance : GEICO

Patient: SHARON ANDERSON
Policy Number:014124013-027

ADDRESS: SHARON ANDERSON
216 NORTH CONNELL STREET
WILMINGTON, DE, 19805

Diagnosis:

723.1 CERVICALGIA
728.85 SPASM OF MUSCLE
847.0 SPRAIN OF NECK

| Service Date | CPT Code | Service Description | Units | Charge Amount | Patient Payment | Patient W/O | Insurance Payment | Insurance W/O | Insurance Balance | Patient Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/19/2005 | 97110 | THERAPEUTIC EXERCISE | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 07/19/2005 | 97001 | PT - INITIAL EVALUATION | 1 | $150.00 | $ 0.00 | $0.00 | $ 150.00 | $ 0.00 | $0.00 | $ 0.00 |
| 07/19/2005 | 97112 59 | NEUROMUSCULAR RE-ED | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 07/21/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 | $ 0.00 |
| 07/21/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 07/21/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 07/21/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 | $ 0.00 |
| 07/25/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 | $ 0.00 |
| 07/25/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 07/25/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 07/25/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 | $ 0.00 |
| 07/26/2005 | 97012 | TRACTION CERVICAL/LUMBAR | 1 | $35.00 | $ 0.00 | $0.00 | $ 35.00 | $ 0.00 | $0.00 | $ 0.00 |
| 07/26/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 07/26/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |

# PRO Physical Therapy

## Patient Visit History Report

01/23/2006

PRO Physical Therapy
1812 Marsh Road
Suite 505
Wilmington DE 19810
(302) 793-0432
ACCOUNT #: RA05DEK870070    51-0251928
Insurance :  GEICO
Patient:  SHARON ANDERSON
Policy Number:014124013-027

ADDRESS:  SHARON ANDERSON
216 NORTH CONNELL STREET
WILMINGTON, DE. 19805

Diagnosis:

723.1    CERVICALGIA
728.85   SPASM OF MUSCLE
847.0    SPRAIN OF NECK

| Service Date | CPT Code | Service Description | Units | Charge Amount | Patient Payment | Patient W/O | Insurance Payment | Insurance W/O | Insurance Balance | Patient Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/26/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 | $ 0.00 |
| 07/26/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 | $ 0.00 |
| 07/29/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 | $ 0.00 |
| 07/29/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 | $ 0.00 |
| 07/29/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 | $ 0.00 |
| 08/02/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 | $ 0.00 |
| 08/02/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 | $ 0.00 |
| 08/02/2005 | 97012 | TRACTION CERVICAL/LUMBAR | 1 | $35.00 | $ 0.00 | $0.00 | $ 35.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/02/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/02/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/02/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/04/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 | $ 0.00 |
| 08/04/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 35.00 | $ 0.00 | $35.00 | $ 0.00 |
| 08/04/2005 | 97012 | TRACTION CERVICAL/LUMBAR | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/04/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/04/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |

2

# PRO Physical Therapy

**Patient Visit History Report**

**01/23/2006**

PRO Physical Therapy
1812 Marsh Road
Suite 505
Wilmington, DE 19810
(302) 793-0432
ACCOUNT #: RA05DE879070          51-0251928

Insurance : GEICO

Patient:      SHARON ANDERSON
Policy Number:014124013-027

**ADDRESS:**   SHARON ANDERSON
216 NORTH CONNELL STREET
WILMINGTON, DE, 19805

**Diagnosis:**

723.1         CERVICALGIA
728.85        SPASM OF MUSCLE
847.0         SPRAIN OF NECK

| Service Date | CPT Code | Service Description | Units | Charge Amount | Patient Payment | Patient W/O | Insurance Payment | Insurance W/O | Insurance Balance | Patient Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 08/09/2005 | 97530.59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/09/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/09/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 | $ 0.00 |
| 08/09/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 | $ 0.00 |
| 08/09/2005 | 97530.59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/11/2005 | 97530.59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/11/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/11/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 | $ 0.00 |
| 08/11/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 | $ 0.00 |
| 08/16/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 | $ 0.00 |
| 08/16/2005 | 97530.59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/16/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/16/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 | $ 0.00 |
| 08/16/2005 | 97012 | TRACTION CERVICAL/LUMBAR | 1 | $35.00 | $ 0.00 | $0.00 | $ 35.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/18/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 | $ 0.00 |

3

# PRO Physical Therapy

## Patient Visit History Report

01/23/2006

PRO Physical Therapy
1812 Marsh Road
Suite 505
Wilmington DE 19810
(302) 793-0432          51-0251928
ACCOUNT #: RA05DE879020
Insurance :  GEICO

Patient:    SHARON ANDERSON
Policy Number:041124013-027

**ADDRESS:**
SHARON ANDERSON
216 NORTH CONNELL STREET
WILMINGTON, DE, 19805

**Diagnosis:**
723.1    CERVICALGIA
728.85   SPASM OF MUSCLE
847.0    SPRAIN OF NECK

| Service Date | CPT Code | Service Description | Units | Charge Amount | Patient Payment | Patient W/O | Insurance Payment | Insurance W/O | Insurance Balance | Patient Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 08/18/2005 | 97124 | THERAPEUTIC MASSAGE | 1 | $32.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $32.00 | $ 0.00 |
| 08/18/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/18/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/18/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 | $ 0.00 |
| 08/23/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/23/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/23/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 30.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/23/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 35.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/25/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/25/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/25/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 30.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/25/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 35.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/25/2005 | 97124 | THERAPEUTIC MASSAGE | 1 | $32.00 | $ 0.00 | $0.00 | $ 32.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/30/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |

4

# PRO Physical Therapy

## Patient Visit History Report

01/23/2006

PRO Physical Therapy
1812 Marsh Road
Suite 505
Wilmington, DE 19810
(302) 793-0433
ACCOUNT #: RA05DEB79070          51-0251928

Insurance :  GEICO

Patient:     SHARON ANDERSON
Policy Number:014124013-027

**ADDRESS:**   SHARON ANDERSON
216 NORTH CONNELL STREET
WILMINGTON, DE, 19805

Diagnosis:
     723.1    CERVICALGIA
     728.85  SPASM OF MUSCLE
     847.0    SPRAIN OF NECK

| Service Date | CPT Code | Service Description | Units | Charge Amount | Patient Payment | Patient W/O | Insurance Payment | Insurance W/O | Insurance Balance | Patient Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 08/30/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/30/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 30.00 | $ 0.00 | $0.00 | $ 0.00 |
| 08/30/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 35.00 | $ 0.00 | $0.00 | $ 0.00 |
| 09/07/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 35.00 | $ 0.00 | $0.00 | $ 0.00 |
| 09/07/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 09/07/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 09/07/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 30.00 | $ 0.00 | $0.00 | $ 0.00 |
| 09/07/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 09/10/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 09/10/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 30.00 | $ 0.00 | $0.00 | $ 0.00 |
| 09/10/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 35.00 | $ 0.00 | $0.00 | $ 0.00 |
| 09/10/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 09/14/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 09/14/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 | $ 0.00 |

5

# PRO Physical Therapy

## Patient Visit History Report

01/23/2006

PRO Physical Therapy
1812 Marsh Road
Suite 505
Wilmington DE 19810
(302) 793-0432
ACCOUNT #: RA05DEB79070          51-0251928

Insurance : GEICO

Patient:      SHARON ANDERSON
Policy Number: 04412401-3-027

ADDRESS:     SHARON ANDERSON
             216 NORTH CONNELL STREET
             WILMINGTON, DE, 19805

Diagnosis:
             723.1     CERVICALGIA
             728.85    SPASM OF MUSCLE
             847.0     SPRAIN OF NECK

| Service Date | CPT Code | Service Description | Units | Charge Amount | Patient Payment | Patient W/O | Insurance Payment | Insurance W/O | Insurance Balance | Patient Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 09/27/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 09/27/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 30.00 | $ 0.00 | $30.00 | $ 0.00 |
| 09/27/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 | $ 0.00 |
| 09/27/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 09/29/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 | $ 0.00 |
| 09/29/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 09/29/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 09/29/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 | $ 0.00 |
| 10/04/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 | $ 0.00 |
| 10/04/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 | $ 0.00 |
| 10/04/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 10/04/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 10/06/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 10/06/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |

6

# PRO Physical Therapy

## Patient Visit History Report

**01/23/2006**

PRO Physical Therapy
1812 Marsh Road
Suite 505
Wilmington DE 19810
(302) 793-0412
ACCOUNT #:  RA05DEB79070          51-0251928
Insurance :  GEICO
Patient:     SHARON ANDERSON
Policy Number:014124013-027

ADDRESS:    SHARON ANDERSON
            216 NORTH CONNELL STREET
            WILMINGTON, DE, 19805

Diagnosis:
            723.1       CERVICALGIA
            728.85      SPASM OF MUSCLE
            847.0       SPRAIN OF NECK

| Service Date | CPT Code | Service Description | Units | Charge Amount | Patient Payment | Patient W/O | Insurance Payment | Insurance W/O | Insurance Balance | Patient Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/06/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 $ 0.00 | $ 0.00 |
| 10/06/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 $ 0.00 | $ 0.00 |
| 10/06/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 $ 0.00 | $ 0.00 |
| 10/06/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $0.00 $ 0.00 | $ 0.00 |
| 10/06/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 $ 0.00 | $ 0.00 |
| 10/06/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 $ 0.00 | $ 0.00 |
| 10/06/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 $ 0.00 | $ 0.00 |
| 10/12/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 $ 0.00 | $ 0.00 |
| 10/12/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 $ 0.00 | $ 0.00 |
| 10/12/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 $ 0.00 | $ 0.00 |
| 10/12/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 $ 0.00 | $ 0.00 |
| 10/17/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 $ 0.00 | $ 0.00 |
| 10/17/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 $ 0.00 | $ 0.00 |
| 10/17/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 $ 0.00 | $ 0.00 |
| 10/17/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 $ 0.00 | $ 0.00 |

7

# PRO Physical Therapy

## Patient Visit History Report

01/23/2006

PRO Physical Therapy
1812 Marsh Road
Suite 305
Wilmington DE 19810
(302) 793-0432
ACCOUNT #: RA05DE8790070
Insurance : GEICO

51-0251978

Patient:    SHARON ANDERSON
Policy Number:0141240013-027

ADDRESS:    SHARON ANDERSON
216 NORTH CONNELL STREET
WILMINGTON, DE, 19805

Diagnosis:

| | | 723.1 | CERVICALGIA |
| | | 728.85 | SPASM OF MUSCLE |
| | | 847.0 | SPRAIN OF NECK |

| Service Date | CPT Code | Service Description | Units | Charge Amount | Patient Payment | Patient W/O | Insurance Payment | Insurance W/O | Insurance Balance | Patient Balance |
|---|---|---|---|---|---|---|---|---|---|---|
| 10/19/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 10/19/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 10/19/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 | $ 0.00 |
| 10/19/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 | $ 0.00 |
| 10/19/2005 | 97110 | THERAPEUTIC EXERCISE | 2 | $100.00 | $ 0.00 | $0.00 | $ 100.00 | $ 0.00 | $0.00 | $ 0.00 |
| 10/24/2005 | 97010 | HOTPACK/COLDPACK | 1 | $30.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $30.00 | $ 0.00 |
| 10/24/2005 | 97014 | ELECTRICAL STIM | 1 | $35.00 | $ 0.00 | $0.00 | $ 0.00 | $ 0.00 | $35.00 | $ 0.00 |
| 10/24/2005 | 97530 59 | THERAPEUTIC FUNCTIONAL ACTIVITY | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| 10/27/2005 | 97002 59 | RE-EVALUATION -PT | 1 | $60.00 | $ 0.00 | $0.00 | $ 60.00 | $ 0.00 | $0.00 | $ 0.00 |
| 10/27/2005 | 97112 59 | NEUROMUSCULAR RE-ED | 1 | $50.00 | $ 0.00 | $0.00 | $ 50.00 | $ 0.00 | $0.00 | $ 0.00 |
| | | | 12.00 | $ 5,759.00 | $ 0.00 | $0.00 | $ 4,457.00 | $ 0.00 | $1,302.00 | $ 0.00 |

8

Exhibit B

[~~IN THE SUPERIOR COURT OF THE STATE OF DELAWARE~~
~~IN AND FOR NEW CASTLE COUNNTY~~]
## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF DELAWARE

KERRY JOHNSON and )
SHARON ANDERSON, )
on behalf of themselves and all )
others similarly situated, )
                 )
         Plaintiffs, )    C.A. No. <u>1:</u>06-cv408 (JJF)
                 )
v. )
                 )
<u>GOVERNMENT EMPLOYEES</u> )    NON-ARBITRATION
<u>INSURANCE COMPANY,</u> )
GEICO CASUALTY COMPANY, )    TRIAL-BY JURY DEMANDED
GEICO GENERAL INSURANCE )
COMPANY, [and] GEICO INDEMNITY )
COMPANY, <u>CRITERION INSURANCE</u> )    CLASS ACTION
<u>AGENCY, INC., and COLONIAL</u> )
<u>COUNTY MUTUAL INSURANCE,</u> )
                 )
         Defendants. )

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all

others similarly situated, allege as follows:

### Nature of Action

1. This is an action seeking recovery of compensatory, punitive and

treble damages, reasonable attorneys' fees, and declaratory and other relief arising from

defendants' breaches of insurance contracts; bad faith breaches of insurance contracts;

violations of 21 <u>Del</u>. <u>C</u>. §§ 2118 and 2118B, 6 <u>Del</u>. <u>C</u>. §§ 2513 and 2532, 18 <u>Del</u>. <u>C</u>. §

2301 *et seq.*, and 18 U.S.C. 1962; common law fraud; and otherwise wrongful refusal to

honor [its]<u>their</u> contractual obligations arising under certain policies of automobile

insurance issued by <u>GOVERNMENT EMPLOYEES INSURANCE COMPANY,</u> GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY, [and/or] GEICO INDEMNITY COMPANY, <u>CRITERION INSURANCE AGENCY, INC.</u> <u>(COLONIAL COUNTY MUTUAL INS.), doing business as "GEICO" or "GEICO</u> <u>Direct",</u> (collectively, "GEICO"), to members and representatives of the plaintiff class.

2. This is a class action brought on behalf of [those of] GEICO's Delaware policyholders who submitted covered claims for medical expenses or other benefits under Personal Injury Protection (or "PIP") coverage issued as part of GEICO's insurance contracts, or who were otherwise entitled to GEICO's performance under such coverage; but who, owing to GEICO's <u>arbitrary,</u> unreasonable, <u>unjustified,</u> unfair, fraudulent, deceptive and otherwise wrongful <u>and illegal</u> conduct (as shown by the <u>arbitrary,</u> regular, routine and consistent pattern and practice of claims), were denied the benefits and performances to which they were <u>lawfully</u> entitled.

## The Parties

3. Plaintiff Kerry Johnson is a natural person residing at 1007 Mistover Lane, Newark, Delaware –19713, and a named insured under GEICO <u>IMDEMNITY</u> <u>COMPANY</u> auto policy 4009-41-57-30. Mr. Johnson has tendered <u>reasonable and</u> <u>necessary</u> claims for PIP benefits under the subject policy to GEICO, including claims tendered on his behalf by health care providers.

4. Plaintiff Sharon Anderson is a natural person residing at 216 North Connell Street, Wilmington, Delaware 19805, and a named insured under [GEICO]<u>GOVERNMENT EMPLOYEES INSURANCE COMPANY</u> auto policy 0571-19-46-04. Ms. Anderson has tendered <u>reasonable and necessary</u> claims for PIP benefits

under the subject policy to GEICO, including claims tendered on her behalf by health care providers.

5. Defendant [GEICO] GOVERNMENT EMPLOYEES INSURANCE COMPANY is an insurance company – a Maryland corporation – whose principal place of business is located at One Geico Plaza, Washington, D.C.   20076-0001. GOVERNMENT EMPLOYEES INSURANCE COMPANY is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

6. Defendant GEICO CASUALTY COMPANY is an insurance company – a Maryland corporation – whose principal place of business is located at One Geico Plaza, Washington, D.C. 20076-0001.  GEICO CASUALTY COMPANY is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

7. Defendant GEICO GENERAL INSURANCE COMPANY is an insurance company – a Maryland corporation – whose principal place of business is located at One Geico Plaza, Washington, D.C. 20076-0001.  GEICO GENERAL INSURANCE COMPANY is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

8. Defendant GEICO INDEMNITY COMPANY is an insurance company – a Maryland corporation – whose principal place of business is located at One Geico Plaza, Washington, D.C. 20076-0001.  GEICO INDEMNITY COMPANY is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

3

5. 9. Defendant CRITERION INSURANCE AGENCY, INC. (COLONIAL COUNTY MUTUAL INS.) is an insurance company – a Texas corporation – whose principal place of business is located at One Geico Plaza, Washington, D.C. 20076-0001. CRITERION INSURANCE AGENCY, INC. (COLONIAL MUTUAL INS.) is engaged in the business of insurance, and regularly sells insurance within the State of Delaware.

### Factual Background Applicable
### to the proposed Plaintiffs' Class

6. 10.    GEICO is a prolific underwriter of automobile insurance, including first-party medical benefits for persons injured while driving or occupying motor vehicles. In Delaware, such no-fault coverage is known as "personal injury protection" or "PIP."

7. [For years, GEICO has derived substantial revenues and profits from the sale of such insurance products in Delaware.]

11. When an individual is injured in an automobile collision, a no-fault policy is intended to provide coverage for medical bills incurred, and wages lost as a result of the accident. Legislators have intended such policies – which are mandatory in Delaware – to provide immediate coverage following an accident, regardless of who is at fault.

12. GEICO is a prolific advertiser in the insurance services market. GEICO's advertising campaign, which includes the slogan, "Fifteen minutes could save you fifteen percent or more on car insurance" is ubiquitous on television, radio and the internet.

4

13. For years, GEICO has derived substantial revenues and profits from the sale of insurance products in Delaware. For years, GEICO has failed to pay covered PIP benefits for its insureds.

8.14. 21 Del. C. § 2118B imposes definite requirements on the handling of PIP claims. Subsection (c), for example, requires insurers to "promptly process" PIP claims, and to either pay or deny them within thirty days. It also requires that an insurer's denial of coverage be explained to the insured in writing.

9.15. 21 Del. C. § 2118B(d) provides in part that if an insurer fails to pay covered PIP benefits within thirty days, and does so "in bad faith," the claimant is entitled to recover (in addition to the principal amount due) "an award for the costs of the action and the prosecution of the action, including reasonable attorney's fees...."

10.16. When GEICO denies PIP benefits, in whole or in part, a PIP claimant may [appeal to]file suit with the Department of Insurance. In such cases, the Department of Insurance typically, if not always, directs GEICO to pay PIP benefits to the PIP claimant. Notwithstanding repeated rulings by the Department of Insurance, GEICO continues to improperly reduce payments owed on bills, and denies PIP benefits in direct contradiction of rulings by the Department of Insurance and Delaware law.

### GEICO's
### Fraudulent Practices

11.17. Under 21 Del. C. §§ 2118 and 2118B, and under GEICO's contractual obligations, GEICO must provide PIP benefits for reasonable and necessary medical expenses that arise from injuries sustained in automobile accidents. If these three elements -- reasonableness, medical necessity and causation -- are met, GEICO must pay the full amount of the expense incurred, subject to other statutory limitations.

5

12.18.  PIP coverage is required for all motor vehicles registered in Delaware. The specifications for this coverage are set forth in the statute, and include coverage for "reasonable and necessary" medical expenses.  GEICO cannot depart from this specification without violating Delaware law.

13. [For years, GEICO has engaged in the systematic delay or denial of full PIP benefits to Delaware claimants in violation of law, and without reasonable basis.]

14. [GEICO routinely fails to pay PIP claims in Delaware.]

15. [GEICO routinely fails to pay PIP claims in Delaware within the thirty-day statutory period under 21 Del. C. § 2118B.]

19. For years, GEICO sold policies to its insureds with the express promise that its policies would save its insureds money, and that its policies would cover reasonable and necessary claims submitted under PIP.  For years, individuals purchased policies from GEICO, believing that GEICO would honor its obligations under the policies and Delaware law.

20. For years, GEICO's insureds have submitted claims for reasonable and necessary medical bills and lost wages under PIP, in compliance with Delaware law.  In return, GEICO engaged in an arbitrary and systematic delay or denial of full PIP benefits to Delaware claimants in violation of law, without reasonable basis or justification.

21. GEICO routinely fails to pay reasonable and necessary PIP claims in Delaware.

22. GEICO routinely fails to pay reasonable and necessary PIP claims in Delaware within the thirty-day statutory period under 21 Del. C. § 2118B.

16.23. GEICO states that it has implemented a medical expense review. to analyze PIP claims. Under this "procedure," GEICO states that it limits its payment of PIP-related expenses to "the usual and customary charges for [the claimant's] area." In reality, GEICO conducts an arbitrary bill reduction, without justification. By doing so, GEICO violates Delaware law and breaches its contractual and legal obligations [both of which require payment of reasonable expenses, regardless of what a treatment's "usual" charge may be.].

17.24. Medical expenses are not unreasonably excessive simply because they exceed what is usually charged in the locality - - especially where the excess over the "usual" charge is nominal. In addition, a charge may exceed the "usual" charge and still be reasonable, if it reflects the greater than-usual expertise of the care provider, or the care provider's use of state-of-the-art (and hence, more costly) equipment.

18.25. GEICO's insureds are held liable for unpaid medical bills. On information and belief, Delaware doctors collect unpaid medical bills directly from GEICO's insureds. Delaware doctors refer unpaid medical bills to collection agencies — a fact that was explicitly recognized by the Delaware general assembly when it passed 21 Del. C. §2118 "to prevent the financial hardship and damage to personal credit ratings that can result from the [unjustifiable]unjustifiable delays of [PIP] payments." When [and if] GEICO withholds a portion of the treating physician's reasonable fee, it offers no protection to [its] the insured, or the insured's personal credit ratings.

19.26. Additionally, GEICO wrongfully and arbitrarily denies PIP benefits without obtaining any independent medical or expert opinion justifying the termination of medical treatment for reasons of medical necessity or causation. The

denial of benefits in whole, or in part, without any credible medical basis is prohibited under Delaware law.

**Allegations Specific To**
**Plaintiff Kerry Johnson**

27. Plaintiff Kerry Johnson purchased GEICO insurance because GEICO represented it would cover his claims in the event of an automobile accident, and because he believed GEICO would fully cover him in the event of an automobile accident. Mr. Johnson paid his insurance premiums to GEICO.

20.28. Mr. Johnson was injured in an automobile collision in New Castle County, Delaware on or about July 16, 2004. As alleged above, Mr. Johnson was a named insured under a GEICO auto policy on the date of the accident.

21.29. In connection with his claim for PIP benefits, Mr. Johnson has been subjected by GEICO to the systematic practices complained of above.

22.30. GEICO has delayed payment of covered PIP benefits to Mr. Johnson without reasonable justification.

23.31. GEICO has denied payment of covered PIP benefits to Mr. Johnson without reasonable justification.

24. [GEICO denied payment of covered PIP benefits purportedly because "[t]he procedure billed exceeds the level of service required by the diagnosis given or the condition for which this patient is being treated," notwithstanding the fact that GEICO conducted no medical examination of Mr. Johnson prior to making that determination.]

25. [GEICO has failed to pay or deny Mr. Johnson's claims for PIP benefits within thirty days of its receipt of the same, in violation of 21 Del. C. §§ 2118 and 2118B.]

8

32. [On information and belief, GEICO]Specifically, Mr. Johnson received medical treatment from various providers including Family Practice Associates, P.A., Rehabilitation Associates, P.A., Delaware Neurosurgical Group, P.A., and Neurology Associates. Medical bills and medical records from these treating offices were provided to GEICO. These medical records documented the medical care providers' diagnosis, prognosis and treatment plan for Mr. Johnson.

33. Dr. John Moore, Mr. Johnson's family doctor, ordered Mr. Johnson to undergo physical therapy as a result of the accident. (Exhibit A, p. 2.) Dr. Barry Bakst, of Rehabilitation Associates, P.A., clearly wrote in his August 11, 2004 typed report that Mr. Johnson sustained exacerbated cervical spine pain, exacerbated lumbosacral spine pain, exacerbated anxiety/depression, myofacial pain, and thoracic strain as a result of the July 16, 2004 automobile accident. (Exhibit B, p 4.) Further, Dr. Bakst states, "The initiation of rehab and chiropractic care and my treatment is 100 percent related to the motor vehicle accident of 7/16/04." (Exhibit B.)

34. GEICO was provided with both medical bills and medical records from Mr. Johnson. (See, e.g., Exhibit C.) In addition, Mr. Johnson executed a medical authorization so that GEICO was able to request the records from the medical providers directly. (Exhibit D.)

35. Even though Mr. Johnson satisfied his burden of proof by submitting medical records detailing that Plaintiff's injuries and treatment were reasonable and related to the July 16, 2004 accident, GEICO refused to make full and prompt payment. For example, when Mr. Johnson submitted bills from Neurology Associates for services performed on November 17, 2004 for brachial neuritis and thoracic and lumbosacral

neuritis, GEICO reduced payment on a cervical CAT scan by ten dollars. The bill was $731.00 and GEICO paid $721.00, providing the general unsupported explanation that, "[t]he charge for the services exceeds an amount which would appear reasonable when compared to the charges of other providers in the same geographic area." (Exhibit E.) GEICO continued to use the same "rationale" to reduce payments for physical therapy: GEICO paid $52.31 of a $67.00 exercise bill; $37.00 of $38.00 stimulation bill; $60.00 of a $62.00 manipulation bill; $60.00 of a $90.00 office visit; $94.00 of a $98.00 group therapy bill; $385.00 on a $536.00 bill for electromyography performed on September 16, 2004, etc. (Exhibit F.)

36. GEICO added another "explanation" for reducing payment on a bill for an office visit on August 11, 2004 to Rehabilitation Associates. GEICO paid $109.15 of a $214.00 office visit bill and provided the following reason: "The procedure billed exceeds the level of service required by the diagnosis given or the condition for which this patient is being treated." (Exhibit F, p 6.) This "explanation" is a medical conclusion that is absolutely disallowed and unjustified absent an expert medical opinion to rely on. GEICO did not have such a medical expert until an IME was performed in 2005.

37. GEICO has stated that if Mr. Johnson requests further consideration of any bill balances, a written response from the provider and the bill balance from the insured should be resubmitted. (Exhibit G.) As stated, Mr. Johnson routinely submitted medical records with the medical bills and the providers often submitted the bills as well. GEICO has still not paid these bills in full.

38. Mr. Johnson and his personal injury attorney have been advised by a collection agency, Delaware Recovery Systems, Inc., on behalf of Rehabilitation Associates, that if said attorney does not provide a letter of protection promising to pay the balance, they will "take appropriate action to collect the balance." (Exhibit H.)

39. Additionally, GEICO has failed to pay or deny Mr. Johnson's claims for PIP benefits within thirty days of its receipt of the same, in violation of 21 Del. C. §§ 2118 and 2118B.

26.40. GEICO has applied its fraudulent "usual and customary" scheme to Mr. Johnson's claims for PIP-related medical expenses. GEICO has thereby failed to pay the reasonable and necessary medical expenses arising from Mr. Johnson's July 16, 2004 collision, in violation of 21 Del. C. §§ 2118 and 2118B and [its]GEICO's contractual obligations.

**Allegations Specific
to Sharon Anderson**

41. Plaintiff Sharon Anderson purchased GEICO insurance because GEICO represented it would cover her claims in the event of an automobile accident, and because she believed GEICO would fully cover her in the event of an automobile accident. Ms. Anderson paid her insurance premiums to GEICO.

27.42. Ms. Anderson was injured in an automobile collision in New Castle County, Delaware on or about August 3, 2004. As alleged above, Ms. Anderson was a named insured under a GEICO auto policy on the date of the accident.

28.43. In connection with [his]-her claim for PIP benefits, Ms. Anderson has been subjected by GEICO to the systematic practices complained of above.

11

29.44. GEICO has delayed payment of covered PIP benefits to Ms. Anderson without reasonable justification.

30.45. GEICO has denied payment of covered PIP benefits to Ms. Anderson without reasonable justification.

46. [GEICO denied payment of covered PIP benefits purportedly because it determined that Ms. Anderson's] Specifically, Ms. Anderson received medical treatment "from Stoney Batter Family Medicine and Pro Physical Therapy for her injuries related to the August 3, 2004 accident. Ms. Anderson treated for headaches, and neck and back pain. Dr. Horatio Jones, of Stoney Batter Family Medicine, ordered physical therapy which she received at Pro Physical Therapy from July 19, 2005 through October 27, 2005. Dr. Jones provided a detailed, typed report dated November 14, 2005 that states that as of Ms. Anderson's last visit on October 10, 2005, "she was left with mild neck pain and low back pain which may be exacerbated from time to time." (Exhibit L, p. 1.) The report also explained that Ms. Anderson had prior low back pain, but "it is within a reasonable degree of medical probability that the accident which occurred on August 3, 2004 did exacerbate her low back condition." (Exhibit L, p. 2.)

47. Ms. Anderson received treatment at Stoney Batter Family Medicine on August 5, 2004, and GEICO paid $145.00 of a $145.00 bill. Strangely, on June 13, 2005, when Ms. Anderson had the same type of office visit and was charged $145.00, GEICO only paid $114.00. (Exhibit J.) Ms. Anderson was informed by her provider that "Balance shown [$31.00] is patient's responsibility." (Exhibit J, p. 2.)

48. From July 21, 2005 to October 27, 2005, Ms. Anderson treated at Pro Physical Therapy and GEICO routinely failed to pay her bills in full, without

justification. For example, on July 21, 2005, GEICO paid $0 of a $35.00 stimulation bill and $0 of a $30.00 hot/cold pack treatment bill. (Exhibit K, p. 1.) GEICO provided the following "explanation": "The provider performed a physical medicine modality that would provide no therapeutic benefit [durng] during the chronic period of the diagnosed conditions." (Exhibit K, p. 2.) GEICO had not performed an IME and therefore had no medical expert basis for giving such an "explanation." It appears that GEICO continued to use a variation on that explanation to deny some physical therapy bills in full: "physical medicine modalities the [sic] provide no therapeutic benefit during the chronic period of the diagnosed condition are not reimbursable." (Exhibit K, p. 2.)

49. With respect to bills for hot/cold pack treatment and stimulation on October 4, 2005, October 6, 2005, October 10, 2005, and October 12, 2005, GEICO denied payment based on a new "explanation": "Submit medical records so that we may determine the length of acute care based on the patient's age, diagnosis and medical intervention. The medical records must include positive, specific, objective findings to indicate the appropriate use of the physical modality as well as a progression to an active therapeutic exercise program with a decrease in passive modalities. If we are unable to validate ongoing acute care, we may seek independent medical review." (Exhibit L, p. 3.) Ms. Anderson provided GEICO with relevant medical records. Although GEICO is not permitted and unjustified to "determine the length of care" without the opinion of a medical expert, which it did not have, Ms. Anderson was charged with a balance of $1,302.00. (Exhibit M.)

3̶1̶.50. GEICO denied payment of covered PIP benefits purportedly because it determined that Ms. Anderson's treatment "would provide no therapeutic

benefit during the chronic period of the diagnosed conditions," notwithstanding the fact that GEICO conducted no medical examination of Ms. Anderson prior to making that determination.

32.51. GEICO has failed to pay or deny Ms. Anderson's claims for PIP benefits within thirty days of its receipt of the same, in violation of 21 Del. C. §§ 2118 and 2118B.

33.52. On information and belief, GEICO has applied its fraudulent "usual and customary" scheme to Ms. Anderson's claims for PIP-related medical expenses. GEICO has thereby failed to pay the reasonable and necessary medical expenses arising from Ms. Anderson's August 3, 2004 collision, in violation of 21 Del. C. §§ 2118 and 2118B and its contractual obligations.

### Class Certification Allegations[1]

34.53. This action is brought and may properly be maintained as a class action pursuant to Superior Court Civil Rules 23(a) and (b) (1) (A) , (2) and (3). Plaintiffs Kerry Johnson and Sharon Anderson bring this action on behalf of themselves and all others similarly situated, as representative of the following proposed class: All of GEICO's Delaware insureds who, during the period GEICO has issued insurance in Delaware, submitted covered (reasonable and necessary) claims for medical expenses or other benefits under PIP coverage issued as part of GEICO's insurance contracts; but who, owing to GEICO's unreasonable, unfair, fraudulent, deceptive and otherwise wrongful conduct (as shown by the regular, routine and consistent pattern and practice of

---

[1]    Plaintiffs' allegations for class certification do not constitute a motion for class certification, and Plaintiffs reserve the right to pursue discovery on issues related to class certification prior to filing a motion therefor.

claims alleged above), were denied the benefits and performances to which they were entitled, or otherwise subjected to injury.

### Numerosity of the Class
### [(Super. Ct](Fed. R. Civ. [R]P. 23(a)(1))

35. 54. The proposed class is so numerous that the individual joinder of all its members is impracticable. GEICO has been, at all relevant times, a major underwriter of PIP coverage; and it remains so today. While the exact number and identities of the proposed class members is presently unknown, and can only be determined through investigation and discovery, [plaintiff is] Plaintiffs are informed and believes that the proposed class includes over 1,000 members.

### Existence and Predominance of Common Questions of Law and Fact
### [(Super. Ct.](Fed. R. Civ. [R]P. 23(a)(2), 23(b)(3))

55. Common questions of law and fact exist as to all members of the proposed class. They include, without limitation, the following:

a.     Whether GEICO engages in the delay or denial of covered PIP benefits in Delaware without reasonable justification, and as a matter of regular business practice;

b.     Whether GEICO engages in the practices complained of in the paragraphs above as a matter of regular business practice;

c.     Whether GEICO engages in the practices proscribed under 18 Del. C. § 2303 as a matter of regular business practice;

d.     Whether GEICO engages in the practices proscribed under 18 Del. C. § 2304(16) as a matter of regular business practice;

e.     Whether GEICO's conduct is in violation of 21 Del. C. §§ 2118 and 2118B;

15

f.    Whether GEICO's conduct is in violation of 6 <u>Del</u>. <u>C</u>. § 2513;

g.    Whether GEICO's conduct is in violation of 6 <u>Del</u>. <u>C</u>. § 2532;

h.    Whether GEICO's conduct is in violation of 18 U.S.C. §1962;

i.    Whether GEICO has evinced a conscious indifference to the rights of the proposed class members;

j.    Whether the subject insurance contracts constitute property insurance within the meaning of 18 <u>Del</u>. <u>C</u>. §904;

k.    Whether the proposed class is entitled to compensatory damages, and if so, the amount of such damages;

l.    Whether the proposed class is entitled to treble damages, and if so, the amount of such damages;

m.    Whether the proposed class is entitled to punitive damages, and if so, the amount of such damages; and

n.    Whether the proposed class is entitled to recovery of its reasonable attorneys' fees, and if so, the amount of such fees.

<div align="center">

**Typicality of Claims**
**[(Super. Ct] (Fed. R. Civ. [R]P. 23(a)(3))**

</div>

36:56.  Plaintiffs' claims are typical of the claims of the members of the proposed class. Mr. Johnson and Ms. Anderson are GEICO insureds with pending, unpaid claims for PIP benefits that GEICO has denied. To the extent that GEICO has paid PIP benefits to Mr. Johnson and Ms. Anderson, it has failed to do so in a timely manner. As alleged above, Mr. Johnson and Ms. Anderson have been subjected to the systematic practices identified above.   All members of the proposed class have been subjected to one or more of the same systematic practices; and all members of the

<div align="center">16</div>

proposed class, including Mr. Johnson and Ms. Anderson, have been injured thereby.
None of the proposed class members, including Mr. Johnson and Ms. Anderson, were
aware of GEICO's fraudulent practices and intent at the time they purchased PIP
insurance from GEICO.

## Adequacy of Representation
### [(Super. Ct](Fed. R. Civ. [R]P. 23(a)(4))

37.57. Mr. Johnson and Ms. Anderson are under no actual or potential
conflict of interest with respect to other members of the proposed class, and will fairly
and adequately protect their interest.  They have retained attorneys experienced in the
prosecution of complex litigation, complex coverage litigation, PIP-related litigation, and
complex trial practice.

## Superiority of Class Action
### ([Super. Ct]Fed. R. Civ.[ R]P. 23(b)(3))

38.58. A class action is superior to other available methods of
adjudication for this dispute, because individual joinder of all members of the proposed
class is impracticable, and no other method of adjudication of the claims asserted herein
is more efficient and manageable. Further, the damages suffered by individual members
of the proposed class may be relatively modest, so that the burden and expense of
prosecuting individual actions would make it difficult or impossible for such members to
obtain relief. The prosecution of such individual actions would also impose a substantial
burden on the Delaware trial courts, and on this Court in particular. At the same time,
individualized litigation would entail a significant risk of varying, inconsistent or
contradictory judgments, and would magnify the delay and expense to all parties and the

17

courts, by requiring multiple trials for the same complex factual issues. By contrast, the class action mechanism presents fewer case-management problems; conserves the resources of the parties and the courts; and protects the rights of each member of the proposed class. The proposed class members thus have little interest in individually controlling the prosecution of separate actions; and to counsel's knowledge, there has been no substantial litigation of this dispute in any forum.  It is not anticipated that the prosecution of this dispute as a class action will entail any special case-management difficulties; and notice of the pendency of this action, and of any resolution of the same, can be provided to the proposed class by publication and/or individual notice.

### Other Grounds for Certification

59. This action is also certifiable under Superior Court Civil Rules 23(b)(1) and (2) because:

      a.   The prosecution of separate actions by the individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to such individual class members, thus establishing incompatible standards of conduct for GEICO; and

      b.   GEICO has acted or refused to act on grounds generally applicable to the class, thereby making appropriate declaratory relief with respect to the class as a whole.

### Tolling Of Applicable
### Statutes Of Limitation

39. 60.  Any applicable statutes of limitation have been tolled by GEICO's fraudulent concealment of the systematic practices alleged above. Because GEICO deals

18

with each proposed class member individually, such class members are unable, acting alone, to discover GEICO's pattern of fraudulent conduct and racketeering activity. At the moment that each proposed class member's insurance contract with GEICO was formed, GEICO was already engaging in the systematic practices complained of herein, and so had already formed its intent to pursue such practices; but in each case, GEICO concealed that (inherently unknowable) intent from its prospective insured.

## COUNT I
### Declaratory Judgment

40.61. Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

41.62. Under Delaware law, and under the obligations imposed by GEICO's respective insurance contracts with the proposed class members, GEICO was required to pay covered claims for PIP benefits.

42.63. Under Delaware law, and under the obligations imposed by GEICO's respective insurance contracts with the proposed class members, GEICO was required to pay covered claims for PIP benefits with reasonable promptness.

43.64. GEICO has failed to pay the proposed class members' covered claims for PIP benefits.

44.65. GEICO has failed to pay the proposed class members' covered claims for PIP benefits with reasonable promptness.

45.66. An actual controversy of a justiciable nature exists between [plaintiffs] Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated (on the one hand) and GEICO (on the other), concerning the

19

parties' rights and obligations under the subject GEICO insurance contracts. The controversy is of sufficient immediacy to justify the entry of a declaratory judgment.

46.67. Declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

68. Plaintiffs, on behalf of themselves and all others similarly situated respectfully request that this Court enter judgment, as a matter of law, that: (i) GEICO violated 21 Del. C. § 2118; and (ii) GEICO breaches its contracts with its insureds by failing to pay claims submitted in accordance with Delaware's PIP statute.

## COUNT II
## Breach [Of] of Contract

47.69. Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

70. Plaintiffs, and all those similarly situated, purchased GEICO insurance because GEICO represented it would cover claims in the event of an automobile accident, and because they believed GEICO would fully cover properly submitted claims in the event of an automobile accident. Plaintiffs, and all those similarly situated, paid their insurance premiums to GEICO.

48.71. GEICO has breached the subject contracts of insurance by delaying or denying payment of covered claims for PIP benefits.

49.72. As a direct result of GEICO's breaches of the subject insurance contracts, [plaintiffs] Plaintiffs Kerry Johnson and Sharon Anderson, and all others similarly situated have been deprived of the benefit of the insurance coverage for which

premiums were paid under those contracts. As a further result of GEICO's breaches of contract, [plaintiffs] Plaintiffs Kerry Johnson and Sharon Anderson and all others similarly situated have been deprived of necessary medical care, with resulting pain and suffering and exacerbation of injury. As a further result of GEICO's breaches of contract, Plaintiffs have suffered economic loss, including paying medical bills that should have been covered by insurance, facing collection actions by Delaware doctors and third party collection agencies, and being referred to negatively to credit agencies

## COUNT III
## Bad Faith Breach of Contract

50.73. Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

51.74. GEICO's denial of covered PIP benefits, as heretofore alleged, has been without reasonable justification.

52.75. GEICO's delay in the payment of covered PIP benefits, as heretofore alleged, has been without reasonable justification.

53.76. GEICO knowingly and intentionally violated its contract with Plaintiffs and applicable law by performing arbitrary and improper bill reductions, without justification.

54.77. As a direct result of GEICO's bad faith breaches of the subject insurance contracts, Plaintiffs and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT IV
## Breach of the Duty of Fair Dealing

21

55. 78. Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

56. 79. GEICO has failed and refused to deal fairly with plaintiffs Kerry Johnson and Sharon Anderson, and with all others similarly situated, in connection with their covered claims for PIP benefits.

57. 80. As a direct result of GEICO's breaches of its contractual duty of fair dealing, plaintiffs Kerry Johnson and Sharon Anderson, and all others similarly situated, have suffered and will suffer injury as heretofore alleged.

## COUNT V
## Common Law Fraud

58. 81. Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

82. The insurance contracts sold by GEICO to [plaintiff] Plaintiffs Kerry Johnson and Sharon Anderson, and to all others similarly situated, contained representations of fact. Among them was the representation mandated by 21 Del. C. §§ 2118 and 2118B -- that covered PIP benefits, including reasonable and necessary medical expenses, would be paid.

59. 83. Plaintiffs, and all those similarly situated, purchased GEICO insurance because GEICO promised it would pay covered claims in the event of an automobile accident, and because they believed GEICO would fully pay covered claims, including reasonable and necessary medical expenses and lost wages under PIP in the

event of an automobile accident.  Plaintiffs, and all those similarly situated, paid their insurance premiums to GEICO.

60. 84.  An implied representation of fact contained in all the disputed insurance policies was that GEICO would neither delay nor deny payment of covered PIP benefits without reasonable justification.

61. 85.  An implied representation of fact contained in all the disputed insurance policies was that GEICO would deal fairly with its insureds under those contracts.

62. 86. Representations of fact made by GEICO under the disputed policies, including the representations alleged in the paragraphs above, were false.

63. 87.  GEICO knew that the subject representations were false at the time they were made.

64. 88.  GEICO believed that the subject representations were false at the time they were made.

65. 89.  The subject representations were made by GEICO with reckless indifference to their truth or falsity.

66. 90.  GEICO made the subject representations with the intent to induce [plaintiffs] Plaintiffs Kerry Johnson and Sharon Anderson, and all others similarly situated, to enter into the disputed insurance contracts with GEICO, and to make premium payments to GEICO thereon.

67. 91. Plaintiffs Kerry Johnson and Sharon Anderson, and all others similarly situated entered into the disputed insurance contracts with GEICO in reliance on the subject representations.

23

68.92. Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, were justified in relying on GEICO's representations as alleged.

69.93. In addition to its affirmative acts of misrepresentation, GEICO also concealed from [plaintiffs] Plaintiffs Kerry Johnson and Sharon Anderson, and from all others similarly situated, its intent to dishonor its contractual obligations under the disputed insurance contracts, and the systematic practices by which it would do so.

70.94. As a direct result of GEICO's fraudulent representations and concealment, [plaintiffs]Plaintiffs Kerry Johnson and Sharon Anderson and all others similarly situated have suffered and will suffer injury as heretofore alleged.

### COUNT VI
### Consumer Fraud

71.95. Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

72.96. GEICO's conduct, as alleged above, is in violation of 6 Del. C. § 2513.

97. Specifically, as set forth herein, GEICO has engaged in deception, fraud, false pretense, false promise, misrepresentation, concealment, suppression or omission of material facts with its insureds, with the intent that its insureds and prospective customers rely on such conduct in connection with the sale or advertisement of its products.

24

73-98. As a direct result of GEICO's violations of 6 Del. C. § 2513, [plaintiffs]Plaintiffs Kerry Johnson and Sherry Anderson, and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT VII
### Uniform Deceptive Trade Practices

74-99. Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

75-100.          GEICO's conduct, as alleged above, is in violation of 6 Del. C. § 2532. On information and belief, in the course of GEICO's business, GEICO's conduct which is violative includes, but is not limited to:

        a.     GEICO represents that GEICO's insurance services provide all benefits as required by Delaware law when it does not;

        b.     GEICO represents that GEICO's insurance services meet the standards set by Delaware law when it does not;

        c.     GEICO advertises services that purportedly meet the standards set by Delaware law with the intent not to sell them as advertised;

        d.     GEICO engages in conduct as set forth in this [complaint]Complaint which creates a likelihood of confusion or misunderstanding.

76-101.          As a direct result of GEICO's violations of 6 Del. C. § 2532, [plaintiffs]Plaintiffs Kerry Johnson and Sherry Anderson, and all others similarly situated have suffered and will suffer injury as heretofore alleged.

## COUNT VIII
## 18 Del. C. § 2301 et seq.

~~77.~~102.        Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

103.    [GEICO's conduct is]GEICO regularly advertises that its policies will save its insureds money, and that it will pay covered claims. In fact, as set forth herein, GEICO misrepresents the benefits, advantages, conditions or terms of its insurance policies, in violation of 18 Del. C. § 2304(1).

104.    GEICO's conduct, described herein, further violates 18 Del. C. § 2304(2), in that it repeatedly publishes statements which are untrue, deceptive or misleading.

105.    GEICO's conduct described herein also violates 18 Del. C. § 2304(16). GEICO misrepresents the benefits of its insurance policies, fails to acknowledge and act reasonably promptly upon communication with respect to claims arising under its insurance policies, refuses to pay claims without conducting a reasonable investigation based upon all available information, fails to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed, and compels its insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds.

78. 106.        As a result of GEICO's violations of 18 Del. C. § 2301, et seq., Plaintiffs, and all those similarly situated, are entitled to damages, including statutory damages provided for by this Act.

## COUNT IX
## Racketeering Activity

107.    Plaintiffs Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, repeat and incorporate by reference the averments set forth above as if fully set forth herein.

108.    [GEICO's sale of automobile insurance products in Delaware, including its sale of PIP coverage,] GEICO is an enterprise [that affects interstate commerce.]   [At all relevant times, GEICO has operated the enterprise] as defined by [which it sells automobile insurance products, including PIP coverage, in Delaware.] [At all relevant times, GEICO has participated in the conduct and affairs of the enterprise]18 U.S.C. §1961(4), by which it sells automobile insurance products, including policies for PIP coverage, in Delaware

109.    [Through the systematic practices complained of in the paragraphs above, GEICO has pursued a scheme to defraud its insureds]. GEICO has engaged in a pattern of racketeering activity to operate an enterprise which is engaged in activities that affect interstate commerce, in violation of 18 U.S.C. § 1962(a).   GEICO receives substantial income from its racketeering activities.

79. 110.        GEICO [has used]regularly uses the United States [mails in furtherance of tha]tmail to conduct its scheme to defraud its insureds and prospective

27

customers, and for the purpose of executing, or attempting to execute, its scheme to

defraud its insureds and prospective customers.

80.111.          Through a pattern of racketeering activity, including two or

more acts of mail fraud (as defined under 18 U.S.C. § 1341), GEICO has participated in

the fraudulent insurance enterprise alleged above.

a.112.  As a direct result of GEICO's pattern of racketeering activity,

[plaintiffs]Plaintiffs and all others similarly situated have suffered and will suffer injury

as heretofore alleged.

113.    As a direct result of GEICO's pattern of racketeering activity,

[plaintiffs]Plaintiffs and all others similarly situated have been injured in their property;

namely, in their loss of money and contract rights.

WHEREFORE, [plaintiffs]Plaintiffs, on behalf of themselves and all

others similarly situated, respectfully requests that this Court enter judgment as follows:

a.  Entering an Order certifying the plaintiff class, appointing

[plaintiffs]Plaintiffs Kerry Johnson and Sharon Anderson as representatives of that class,

and appointing Mr. Johnson's and Ms. Anderson's counsel to represent that class, all

pursuant to Superior Court Civil Rule 23;

b.  Declaring the parties' rights, duties, status or other legal relations

under the disputed insurance contracts and 18 Del. C. § 2118;

c.  Awarding to [plaintiffs]Plaintiffs and all others similarly situated

damages, including compensatory damages, consequential and incidental damages, for

GEICO's breaches of its insurance contracts;

d.  Awarding to [plaintiffs]Plaintiffs and all others similarly situated

punitive damages for GEICO's bad faith breaches of its insurance contracts;

e. Awarding to [plaintiffs]Plaintiffs and all others similarly situated punitive damages for GEICO's breaches of its contractual duty of fair dealing;

f. Awarding to [plaintiffs]Plaintiffs and all others similarly situated compensatory, consequential and punitive damages for GEICO's common law fraud;

g. Awarding to [plaintiffs]Plaintiffs and all others similarly situated compensatory, consequential, treble and punitive damages for GEICO's violations of 6 Del. C. § 2513;

h. Awarding to [plaintiffs]Plaintiffs and all others similarly situated compensatory, treble damages and, to the extent the Court finds that GEICO willfully engaged in a deceptive trade practice, reasonable attorney fees and costs for GEICO's violation of 6 Del. C. § 2532;

i. Awarding to [plaintiffs]Plaintiffs and all others similarly situated compensatory, treble damages and, to the extent the Court finds that GEICO willfully engaged in a deceptive trade practice, reasonable attorney fees and costs for GEICO's violation of 18 Del. C. § 2301 et seq.;

j. Awarding to [plaintiffs]Plaintiffs and all others similarly situated compensatory damages, treble damages and reasonable attorneys' fees for GEICO's violation of 18 U.S.C. § 1962;

k. Awarding to [plaintiffs]Plaintiffs and all others similarly situated their reasonable attorneys' fees in the prosecution of this action, consistent with 18 Del. C. § 4102;

l. Awarding to [plaintiffs]Plaintiffs and all others similarly situated

all costs of this action, all costs of the prosecution of this action, and their reasonable attorneys' fees, consistent with 21 Del. C. §§ 2118 and 2118B;

m. Awarding to [plaintiffs]Plaintiffs interest for unpaid claims, consistent with 21 Del. C. § 2118.

n. Awarding to Plaintiffs and all others similarly situated all costs of this action;

o. Awarding to [plaintiffs]Plaintiffs pre- and post-judgment interest; and

p. Awarding such other and further relief as this Court deems just and appropriate.


Dated: [April 19]August 24, 2006          CROSS & SIMON, LLC
       Wilmington, Delaware


                                   By:_____
                                       Richard H. Cross, Jr. (No. 3576)
                                       Christopher P. Simon (No. 3697)
                                       Kristen Healy Cramer (No. 4512)
                                       Kevin S. Mann (No. 4576)
                                       913 North Market Street, 11th Floor
                                       P.O. Box 1380
                                       Wilmington, Delaware  19899-1380
                                       (302) 777-4200

                                       Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON and SHARON ANDERSON, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 1:06-cv408 (JJF) |
| v. | ) ) | NON-ARBITRATION |
| GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY, and GEICO INDEMNITY COMPANY, | ) ) ) ) | TRIAL BY JURY DEMANDED CLASS ACTION |
| Defendants. | ) ) | |

## ORDER

UPON CONSIDERATION OF Plaintiff's Motion for Leave to Amend the Complaint (the "Motion"),

IT IS HEREBY ORDERED that:

1.    Plaintiffs' Motion is hereby GRANTED;

2.    Plaintiffs' are hereby granted leave to amend their Complaint as set forth in the Motion; and

3.    The First Amended Complaint shall relate back to the date of the Complaint filed on April 19, 2006.

Dated:_____          _____
                                     The Honorable Joseph J. Farnan
                                     United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of August 2006, a true and correct copy of the foregoing Motion for Leave to Amend was served on the following counsel of record in the manner indicated:

**BY HAND DELIVERY**

Dawn L. Becker, Esquire
Gary Alderson, Esquire
LAW OFFICES OF DAWN L. BECKER
Citizens Bank Center
919 Market Street, Suite 725
Wilmington, DE 19801

**BY FIRST CLASS MAIL**

George M. Church, Esquire
Laura A. Cellucci, Esquire
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland  21202

_____
Christopher P. Simon (No. 3697)