UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 1:06-cv-408 |
| GEICO Casualty Company, et al. | * | |
| Defendants | * | **CLASS ACTION** |

* * * * * * * * * * * *

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendants, GEICO Casualty Company, GEICO General Insurance Company and GEICO Indemnity Company, by their undersigned counsel, submit this Response to Plaintiffs' Motion for Leave to File Amended Complaint, and in support thereof, state:

### BACKGROUND

In their original Complaint, the Plaintiffs sued three corporations – **GEICO Casualty Company, GEICO General Insurance Company and GEICO Indemnity Company**. Each of those corporations is licensed to write automobile insurance in the state of Delaware. The Defendants filed a Motion to Dismiss asserting, *inter alia*, that the original Complaint failed to identify which Plaintiff was insured by which corporate Defendant. The Defendants also challenged the lack of factual specificity contained in the original Complaint.

The Plaintiffs have now filed a Motion for Leave to File an Amended Complaint, along with a proposed Amended Complaint in which they:

i) state that Plaintiff Johnson is insured under an insurance contract with **GEICO Indemnity Company** and Plaintiff Anderson is insured under an insurance contract with **Government Employees Insurance Company** – a non-party;

ii) attempt to add three additional corporate Defendants – **Government Employees Insurance Company**, which actually insures Plaintiff Anderson, along with **Criterion Insurance Agency** ("Criterion") and **Colonial County Mutual Ins. Co.** ("Colonial"); and

iii) supplement the factual allegations both in the proposed First Amended Complaint itself and also by attaching and relying upon numerous documents as exhibits to the proposed First Amended Complaint.

Defendants do not object to factual amendment or addition of **Government Employees Insurance Company** as a Defendant.

The Defendants have no objection to the First Amended Complaint insofar as it supplements the facts surrounding Plaintiffs' allegations. Likewise, the Defendants have no objection to the addition of **Government Employees Insurance Company** as a Defendant since Plaintiff Anderson has a contractual relationship with that corporation.

### PLAINTIFFS HAVE NO STANDING TO SUE CRITERION INSURANCE AGENCY OR COLONIAL COUNTY MUTUAL INS. CO.

The Defendants do object to the addition of **Criterion and Colonial** because there is no identification of those corporations in the proposed First Amended Complaint and, more importantly, there is no allegation that either Plaintiff has a contractual relationship with either corporation. Absent some nexus between a Plaintiff and **Criterion** or **Colonial**, the Plaintiffs simply have no standing to add those corporations as Defendants in this case.

Black-letter law provides that standing to sue is a fundamental prerequisite of justiciability. *See Committee of Merchants and Citizens Against Proposed Annexation, Inc. v. Longo*, 669 A.2d 41 (Del. 1995); *Oceanport Industries Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892 (Del. 1994); *Harrington v. Hollingsworth*, 1996 Del. Super. LEXIS 556 (Del. Super. Ct.). As a threshold matter, therefore, each plaintiff must establish that he or she has standing to sue each party that he or she names as a defendant. As the Delaware Supreme Court stated in *Oceanport Industries*, "[t]here must be a causal connection between the plaintiff's injury and the conduct of the defendant complained of . . ." *Oceanport Industries*, 636 A.2d at 904, quoting, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). That a case is brought as a class action does not change this principle. *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 40 (1976) ("[t]hat a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent")(citation and internal quotation omitted).[1]

Accordingly, courts around the country have rejected efforts by would-be class representatives such as Johnson and Anderson to sue insurers with whom they had no contracts or dealings. *See, e.g., Kittay v. Allstate Ins. Co.*, 397 N.E.2d 200 (Ill. App. Ct. 1979); *see also, Nye v. Erie Ins. Exchange*, 470 A.2d 98 (Pa. 1983); *Glazewski v. Coronet Ins. Co.*, 483 N.E.2d 1263 (Ill. 1985).

---

[1] Delaware courts also look to federal case precedent on standing. *See, e.g., Oceanport, supra*, 636 A.2d at 899, citing *Cort v. Ash*, 422 U.S. 66 (1975).

In *Kittay*, for example, the named plaintiffs attempted to sue not only the insurers with whom they dealt, but also twenty other insurers with whom they had no contact. Rejecting that effort, the *Kittay* court explained:

> Twenty of the insurance companies included an additional ground in their motion to dismiss. They contend plaintiffs lack standing to bring this suit against them because they had no dealings or relationships with any of the plaintiffs. Courts may decide only actual and specific controversies between parties . . . .
>
> Thus, before an action can be brought, there must be a plaintiff with the requisite interest to bring the suit . . . . The cause of action must consist of a primary right of the plaintiff, a duty of the defendant, and a wrong by the defendant which invades the right and breaches the duty . . . . In the instant case, since the plaintiffs have no relationship with the twenty defendants, they do not have standing to bring this suit against them . . . .
>
> The class action allegations in the complaint do not give the plaintiffs standing or create a cause of action against the twenty defendants. A suit does not qualify as a class action merely because the parties allege that it is a class action . . . . Initially, the plaintiff must have a cause of action against the defendant; otherwise, any attempted class action fails . . . .
>
> Here, plaintiffs have no relationship with the twenty defendants and they have suffered no injury resulting from their conduct. Therefore, plaintiffs cannot represent as a class those persons having possible actions against these twenty defendants and, thus, plaintiffs may not bring this suit against them.

397 N.E.2d at 338-39. *See also, Nye*, 470 A.2d at 100 ("Nye's complaint fails to allege that he has been aggrieved by the conduct of any of the defendant insurance companies except Erie. Consequently, appellee lacks standing to maintain an action against these defendants."); *Glazewski*, 483 N.E.2d at 1268 ("[T]he plaintiffs do not have standing to sue, for fraud, the defendants from whom they did not purchase the coverage in question.

4

Standing requires some injury in fact to a legally recognized interest . . . . In their fraud count the plaintiffs have not alleged any dealings with the defendants from whom they did not purchase the coverage in question and, therefore, have not alleged any actual injury in reliance on their conduct.")

A similar case involving banks is *Weiner v. Bank of King of Prussia*, 358 F. Supp. 684, 697 (E.D. Pa. 1973). In *Weiner*, a plaintiff, who had a banking relationship with one bank, brought a putative class action against twenty banks, alleging that all twenty had engaged in an industry-wide practice of imposing fines and penalties on their customers. The plaintiff argued that he should be able to sue all of the banks in a class action because he had alleged that all of the banks engaged in the same practice. The *Weiner* court disagreed, holding that the plaintiff had no standing to sue the nineteen banks with which he alleged no personal dealings. *Id.* at 698. The court stated:

> The complaint fails to place the plaintiff in the category of a debtor having any dealings with, let alone being injured by, the actions of the nineteen moving defendants. The plaintiff cannot cure this defect by claiming to sue representatively on behalf of those who may have been so injured. *Chasin v. Mencher*, 255 F. Supp. 545 (S.D.N.Y. 1965). A plaintiff may not use the procedural device of a class action to boot strap himself into standing he lacks under the express terms of the substantive law.

358 F. Supp. at 694; *see also Id.* at 692 ("Having no dealings involving the payment of interest on loans with any of the other nineteen defendant banks, it is obvious that the plaintiff could not have a cause of action against them . . . ."); *Haas v. Pittsburgh National Bank*, 526 F.2d 1083, 1095 (3d Cir. 1975)(where no nominal plaintiff has standing on any issue against one of multiple defendants, a suit for damages may not be maintained as a class action against that defendant); *Chevalier v. Baird Savings*

5

*Association*, 66 F.R.D. 105 (E.D.Pa. 1975)(plaintiffs lacked standing to sue those defendants with whom they had no lending relationship). This reasoning, like the reasoning of *Kittay, Nye*, and *Glazewski*, is equally applicable here.

Applying these principles to the case at bar, there is no allegation in the proposed First Amended Complaint of any relationship between either Plaintiff and Criterion or Colonial. Neither Plaintiff purchased PIP coverage from either corporation and there is no allegation that either Plaintiff was injured or damaged in any way by either company. Without some connection between the Plaintiffs and the two corporations which they propose to add, there is no standing to include those corporations in the First Amended Complaint and the Motion to Amend should be denied with respect to the addition of Criterion and Colonial.

### PLAINTIFFS DO NOT HAVE STANDING TO SUE GEICO GENERAL INSURANCE CO. AND GEICO CASUALTY COMPANY AND THOSE COMPANIES SHOULD BE DISMISSED

As a review of the proposed First Amended Complaint reveals, just as with Criterion and Colonial, there is no allegation that either Plaintiff purchased PIP coverage from GEICO General or GEICO Casualty or that either Plaintiff had a relationship with either company or that either Plaintiff suffered any compensable injury or damage because of a breach, act or omission by either company. Thus, for those same reasons as asserted in the previous section, neither Plaintiff Johnson nor Plaintiff Anderson has standing against GEICO General or GEICO Casualty and they should no longer be included as parties to this action. Plaintiffs' Motion for Leave to Amend, to the extent that GEICO General and GEICO Casualty continue to be named in the First Amended Complaint, should be denied and those corporations should be dismissed.

WHEREFORE, it is prayed that the Motion for Leave to File Amended Complaint be granted for the purpose of amending factual allegations and for adding Government Employees Insurance Company as a Defendant; and it is prayed that the Motion be denied insofar as it continues to include GEICO General Insurance Company and GEICO Casualty Company as Defendants; and it is prayed that the Motion be denied insofar as it attempts to add Criterion Insurance Agency and Colonial County Mutual Ins. Co. as a party.

/s/ Gary Alderson
Gary Alderson, Trial Bar No. 3895
Dawn L. Becker, Trial Bar No. 2975
Law Offices of Dawn L. Becker
Citizens Bank Center
919 Market Street
Suite 725
Wilmington, Delaware 19801
302-778-5786
**Attorneys for Defendants**

/s/ George M. Church
George M. Church
Laura A. Cellucci
Miles & Stockbridge P.C.
10 Light Street
Baltimore, Maryland 21202
410-727-6464

**Attorneys for Defendants
Admitted Pro Hac Vice**

Dated: September 28, 2006

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of September, 2006, a copy of the foregoing was served electronically and/or by first class mail, postage prepaid, to:

> Richard H. Cross, Jr., Esquire
> Christopher P. Simon, Esquire
> CROSS & SIMON, LLC
> 913 North Market Street
> 11th Floor
> P.O. Box 1380
> Wilmington, Delaware 19899-1380
>
> Attorneys for Plaintiffs

*/s/ Gary Alderson*
Gary Alderson

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 1:06-cv-408 |
| GEICO Casualty Company, et al. | * | |
| Defendants | * | **CLASS ACTION** |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

# ORDER

Plaintiffs' Motion for Leave to file First Amended Complaint and Defendants' Response thereto, having been considered, it is this _____ day of _____, 2006, by the United States District Court for the District of Delaware;

ORDERED,

1. That the Motion for Leave to Amend the factual allegations is granted with regard to the amended facts contained in the proposed First Amended Complaint; and

2. The Motion for Leave to Amend is granted with regard to the addition of Government Employees Insurance Company as an additional Defendant; and

3. The Motion for Leave to Amend is denied with regard to the addition of Criterion Insurance Agency and Colonial County Mutual Ins. Co. as additional Defendants; and

2

4. The Motion for Leave to Amend is denied with regard to the continued status of GEICO General Insurance Company and GEICO Casualty Company as Defendants and those corporations are dismissed from this action.

_____
JUDGE