# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON and | ) | |
| SHARON ANDERSON, | ) | |
| on behalf of themselves and all | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 1:06-cv-408 (JJF) |
| | ) | |
| v. | ) | |
| | ) | NON-ARBITRATION |
| GEICO CASUALTY COMPANY, | ) | TRIAL BY JURY DEMANDED |
| GEICO GENERAL INSURANCE | ) | |
| COMPANY, and GEICO INDEMNITY | ) | |
| COMPANY, | ) | CLASS ACTION |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Richard H. Cross, Jr. (No. 3576)
Christopher P. Simon (No. 3697)
Kristen Healey Cramer (No. 4512)
Kevin S. Mann (No. 4576)
CROSS & SIMON, LLC
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
(302) 777-4200
(302) 777-4224 facsimile

Attorneys for Plaintiffs

Dated: October 13, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ............................................................................. ii

BACKGROUND ................................................................................................1

    I.    PLAINTIFFS HAVE STANDING TO SUE GEICO GENERAL INSURANCE CO., AND GEICO CASUALTY COMPANY ..................................................................................2

CONCLUSION ...................................................................................................6

**TABLE OF AUTHORITIES**

**CASES**

*Akerman v. Oryx Communications, Inc.*,
609 F. Supp. 363 (S.D. NY 1984)........................................................................3

*Cedar Crest Funeral Home, Inc. v. Lashley*,
889 S.W.2d 325 (Tex. Ct. App. 1993)..................................................................3

*Foman v. Davis*,
371 U.S. 178 (1962).............................................................................................5

*In re ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition Fund
(Retirement Accounts) II, L.P. Securities Litigation*,
848 F.Supp. 527 (D. Del. 1994).5

*La Mar v. H & B Novelty & Loan Co.*,
489 F.2d 461 (9th Cir. 1973..................................................................................3

*Thillens, Inc. v. Community Currency Exch. Ass'n*,
97 F.R.D. 668 (N.D. Ill. 1983)..............................................................................3

*Thompson v. Board of Educ.*,
709 F.2d 1200 (6th Cir. 1983) .............................................................................3

**STATUES/ RULES**

6 Del. C. §§ 2513 and 2532 ................................................................................1

18 Del. C. § 2301 *et seq*....................................................................................1

21 Del. C. §§ 2118 and 2118B............................................................................1

Fed. R. Civ. P. 15(a) ...........................................................................................5

Fed. R. Civ. P. 23................................................................................................3

18 U.S.C. 1962....................................................................................................1

Plaintiffs, on behalf of themselves and all others similarly situated, by and through undersigned counsel, hereby submit this Reply Brief in Support of Plaintiffs' Motion for Leave to File Amended Complaint (the "Motion").

## **BACKGROUND**

On April 19, 2006, Plaintiffs filed an action (the "Complaint") seeking recovery of compensatory, punitive and treble damages, reasonable attorneys' fees, and declaratory and other relief arising from Defendants' breaches of insurance contracts; bad faith breaches of insurance contracts; violations of 21 Del. C. §§ 2118 and 2118B, 6 Del. C. §§ 2513 and 2532, 18 Del. C. § 2301 *et seq.*, and 18 U.S.C. 1962; common law fraud; and otherwise wrongful refusal to honor its contractual obligations arising under certain policies of automobile insurance issued by GEICO Casualty Company, GEICO General Insurance Company, and/or GEICO Indemnity Company (collectively, "GEICO" or "Defendants"), to members and representatives of the proposed plaintiff class.

On June 30, 2006, GEICO filed their Motion to Dismiss and Opening Brief in Support of Motion to Dismiss, challenging, *inter alia*, the specificity of the Complaint and contending that the Complaint did not specifically identify which Defendant insured which Plaintiff.

On August 24, 2006, Plaintiffs filed a Motion for Leave to File an Amended Complaint and proposed Amended Complaint seeking to supplement the factual allegations of the original Complaint and to include several other GEICO entities as defendants. On September 28, 2006, GEICO filed a response to Plaintiffs' Motion for Leave to File an Amended Complaint. In whole, GEICO seeks dismissal of the Complaint and proposed Amended Complaint on behalf of the following parties: GEICO

1

General Insurance Co. and GEICO Casualty Company Criterion Insurance Agency ("Criterion") and Colonial County Mutual Ins. Co. ("Colonial").

As an initial matter, Plaintiffs concede to the release of Criterion and Colonial from this action because counsel for the Defendants has represented that both Criterion and Colonial do not conduct business in the State of Delaware, and do not market, sell or administer PIP benefits to Delaware residents. In light of that representation, Plaintiffs are willing to dismiss without prejudice the counts against these parties only.

**I.     Plaintiffs Have Standing to Sue GEICO General Insurance Co., and GEICO Casualty Company.**

Notwithstanding Defendants' arguments, Plaintiffs have standing to bring suit against GEICO General Insurance Co. and GEICO Casualty Company, both named as defendants in the Complaint, and in the proposed Amended Complaint. On information and belief, both parties conduct business in the State of Delaware, and both parties market, sell and administer PIP benefits to Delaware residents.

In the Complaint, Plaintiffs repeatedly allege that GEICO (collectively defined as GEICO Casualty Company, GEICO General Insurance Company, and GEICO Indemnity Company) engage in, *inter alia*, fraud, bad faith, and racketeering activity in the marketing, sale and administration of PIP benefits in Delaware. If these allegations are true, as this Court must accept for purposes of a motion to dismiss, they support a claim against each of the Defendants. Further, the complaint alleges that Plaintiffs, and those Delaware residents similarly situated, were harmed by this misconduct. If true, Plaintiffs, and those similarly situated, have standing to bring claims against each of the entities named in the proposed Amended Complaint.

2

Plaintiffs do not contest GEICO's statement that a party must have standing to sue before a suit may progress. However, the cases cited in GEICO's Response to Plaintiffs' Motion for Leave to File Amended Complaint involve a class of people that are attempting to sue a group of wholly <u>unrelated</u> defendants with whom they did not contract. Courts have held that when a plaintiff has a cause of action against a single defendant, that plaintiff can maintain an action against defendants who have engaged in similar conduct when there is evidence of a conspiracy amongst the defendants or when there is a juridical link between the defendants. *La Mar v. H & B Novelty & Loan Co.*, 489 F.2d 461, 466 (9th Cir. 1973). In *La Mar*, the 9th Circuit explained that the typicality requirement of Fed. R. Civ. P. 23 cannot be satisfied when the named plaintiff would not have a cause of action against the defendant on his own. *Id*. at 465. However, the Court carved out two exceptions, stating that the the requirement was met in cases where there is a conspiracy amongst the defendants or "in instances in which all defendants are juridically related in a manner that suggests a single resolution of the dispute would be expeditious." *Id*. at 466 ("Obviously this position does not embrace situations in which all injuries are the result of a conspiracy or concerted scheems between the defendants at whose hands the class suffered injury. Nor is it intended to apply in instances in which all defendants are juridically related in a manner that suggests a single resolution of the dispute would expeditious.")

While a juridical link is generally found in cases where all of the defendants are officials of a single state charged with enforcing a statute that is alleged to be unconstitutional, defendants are juridically related when amongst the defendants there is a legal relationship that would allow for a single resolution of the dispute. *Cedar Crest*

*Funeral Home, Inc. v. Lashley*, 889 S.W.2d 325, 332 (Tex. Ct. App. 1993), citing *Thillens, Inc. v. Community Currency Exch. Ass'n*, 97 F.R.D. 668 (N.D. Ill. 1983), *Thompson v. Board of Educ.*, 709 F.2d 1200 (6th Cir. 1983). An independent legal relationship amongst defendants can be evidenced by a joint enterprise, partnership, or control. *Akerman v. Oryx Communications, Inc.*, 609 F. Supp. 363, 375 (S.D. NY 1984).

In the instant case, GEICO Indemnity Company, Government Employees Insurance Company, GEICO General Insurance Co., and GEICO Casualty Company are all juridically linked and should be included as defendants in this class action. "GEICO Indemnity Company", "Government Employees Insurance Company", "GEICO General Insurance Co.", and "GEICO Casualty Company" all appear on correspondence to the Plaintiffs regarding their claims submitted under PIP. (*See, e.g.,* Exhibit A hereto.) GEICO Casualty Company, GEICO General Insurance Company and GEICO Indemnity Company are all admitted or authorized to issue automobile insurance in the State of Delaware. (*See* Affidavit of Jan Stewart, Exhibit A to Defendants' Notice of Removal.) According to GEICO's website, GEICO Casualty Company, GEICO General Insurance Company, and GEICO Indemnity Company are all affiliates of Government Employees Insurance Company and the "companies market collectively under the trade names GEICO and GEICO Direct." (See www.geico.com/legal.htm.)

Because all of the companies market their insurance products under the name GEICO, then all three companies should be included as defendants in this matter and as parties to the subject insurance contracts.[1] Because the subject companies are all GEICO companies and were all named on correspondence to the Plaintiffs, and all market, sell

---

[1] Plaintiffs intend, and should be permitted to conduct discovery on the role of each entity with respect to the allegations set forth in the Complaint.

4

and administer insurance products to Delaware residents, and all operate under the Government Employees Insurance Company umbrella, all are juridically linked. There is a sufficient legal and factual relationship between the proposed defendants that would allow for a single resolution of the dispute with Delaware insureds. Moreover, from the Defendants' Notice of Removal and the correspondence from the Defendants to each of the Plaintiffs, it is not clear which party is responsible for administering PIP benefits of the Plaintiffs, and those similarly situated. While each of the Plaintiffs might have a direct contractual relationship with one of the Defendants, it is, at best, unclear at this juncture which party – if not each -- is responsible for the administration of PIP benefits to Delaware insureds. (*See* Exhibit A.) At the very least, the pleadings and documents in the record to date show that the parties are sufficiently related and involved in the marketing, sale, and administration of PIP benefits in Delaware to overcome Defendants' efforts to dismiss at this juncture. Therefore, all defedants should be named in Plaintiffs' Amended Complaint.

Finally, each of the three original Defendants, including GEICO General Insurance Co. and GEICO Casualty Company, relied on their combined payments of PIP benefits to Delaware residents to justify removal of this action to federal court. (*See* Notice of Removal at 6.) The Defendants admitted paying combined PIP medical expenses totaling $19,762,596 to a total of 4,279 Delaware claimants, in the last five years alone. (*Id*.) All three Defendants argued that the aggregate reduction in bills submitted by their insureds could reasonably exceed $5,000,000. (*Id*. at 7.) Defendants should not now be allowed to cast off parties they used to support their procedural maneuvering.

As set forth fully in their opening brief in support of the Motion, leave to amend shall be freely granted. (Fed. R. Civ. P. 15(a).) In considering a motion for leave to amend, the Court should look to the underlying facts, and whether the plaintiff should be permitted to test claims on the merits. *In re ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition Fund (Retirement Accounts) II, L.P. Securities Litigation*, 848 F.Supp. 527, 567 (D. Del. 1994) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Defendants have not demonstrated that Plaintiffs' claims are futile. Plaintiffs, and those similarly situated, should be permitted to test their claims against all GEICO entities marketing, selling and administering PIP benefits in Delaware.

## CONCLUSION

For the reasons set forth herein, and in Plaintiffs' Motion for Leave to File Amended Complaint, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion, and permit Plaintiffs proposed Amended Complaint be accepted as written.

Dated: October 13, 2006          CROSS & SIMON, LLC
        Wilmington, Delaware

                                 By: /s/ Christopher P. Simon
                                     Richard H. Cross, Jr. (No. 3576)
                                     Christopher P. Simon (No. 3697)
                                     Kristen Healey Cramer (No. 4512)
                                     Kevin S. Mann (No. 4576)
                                     913 North Market Street, 11th Floor
                                     P.O. Box 1380
                                     Wilmington, Delaware 19899-1380
                                     (302) 777-4200
                                     (302) 777-4224 facsimile

                                     Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Christopher P. Simon, do hereby certify that on this 13th day of October 2006, a true and correct copy of Plaintiffs' Reply Brief in Support of Plaintiffs' Motion for Leave to File Amended Complaint was served on the following counsel of record in the manner indicated:

**BY HAND DELIVERY**

Dawn L. Becker, Esquire
Gary Alderson, Esquire
LAW OFFICES OF DAWN L. BECKER
Citizens Bank Center
919 Market Street, Suite 725
Wilmington, DE 19801

**BY FIRST CLASS MAIL**

George M. Church, Esquire
Laura A. Cellucci, Esquire
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland  21202

    /s/ Christopher P. Simon
Christopher P. Simon (No. 3697)