IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KERRY JOHNSON and            :
SHARON ANDERSON,             :
on behalf of themselves and  :
all others similarly situated :
                             :
          Plaintiffs,        :
                             :
     v.                      :   Civil Action No.06-408-JJF
                             :
GEICO CASUALTY COMPANY,      :
GEICO GENERAL INSURANCE      :
COMPANY, and GEICO INDEMNITY :
COMPANY                      :

_____

Richard H. Cross, Jr., Esquire; Christopher P. Simon, Esquire;
Kristen Healey Cramer, Esquire and Kevin S. Mann, Esquire of
CROSS & SIMON, LLC, Wilmington, Delaware.
Attorneys for Plaintiffs.

George M. Church, Esquire and Laura A. Cellucci, Esquire of MILES
& STOCKBRIDGE P.C., Baltimore, Maryland.
Gary Alderson, Esquire; Dawn L. Becker, Esquire of THE LAW
OFFICES OF DAWN L. BECKER, Wilmington, Delaware.
Attorneys for Defendants.

_____

**MEMORANDUM OPINION**

September 27, 2007
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court are Defendants' Motion To Dismiss
For Failure To State A Claim (D.I. 3), and Plaintiffs' Motion For
Leave To Amend Complaint (D.I. 11).  For the following reasons,
both Motions will be granted in part and denied in part.

**I. BACKGROUND**

Plaintiffs Kerry Johnson and Sharon Anderson filed this
action on behalf of themselves and all others similarly situated
against Defendants GEICO Casualty Insurance Company ("GEICO
Casualty"), GEICO General Insurance Company ("GEICO General"),
and GEICO Indemnity Insurance Company ("GEICO Indemnity")
(collectively, "Defendants") in the Superior Court of the State
of Delaware in and for New Castle County.  By their Complaint,
Plaintiffs seek declaratory judgment that Defendants violated 21
Del. C. §§ 2118 and breached their automobile insurance contracts
with Plaintiffs (Count I).  Plaintiffs also assert claims for
breach of contract (Count II); bad faith breach of contract
(Count III); breach of the duty of fair dealing (Count IV);
common law fraud (Count V); consumer fraud in violation 6 Del. C.
§ 2513 (Count VI); uniform deceptive trade practices in violation
of 6 Del. C. § 2532 (Count VII); violations of 18 Del. C. § 2301
et seq. based on untrue, deceptive and misleading advertisements
(Count VIII); and racketeering activity in violation of 18 U.S.C.
§ 1962 (Count IX).  As relief, Plaintiffs request compensatory

1

damages, punitive damages, treble damages, and reasonable attorneys' fees.

By their Complaint, Plaintiffs allege that Defendants have wrongly denied benefits under Personal Injury Protection ("PIP") coverage issued as part of Defendants' insurance contracts, without obtaining any independent medical or expert opinions to justify their decisions.  Specifically Plaintiffs contend that Defendants systematically delay or deny full payment of PIP benefits to Delaware claimants, without any reasonable basis. They further allege that Defendants routinely fail to pay the PIP claims of Delaware claimants within the prescribed statutory period.

On June 27, 2006, Defendants removed this case from the Delaware Superior Court to this Court.  Thereafter, Defendants filed the instant Motion To Dismiss.  Plaintiffs responded with an Answering Brief in Opposition to the Motion and the pending Motion For Leave To Amend The Complaint (D.I. 11).

**II.   LEGAL STANDARDS**

A.   <u>Plaintiffs' Motion To Amend Pursuant To Rule 15(a)</u>

Rule 15(a) of the Federal Rules of Civil Procedure provides that, if a responsive pleading has already been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  <u>Fed. R. Civ. P.</u> 15(a).  The

2

grant or denial of a motion to amend is within the discretion of the Court.  Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321 (1971).  However, the United States Supreme Court has cautioned that leave should be freely granted unless there is an apparent reason for denying a request such as:  undue delay, bad faith, dilatory motive, undue prejudice, or futility of the claims.  Foman v. Davis, 371 U.S. 178, 182 (1962); Adams v. Gould, Inc., 739 F.2d 858 (3d Cir. 1984).

    B.    Defendant's Motion To Dismiss Pursuant To Rule 12(b)(6)

    Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Although a complaint does not need detailed factual allegations, the plaintiff has an "obligation to provide the 'grounds' of his 'entitle[ment] to relief,'" and that obligation requires more than labels, conclusions, and a formulaic recitation of the elements of a cause of action.  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007).  To state a claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)."  Id. at 1965.  Stated another way, heightened fact pleading is not required, but enough facts must be alleged to state a claim to relief that is plausible on its face.  Id. at 1974.  In addition,

3

the Court is not required to accept legal conclusions alleged or inferred from the pleaded facts. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. The burden of demonstrating that dismissal is appropriate rests on the movant.

## III.   DISCUSSION

A.   Plaintiffs' Motion For Leave To File Amended Complaint

By their Motion To Amend, Plaintiffs seek leave to supplement the factual allegations of the original Complaint, identify that Plaintiff Johnson contracted with GEICO Indemnity while Plaintiff Anderson contracted with Government Employees Insurance Company, and add three additional corporate defendants, Government Employees Insurance Company, Criterion Insurance Agency, and Colonial County Mutual Insurance Company. (D.I. 11).

Defendants do not object to the factual amendments proposed by Plaintiffs and do not object to the addition of Government Employees Insurance Company as a defendant. However, Defendants contend that Plaintiffs lack standing to continue this lawsuit as it pertains to GEICO General or GEICO Casualty.[1] Specifically, Defendants contend that Plaintiffs never purchased PIP coverage

---

[1]   Defendants also contend that Plaintiffs lack standing to sue Criterion Insurance Agency and Colonial County Mutual Insurance Company. However, Plaintiffs have agreed, in their Reply Brief, not to pursue this action against those defendants.

4

from either GEICO General or GEICO Casualty, and therefore, Plaintiffs cannot establish any compensable injury or damage as a result of any breach of contract or omission by these defendants.

In their Reply Brief, Plaintiffs contend that they have standing to sue GEICO General and GEICO Casualty under the juridical link doctrine. Plaintiffs contend that all three companies, GEICO General, GEICO Casualty and GEICO Indemnity, are admitted or authorized to issue automobile insurance in Delaware. Plaintiffs further contend that all three companies are affiliates of Government Employees Insurance Company and that all three companies market their insurance products under the same name. Plaintiffs point out that all three companies are named on the correspondence to Plaintiffs concerning their PIP claims, and Plaintiffs contend that it is "at best, unclear at this juncture which party - if not each - is responsible for the administration of PIP benefits to Delaware insureds." (D.I. 21 at 5).

In the alternative, Plaintiffs contend that Defendants, including GEICO General and GEICO Casualty, relied on their combined payments of PIP benefits to Delaware residents to justify the removal of this action to federal court. Thus, Plaintiffs contend that Defendants should not be permitted to "cast off parties they used to support their procedural maneuvering." (Id.)

5

The Court has reviewed the parties' arguments in the context of the allegations of the Amended Complaint and concludes that dismissal for lack of standing is not warranted at this juncture. In reaching this conclusion, the Court does not base its rationale upon the juridical link doctrine. Courts considering that doctrine have concluded that it does not apply to questions of standing raised at the pleading stage. See e.g., In re Franklin Mut. Funds Fee Litigation, 388 F. Supp. 2d 451, 462 n.7 (D.N.J. 2005) (collecting cases). Instead, the juridical link doctrine is most appropriately considered in the context of class certification analysis under Federal Rule of Civil Procedure 23. Id. Rather, the Court decision to defer ruling on the question of standing is premised on the need for further discovery. Plaintiffs' Amended Complaint appears to treat all GEICO Defendants as a single entity. As Plaintiffs point out, all these companies are affiliates who market their insurance products under the same name, and it is unclear to the Court what role each entity plays with respect to the allegations of the Complaint. Accordingly, the Court concludes that discovery on the issue of standing is warranted before the Court entertains the question of whether GEICO General and GEICO Casualty should be dismissed from this action.

In sum, the Court will grant Plaintiffs' Motion For Leave To Amend to the extent that it seeks to supplement the facts alleged

6

and add Government Employee Insurance Company as a defendant. The Motion will be denied as moot to the extent that it seeks to add Criterion Insurance Agency and Colonial Mutual Insurance Company as defendants.   The issue of standing will be addressed after discovery in the context of summary judgment proceedings.

B.   <u>Defendants' Motion To Dismiss The Complaint</u>

By their Motion, Defendants request dismissal of the Amended Complaint on two grounds.   First, Defendants contend that the Amended Complaint must be dismissed because Plaintiffs fail to allege, and will never be able to sufficiently allege, the required class action criteria pursuant to Fed. R. Civ. P. 23(a). Second, Defendants contend that Plaintiffs have failed to state a claim pursuant to the requirements of Federal Rules of Civil Procedure 12(b)(6) and 9(b).

At this juncture, Plaintiffs have not filed a motion for class certification and have not conducted any discovery regarding the class certification issue.   Given the early stage of this proceeding, the Court concludes that Defendants' arguments under Rule 23 are premature, and therefore, the Court declines to address Defendants' class certification arguments at this time.   Accordingly, the Court will deny Defendants' Motion to dismiss as it pertains to Rule 23, with the understanding that such issues will be taken up by the Court in the context of class certification proceedings.   The Court will address each of

Defendants' remaining arguments in turn.

   1.   Count I - Declaratory Judgment

   Plaintiffs seek a declaratory judgment that Defendants violated 21 Del. C. § 2118 and breached their contracts with their policy holders.   Id.   Defendants contend that dismissal of this claim is warranted, because it is subsumed into Plaintiffs' other substantive claims.   Defendants also contend that the Amended Complaint fails to identify the specific justiciable controversy that requires relief.

   The Declaratory Judgment Act provides that a district court "may declare the rights and other legal relations of any interested party seeking such declaration."   28 U.S.C. § 2201(a) (1994).   The Court has discretion to decide whether or not to entertain a declaratory judgment action.   See e.g., Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (citing Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 241 (1952)).

   The Court has reviewed Plaintiffs' Amended Complaint and concludes that the allegations are sufficient to place Defendants on notice concerning the nature of their claim for declaratory relief.   However, the Court acknowledges that there may be some overlap between Plaintiffs' substantive claims and their declaratory judgment claims.   At this juncture, however, Plaintiffs remaining claims have not been fully developed, and therefore, the Court cannot fully evaluate the extent of the

8

overlap so as to determine whether declaratory judgment would
serve no useful purpose in clarifying the legal rights and
relationships at issue.  Accordingly, the Court will deny
Defendants' Motion To Dismiss as it pertains to Plaintiffs'
declaratory judgment claims alleged in Count I.

2.   Count II - Breach of Contract

Defendants next contend that dismissal of Count II is
warranted because Plaintiffs have failed to identify which of the
three Defendants insured them or which sections of the insurance
contracts at issue were breached.  Defendants also contend that
dismissal of this count is required because Plaintiffs cannot
demonstrate actual damages flowing from Defendants' alleged
breach of contract.

To establish a claim for breach of contract, the plaintiff
must demonstrate: (1) the existence of a contract, whether
express or implied, (2) the breach of an obligation imposed by
that contract, and (3) resulting damages to the plaintiff.  <u>VLIW</u>
<u>Tech., LLC v. Hewlett-Packard Co.</u>, 840 A.2d 606, 612 (Del. 2003).
Here, Plaintiffs allege a breach of the insurance contracts
between Defendants and themselves for the delay, reduction and/or
denial of PIP benefits.  Specifically, Plaintiffs allege that (1)
they entered into contracts with Defendants GEICO Indemnity and
Government Employees Insurance Company; (2) Defendants denied PIP
benefits expressly provided in those contracts, and (3)

9

Plaintiffs have been harmed by these breaches.  As to the third element, Plaintiffs have alleged specific damages resulting from Defendants' alleged breach, such as demands for payment, referral of claims to collection agencies, and denial of medical care. Moreover, Plaintiffs have alleged that they have been deprived of the benefit of the insurance coverage for which they contracted and paid.  In light of these contentions, the Court concludes that Plaintiffs have sufficiently pled the requirements for a breach of contract claim so as to withstand dismissal. Accordingly, the Court will deny Defendants' Motion To Dismiss as it pertains to Plaintiffs' breach of contract claim alleged in Count II.

> 3.   Counts III and IV – Bad Faith Breach of Contract,
>      Breach of the Duty of Fair Dealing

Defendants request dismissal of Counts III and IV on the grounds that Plaintiffs' Amended Complaint fails to comply with the requirements of Rule 9(b).  Defendants contend that Counts III and IV are based on allegations of fraud, and therefore, Plaintiffs are required to plead these claims with particularity.

"Under Delaware law, insurance companies owe a duty of good faith and fair dealing to their insureds." Crowthorn v. Nationwide Mut. Ins. Co., 2001 Del. Super. LEXIS 358, *13 (Jan 16, 2001).  "The standard by which the duties of good faith and fair dealing are evaluated is whether the insurance company acted with 'reasonable justification' in dealing with the insureds."

10

Id.

In pertinent part, Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud...the circumstances constituting fraud... shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). The purpose of Rule 9(b) is to provide defendants with notice of the precise nature of the claim against them, not to test factual allegations of the claim. Seville Industrial Machinery Corp. v. Southmost Machinery Corp., 742 F.2d 786, 791 (3d Cir. 1984). Although date, place and time allegations may fulfill the pleading with particularity requirements, these types of allegations are not required to satisfy Rule 9(b), so long as the circumstances of the alleged fraud are plead sufficiently "to place defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." Id.

The Court has reviewed the allegations of the Amended Complaint in light of this standard and the substantive requirements of the claims and concludes that the allegations are sufficient to satisfy the requirements of Rule 9(b). Plaintiffs allege that Defendants conduct an arbitrary bill reduction, "without medical review or any accepted process or procedure." (D.I. 9 at 24). Plaintiffs have referred to at least some

11

discrete bills of Plaintiff Johnson and Plaintiff Anderson that they contend were denied without medical or procedural review. Plaintiffs further allege that Defendants make bill reductions based on "medical opinions" despite not having performed any medical evaluation of the insured.  Because the Court concludes that these allegations are sufficient to withstand dismissal at this juncture, the Court will deny Defendants' Motion as it pertains to Plaintiffs' claims for bad faith breach of contract and breach of the duty of fair dealing as set forth in Counts III and IV of the Amended Complaint.

> 4.  Count V - Common Law Fraud

Defendants also seek dismissal of Plaintiffs' common law fraud claim for failure to plead with specificity as required by Rule 9(b).  To state a claim for common law fraud, a plaintiff must allege: (1) a false representation made by the defendant; (2) the defendant knew that the representation was false; (3) the defendant intended the plaintiff to rely upon the false statement; (4) the plaintiff reasonably relied upon the false statement, to his detriment; and (5) damages resulted from that reliance.  Stephenson v. Capano Development, Inc., 462 A.2d 1069, 1074 (Del. 1983).

The Court has reviewed the allegations of the Amended Complaint in light of Rule 9(b) and the substantive requirements for pleading fraud and concludes that the allegations are

12

sufficient to withstand dismissal at this juncture. Plaintiffs allege that Defendants sold policies to insureds "with the express promise that its policies would save its insured money and that its policies would cover reasonable and necessary claims submitted by PIP." Plaintiffs go on to state that the insurance contracts "contained representations of fact. Among them was the representation mandated by 21 Del. C. 2118 and 2118B -- that covered PIP benefits, including reasonable and necessary medical expenses, would be paid." Plaintiffs plead additional implied representations of fact, and further plead that these representations were false, that Defendants knew that they were false, that Plaintiffs were induced to purchase insurance and pay their premiums as a result of these representations, and that Plaintiffs were injured. Accordingly, the Court will deny Defendants' Motion to the extent that it seeks dismissal of Plaintiffs' claim for common law fraud set forth in Count V.

5.   Count VI - Consumer Fraud

In addition to requesting dismissal of Plaintiffs' consumer fraud count on Rule 9(b) grounds, Plaintiffs also contend that the Delaware Consumer Fraud Act ("CFA") only applies to "merchandising practices." Because Plaintiffs' claims concern the claims handling practice, Defendants contend that the CFA is inapplicable.

13

In pertinent part, the Delaware Consumer Fraud Act provides that:

> any deception, fraud, false pretense, false promise,
> misrepresentation, or the concealment, suppression,
> or omission of any material fact with intent that
> others rely upon such concealment, suppression or
> omission, in connection with the sale, lease or
> advertisement of any merchandise, whether or not any
> person has in fact been misled, deceived or damaged
> thereby, is an unlawful practice.

6 <u>Del</u>. <u>C</u>. § 2513(a).   The CFA provides a private cause of action

for violations by an insurance company.   <u>Eames v. Nationwide Mut.</u>

<u>Ins. Co.</u>, 412 F. Supp. 2d 431 (D. Del. 2006)(citations omitted).

The Delaware Supreme Court has interpreted this act consistently

with common law definitions and principles related to fraud and

deceit with the following three exceptions: "(1) 'a negligent

misrepresentation is sufficient to violate the statute,' (2) a

violation of the statute ' is committed regardless of actual

reliance by the plaintiff,' and (3) the plaintiff need not show

'intent [by the defendant] to induce action or inaction by the

plaintiff.' "   <u>Id.</u> (quoting <u>Stephenson v. Capano Dev., Inc.</u>, 462

A.2d 1069, 1074 (Del. 1983)).   In addition, this Court has

concluded that the requirements of Rule 9(b) apply to claims

brought under the CFA.   <u>Homsey v. Vigilant Ins. Co.</u>, 496 F. Supp.

2d 433,  (D. Del. 2007).

Reviewing the allegations of the Amended Complaint in light

of the requirements of Rule 9(b) and the substantive requirements

14

of the CFA, the Court concludes that the allegations of Plaintiffs' Amended Complaint are sufficient to withstand dismissal.  Like the claims here, the claims in <u>Homsey</u> concerned the manner in which the insured's claims were processed. Further, Plaintiffs here have made allegations related to the sale and merchandising of the insurance contracts, including that Plaintiffs were induced into purchasing these contracts by the alleged misrepresentations.  Plaintiffs CFA claims are based on the same allegations supporting their claims of common law fraud and bad faith breach of contract and the Court has concluded that those claims are sufficiently pled.  Accordingly, the Court will deny Defendants' Motion as it pertains to Plaintiffs' claims under the CFA.

      6.   <u>Count VII - Uniform Deceptive Trade Practices Act</u>

Defendants contend that the Delaware Deceptive Trade Practices Act, 6 <u>Del</u>. <u>C</u>. §§ 2531 et seq. ("DTPA") does not provide for a private cause of action, and therefore, the Court should dismiss Count VII of Plaintiffs' Amended Complaint.  In response, Plaintiffs contend that this count should not be dismissed because the DTPA redresses harm to "individual retail purchasers and consumers of goods, services or merchandise," and therefore, the DTPA applies to both vertical and horizontal relationships. 6 <u>Del</u>. <u>C</u>. § 2533(d); <u>see</u> <u>also</u> <u>Brady v. Fallon</u>, No. 96A-12-010-RRC, 1998 WL 283438, *4 (Del. Super. 1998).

15

Delaware Courts have routinely held that the DTPA does not create a cause of action for individual consumers. See Ewing v. Bice, 2001 Del. Super. LEXIS 278, *20-21 (Del. Super. Ct. 2001); Wright v. Dumizo, 2002 Del. Super. LEXIS 271 (Del. Super. Ct. 2002); Grand Ventures, Inc. v. Whaley, 632 A.2d 63 (Del. 1993). Plaintiffs' citation to Fallon is inapposite because Fallon concerned an action brought by the Attorney General of the State of Delaware.  Accordingly, the Court concludes that Plaintiff cannot maintain a private cause of action under the DTPA, and therefore, the Court will dismiss Count VII.

　　　　7.　Count VIII - Unfair Practices In The Insurance Business

Defendants also contend that dismissal of Count VIII is required because a private cause of action does not exist under the Unfair Practices in the Insurance Business Act, 18 Del. C. §§ 2301 et seq. ("UPIB").  In their Amended Complaint, Plaintiffs have alleged violations of Sections 2304(1), (2), and (16) of the UPIB.

After reviewing the applicable statutory language and case law, the Court concludes that the UPIB does not provide for a private cause of action.  The UPIB describes numerous prohibited acts, and then empowers the Insurance Commissioner to investigate and determine whether an insurer has engaged in any prohibited behavior.  18 Del. C. § 2306.  The Commissioner is further empowered to, among other things, prosecute violations of the

16

UPIB, hold hearings, issue cease and desist orders, issue
monetary penalties against violators, and suspend and/or revoke a
violator's licence.  Id. at §§ 2307-2308.  Moreover, any person
subject to an order of the Commissioner, or with a pecuniary
interest affected by the Commissioner's failure or refusal to
hold a hearing on a matter, may appeal to the Delaware Court of
Chancery.  Id. at § 2309.  In the Court's view, these provisions,
taken as a whole, suggest that the legislature did not intend to
create a private cause of action under the UPIB, but rather
intended for the statute to create an administrative remedy
directing and empowering the Insurance Commissioner to
investigate and discipline violators.  The Court's conclusion is
consistent with the conclusion reached by the Delaware Superior
Court in considering whether private causes of action may be
brought under various sections of the UPIB.  See e.g., Moses v.
State Farm Fire & Casualty Ins. Co., 1991 WL 269886 (Del. Super.
Nov. 20, 1991).  Accordingly, the Court will dismiss Count VIII
of the Amended Complaint.

        8.   Count IX - Racketeering Activity

Defendants request dismissal of Count IX on the grounds that
Plaintiffs have failed to meet the pleading with particularity
requirement of Rule 9(b).  Based on the allegations of the
Amended Complaint, it appears to the Court that Plaintiffs'
racketeering claim is premised upon 18 U.S.C. § 1962(a).

17

In pertinent part, Section 1962 provides:

It shall be unlawful for any person who has received
any income derived, directly or indirectly, from a
pattern of racketeering activity or through collection
of an unlawful debt ... to use or invest, directly or
indirectly, any part of such income, or the proceeds of
such income, in acquisition of any interest in, or the
establishment or operation of, any enterprise which is
engaged in, or the activities of which affect,
interstate or foreign commerce.

To establish a claim under this Section, a plaintiff must allege
(1) that the defendant received money from a pattern of
racketeering activity; (2) invested that money in an enterprise;
(3) the enterprise affected interstate commerce; and (4) an
injury resulting from the investment of racketeering income
distinct from an injury caused by the predicate acts themselves.
Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153 (3d Cir. 1993).
The causation requirement is particularly important because
Section 1962 is specifically directed at the use or investment of
racketeering income, and therefore, the plaintiff's injury must
be caused by the use or investment of income in the enterprise.
Id. (citing Brittingham v. Mobil Corp., 943 F.2d 297, 303 (3d
Cir. 1991).

Reviewing the allegations of the Amended Complaint in light
of the substantive requirements of the claim and Rule 9(b), the
Court concludes that Plaintiffs have sufficiently alleged all but
the last element required for a Section 1962 claim.  Plaintiffs
have alleged that Defendants are an enterprise, or affiliate of

18

an enterprise, that affects interstate commerce by the sale of automobile insurance in Delaware.  Plaintiffs have alleged that the enterprise is ongoing and that Defendants have acted in capacities outside the alleged fraudulent activities.  Plaintiffs have also alleged that Defendants have systematically, arbitrarily and unreasonably denied full payment of PIP benefits to Plaintiffs, and that they have used the United States mail in furtherance of their "scheme of unlawfully denying full PIP benefits" by marketing their insurance products, collecting premiums from their customers and dealing with claims.  However, Plaintiffs have not alleged that their injuries resulted from the investment of the income derived from the alleged racketeering activity.  Accordingly, the Court will dismiss Count IX of the Amended Complaint without prejudice and grant Plaintiffs leave to file a Second Amended Complaint so as to state a claim under Section 1962.

**IV. CONCLUSION**

For the reasons discussed, the Court will grant Defendants Motion To Dismiss to the extent that it seeks dismissal of Counts VII, VIII, and IX of the Amended Complaint, and deny the Motion To Dismiss in all other respects.  At this juncture, the Court will also grant Plaintiffs' Motion For Leave To Amend The Complaint to the extent that it seeks to add certain factual allegations and add Government Employee Insurance Co. as a

defendant.  The Motion will be denied as moot to the extent that
it seeks to add seeks to add Criterion Insurance Agency and
Colonial County Mutual Insurance Company as defendants.  The
Amended Complaint shall be deemed filed.  Plaintiffs will be
given twenty days leave to file a Second Amended Complaint.  If a
Second Amended Complaint is not filed, the Court will proceed
with this action on the basis of Counts I through VI of the
Amended Complaint.

An appropriate Order will be entered.