## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 1:06-cv-408 |
| GEICO Casualty Company, et al. | * | |
| Defendants | * | **CLASS ACTION** |

\* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Defendants, Government Employees Insurance Company, GEICO Casualty Company, GEICO General Insurance Company and GEICO Indemnity Company, by their undersigned counsel, submit this Answer to First Amended Class Action Complaint, and in support thereof, state:

1. Paragraph 1 of the First Amended Class Action Complaint contains no allegations which require a response.

2. Paragraph 2 of the First Amended Class Action Complaint is merely descriptive of the nature of the cause of action and no response to the factual allegation is required. To the extent a response is required, the Defendants deny the allegations.

3. The Defendants are without knowledge or information sufficient to form a belief as to Mr. Johnson's address. The Defendants admit that Mr. Johnson was insured as alleged and deny that all claims tendered were reasonable and necessary.

4. The Defendants are without knowledge or information sufficient to form a belief as to Ms. Anderson's address. The Defendants admit that Ms. Anderson was insured as alleged and deny that all claims tendered were reasonable and necessary.

5. The Defendants admit the allegations contained in paragraph 5 of the First Amended Class Action Complaint.

6. The Defendants admit the allegations contained in paragraph 6 of the First Amended Class Action Complaint.

7. The Defendants admit the allegations contained in paragraph 7 of the First Amended Class Action Complaint.

8. The Defendants admit the allegations contained in paragraph 8 of the First Amended Class Action Complaint.

9. No response is required to paragraph 9 of the First Amended Class Action Complaint pursuant to the Court's Order of September 27, 2007.

10. The Defendants admit that they issue automobile insurance policies in Delaware which include personal injury protection.

11. The Defendants admit that their policies provide coverage as required by law and are without knowledge or information sufficient to form a belief as to the intention of legislators.

12. The Defendants admit that they advertise their insurance products and admit that they have utilized various slogans including the slogan quoted in paragraph 12 of the First Amended Class Action Complaint.

13. The Defendants admit that they have derived premium revenues from the sale of insurance policies in Delaware, but deny that they failed to pay covered PIP benefits.

14. The requirements of 21 Del. C. § 2118B are set forth in the statute and thus, no response to paragraph 14 is required.

15. The requirements of 21 Del. C. § 2118B are set forth in the statute and thus no response regarding those requirements is required. To the extent this paragraph implies the Defendants acted in bad faith, the Defendants deny the allegation.

16. Defendants deny that a PIP claimant may file suit with the Department of Insurance. Defendants admit that a PIP claimant may elect to file with the Insurance Commissioner's Office for an Insurance Commissioner's Arbitration. The Defendants deny that the Department of Insurance "always" directs Defendants to pay PIP benefits. The Defendants further deny that they improperly reduce payments or improperly deny benefits.

17. The requirements of 21 Del. C. § 2118 and 2118B are set forth within the statutes and thus no response regarding those requirements is required. The Defendants' contractual obligations are set forth in their insurance policies  The Defendants admit that they are required to pay reasonable medical bills for medically necessary and causally related medical treatment within the limits of their policies.

18. The requirements for PIP coverage are set forth within pertinent provisions of the Delaware Code. The Defendants admit that their handling of PIP claims is in compliance with the statutes and their insurance policies.

19. The Defendants deny that they have made express promises that their insureds would save money and they further deny that they make any promises regarding coverage under their policies other than what is stated within the policies. They further deny that they have not honored their obligations under policies issued to Delaware residents or pursuant to Delaware law.

20. The Defendants deny the allegations contained in paragraph 20 of the First Amended Class Action Complaint.

21. The Defendants deny the allegations contained in paragraph 21 of the First Amended Class Action Complaint.

22. The Defendants deny the allegations contained in paragraph 22 of the First Amended Class Action Complaint.

23. The Defendants admit that they review medical expenses and analyze PIP claims. The Defendants further admit that they pay PIP related expenses in conformance with Delaware law and their contractual obligations. The Defendants deny the remaining allegations in paragraph 23 of the First Amended Class Action Complaint.

24. The allegations contained paragraph 24 of the First Amended Class Action Complaint are argument and do not require a response from these Defendants. To the extent that a response is required, Defendants deny the allegations in paragraph 24 of the First Amended Class Action Complaint.

25. The Defendants deny that GEICO's insureds are held liable for unpaid medical bills. The Defendants are without knowledge or information sufficient to form a belief as to how Delaware doctors handle unpaid medical bills. The Defendants are without knowledge or information sufficient to form a belief as to the intentions of the

Delaware General Assembly. The Defendants deny that they offer no protection to their insureds in the event of a dispute.

26. The Defendants deny that they wrongfully and arbitrarily deny PIP benefits and deny that the denial of any benefits is done without a credible medical basis.

27. The Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the First Amended Class Action Complaint but admit that Mr. Johnson paid insurance premiums to GEICO.

28. The Defendants admit that Mr. Johnson was a named insured on July 16, 2004 and admit that Mr. Johnson claims to have been injured in an automobile accident on that date.

29. The allegations contained in paragraph 29 of the First Amended Class Action Complaint are unreasonably vague. To the extent this paragraph implies that GEICO improperly handled Mr. Johnson's PIP claims, the Defendants deny that allegation.

30. The Defendants deny the allegations contained in paragraph 30 of the First Amended Class Action Complaint.

31. The Defendants deny the allegations contained in paragraph 31 of the First Amended Class Action Complaint.

32. The Defendants admit that Mr. Johnson claims to have sought medical treatment from various healthcare providers and further admits that medical bills and records were submitted to GEICO.

33. The exhibits referenced in paragraph 33 speak for themselves and do not require a response from the Defendants.

34. The Defendants admit the allegations contained in paragraph 34 of the First Amended Class Action Complaint.

35. The Defendants deny that Mr. Johnson satisfied his burden of proving that certain treatment was necessary or that certain bills were reasonable. The Defendants admit that they made payment to Neurology Associates for a CAT scan in the amount of $721 and further assert that amount was the reasonable amount for the services rendered. The Defendants further state that the referenced exhibits speak for themselves.

36. The Defendants state that the referenced exhibit speaks for itself. The Defendants deny that their payment decisions were unjustified.

37. The Defendants state that the referenced exhibit speaks for itself. The Defendants deny that any reasonable medical bills for necessary medical treatment, causally related to the subject motor vehicle collision remain unpaid.

38. The Defendants state that the referenced exhibit speaks for itself. The Defendants are without knowledge or information sufficient to form a belief as to what Mr. Johnson and his personal injury attorney may have been advised.

39. The allegations contained in paragraph 39 of the First Amended Class Action Complaint are not specific enough to provide the Defendants with knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

40. The Defendants deny the allegations contained in paragraph 40 of the First Amended Class Action Complaint.

41. The Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 41 of the First Amended Class Action Complaint but admit that Ms. Anderson paid insurance premiums to GEICO.

42. The Defendants admit that Ms. Anderson was a named insured on August 3, 2004 and admit that Ms. Anderson claims to have been injured in an automobile accident on that date.

43. The allegations contained in paragraph 43 of the First Amended Class Action Complaint are unreasonably vague. To the extent this paragraph implies that GEICO improperly handled Ms. Anderson's PIP claims, the Defendants deny that allegation.

44. The Defendants deny the allegations contained in paragraph 44 of the First Amended Class Action Complaint.

45. The Defendants deny the allegations contained in paragraph 45 of the First Amended Class Action Complaint.

46. The Defendants state that the referenced exhibits speak for themselves.

47. The Defendants state that the referenced exhibits speak for themselves.

48. The Defendants state that the referenced exhibits speak for themselves.

49. The Defendants state that the referenced exhibits speak for themselves.

50. The Defendants state that the referenced exhibits speak for themselves.

51. The allegations contained in paragraph 51 of the First Amended Class Action Complaint are not specific enough to provide the Defendants with knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

52. The Defendants deny the allegations contained in paragraph 52 of the First Amended Class Action Complaint.

53. The Defendants deny that this matter may be properly maintained as a class action and deny that the Superior Court Rules are applicable. The Defendants

further deny that the definition of the alleged class is adequate or that it complies with the Federal Rules of Civil Procedure.

54. The Defendants deny that the number of GEICO policyholders who would fit within the class definition is so numerous as to meet the requirements of Fed. R. Civ. P. 23(a)(1).

55. The Defendants generally deny all of the allegations contained in paragraph 55 of the First Amended Class Action Complaint and its subparts. The Defendants deny that there are common questions of law and fact and further state that the applicability of the allegations contained in subparagraphs "a" through "n" require a case by case, individualized determination.

56. The Defendants deny that the claims of Mr. Johnson and Ms. Anderson are typical of other members of the proposed class and further deny that the claims of Johnson and Anderson are not typical of each other. The Defendants further deny any impropriety in handling the PIP claims of Johnson or Anderson and deny that they engage in fraudulent practices.

57. The Defendants deny that Mr. Johnson and Ms. Anderson are adequate representatives of the proposed class and deny that the allegations of paragraph 57 are sufficient to allege adequacy of representation of their counsel.

58. The Defendants generally deny that adjudicating the issues alleged in the First Amended Class Action Complaint in a class action is a superior means of handling the disputes.

59. The Defendants deny that the proposed class could be certified under any provision of the Superior Court Rules and further state that, to the extent Plaintiffs intend

to allege Fed. R. Civ. P. 23(b)(1) and (2), the Defendants deny that a class would be certifiable under those Rules either.

60. The Defendants deny the allegations contained in paragraph 60 of the First Amended Class Action Complaint. The Defendants deny any fraudulent concealment and further deny that there is any tolling of any applicable statute of limitations with respect to any class member's claim. The Defendants further state that their claims decisions are communicated to policyholders at the time those decisions are made.

61. The Defendants adopt and incorporate by reference their responses to paragraphs 1 through 60 herein.

62. The Defendants admit that they are required to comply with Delaware law and the terms of their insurance policies.

63. The Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63 of the First Amended Class Action Complaint because the terminology used is vague and subject to multiple interpretations. The Defendants admit that they are required to comply with the requirements of Delaware law and their insurance policies.

64. The Defendants deny the allegations contained in paragraph 64 of the First Amended Class Action Complaint.

65. The Defendants deny the allegations contained in paragraph 65 of the First Amended Class Action Complaint.

66. The Defendants deny the allegations contained in paragraph 66 of the First Amended Class Action Complaint and further state that the determination of justiciable

controversies sufficient to justify entry of declaratory judgment is subject to an individualized case by case determination for each purported class member.

67. The Defendants deny the allegations contained in paragraph 67 of the First Amended Class Action Complaint and further state that, any need for declaratory relief would be subsumed within the context of other specific Counts of the First Amended Class Action Complaint.

68. The Defendants deny that any such judgment could be entered except on an individualized, case by case basis.

69. The Defendants adopt and incorporate by reference their responses to paragraphs 1 through 68 herein.

70. The Defendants are without knowledge or information sufficient to form a belief as to why the Plaintiffs and purported class members purchased GEICO insurance and further state that the reasons for purchasing GEICO insurance require an individualized case by case determination for each Plaintiff and purported class member. The extent to which purported class members paid their insurance premiums is also subject to an individualized determination.

71. The Defendants deny the allegations contained in paragraph 71 of the First Amended Class Action Complaint.

72. The Defendants deny the allegations contained in paragraph 72 of the First Amended Class Action Complaint.

73. The Defendants adopt and incorporate by reference their responses to paragraphs 1 through 72 herein.

74. The Defendants deny the allegations contained in paragraph 74 of the First Amended Class Action Complaint.

75. The Defendants deny the allegations contained in paragraph 75 of the First Amended Class Action Complaint.

76. The Defendants deny the allegations contained in paragraph 76 of the First Amended Class Action Complaint.

77. The Defendants deny the allegations contained in paragraph 77 of the First Amended Class Action Complaint.

78. The Defendants adopt and incorporate by reference their responses to paragraphs 1 through 77 herein.

79. The Defendants deny the allegations contained in paragraph 79 of the First Amended Class Action Complaint.

80. The Defendants deny the allegations contained in paragraph 80 of the First Amended Class Action Complaint.

81. The Defendants adopt and incorporate by reference their responses to paragraphs 1 through 80 herein.

82. The Defendants admit that they were required to comply with Delaware law and the terms of their insurance policies.

83. The Defendants are without knowledge or information sufficient to form a belief as to why the Plaintiffs and purported class members purchased GEICO insurance and further state that the reasons for purchasing GEICO insurance require an individualized case by case determination for each Plaintiff and purported class member.

The extent to which purported class members paid their insurance premiums is also subject to individual analysis.

84. The Defendants deny the allegations contained in paragraph 84 of the First Amended Class Action Complaint, but admit that they are required to comply with Delaware law and the terms of their insurance policies.

85. The Defendants deny the allegations contained in paragraph 85 that Defendants did not deal fairly with their insureds but admit that they are required to comply with Delaware law and the terms of their insurance policies.

86. The Defendants deny making any false representations.

87. The Defendants deny the allegations contained in paragraph 87 of the First Amended Class Action Complaint.

88. The Defendants deny the allegations contained in paragraph 88 of the First Amended Class Action Complaint.

89. The Defendants deny the allegations contained in paragraph 89 of the First Amended Class Action Complaint.

90. The Defendants deny that they made any false representations and further deny the remaining allegations in paragraph 90 of the First Amended Class Action Complaint.

91. The Defendants are without knowledge of information sufficient to form a basis as to why the Plaintiffs and purported class members purchased GEICO insurance and further state that their reasons for purchasing GEICO insurance requires an individualized case by case determination for each Plaintiff and purported class member.

92. The Defendants deny that they made any false representations and deny that Plaintiff justifiably relied on any alleged misrepresentations.

93. The Defendants deny the allegations contained in paragraph 93 of the First Amended Class Action Complaint.

94. The Defendants deny the allegations contained in paragraph 94 of the First Amended Class Action Complaint.

95. The Defendants adopt and incorporate by reference their responses to paragraphs 1 through 94 herein.

96. The Defendants deny the allegations contained in paragraph 96 of the First Amended Class Action Complaint.

97. The Defendants deny the allegations contained in paragraph 97 of the First Amended Class Action Complaint.

98. The Defendants deny the allegations contained in paragraph 98 of the First Amended Class Action Complaint.

99-113. By Order of September 27, 2007, the Court has dismissed Counts VII, VIII and IX of the First Amended Class Action Complaint and, therefore, no response is required to paragraphs 99-113 of the First Amended Class Action Complaint.

### FIRST AFFIRMATIVE DEFENSE

The First Amended Class Action Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims of Plaintiffs and the purported class members are barred by the doctrine of accord and satisfaction.

**THIRD AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and the purported class members are barred by the doctrine of collateral estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and the purported class members are barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and the purported class members are barred by the doctrine of release.

**SIXTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and the purported class members are barred by the statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims of Plaintiffs and the purported class members are barred by the doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' assertion that they are entitled to prosecute this case as a class action is denied as Plaintiffs are unable to demonstrate that they can satisfy the requirements of Federal Rule Civil Procedure 23.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Plaintiffs lack standing to bring such claims and there is no justiciable issue presented for judicial resolution.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs haven not actually incurred the medical expenses they seek.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they are not ripe.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they are moot.

### THIRTEEN AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to mitigate damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrine of equitable estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrine of ratification.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to exhaust administrative remedies.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that any matters have already been determined in any other judicial or administrative proceeding and are subject to the doctrine as *res judicata*, claim preclusion, or issue preclusion.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs' claim for punitive damages is barred because Defendants at all times and places mentioned in the First Amended Class Action Complaint acted reasonably and in good faith, and without malice or oppression towards the Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants allege that to the extent punitive damages are permissible, which Defendants specifically deny, Defendants are entitled to a bifurcated trial on any punitive damages claim against them.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The causes of action asserted herein by Plaintiffs fail to state facts sufficient to constitute a cause of action in that Plaintiffs have asserted claims for punitive damages which, if granted, would violate the prohibition against laws impairing the obligation of contracts set forth in Article I, Section 10 of the United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive or exemplary damages are barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment to the United States Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs' First Amended Class Action Complaint fails to state facts sufficient to support an award of punitive or exemplary damages against them. The First Amended Class Action Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendants' right to procedural due process and equal

protection of the laws as guaranteed by the Fourteenth Amendment of the United States Constitution, and fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Class Action Complaint lacks the required numerosity as to be certified for a class action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Class Action Complaint lacks the required common questions of law and fact as to be certified as a class.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not typical of the class.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs' First Amended Class Action Complaint fails to set out its claims with sufficient particularity to permit Defendants to raise all appropriate defenses and thus, Defendants reserve the right to add additional defenses as the factual basis for these claims become known.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Neither Plaintiffs nor their counsel will adequately represent the rights and interests of putative class members.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The First Amended Class Action Complaint fails to assert a claim where a class can be certified because handling this matter as a class action is not a superior means for adjudicating the controversy.

## THIRTIETH AFFIRMATIVE DEFENSE

The First Amended Class Action Complaint fails to assert a claim where a class can be certified because individual questions will predominate over any common questions that may exist.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Each Plaintiff's claim, as well as those of the putative class members, will necessarily be determined on a case-by-case basis with the result that individual questions will predominate over any common question that may exist.

**WHEREFORE**, the Defendants pray for the following relief:

A. That class Plaintiff Johnson's and Anderson's claim be dismissed;

B. That this case not be certified as a class action case under Federal Rule of Civil Procedure 23;

C. That this Court deny Plaintiffs' claim for declaratory relief, or in the alternative declare that GEICO has not breached their contracts with their insureds and has not violated 21 Del. C. §2118, and 6 Del. C. 2513;

D. That this Court deny Plaintiffs' claim for injunctive relief;

E. That this Court deny Plaintiffs' claim for punitive damages;

F. That this Court deny Plaintiffs' claim for treble damages;

G. That this Court deny Plaintiffs' claims for compensatory, consequential and incidental damages; and

   H. That this Court deny the Plaintiffs' claim for attorneys' fees, disbursements, costs and pre-judgment and post-judgment interest.

| | |
|---|---|
| */s/ Gary Alderson* | */s/ George M. Church* |
| Gary Alderson, Trial Bar No. 3895 | George M. Church |
| Dawn L. Becker, Trial Bar No. 2975 | Laura A. Cellucci |
| LAW OFFICES OF DAWN L. BECKER | MILES & STOCKBRIDGE P.C. |
| Citizens Bank Center | 10 Light Street |
| 919 Market Street | Baltimore, Maryland 21202 |
| Suite 725 | 410-727-6464 |
| Wilmington, Delaware  19801 | |
| 302-778-5786 | |
| ***Attorneys for Defendants*** | ***Attorneys for Defendants*** |
| | ***Admitted Pro Hac Vice*** |

## CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on this 19th day of October, 2007, a copy of the foregoing was served electronically and/or by first class mail, postage prepaid, to:

> Richard H. Cross, Jr., Esquire
> Christopher P. Simon, Esquire
> CROSS & SIMON, LLC
> 913 North Market Street
> 11th Floor
> P.O. Box 1380
> Wilmington, Delaware  19899-1380
>
> Attorneys for Plaintiffs

                */s/ Gary Alderson*
                Gary Alderson