UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 1:06-cv-408 |
| GEICO Casualty Company, et al. | * | **CLASS ACTION** |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Propounded pursuant to Federal Rules of Civil Procedure

**TO:**   **Plaintiff Kerry Johnson**

**FROM:**   **Defendants Government Employees Insurance Company, GEICO Casualty Company, GEICO General insurance Company, and GEICO Indemnity Company**

Defendants, Government Employees Insurance Company, GEICO Casualty Company, GEICO General Insurance Company, and GEICO Indemnity Company, by undersigned counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that the Plaintiff Kerry Johnson produce and permit the Defendants and/or their representatives to inspect and copy, or cause to be copied by photostat or other appropriate means, the particular documents in Plaintiff's possession and/or the Plaintiff's custody or control as hereinafter set forth. Defendants request that such production, inspection and copying take place within thirty (30) days of receipt of this request at the offices of LAW OFFICES OF DAWN L. BECKER, Citizens Bank Center, 919 Market Street, Suite 725, Wilmington, Delaware 19801. Compliance with this request may be made by mailing

copies of such documents to the above-mentioned address within thirty (30) days of the receipt of this request.

## I. DEFINITIONS AND INSTRUCTIONS

This request is subject to the following definitions and instructions.

A.  "Documents" is used in its broadest possible sense and means any writing or record of any type or description whatsoever, whether sent or received or not, and whether created by you or not, including, but not limited to, agreements, correspondence, letters, telegrams, cables, messages, tapes, films, photographs, interoffice communications, memoranda, reports, records, accounts, ledgers, journals, balance sheets, income statements, financial records, bills of sale, purchase orders, invoices, bills of lading, checks, receipts, minutes, minutes of meetings, instructions, specifications, notes, notations, workpapers, notebooks, diaries, papers, appointment books, telephone logs, photocopies, plats, plans, drawings, sketches, maps, models, charts, surveys, blueprints, descriptions, motion pictures, recordings, published or unpublished speeches or articles, publications, transcripts of telephone conversations, interviews, statements or any other retrievable data (whether encarded, taped or coded, electrostatically, electromagnetically or otherwise)--in your possession, custody or control or known to you--wherever located, however produced or reproduced, whether an original, copy or reproduction or facsimile (including, but not limited to carbon, handwritten, typewritten, microfilmed, photostatic or xerographic copies), and including any nonidentical copy (whether different from the original because of any alterations, notes, comments or other material contained thereon or attached thereto, or otherwise), regardless of its author or origin--together with any attachment thereto or enclosure therewith.

B.  "You" and "your" means the Plaintiff, Kerry Johnson , in this action as well as the Plaintiff's agents, employees, representatives or attorneys.

2

C.   "Defendants" means Government Employees Insurance Company, GEICO Casualty Company, GEICO General Insurance Company, and GEICO Indemnity Company in this action and their agents, employees, representatives or attorneys.

D.   "Relate to", when used in connection with any request for a document or category of documents, means recordings, summarizing, digesting, referring to, commenting upon, describing, consisting of, reporting, listing, analyzing, studying, evidencing or otherwise discussing in any way the subject matter identified in a request.

E.   "Communication" or "communications" includes, without limitation, any oral communication, whether transmitted in meetings, by telephone, telegraphs, telex cable, tape recording, or otherwise, and all written communication.

F.   The use herein of the words "and" and "or" shall include "and/or".

G.   The use herein of the singular shall include the plural and the use of the plural shall include the singular.

H.   The use of the words "person" or "persons" shall include individuals (including directors, officers, employees, representatives and agents), associations, partnerships, corporations and divisions of corporations.

I.   If privilege is asserted with respect to any documents, please identify the document and state specifically the basis of the privilege.

J.   If a request asks for documents which no longer exist, then in response to such request:

    1.   identify each such document;

    2.   identify all information that was contained in each such document;

    3.   state the date when each such document ceased to exist;

3

      4.     state what happened that caused each such document to cease to exist;

      5.     state why each such document was caused to, or happened to, cease to exist;

      6.     state the time periods during which such types of documents were maintained;

      7.     identify each person having personal knowledge of the circumstances under which each such document ceased to exist; and

      8.     identify each person having knowledge of each such document and state the substance of said knowledge.

     K.     These requests are continuing in character so as to require you to file a supplementary response if you obtain further documents before trial.

## II. DOCUMENTS TO BE PRODUCED

**REQUEST NO: 1:** Any and all documents as defined above identified in your Answers to Interrogatories.

**REQUEST NO: 2:** All documents as defined above that support one or more of the allegations set forth in the First Amended Class Action Complaint.

**REQUEST NO: 3:** All documents received from or sent to any representative of Defendants concerning the subject matter of the First Amended Class Action Complaint.

**REQUEST NO: 4:** All written reports of each person whom you expect to call as an expert witness at trial.

**REQUEST NO: 5:** The most recent resume or curriculum vitae of each expert whom you expect to call as an expert witness at trial.

**REQUEST NO: 6:** All notes, and documents prepared or reviewed in connection with their assignment in this case by each person whom you expect to call as an expert witness at trial.

4

**REQUEST NO: 7:** All drafts, working papers, or documents generated by each witness, whom you intend to call as an expert at trial, in connection with the opinion and subjects on which the witness is expected to testify.

**REQUEST NO: 8:** All releases, settlement agreements or any and all other documents reflecting settlement of any lawsuits or claims arising out of your July 16, 2004 accident identified in the First Amended Class Action Complaint.

**REQUEST NO: 10:** Any written, recorded, and/or transcribed statement of the Defendants, their agents, representative or employees concerning the subject matter of this action.

**REQUEST NO: 11:** All documents, including but not limited to estimates, bills, receipts, invoices or other statements supporting your claim for damages.

**REQUEST NO: 12:** All documents, including but not limited to photographs of the accident scene and vehicles, property damage estimates and payments, police reports, diagrams, notes, and all other documents prepared by any police officer or agency you have in your possession and control regarding your July 16, 2004 accident identified in the First Amended Class Action Complaint.

**REQUEST NO: 13:** All documents, including but not limited to, medical bills, medical records, PIP claims, complaints, or related pleadings, discovery responses, correspondence, releases, settlement agreements, and any other relevant documents relating to any accidental injury sustained by you, either prior or subsequent to your July 16, 2004 accident identified in the First Amended Class Action Complaint, including the motor vehicle accidents you were involved in on July 31, 1995 and October 18, 2002, and your claims for workers' compensation benefits for incidents which occurred on November 2, 1999 and December 1998.

**REQUEST NO. 14**:  All documents, including but not limited to any claim forms, orders, awards, correspondence regarding any claim you have filed or intend to file with the Social Security Administration.

**REQUEST NO. 15**:  All documents, including but not limited to any claim forms, orders, awards, correspondence regarding any claim you have filed or intend to file for workers' compensation benefits.

**REQUEST NO. 16:**  All copies of the insurance policies, correspondence, notes, or any other documents received from Defendants which you contend provide coverage to you for the July 16, 2004 accident identified in the First Amended Class Action Complaint.

**REQUEST NO. 17:**  All documents as defined above to support your claim that the medical bills incurred and submitted in support of your claim for PIP benefits were reasonable and the treatment rendered was necessary and causally related to your accident of July 16, 2004.

**REQUEST NO. 18:**  All documents as defined above to support your claim that Defendants denied payment of covered PIP benefits without "reasonable justification."

**REQUEST NO. 19:**  All documents as defined above which support your claims as set forth in Count III for Bad Faith Breach of Contract.

**REQUEST NO. 20:**  All documents as defined above which support your claims as set forth in Count IV for Breach of the Duty of Fair Dealing.

**REQUEST NO. 21:**  All documents as defined above which support your claims as set forth in Count V Common Law Fraud that Defendants acted fraudulently in their evaluation of PIP claims and/or in their claims handling practices.

**REQUEST NO. 22:**  All documents as defined above to support your claim in Count VI Consumer Fraud that Defendants engaged in deception, fraud, false pretense, false promise,

misrepresentation, concealment, suppression or omission of material facts with their insured with the intent that their insureds and prospective customer rely on Defendants' conduct in connection with the sale or advertisement of Defendants' products.

**REQUEST NO. 23**: All documents as defined above to support your claim for attorneys' fees under 21 Del. C. §§ 2118 and 2118B.

**REQUEST NO. 24:** All documents as defined above to support your claim for punitive damages under Count III Bad Faith Breach of Contract, Count IV Breach of the Duty of Fair Dealing, Count V Common Law Fraud, and Count VI Consumer Fraud.

**REQUEST NO. 25**: All documents as defined above to support your claim for treble damages which you allege are recoverable under 6 Del. C. § 2513.

Gary W. Alderson, Trial Bar No. 3895
Dawn L. Becker, Trial Bar No. 2975
LAW OFFICES OF DAWN L. BECKER
Citizens Bank Center
919 Market Street
Suite 725
Wilmington, Delaware 19801
302-778-5786
*Attorneys for Defendants*

George M. Church
Laura A. Cellucci
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
410-727-6464

*Attorneys for Defendants*
*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of November, 2007, a copy of the foregoing was mailed, first class mail, postage prepaid, to:

>Richard H. Cross, Jr., Esquire
>Christopher P. Simon, Esquire
>CROSS & SIMON, LLC
>913 North Market Street
>11th Floor
>P.O. Box 1380
>Wilmington, Delaware 19899-1380
>
>Attorneys for Plaintiffs

Gary W. Alderson