## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF DELAWARE

KERRY JOHNSON and
SHARON ANDERSON,
on behalf of themselves and all
others similarly situated,

      Plaintiffs,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
GEICO CASUALTY COMPANY,
GEICO GENERAL INSURANCE
COMPANY, and GEICO INDEMNITY
COMPANY,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 1:06-cv408 (JJF)


NON-ARBITRATION

TRIAL-BY JURY DEMANDED


CLASS ACTION

## STIPULATED CONFIDENTIALITY ORDER

    It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

    a)    "Confidential" or "Confidential Information" or "Confidential Documents" as used herein, references any information of any type, kind or character which the party reasonably believes to be confidential and which is designated as "Confidential" by Plaintiffs or Defendants whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise, which information has not been made available to the public at large and which concerns or relates to information of a personal nature which would not generally be disclosed to the public, trade secrets or other confidential research, development, or commercial information, including but not limited to the processes, operations, production, sales, income, profits, losses, savings, internal analysis of any of the aforementioned, training manuals or marketing information, pricing information, insurance rating information, internal forecasts, profit information, marketing strategies and approaches, terms of executory contracts related to product and pricing, proprietary documents, manuals, data compilations, trade secrets, confidential research or other similar materials produced, authored, or otherwise the property of outside

vendors or other non-parties to this litigation and documents or personal information relating to insureds.

b)    Review of the Confidential Documents or Confidential Information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or information or objections to production.

c)    The inadvertent, unintentional, or in camera disclosure of a Confidential Document or Confidential Information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

d)    Documents or other information may be designated Confidential by the producing party provided such documents or information has not previously been disclosed by the producing party on a non-confidential basis to anyone except those in its employment or those retained by it. Confidential Documents or parts thereof will be designated by marking each page of the document as "Confidential." Other types of electronic information will be marked Confidential in a manner consistent with the manner in which the information is maintained. Parties will only label or identify documents or information as Confidential which they, in good faith, believe are within the definition of Confidential set forth in paragraph a) above.

e)    Documents or information designated Confidential shall be shown only to the attorneys, the attorneys' staff, the parties, parties' experts, actual or proposed witnesses, and other persons whom the attorneys deem necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is provided with copies of Confidential Documents or Confidential Information shall first be shown a copy of this Stipulated Confidentiality Order and shall be required to execute an Acknowledgement of Stipulated Confidentiality Order in the form attached hereto as Exhibit A agreeing to be bound by this Stipulated Confidentiality Order and submitting to the jurisdiction of the United States District Court for the District of Delaware for purposes of enforcement of this Stipulated Confidentiality Order. Signed Acknowledgment Forms shall be kept by the disclosing attorney. If ordered by the Court, the signed Acknowledgment Forms will be provided to the Court under seal. Any Confidential Documents or Confidential Information disclosed or produced in this Civil Action No. 1:06-cv-408 (JJF) may be used only in Civil Action No. 1:06-cv-408 (JJF).

f)    If a party believes that a document or information designated Confidential by the producing party does not warrant such designation, the party's counsel shall first make a good faith effort to resolve such a dispute with opposing counsel. In the event that a dispute regarding a confidentiality designation cannot be resolved by the parties, either

party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

g)    At the time of deposition or within 30 days after receipt of the deposition transcript, a party may designate as Confidential specific portions of the transcript which contain Confidential matters under the standards set forth in paragraph (a) above. This designation shall be in writing and served upon opposing counsel. No objection shall be interposed at deposition that an answer would elicit Confidential information. Transcripts will be treated as Confidential for this 30 day period. Any portions of a transcript designated Confidential shall thereafter be treated as Confidential in accordance with this Confidentiality Order. In filing materials with the Court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated Confidential, and only those specific portions of briefs, applications, and other filings that contain verbatim Confidential Information, or that set forth the substance of such Confidential Information.

h)    Nothing herein shall restrict a party: (1) from using or disclosing Confidential Documents or Confidential Information obtained by such party independent of discovery or disclosure in this action, whether or not such documents or information is also obtained through discovery or disclosure in this action; or (2) from disclosing its own Confidential Documents or Confidential Information as it deems appropriate; or (3) from making any disclosures ordered by the Court. In the event a party knowingly and intentionally chooses to disclose its own Confidential Documents or Confidential Information in a non-confidential manner, it shall be deemed to have waived the right to claim confidentiality to that document and all related documents.

i)    If at any time in the future any person demands by subpoena or other compulsory process (collectively, "subpoena") the production of Confidential Documents or Confidential Information governed by this Stipulated Confidentiality Order, the party served with the non-party subpoena must notify the party that produced the Confidential Documents and/or Confidential Information within seven (7) days of receipt of the subpoena or at least 48 hours prior to the time that the subpoena is to be complied with, whichever is earlier, in order to provide counsel for the party who produced the Confidential Documents and/or Confidential Information with sufficient information and an opportunity to protect the interests of the producing party by opposing the subpoena.

j)    Within sixty (60) days of the termination of this litigation in its entirety, including any appellate process, the originals and all copies of Confidential Documents or documents referencing Confidential Information, including the Confidential Documents or documents referencing Confidential Information disclosed or produced in Civil

Action No. 1:06-cv-408 (JJF) shall be destroyed or shall be given to the party who produced such Confidential Information or Confidential Documents. All individuals who have received Confidential Documents or Confidential Information shall certify in writing that all such documents or information has been returned or destroyed. The counsel for the party receiving such certifications shall maintain copies of the same and shall have them available to provide to the party whose Confidential Documents or Confidential Information was provided to the individual.

k)     This Stipulated Confidentiality Order shall survive the termination of this case, and the Court shall retain jurisdiction to enforce the terms of this Stipulated Confidentiality Order. Any party who signs this Stipulated Confidentiality Order or who receives Confidential Information or Confidential Documents covered by this Order agrees to be subject to the jurisdiction of this Court with respect to any dispute involving the subject matter of this Stipulated Confidentiality Order.

[signature page follows]

Dated _Nov. 26, 2007_ .

CROSS & SIMON, LLC

By:

_____
Richard H. Cross, Jr. (No. 3576)
Christopher P. Simon (No. 3697)
913 North Market Street
11ᵗʰ Floor
P.O. Box 1380
Wilmington, Delaware  19899-1380
_Attorneys for Plaintiffs_


LAW OFFICES OF DAWN L. BECKER

By:

_____
Gary W. Alderson (No. 3895)
Citizens Bank Center
919 Market Street
Suite 725
Wilmington, Delaware  19801
302-778-5786
_Attorneys for Defendants_


BY THE COURT:


_____
The Honorable Joseph J. Farnan
United States District Court


**STIPULATED CONFIDENTIALITY ORDER (_Johnson, et al. v. GEICO Casualty Company, et al._)**
**Page 5**

# EXHIBIT A

## EXHIBIT A

### EXPERTS OR CONSULTANTS
### ACKNOWLEDGMENT OF STIPULATED CONFIDENTIALITY ORDER

1.      My full name is _____

2.      My address is _____

3.      My present employer is _____

4.      My present occupation or job description is _____

5.      I have been retained by counsel for **(insert party)** to act as an **(insert expert or consultant)** with respect to the above-captioned action.

6.      I have received a copy of the Stipulated Confidentiality Order entered in Civil Action No. 1:06-cv-408. I have carefully read and understand the provisions of the Stipulated Confidentiality Order. I will comply with all of the provisions of the Stipulated Confidentiality Order.

7.      I will not disclose any Confidential Documents or Confidential Information to any persons, except as allowed under this Stipulated Confidentiality Order. I will use any such Confidential Documents and Confidential Information only with respect to my services as an expert with respect to this Civil Action 1:06-cv-408 (JJF)

8.      At the conclusion of the litigation, when I have been advised in writing by counsel for whom I am acting as an expert or consultant, I will either destroy or return all Confidential Documents and Confidential Information that comes into my possession to an attorney representing the party that has employed or retained me. At the conclusion of the litigation, when I have been advised in writing by counsel for whom I am acting as an expert or consultant, I will likewise destroy or provide all documents which I have prepared which contain or reference such Confidential Documents or Confidential Information to an attorney representing the party that has employed or retained me. I will provide a written statement to the attorney who hired me representing that I have either returned all copies of Confidential Documents or Confidential Information to said attorney along with any notes or documents I have created referencing said Confidential Documents or Confidential Information or that I have destroyed all such Confidential Documents or Confidential Information.

9.      I submit to the jurisdiction of this Court for the purposes of enforcement of this Stipulated Confidentiality Order.

        DATED this ___ day of _____, 200 ___.

**STIPULATED CONFIDENTIALITY ORDER (*Johnson, et al. v. GEICO Casualty Company, et al.*)**
Page 5