DOCKET NO. *70*

DATE *3/28/08*

COPY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON and<br>SHARON ANDERSON,<br>on behalf of themselves and all<br>others similarly situated, | )<br>)<br>)<br>) | |
| | ) | |
| Plaintiffs, | ) | C.A. No. 1:06-cv408 (JJF) |
| v. | )<br>) | |
| GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY,<br>GEICO CASUALTY COMPANY,<br>GEICO GENERAL INSURANCE<br>COMPANY, and GEICO INDEMNITY<br>COMPANY, | )<br>)<br>)<br>)<br>)<br>) | TRIAL-BY JURY DEMANDED<br><br>CLASS ACTION |
| | ) | |
| Defendants. | ) | |

## MOTION TO EXTEND DISCOVERY

### YOU ARE IN POSSESSION OF A DOCUMENT FILED
### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE
### THAT IS CONFIDENTIAL AND FILED UNDER SEAL

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2008 MAR 28  PM 4: 27

CROSS & SIMON, LLC
Richard H. Cross, Jr. (No. 3576)
Christopher P. Simon (No. 3697)
Kevin S. Mann (No. 4576)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
(302) 777-4200

*Attorneys for Plaintiffs*

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL.  REVIEW AND ACCESS TO THIS
DOCUMENT IS PROHIBITED EXCEPT BY COURT ORDER.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE STATE OF DELAWARE**

| | | |
|---|---|---|
| KERRY JOHNSON and SHARON ANDERSON, on behalf of themselves and all others similarly situated, | ) | |
| Plaintiffs, | ) | C.A. No. 1:06-cv408 (JJF) |
| v. | ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY, and GEICO INDEMNITY COMPANY, | ) | TRIAL-BY JURY DEMANDED<br>CLASS ACTION |
| Defendants. | ) | |

**YOU ARE IN POSSESSION OF A DOCUMENT FILED IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE THAT IS CONFIDENTIAL AND FILED UNDER SEAL**

If you are not authorized by Court order to view or retrieve this document, read no further than this page. You should contact the following person(s):

CROSS & SIMON, LLC
Richard H. Cross, Jr. (No. 3576)
Christopher P. Simon (No. 3697)
Kevin S. Mann (No. 4576)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380
(302) 777-4200

*Attorneys for Plaintiffs*

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY COURT ORDER.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF DELAWARE

KERRY JOHNSON and )
SHARON ANDERSON, )
on behalf of themselves and all )
others similarly situated, )
    )
        Plaintiffs, )    C.A. No. 1:06-cv408 (JJF)
    )
v. )
    )
GOVERNMENT EMPLOYEES )
INSURANCE COMPANY, )
GEICO CASUALTY COMPANY, )    TRIAL-BY JURY DEMANDED
GEICO GENERAL INSURANCE )
COMPANY, and GEICO INDEMNITY )
COMPANY, )    CLASS ACTION
    )
        Defendants. )

### NOTICE OF MOTION

To:    Dawn L. Becker, Esquire            George M. Church, Esquire
        Gary Alderson, Esquire             Laura A. Cellucci, Esquire
        Law Offices Of Dawn L. Becker     Miles & Stockbridge P.C.
        Citizens Bank Center              10 Light Street
        919 Market Street, Suite 725      Baltimore, Maryland  21202
        Wilmington, DE 19801

        **PLEASE TAKE NOTICE** that the undersigned will present the *Plaintiffs' Motion to Extend*

*Discovery* to the Honorable Joseph J. Farnan on April 11, 2008, at 2:00 p.m. or as soon thereafter as may

be heard.

Dated:  March 28, 2008           CROSS & SIMON, LLC
        Wilmington, Delaware

                          *Kevin S. Mann*
            By: _____
                Richard H. Cross, Jr. (No. 3576)
                Christopher P. Simon (No. 3697)
                Kevin S. Mann (No. 4576)
                913 North Market Street, 11th Floor
                P.O. Box 1380
                Wilmington, Delaware  19899-1380
                (302) 777-4200
                (302) 777-4224 facsimile

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL.  REVIEW AND ACCESS TO THIS DOCUMENT IS
PROHIBITED EXCEPT BY COURT ORDER.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON and<br>SHARON ANDERSON,<br>on behalf of themselves and all<br>others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 1:06-cv408 (JJF) |
| v. | ) ) | |
| GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY,<br>GEICO CASUALTY COMPANY,<br>GEICO GENERAL INSURANCE<br>COMPANY, and GEICO INDEMNITY<br>COMPANY, | ) ) ) ) ) ) | TRIAL-BY JURY DEMANDED<br><br>CLASS ACTION |
| Defendants. | ) ) | |

## PLAINTIFFS' MOTION TO EXTEND DISCOVERY

Plaintiffs Kerry Johnson and Sharon Anderson (collectively, "Plaintiffs"), by and through undersigned counsel, hereby move pursuant to Federal Rule of Civil Procedure 26(b)(2) for an order extending the written discovery deadline, allowing Plaintiffs to take additional depositions, and allowing Plaintiffs to propound additional interrogatories. In support hereof, Plaintiffs respectfully state as follows:

1.     On November 9, 2007, Plaintiffs filed under certification of counsel a proposed scheduling order governing discovery in this case (the "Scheduling Order"). The proposed Scheduling Order followed, and was a result of, Rule 26 discussions by and between counsel on the timing and scope of discovery, and the needs of the parties to gather information in this case. The Court entered the Scheduling Order on November 13, 2007 in the form agreed to by the parties. [D.I. No. 36]

2.     On November 2, 2007, Plaintiffs served Defendants with their First Set of Interrogatories Directed to Defendants. Plaintiffs' interrogatories seek information relating to the very specific

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY COURT ORDER.

1

averments in Plaintiffs' complaint, relating to GEICO's methods, practices and procedures for reviewing, reducing, denying, and delaying PIP benefits for Defendants' Delaware insureds.

2.    On December 12, 2007, Defendants responded to Plaintiffs' written discovery requests, stating numerous objections to, and failing to respond fully, completely, accurately and in detail to numerous interrogatories propounded by Plaintiffs. Additionally, Defendants failed to identify specific documents responsive to Plaintiffs' requests.

3.    The parties conferred extensively in an effort to resolve Defendants' objections and, to resolve what Plaintiffs believed were inadequate and incomplete responses to Plaintiffs' discovery. Plaintiffs even agreed to conduct a Rule 30(b)(6) deposition to aid in resolving this impasse. When discussions and correspondence proved fruitless, on February 25, 2008, Plaintiffs filed motions to compel seeking relief from this court, and an order compelling Defendants to fully and adequately respond to Plaintiffs' written discovery. The hearing on the motions to compel is scheduled for April 11, 2008 at 2:00 p.m.

4.    In an effort to keep discovery moving forward, the parties have scheduled depositions, which they plan to conduct, notwithstanding their impasse over written discovery. However, the current schedule designates May 2, 2008 as the deadline to complete written discovery. Based on their experience in this case to date, Plaintiffs anticipate that they will need to issue follow-up written discovery after depositions are taken.

5.    Additionally and importantly, Plaintiffs now believe the original agreed-upon limitation of 20 depositions is simply untenable, and will prejudice the Plaintiffs' right and ability to fully and fairly prosecute this case.

6.    Discovery in these cases is governed by the Federal Rules of Civil Procedure. With respect to the scope of discovery, Rule 26 provides, in pertinent part, that a party may obtain discovery

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY COURT ORDER.

regarding any matter, not privileged, that is relevant to the claim or defense of any party.  In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery." *Westchester Fire Ins. Co. v. Household Int'l, Inc.*, 2005 WL 23351, *2 (D. Del. 2005) (Exhibit A hereto); *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir.1999) (citing *In re Madden*, 151 F.3d 125, 128 (3d Cir.1998)).

7.      In preparing the Rule 16 Scheduling Order, Defendants would only agree to allow 60 interrogatories and 20 depositions.  At the time, Plaintiffs believed that 60 interrogatories would be sufficient; in light of Defendants' narrow and limited responses and objections to date, including what Plaintiffs believe are an improperly narrow reading of the questions by Defendants, and what appears to be a pattern of post-facto discovery or disclosure by Defendants of new information, Plaintiffs now believe that they will need leave to pose additional, written questions to Defendants following depositions.

8.      Additionally, Defendants have made it abundantly clear that they will not cooperate in limiting the number of depositions to be taken in this case.  In Defendants' Rule 26(a)(1) Initial Disclosures [D.I. No. 40], served after the parties agreed to the Scheduling Order, ██████████████ ██████████████████████████████████████████████████████████.[1]  In response to a Rule 30(b)(6) notice of deposition, for instance, in which ████████████████████████ ██████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████ ████████████████████████.

_____

[1] It should be noted that ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████. Furthermore, GEICO has ██████████████████████████████████████████████████████ ████████████████████████████████████████████████.

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL.  REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY COURT ORDER.

3

9.    Additionally, in response to Plaintiffs' Interrogatories, for the first time and without detailed explanation of how such services are provided, Defendants identified ███████████████. ████████████████████████████████████████. Plaintiffs now anticipate taking depositions of those parties. Further, Defendants have not ██████████████████████ ████████████████████. Given Defendants' conduct to date, if limited to 20 depositions, Plaintiffs are left with the real possibility that numerous key witnesses or parties with knowledge of key facts will never be deposed.

10.    Had Defendants provided full, accurate and detailed answers to Plaintiffs' interrogatories, Plaintiffs would likely be able to narrow the scope of discovery and limit the number of depositions. But Defendants appear intent on limiting information that they will provide in response to written discovery, which only means that Plaintiffs will need to expand the scope of oral examination discovery to find facts not immediately disclosed. Here, discovery being sought is not unreasonably cumulative or duplicative, and is not obtainable from some other source. Plaintiffs have not had ample opportunity to obtain the sought information and further interrogatories and depositions will only be unduly burdensome on the Defendants if Defendants continue their current practices. While Plaintiffs believe this Court should overrule Defendants' objections, and compel Defendants to provide accurate, full and adequate responses to previously served written discovery, Plaintiffs also believe that Defendants' conduct warrants leave from restrictions imposed by the Scheduling Order.

WHEREFORE, for the reasons set forth herein, Plaintiffs respectfully request that the Court enter an order extending the written discovery deadline by 90 days, allowing Plaintiffs to take additional depositions, and allowing Plaintiffs to propound additional interrogatories and awarding Plaintiffs the costs and expenses related to filing and prosecuting this motion and such other relief as the Court deems just and proper.

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL. REVIEW AND ACCESS TO THIS DOCUMENT IS PROHIBITED EXCEPT BY COURT ORDER.

Dated:  March 28, 2008                        CROSS & SIMON, LLC
        Wilmington, Delaware

                                    By: _____

                                        Richard H. Cross, Jr. (No. 3576)
                                        Christopher P. Simon (No. 3697)
                                        Kevin S. Mann (No. 4576)
                                        913 North Market Street, 11th Floor
                                        P.O. Box 1380
                                        Wilmington, Delaware  19899-1380
                                        (302) 777-4200

                                        *Attorneys for Plaintiffs*

THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL.  REVIEW AND ACCESS TO THIS DOCUMENT IS
PROHIBITED EXCEPT BY COURT ORDER.

# Exhibit A

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 23351 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

H
Westchester Fire Ins. Co. v. Household Intern., Inc.
D.Del.,2005.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
WESTCHESTER FIRE INSURANCE CO., Plaintiff,
v.
HOUSEHOLD INTERNATIONAL, INC., House-
hold Retail Services, Inc., Household Bank (SB),
N.A., Beneficial National Bank USA, Defendants.
No. Civ.A. 02-1328 JJF.

Jan. 5, 2005.

J.R. Julian, of J.R. Julian, P.A., Wilmington,
Delaware, James J. Duggan, and Michael T. Glas-
cott, of Lustig & Brown, LLP, Buffalo, New York,
for Plaintiff, of counsel.
John A. Parkins, Jr., of Richards, Layton & Finger,
Wilmington, Delaware, John H. Mathias, Jr., Chris-
topher C. Dickinson, John P. Wolfsmith, Joseph F.
Arias, and Daniel Shim, of Jenner & Block LLP,
Chicago, Illinois, for Defendants, of counsel.

*MEMORANDUM OPINION*

FARNAN, J.
*1 Presently before the Court are (1) the Motion
For Protective Order (D.I.72) filed by Plaintiff on
June 18, 2004; (2) the Motion To Compel Discov-
ery Relating To Financial Institutions Endorsement
(D.I.74) filed by Defendants on June 18, 2004; (3)
the Motion To Compel Deposition Of Westchester's
Corporate Representative Witness (D.I.75) filed by
Defendants on June 18, 2004; and (4) the Motion
To Compel Discovery Relating To Westchester's
Denials And Defenses (D.I.76) filed by Defendants
on June 18, 2004.

BACKGROUND

This litigation stems from Defendants' claim that
Plaintiff Westchester committed fraud by allegedly

selling comprehensive liability insurance to De-
fendants that turned out to have a value far below
its purported worth. Underlying this dispute are
claims of fraud alleged by consumers against De-
fendants, arising from the sale or financing of satel-
lite television systems and other consumer products.

In March 1998, Defendant Beneficial National
Bank USA ("Beneficial") filed suit against
Westchester in this Court seeking declaratory relief
concerning coverage for fraudulent lending claims
involving credit card accounts. In October 2000,
this Court granted Westchester's motion for sum-
mary judgment, holding that a Financial Institutions
Endorsement ("FIE") excluded coverage for predat-
ory lending claims. In May 2002, Defendant
Household International, Inc., Household Retail
Services, Inc., and Household Bank (SB), N.A.
(collectively, "Household") filed suit in federal
court in Illinois alleging that Westchester fraudu-
lently induced Household to purchase insurance
policies that excluded coverage for errors and omis-
sions ("E & O") claims. The case was transferred to
this Court and consolidated with a case brought by
Westchester seeking declaratory judgment that
predatory lending claims were not covered by any
Westchester policy.

There are three Westchester insurance policies at
issue in this case. Two were issued to Household
and one was issued to Beneficial.

Discovery in this lawsuit began in November 2003.
In June 2004, Defendants filed motions to compel
seeking (1) discovery related to the drafting, mean-
ing, interpretation, or intent of Westchester's FIE
(D.I.74); (2) discovery relating to the factual under-
pinnings of issues Westchester raised by way of its
denial and defenses to Defendants' claims (D.I.76);
and (3) Westchester's designation of one or more
representative witnesses to provide deposition testi-
mony on the topics listed in (1) and (2) above
(D.I.75).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 23351 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 2

The Court heard Oral Argument on these Motions on September 14, 2004. Because depositions of Defendants' insurance brokers, Johnson & Higgens, were scheduled to take place in November 2004, the Court directed Defendants to show from the brokers' testimony the relevance of the requested discovery to each of Defendants' motions to compel. Defendants submitted a Supplemental Brief In Support Of Motions To Compel Discovery. (D.I.111).

### DISCUSSION

#### I. Legal Standard

**\*2** In relevant part, Rule 26 provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."Fed.R.Civ.P. 26(b)(1). In the Third Circuit, "it is well recognized that the federal rules allow broad and liberal discovery."*Pacitti v. Macy's,* 193 F.3d 766, 777-78 (3d Cir.1999) (citing *In re Madden,* 151 F.3d 125, 128 (3d Cir.1998)).

#### II. Parties' Contentions

The parties make the same general arguments to support all four pending motions.

Westchester contends that Defendants' discovery should be limited to the specific manner in which Westchester allegedly misrepresented, tacitly or otherwise, coverage under the subject policies. Specifically, Westchester contends that Westchester's understanding of the FIE, the underlying insurance claims or other similar claims is not relevant to Defendants' fraud claim because there is no dispute as to the meaning of the FIE. Westchester argues that Defendants have not yet identified the acts or misrepresentations upon which Defendants are alleged to have relied upon to their detriment.

Defendants contend that fraud claims necessarily place at issue the alleged defrauder's knowledge and intent. Thus, Defendants contend that meaningful pursuit of their fraud claims requires discovery of Westchester's understanding of the FIE.

#### III. Defendants' Motion To Compel Discovery Relating To Financial Institutions Endorsement (D.I.74)

By their motion, Defendants seek to compel production of documents relating to the drafting, meaning, interpretation, or intent of the FIE. In the alternative, Defendants seek permission to depose a 30(b)(6) witness in order to explore Westchester's institutional knowledge with regard to the FIE.

Westchester responds that interpretation of the FIE is not a part of this case, as there is no dispute as to its meaning.

Defendants now contend that the broker testimony demonstrates that further inquiry into Westchester's intent with regard to the FIE is warranted. Specifically, Defendants contend that "the lack of evidence that Defendants or the brokers strenuously objected to the FIE's inclusion in the policy supports Defendants' position that no one understood that the FIE would later be interpreted as restricting coverages as significantly as it has."(D.I. 111 at 12).

After reviewing the deposition testimony, Defendants' arguments, and documents provided in support of Defendants' motions to compel discovery, I conclude that Defendants have not demonstrated the relevance of the discovery requested with regard to the FIE. Defendants do not contend that Westchester withheld from Defendants or their brokers the existence or the contents of the FIE at any time during negotiation of the purchase of the umbrella policy. Rather, Defendants focus on the parties' contemporaneous intent, understanding, and representations with regard to the FIE's meaning. I find that there is no testimony suggesting that Defendants' insurance brokers requested or relied upon

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 23351 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 3

having the type of coverage that the FIE excludes. In fact, one of the insurance brokers, Mr. Pallis, testified that "providing coverage for fraud is against public policy and not covered by insurance."(D.I. 112, Ex. D at 70.) Notwithstanding the liberal discovery standard in the Third Circuit, for these reasons I conclude that Defendants have not demonstrated that discovery as to the meaning, scope, interpretation, drafting, or origin of the FIE is relevant to their fraud claim against Winchester, or that such discovery is reasonably calculated to lead to the discovery of admissible evidence. Thus, I will deny Defendant's Motion To Compel Discovery Relating To Financial Institutions Endorsement (D.I.74).

**IV. Motion To Compel Deposition Of Westchester's Corporate Representative Witness (D.I.75) filed by Defendants**

*3 Defendants' request, for the reasons described in sections II and III above, that Westchester present corporate representative testimony on the following topics: Westchester's understanding of the FIE, Westchester's intent in drafting the FIE, Westchester's intent in employing the FIE in its policies, and Westchester's intent in employing the FIE at the time a claim is made.

For the reasons given with regard to Defendants' Motion To Compel (D.I.74) in Section III above, I conclude that Defendants have not demonstrated that the requested discovery is relevant to their fraud claim against Winchester, or that such discovery is reasonably calculated to lead to the discovery of admissible evidence. Thus, I will deny Defendants' Motion To Compel Deposition Of Westchester's Corporate Representative Witness (D.I.75).

**V. Motion To Compel Discovery Relating To Westchester's Denials And Defenses (D.I.76) filed by Defendants**

By their motion, Defendants seek an order compel-

ling further responses to Interrogatory Nos. 6(a), 6(b), 6(f), 6(j), 6(k), 6(l), and 6(m).

With regard to Interrogatories 6(a) and 6(b), Westchester has offered to provide an amended response. Defendants have not indicated that they find Westchester's proposed amended responses insufficient.

With regard to Interrogatory Nos. 6(f), 6(j), and 6(l), in its response Westchester agrees to supplement its response.

With regard to Interrogatory Nos. 6(k) and 6(m), Defendants do not set forth in their brief (D.I.76) reasons why Westchester's responses are inadequate.

I find that the parties at this time do not require the Court's assistance to resolve their dispute with regard to Interrogatory 6. Thus, I will deny the Motion To Compel Discovery Relating To Westchester's Denials and Defenses (D.I.76) with leave to renew should Defendants find Westchester's amended responses insufficient.

**VI. Motion For Protective Order (D.I.72) filed by Plaintiff**

By its motion, Westchester seeks a protective order vacating or limiting the scope of the depositions of Westchester's Rule 30(b)(6) witnesses to only such topics that are germane to this case. Westchester seeks also to vacate or limit Defendants' November 2003 demand for documents directed to westchester. Westchester contends that Defendants' discovery should be limited to the specific manner in which Westchester allegedly misrepresented, tacitly or otherwise, coverage under the subject policies.

Because I determined that the discovery sought by Defendants is not relevant under Rule 26, the Court need not decide whether Westchester is entitled to a protective order. Thus, I will deny as moot the Motion For Protective Order (D.I.75) filed by Plaintiff.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2005 WL 23351 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

### CONCLUSION

In sum, I will (1) deny the Motion To Compel Dis-
covery Relating To Financial Institutions Endorse-
ment (D.I.74) filed by Defendants; (2) deny the
Motion To Compel Deposition Of Westchester's
Corporate Representative Witness (D.I.75) filed by
Defendants; (3) deny with leave to renew the Mo-
tion     To     Compel     Discovery     Relating     To
Westchester's Denials And Defenses (D.I.76) filed
by Defendants; and (4) deny as moot the Motion
For Protective Order (D.I.72) filed by Plaintiff.

*4 An appropriate Order will be entered.

D.Del.,2005.
Westchester Fire Ins. Co. v. Household Intern., Inc.
Not Reported in F.Supp.2d, 2005 WL 23351 (D.Del.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

KERRY JOHNSON and )
SHARON ANDERSON, )
on behalf of themselves and all )
others similarly situated, )
)
      Plaintiffs, )   C.A. No. 1:06-cv408 (JJF)
)
v. )
)
GOVERNMENT EMPLOYEES )
INSURANCE COMPANY, )
GEICO CASUALTY COMPANY, )   TRIAL-BY JURY DEMANDED
GEICO GENERAL INSURANCE )
COMPANY, and GEICO INDEMNITY )
COMPANY, )   CLASS ACTION
)
      Defendants. )

## ORDER

UPON CONSIDERATION OF Plaintiffs' Motion to Extend Discovery (the "Motion") and any

response thereto,

IT IS HEREBY ORDERED that:

1.    Plaintiffs' Motion is hereby GRANTED;

2.    The written discovery deadline shall be extended an additional 90 days to July 31, 2008;

3.    Plaintiffs may take additional depositions;

4.    Plaintiffs may propound and Defendants shall answer additional interrogatories.

Dated:_____                _____
                                   The Honorable Joseph J. Farnan
                                   United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March 2008, a true and correct copy of the foregoing

*Plaintiffs' Motion to Extend Discovery* was served on the following counsel of record in the manner

indicated:

**BY HAND DELIVERY**
Dawn L. Becker, Esquire
Gary Alderson, Esquire
LAW OFFICES OF DAWN L. BECKER
Citizens Bank Center
919 Market Street, Suite 725
Wilmington, DE 19801


**BY FIRST CLASS MAIL**
George M. Church, Esquire
Laura A. Cellucci, Esquire
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland  21202


Kevin S. Mann (No. 4576)


THIS DOCUMENT IS CONFIDENTIAL AND FILED UNDER SEAL.  REVIEW AND ACCESS TO THIS DOCUMENT IS
PROHIBITED EXCEPT BY COURT ORDER.