UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 1:06-cv-00408-JJF |
| GEICO CASUALTY COMPANY, et al. | * | |
| Defendants | * | **CLASS ACTION** |

\* \* \* \* \* \* \* \* \* \* \* \*

## OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY

Defendants, Government Employees Insurance Company, GEICO Casualty Company, GEICO General Insurance Company and GEICO Indemnity Company, by their undersigned counsel and oppose Plaintiffs' Motion to Extend Discovery (Doc. No. 70) and for reasons therefore, state:

1.  The Plaintiffs have filed a Motion to extend by 90 days the time for completion of the deadline for exchange and completion of interrogatories, identification of all fact witnesses and document production from the current deadline of May 2, 2008. Plaintiffs also request permission to increase the number of depositions that they may take by an unspecified number and to propound an unspecified number of additional interrogatories. In the absence of good cause being shown, as required by Fed. R. Civ. Proc. 16(b)(4) and for the reasons set forth herein, the Defendants urge the Court to deny Plaintiffs' Motion.

2.  One reading Plaintiffs' Motion would get the impression that the Defendants somehow forced the Plaintiffs to accept the deadlines and discovery quotas they are now trying to change. Nothing could be further from the truth. On

October 5, 2007, <u>Plaintiffs'</u> counsel circulated a draft Rule 16 Scheduling Order to Defendants, a copy of which is attached hereto and marked as **Exhibit A**. In their draft Rule 16 Scheduling Order, the <u>Plaintiffs</u> proposed that the "[e]xchange and completion of interrogatories, identification of all fact witnesses and document production shall be commenced so as to be completed by (four months after Answer)." (**Ex. A**, ¶3(a)) If Plaintiffs' proposal had been accepted, that deadline would have expired on <u>February 22, 2008</u>. It was actually the Defendants' suggestion that the later (agreed) date of May 2, 2008, be selected, which provided the parties with 2 ½ more months than the Plaintiffs had originally proposed for completion of these activities.

3. With respect to the number of depositions, Plaintiffs initially proposed 25 depositions per side. (**Ex. A**, ¶3(d)) Defendants' countered with 15 and the parties ultimately <u>agreed</u> to 20 depositions per side. The Plaintiffs also argue that they will need "to pose additional, written questions to Defendants <u>following depositions</u>". (Plaintiffs' Motion at ¶7). Yet, interestingly, in their initial draft Rule 16 Scheduling Order, Plaintiffs proposed that "depositions shall not commence until the [written discovery is] completed". Id. Indeed, it was the Defendants suggestion that no limitation be placed on when depositions could commence. If depositions were truly needed before Plaintiffs could draft proper questions, they should have planned for that during the six months they agreed to for written discovery.

4. As for the number of Interrogatories, Plaintiffs falsely claim that "<u>Defendants would only agree to allow 60 Interrogatories</u> ...." (Plaintiffs' Motion at ¶7). Yet, <u>Plaintiffs</u> initially proposed a maximum of only <u>50</u> Interrogatories by each party to any other party. (**Ex. A**, ¶3(b)) Just prior to finalizing the agreed Scheduling Order, Plaintiffs requested <u>and Defendants agreed</u> to increase the number of Interrogatories to

2

60. Notwithstanding the fact that under the current scheduling order, it is now too late to file additional Interrogatories, the Plaintiffs only utilized 45 of their allotted 60 Interrogatories and now seek permission to file even more. Under these circumstances, it would be patently unfair to permit Plaintiffs to propound more Interrogatories upon Defendants.

    5.    The Plaintiffs also state that "Defendants have made it abundantly clear that they will not cooperate in limiting the number of depositions to be taken in this case." That statement is plainly wrong. In a 30(b)(6) Deposition Notice filed on March 17, 2008, Plaintiffs requested that Defendants produce a witness to identify adjusters responsible for the Johnson and Anderson PIP files and other individuals who authorized payment and/or reimbursement of their medical bills. From the list of 78 employees originally identified by Defendants who had some contact with the Plaintiffs' claims, the Defendants identified in a letter of March 26, 2008, eight adjusters who, at one time or another, had primary responsibility for the two files and also identified seven supervisors or managers who authorized payments. That is precisely the information that Plaintiffs requested and it is disingenuous for them now to argue that Defendants are not cooperating. Also of note is the fact that three of the adjusters identified in counsel's March 26, 2008, letter were also identified by the Plaintiffs in their Rule 26(a)(1) Disclosures as persons having discoverable information. The Plaintiffs have been represented by counsel since early in the history of their PIP claims and they have had Defendants' complete claims files since early December, 2007. They are fully aware of the GEICO associates who were most actively involved in these claims and their argument that they don't know who to depose is patently absurd.

6. Finally, the Plaintiffs argue in several places that they need more time to propound more discovery because of the Defendants' failure to properly respond to the discovery previously filed.  Of course, the accuracy of that argument will ultimately be decided following the April 11, 2008, hearing.  As set forth in Defendants pleadings and as will be argued at the hearing, the Defendants believe they have fully and properly responded to Plaintiffs' discovery within the bounds and scope of the discovery Rules.  It cannot go unsaid, however, that when Plaintiffs sue large corporations, it is a simple task to propound enormously broad, burdensome and otherwise unreasonable discovery requests with but a few strokes of a computer keyboard.  The Plaintiffs here have had every opportunity to discover this case within the scope of the scheduling order.  They have failed to demonstrate good cause why they should be permitted additional time for written discovery, nor have they justified the need for additional interrogatories or depositions. The Defendants urge the Court to deny Plaintiffs Motion which, if granted, would significantly add to the burden of all concerned.

WHEREFORE, it is prayed that the Plaintiffs' Motion to Extend Discovery be denied.

 /s/ Gary W. Alderson
Gary W. Alderson, Trial Bar No. 3895
Dawn L. Becker, Trial Bar No. 2975
LAW OFFICES OF DAWN L. BECKER
Citizens Bank Center
919 Market Street
Suite 460
Wilmington, Delaware  19801
302-778-5786
***Attorneys for Defendants***

> George M. Church
> Laura A. Cellucci
> MILES & STOCKBRIDGE P.C.
> 10 Light Street
> Baltimore, Maryland 21202
> (410) 727-6464
> ***Attorneys for Defendants***
> ***Admitted Pro Hac Vice***

## CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that on the 7th day of April, 2008, a copy of the foregoing was served by electronic filing and/or first class mail, postage prepaid, to:

> Richard H. Cross, Jr., Esquire
> Christopher P. Simon, Esquire
> CROSS & SIMON, LLC
> 913 North Market Street
> 11th Floor
> P.O. Box 1380
> Wilmington, Delaware 19899-1380

　　　　　　　　　　　　　*/s/ Gary W. Alderson*
　　　　　　　　　　　　　Gary W. Alderson, Trial Bar No. 3895

# Exhibit A

## Church, George M.

| | |
|---|---|
| **From:** | Kevin Mann [KMann@crosslaw.com] |
| **Sent:** | Friday, October 05, 2007 2:51 PM |
| **To:** | Church, George M.; Becker, Dawn (Del. Staff Counsel) |
| **Cc:** | Cellucci, Laura A.; Chris Simon; Richard Cross |
| **Subject:** | proposed scheduling orgder |
| **Attachments:** | Rule 16 Scheduling Order.rtf |

OK. We'll set up the conference call for Tuesday 10/9 at 4:30 p.m. I'll email everyone with the call-in info shortly.

Attached is a rough draft of a proposed scheduling order based on Judge Farnan's standard order for your review.

Thanks,

Kevin S. Mann, Esq.
Cross & Simon, LLC
913 N. Market Street
11th Floor
P.O. Box 1380
Wilmington, DE 19899-1380
Ph: (302) 777-4200
Fax: (302) 777-4224
Email: kmann@crosslaw.com

This e-mail communication is confidential and is intended only for the individual or entity named above. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this e-mail in error by replying to the e-mail or by telephoning 302-777-4200. Please then delete the e-mail and any copies of it. Thank you.

---

**From:** Church, George M. [mailto:GCHURCH@MilesStockbridge.com]
**Sent:** Friday, October 05, 2007 2:43 PM
**To:** Becker, Dawn (Del. Staff Counsel); Kevin Mann
**Cc:** Cellucci, Laura A.
**Subject:** RE: Johnson v. GEICO

I am too.

---

**From:** Becker, Dawn (Del. Staff Counsel) [mailto:DaBecker@geico.com]
**Sent:** Friday, October 05, 2007 1:07 PM
**To:** Kevin Mann; Church, George M.
**Cc:** Cellucci, Laura A.
**Subject:** RE: Johnson v. GEICO

I am available.

Dawn

---

**From:** Kevin Mann [mailto:KMann@crosslaw.com]

**Sent:** Friday, October 05, 2007 1:01 PM
**To:** Church, George M.
**Cc:** Becker, Dawn (Del. Staff Counsel); Cellucci, Laura A.
**Subject:** RE: Johnson v. GEICO

George,

Are you available at 4:30 on Tuesday 10/9?

Thanks,

Kevin S. Mann, Esq.
Cross & Simon, LLC
913 N. Market Street
11th Floor
P.O. Box 1380
Wilmington, DE 19899-1380
Ph: (302) 777-4200
Fax: (302) 777-4224
Email: kmann@crosslaw.com

This e-mail communication is confidential and is intended only for the individual or entity named above. If you are not the intended recipient, please do not read, copy, use or disclose the contents of this communication to others. Please notify the sender that you have received this e-mail in error by replying to the e-mail or by telephoning 302-777-4200. Please then delete the e-mail and any copies of it. Thank you.

---

**From:** Church, George M. [mailto:GCHURCH@MilesStockbridge.com]
**Sent:** Thursday, October 04, 2007 5:57 PM
**To:** Kevin Mann
**Cc:** Becker, Dawn (Del. Staff Counsel); Cellucci, Laura A.
**Subject:** Johnson v. GEICO

Mr. Mann,

    I'm sorry we have not been able to speak about the case. It has been a very tough week. We could discuss issues on Tuesday, 10/9 at 3 pm if that works for you. If you want to circulate some proposals for discussion topics beforehand, feel free to do so.

George M. Church
Miles & Stockbridge P.C.
10 Light Street
Baltimore, Maryland 21202
410-385-3839 Direct Line
410-385-3700 Fax
410-698-4500 Direct Fax

---

In accordance with Internal Revenue Service rules, any federal tax advice provided in this communication is not intended or written by the author to be used, and cannot be used by the recipient, for the purpose of avoiding penalties which may be imposed on the recipient by the IRS. Please contact the author if you would like to receive written advice in a format which complies with IRS rules and may be relied upon to avoid penalties.

Confidentiality Notice:

4/6/2008

This e-mail, including any attachment(s), is intended for receipt and use by the intended addressee(s), and may contain confidential and privileged information. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use or distribution of this e-mail is strictly prohibited, and requested to delete this communication and its attachment(s) without making any copies thereof and to contact the sender of this e-mail immediately. Nothing contained in the body and/or header of this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.

===========================================================================================

```
This email/fax message is for the sole use of the intended
recipient(s) and may contain confidential and privileged information.
Any unauthorized review, use, disclosure or distribution of this
email/fax is prohibited. If you are not the intended recipient, please
destroy all paper and electronic copies of the original message.
```


===========================================================================================

In accordance with Internal Revenue Service rules, any federal tax advice provided in this communication is not intended or written by the author to be used, and cannot be used by the recipient, for the purpose of avoiding penalties which may be imposed on the recipient by the IRS. Please contact the author if you would like to receive written advice in a format which complies with IRS rules and may be relied upon to avoid penalties.

Confidentiality Notice:
This e-mail, including any attachment(s), is intended for receipt and use by the intended addressee(s), and may contain confidential and privileged information. If you are not an intended recipient of this e-mail, you are hereby notified that any unauthorized use or distribution of this e-mail is strictly prohibited, and requested to delete this communication and its attachment(s) without making any copies thereof and to contact the sender of this e-mail immediately. Nothing contained in the body and/or header of this e-mail is intended as a signature or intended to bind the addressor or any person represented by the addressor to the terms of any agreement that may be the subject of this e-mail or its attachment(s), except where such intent is expressly indicated.

===========================================================================================

4/6/2008

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

| | |
|---|---|
| KERRY JOHNSON and<br>SHARON ANDERSON,<br>on behalf of themselves and all<br>others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY,<br>GEICO CASUALTY COMPANY,<br>GEICO GENERAL INSURANCE<br>COMPANY, and GEICO INDEMNITY<br>COMPANY,<br><br>      Defendants. | C.A. No. 1:06-cv408 (JJF)<br><br><br>NON-ARBITRATION<br><br>TRIAL-BY JURY DEMANDED<br><br>CLASS ACTION |

## RULE 16 SCHEDULING ORDER

The parties having satisfied their obligations under Fed. R. Civ. p. 26(f),

IT IS ORDERED that:

1. **Pre—Discovery Disclosures.** The parties will exchange by (30 days after Answer) the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Joinder of other Parties.** All motions to join other parties shall be filed on or before (after close of fact discovery).

3. **Discovery.**

    (a) Exchange and completion of interrogatories, identification of all fact witnesses and document production shall be commenced so as to be completed by (4 months after Answer)

    (b) Maximum of 50 interrogatories by each party to any other party.

1

(c) Maximum of 50 requests for admission by each party to any other party.

(d) Maximum of 25 depositions by plaintiff(s) and _____ by defendant(s). Depositions shall not commence until the discovery required by Paragraph 4 (a, b and c) are completed.

(e) Reports from retained experts required by Fed. R. Civ. P. 26(a) (2) are due from the plaintiff(s) by (10 months from Answer) ; from the defendant(s) by (11 months from Answer)

(f) Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties.

4. **Discovery Disputes.**

(a) A party seeking discovery which the opposing party refuses to provide shall file a motion (no brief) pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37.1. Said motion shall not exceed a total of four (4) pages. An Answer to the Rule 37 motion, not to exceed four (4) pages, shall be filed within five (5) days of service of the motion. No reply is permitted.

(b) All papers shall set forth in a plain and concise manner the issue(s) in dispute, the party's position on the issue(s), and the reasons for the party's position.

(c) Upon receipt of the Answer, the movant shall notify Chambers by email at jjf_civil@ded.uscourts.gov that the parties have completed briefing.

(d) Upon receipt of the movant's email, the Court will determine whether a conference is necessary and advise the parties accordingly.

(e)  There is no limit on the number of Rule 37 motions a party may file, unless otherwise ordered by the Court.

5. **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before (12 months after Answer).

6. **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before (12 months after Answer). Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court.

7. **Applications by Motion.**

(a)  Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995) . Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1. Briefs shall be limited to no more than ten (10) pages. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

(b)  No facsimile transmissions will be accepted.

(c)  No telephone calls shall be made to Chambers.

(d)  Any party with a true emergency matter requiring the assistance of the Court shall email Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

8. **Pretrial Conference and Trial.** After reviewing the parties' Proposed

Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to be held within sixty (60) to ninety (90) days of the Pretrial Conference.

_____          _____
DATE                                UNITED STATES DISTRICT JUDGE