IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON and<br>SHARON ANDERSON,<br>on behalf of themselves and all<br>others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES<br>INSURANCE COMPANY,<br>GEICO CASUALTY COMPANY,<br>GEICO GENERAL INSURANCE<br>COMPANY, and GEICO INDEMNITY<br>COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:06-cv408 (JJF)<br><br>NON-ARBITRATION<br><br>TRIAL-BY JURY DEMAND<br><br>CLASS ACTION |

### STIPULATED PROTECTIVE ORDER

The parties to the above action stipulate to the following protective order to supplement their existing Stipulated Confidentiality Order:

    1.    In connection with discovery proceedings in this action, third-party Medata, Inc. ("Medata") may designate any document, thing, material, testimony or other information derived there from as "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only" under the terms of this Stipulated Protective Order (the "Protective Order").

    2.    "Medata Confidential Information" means any information of any type, kind or character, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise, which information has not been made available to the public at large and which Medata reasonably believes concerns or relates to information of a personal nature which would not generally be disclosed to the public, trade secrets or other confidential research, development, or commercial information, including, but not limited to the processes, operations, production, sales, income, profits, losses, savings, internal analysis of any of the above, training manuals, operation manuals, marketing materials, pricing information, insurance rating information, internal forecasts, profit information, marketing strategies and approaches, terms of contracts relating to product, pricing and usage, proprietary documents, manuals, data compilations, software, confidential research or other similar materials produced, authored, derived from, or otherwise the property of Medata and documents or personal information relating to insureds. Further, "Medata Confidential Information—For Attorneys' Eyes Only" means Medata Confidential Information of a highly sensitive nature that if disclosed would reveal significant technical or business advantages of Medata and includes subject matter which is believed to be unknown to

the opposing party or parties, or third-parties, or any of the employees of the corporate parties or third-parties.

3. Medata Confidential Information and Medata Confidential Information—For Attorneys' Eyes Only shall be so designated by stamping copies of the documents produced to a party or other information supplied as "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only." Stamping the phrase "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the designating party.

4. Testimony taken at a deposition, conference, hearing or trial may be designated as "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only" by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter to separately bind such portions of the transcript containing information designated as "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only" and to label such portions appropriately. In addition, any party, including Medata, may designate information disclosed at such deposition, conference, hearing or trial as "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only" by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as confidential. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control.

5. Materials designated "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only" under this Protective Order, and the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only" shall be used only for the purpose of the prosecution, defense, or settlement of this action, C.A. No. 1:06-cv408(JJF), and for no other purpose. Further, at no time shall any "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only," or any portion thereof, be disclosed to counsel for Fair Isaac Corporation or to any employee, member or consultant of Fair Isaac Corporation (collectively, "Fair Isaac"). The parties acknowledge that Fair Isaac is a direct competitor of Medata and that disclosure of "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only" to Fair Isaac will cause Medata irreparable harm.

6. "Medata Confidential Information" produced or designated pursuant to this Protective Order may be disclosed or made available only to the Court (and any jury impaneled in this action), to counsel for a party (including in-house counsel, paralegals, clerical, secretarial and other staff employed by such counsel), and to the "Qualified Persons" designated below.

(a) a party, or any officer, director, or employee of a party, except Fair Isaac, deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) experts or consultants (together with their staff) retained by such counsel, except Fair Isaac, to assist in the prosecution, defense or settlement of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action, except any representative of or individual affiliated with Fair Isaac; and

(e) any other person as to whom Medata expressly agrees in writing.

7. "Medata Confidential Information—For Attorneys' Eyes Only" produced or designated pursuant to this Protective Order shall only be disclosed to (a) counsel for a party (including in-house counsel, paralegals, clerical, secretarial and other staff employed by such counsel), (b) expert consultants retained and/or employed to assist the parties' attorneys of record in this litigation, and (c) if necessary, the Court (and any jury impaneled in this action). In no event shall "Medata Confidential Information—For Attorneys' Eyes Only" be disclosed to any competitor of Medata, including, without limitation Fair Isaac, or to any expert consultants employed jointly or separately by a competitor of Medata.

8. Disclosure of "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only" to persons other than those specified in paragraphs 6 and 7 will be permitted only by the prior written consent of Medata. Further, each individual who receives "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only" pursuant to paragraphs 6 and/or 7 above shall be provided a copy of this Protective Order and shall sign the acknowledgement in the form attached as "Attachment A."

9. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from a party disclosing its own confidential information as it deems appropriate.

10. Documents unintentionally produced without designation as "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only" may be retroactively designated as such and shall be treated as set forth in this Protective Order as such from the date written notice of the designation is provided to the receiving party.

11. A party shall not be obligated to challenge the propriety of a designation as "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees at any stage of these proceedings with the designation by the designating party of any information as "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only," or the designation of any person as a Qualified Person, the parties, along with Medata, shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only." The party seeking to change the status of such information may move the Court for an order changing the designated status of such information fourteen (14) days after providing written notice of its objection.

12. The parties, along with Medata, may, by written stipulation, provide for exceptions to this Protective Order. Further, this Protective Order shall be without prejudice to the right of any party to present a motion to the Court for a separate protective order as to any

particular document or information, including restrictions differing from those as specified in this Order.

13. If "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only," including any portion of a deposition disclosing same, shall be filed in Court, such information shall be labeled "Confidential—Subject to Protective Order" and shall be filed under seal until further order of this Court.

14. In the event that any "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only" is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such information shall take all reasonable steps to maintain its confidentiality during such use.

15. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

16. The Court shall fashion an appropriate remedy or sanction for any violation of this Protective Order, including imposing monetary sanctions. Further, this Protective Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

17. Within sixty (60) days after the termination of this litigation and any appeal thereof, counsel for the receiving party of any "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only" shall assemble and return to each producing party all documents, materials and deposition transcripts designated as "Medata Confidential Information" or "Medata Confidential Information—For Attorneys' Eyes Only" and all copies of the same, or the receiving party shall destroy all such materials and provide to each producing party and Medata a declaration under oath confirming such destruction, including a detailed accounting of all materials destroyed, except as this Court may otherwise order.

18. If at any time in the future any person demands by subpoena or other compulsory process (collectively, "subpoena") the production of "Medata Confidential Information" and/or "Medata Confidential Information—For Attorneys' Eyes Only," the party served with the non-party subpoena must notify the party that produced the "Medata Confidential Information" and/or "Medata Confidential Information—For Attorneys' Eyes Only" and Medata within seven (7) days of receipt of the subpoena or at least 72 hours prior to the time that the subpoena is to be complied with, whichever is earlier, in order to provide counsel for the party who produced the information and Medata with sufficient information and an opportunity to protect the interests of the producing party and Medata by opposing the subpoena. The parties shall reasonably cooperate within the confines of any duties they may have to the court that issued the subpoena to ensure that such materials are not disclosed.

19. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of any such person to observe the terms of this Protective Order.

SO STIPULATED:

For Plaintiff:

Cross & Simon, LLC

Dated: April 7, 2008
By: /s/ CPS
Richard H. Cross, Jr. (No. 3576)
Christopher P. Simon (No. 3697)
913 North Market Street, 11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380

For Defendants:

Law Offices of Dawn L. Becker

Dated: 4/7/08
By: 
Gary W. Alderson (No. 3895)
Citizens Bank Center
919 Market Street, Suite 725
Wilmington, Delaware 19801

Miles & Stockbridge

Dated: 4/7/08
By: 

SIGNED AND ENTERED this 9 day of April, 2008.

The Honorable Joseph J. Farnan
United States District Court

STIPULATION AND PROTECTIVE ORDER (*Johnson, et al. v. GEICO Casualty Company, et al*)
PAGE 5

501751234

## ATTACHMENT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE STATE OF DELAWARE

| | |
|---|---|
| KERRY JOHNSON and SHARON ANDERSON, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY, and GEICO INDEMNITY COMPANY,<br><br>    Defendant. | C.A. No. 1:06-cv408 (JJF)<br><br>NON-ARBITRATION<br><br>TRIAL-BY JURY DEMAND<br><br>CLASS ACTION |

### STIPULATED PROTECTIVE ORDER ACKNOWLEDGEMENT

I, _____, do solemnly swear that I am aware of the terms of the Stipulated Protective Order in *Johnson, et al. v Government Employees Insurance Company, et al*, United States District Court for the State of Delaware, C.A. No. 1:06-cv408 (JJF), and hereby agree to comply with and be bound by the terms and conditions of said Stipulated Protective Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order. I also understand and acknowledge that any violation of the Stipulated Protective Order by me or anyone acting under my direction may be subject to penalties for contempt, including monetary sanctions.

Dated:

_____
(Signature)

_____
(Print or Type Name)