IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KERRY JOHNSON and<br>SHARON ANDERSON,<br>on behalf of themselves and all<br>others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GEICO CASUALTY COMPANY,<br>GEICO GENERAL INSURANCE<br>COMPANY, and GEICO INDEMNITY<br>COMPANY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 1:06-cv408 (JJF)<br>)<br>)<br>) NON-ARBITRATION<br>) TRIAL BY JURY DEMANDED<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE that the subpoena attached hereto as Exhibit A was served upon Dr. Willie Thompson on May 15, 2008.

                **CROSS & SIMON, LLC**

                _/s/ Kevin S. Mann_
                Richard H. Cross, Jr. (No. 3576)
                Christopher P. Simon (No. 3697)
                Kevin S. Mann (No. 4576)
                913 North Market Street, 11th Floor
                P.O. Box 1380
                Wilmington, Delaware 19899-1380
                (302) 777-4200
                (302) 777-4224 Facsimile
                rcross@crosslaw.com
                csimon@crosslaw.com
                kmann@crosslaw.com

                _Attorneys for Plaintiffs_

Dated: May 28, 2008

# Exhibit A

• AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF     DELAWARE

KERRY JOHNSON and SHARON ANDERSON,

V.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY, and GEICO INDEMNITY COMPANY.

**SUBPOENA IN A CIVIL CASE**

Case Number: 1:06-cv408 (JJF)

TO: Dr. Willie Thompson
1298 Cronson Blvd., Suite 203
Crofton, MD 21114

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Cross & Simon, LLC, 913 N. Market Street, 11th Floor, Wilmington, DE 19801 | May 27, 2008 at 11:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A, attached hereto.

| PLACE | DATE AND TIME |
|---|---|
| Cross & Simon, LLC, 913 N. Market Street, 11th Floor, Wilmington, DE 19801 | May 22, 2008 at 11:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] — PLAINTIFFS' COUNSEL | 5/12/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Kevin S. Mann, Esquire (No. 4576), Cross & Simon, LLC, 913 N. Market Street, 11th Floor, Wilmington, DE 19801, 302-777-4200

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

1 If action is pending in district other than district of issuance, state district under case number.

# Affidavit of Process Server

United States District Court District of Delaware
(NAME OF COURT)

kerry Johnson and Sharon Anderson  vs  Government Employees Insurance Co, Geico Casualty Company,   1:06-cv408 (JJF)
PLAINTIFF/PETITIONER                      DEFENDANT/RESPONDENT                                    CASE NUMBER

I Jesse Pipkin, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I served Dr. Willie Thompson
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) Subpoena and checks

by leaving with Dr. Willie Thompson        Self                         At
                   NAME                    RELATIONSHIP

☒ Residence 10814 Cherry Blossom Court, Adelphi, MD 20783-1043
             ADDRESS                                CITY / STATE
☐ Business
             ADDRESS                                CITY / STATE

On May 14, 2008                        AT 9:14 pm
   DATE                                   TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on n/a
                                                                              DATE
from
    CITY            STATE            ZIP

**Manner of Service:**
☒ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist  ☐ Other

**Service Attempts:** Service was attempted on: (1) 5/14/08   9:14 pm          (2)
                                                   DATE       TIME               DATE    TIME
(3)_____   (4)_____   (5)_____
   DATE  TIME      DATE  TIME      DATE  TIME

Description: Age 61 Sex B Race M Height 6'0" Weight 260 Hair BLK/GR Beard BLK/GR Glasses YES

SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 15th day of May, 20 08, by Jesse Pipkin,
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

MICHAEL S. TRUPPNER
Notary Public
Anne Arundel Co., MD
My Comm. Exps. March 1, 2011

SIGNATURE OF NOTARY PUBLIC
NOTARY PUBLIC for the state of Maryland



FORM 2        NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 05/14/2008 | 10814 Cherry Blossom Court<br>Adelphi, MD 20783-1043 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| DR. WILLIE E. THOMPSON | PERSONAL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| JESSE E. PIPKIN | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  5/15/08
DATE

SIGNATURE OF SERVER

PO Box 1319
ADDRESS OF SERVER

Lanham, MD 20703

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# SCHEDULE A

The following definitions and instructions apply.

## DEFINITIONS

1. "Dr. Thompson," "you," or "your" means Dr. Willie Thompson, including without limitation all of his attorneys, accountants, agents and any other persons or entities acting on his behalf.

2. "GEICO" means Government Employees Insurance Company, GEICO Casualty Company, GEICO General Insurance Company, and/or GEICO Indemnity Company, including without limitation all of its corporate locations, and all present and past predecessors, successors, parents, divisions, subsidiaries, agents, affiliates, partnerships, and joint ventures, and all past and present directors, officers, owners, members, representatives, employees, and agents of these entities.

3. The term "Plaintiffs" means Kerry Johnson and Sharon Anderson, on behalf of themselves and all others similarly situated, their attorneys, accountants, agents and any other persons or entities acting on their behalf.

4. The term "Insured" or "Insureds" means any person residing in the State of Delaware who is a party to an automobile insurance and/or related agreement with one or more of the Defendants, including, but not limited to Plaintiffs, from June 26, 2001 to the present, and anyone acting on their behalf.

5. The term "person" means not only natural persons, but also, without limitation, firms, proprietorships, corporations, partnerships, associations, unincorporated associations, and governmental bodies, agencies, and officials and every other type of organization or entity.

6. The term "document" means the original and all drafts and copies (including copies bearing notations or marks not found on the original) of any writings or printed, graphic or electronically recorded materials of any nature whatsoever, including but not limited to, correspondence, records, reports, memoranda, notes, calendar or diary entries, letters, facsimile transmissions, envelopes, e-mails, telegrams, telexes, telephone bills, other written communications, messages (including, but not limited to, reports of telephone conversations and conferences), studies, summaries, tabulations, analyses, printed matter, minutes, photographs, film, tapes (electronic, audio and visual), computer diskettes, data files, financial statements, contracts, agreements, other legal documents and instruments, journals, ledgers, other accounting records, canceled or returned checks, manuals, orders, statements, bills, receipts, vouchers, notebooks, data sheets and records kept by any other means. In all cases where originals and/or non-identical copies are not available, the term "document" also means identical copies of original documents and copies of non-identical copies.

7. This definition includes all documents in your actual or constructive possession, custody or control, or in the possession, custody or control of your employer, attorneys, or agents. If any document was, but is no longer, in your possession or subject to your control or was known to you, but is no longer in existence, state whether it is:

    (a)    missing or lost;

    (b)    has been destroyed;

    (c)    has been transferred, voluntarily or involuntarily, to others; or

    (d)    otherwise disposed of and, in such instance, explain in detail the circumstances surrounding the authorization for such disposition and state the date or approximate date thereof.

8. The term "identify" means, when used in reference to:

(a) a document, to state separately (i) its description (e.g., letter, report, memorandum, etc.), (ii) its date, (iii) its subject matter, (iv) the identity of each author or signer, (v) its present location and the identity of its custodian, (vi) the number of pages, and (vii) if any such document is no longer in your possession or subject to your control, to state what disposition was made of it and the date of the disposition.

(b) a natural person or persons, to state separately (i) the full name of each such person, (ii) his or her present, or last known, business address, and (iii) his or her present, or last known, residential address;

(c) an organization or entity other than a natural person (e.g., a company, corporation, firm, association, or partnership), to state separately (i) the full name and type of organization or entity, (ii) the date and state of organization or incorporation, (iii) the address of each of its principal places of business, and (iv) the nature of the business conducted; and

(d) a conversation, to (i) provide the date of the conversation, (ii) provide the location, (iii) identify the participants, (iv) state whether the conversation was by telephone, in person, or by other means, and (v) state the details of the conversation.

9. The term "Litigation" means the case captioned: *Kerry Johnson, et al. v. GEICO Casualty Company, et al.*, Civil Action No. 1:06-CV-408-JJF (United States District Court for the District of Delaware).

10. The term "PIP" means Personal Injury Protection and any such policy of insurance provided by one or more of the Defendants to an Insured of the type described and governed by Chapter 21 of Title 21 of the State of Delaware Code (21 Del. C. § 2118B).

11. The term "IME" means a PIP-related medical evaluation of an Insured ordered by, or conducted by one or more of the Defendants.

12. "Person" means any individual or firm, association, organization, joint venture, trust, partnership, corporation, or other collective organization or entity.

13. The term "third party" means any Person other than you.

### INSTRUCTIONS

1. In construing this discovery request: (a) the singular shall include the plural and the plural shall include the singular and (b) the words "and" and "or" shall be read either disjunctively or conjunctively so as to bring within the scope of this discovery request all information that might otherwise be construed to be outside its scope.

2. With respect to any documents identified in your responses herein:

(a) Identify each such document;

(b) Describe each such document by type or title;

(c) State the date of each such document;

(d) Identify all authors and recipients of each such document;

(e) Describe in detail the subject matter of each such document; and

(f) Identify any precise privilege or protection you claim for each such document.

3. If an answer or any information is withheld on the ground of any privilege or immunity, state the following:

(a) The nature of the privilege or immunity being claimed;

(b) The type of document or the nature of the information;

(c) The general subject matter of the document or the information;

(d)   The identity of each person who created, sent, or received (i) the original of the document or any copy thereof, or (ii) the information;

(e)   The date(s) on which the document or information was created, sent, and/or received; and

(f)   A description of the document or information sufficient to identify it.

4.   In responding to these Discovery Requests, respondent shall identify the particular Defendant to which the response applies or relates.

5.   Any electronically stored information produced in response to discovery requests should be produced in native file format, unless otherwise agreed upon.

6.   This discovery requests are continuing in nature and you are required to promptly supplement your responses to this discovery request to the extent you locate additional documents or acquire additional information, or to the extent subsequent amended pleadings modify or raise new allegations and claims.

7.   Plaintiffs reserve the right to amend, supplement, and/or modify these discovery requests.

8.   All documents produced in response to these requests shall be produced at the offices of Cross & Simon, LLC, 913 N. Market Street, Wilmington, Delaware 19801.

### REQUESTS FOR DOCUMENTS

1.   Copies of all IME letters or reports you drafted for, or on behalf of GEICO from January 1, 2001 to the present.

2.   All documents and things referring, reflecting, or relating to any communication between you and GEICO concerning IME's for GEICO Insureds from January 1, 2001 to the present.

3.  Any communications you have had with GEICO or any third party referring, reflecting, or relating to the Litigation.

4.  Any and all contracts or agreements between you and GEICO and/or you and Corvel Corporation for you to perform IME's on behalf of GEICO in Delaware.

5.  Any and all documents that you reviewed and relied upon to write the IME report for Kerry Johnson on or about March 14, 2005.

## CERTIFICATE OF SERVICE

I, Kevin S. Mann, hereby certify that on this 28th day of May 2008, a true and correct copy of the foregoing Notice of Service of Subpoena was served on the following counsel of record in the manner indicated:

### BY HAND DELIVERY

Dawn L. Becker, Esquire
Gary Alderson, Esquire
LAW OFFICES OF DAWN L. BECKER
Citizens Bank Center
919 Market Street, Suite 725
Wilmington, DE 19801

### BY FIRST CLASS MAIL

George M. Church, Esquire
Laura A. Cellucci, Esquire
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202

_____
Kevin S. Mann (No. 4576)