IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON and SHARON ANDERSON, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | C.A. No. 1:06-cv408 (JJF) |
| Plaintiffs, | ) ) ) | NON-ARBITRATION |
| v. | ) ) | TRIAL BY JURY DEMANDED |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY, and GEICO INDEMNITY COMPANY, | ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | | |

## NOTICE OF LODGING

TO:

Christopher P. Simon, Esquire
Kevin S. Mann, Esquire
Cross & Simon LLC
913 N. Market Street, 11th Floor
Wilmington, DE 19899-1380

Gary W. Alderson, Esquire
Dawn L. Becker, Esquire
Law Offices of Dawn L. Becker
919 Market St., Suite 725
Wilmington, DE 19801

PLEASE TAKE NOTICE that the attached Affidavit Regarding Burden is hereby lodged with the Court.

MORRIS JAMES LLP

_____
David J. Soldo (#4309)
500 Delaware Avenue
Suite 1500
Wilmington, DE 19899
(302) 888-6800
*Attorneys for Corvel Corporation*

1833127/1

IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON and SHARON ANDERSON, on behalf of themselves and all others similarly situated, | )<br>)<br>)<br>) | |
| | ) | C.A. No. 1:06-cv408 (JJF) |
| Plaintiffs, | )<br>) | |
| v. | ) | NON-ARBITRATION |
| | ) | |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, GEICO CASUALTY COMPANY, GEICO GENERAL INSURANCE COMPANY, and GEICO INDEMNITY COMPANY, | )<br>)<br>)<br>)<br>)<br>)<br>) | TRIAL BY JURY DEMANDED<br><br>CLASS ACTION |
| Defendants. | | |

## AFFIDAVIT REGARDING BURDEN

STATE OF VIRGINIA    )
                     ) ss.
COUNTY OF HENRICO    )

BE IT REMEMBERED that on this 11th day of July, 2008 personally appeared before me, the undersigned, a notary public for the state and county aforesaid, Stephen J. Szuchy, who being duly sworn according to law did depose and say:

1.  I am Stephen J. Szuchy, Care IQ Manager for CorVel Corporation ("CorVel"). I am familiar with the documents housed at CorVel. I am responsible for assisting counsel in responding to the Subpoena issued to Corvel Healthcare Corporation by plaintiffs' attorney, Kevin S. Mann, Esquire ("Subpoena"). I submit this affidavit in support of CorVel's Motion to Quash the Subpoena.

2. I have reviewed the pertinent requests; and I am familiar with the contents thereof.

3. I have knowledge and information which I believe to be true regarding the existence of documents and information of the type sought in the Subpoena.

4. CorVel is a nationwide company specializing in Managed Care Services. CorVel maintains its corporate offices in Irvine, California, and has approximately 110 offices located throughout the United States. CorVel's Fredericksburg, Virginia office maintains and archives documents for CorVel's services performed in Delaware, Maryland, Virginia, West Virginia, North Carolina, South Carolina, Kentucky, and the District of Columbia.

5. CorVel provides case management services for numerous clients in Delaware, including GEICO. CorVel's services performed for GEICO in Delaware are limited to scheduling and obtaining reports for Defense Medical Examinations, Independent Medical Examinations ("IMEs"), and peer record reviews.

6. CorVel's system for record retrieval does not enable it to readily locate responsive documents in storage by nature of the terms being requested in the Subpoena. Documents from 2001-2005 are stored off-site, in paper files, and would require manual searches. Documents produced or obtained after 2005 have been scanned to PDF electronic files, but are not searchable by text.

7.  With regard to the majority of requested documents, the categories listed by requesting party for the documents are not categories which CorVel has used for categorizing or indexing its files. CorVel's computer and paper documents are indexed in alphabetical order by a claimant's last name. CorVel's files are not separated by state (e.g. Delaware), client (e.g. GEICO), type of case (e.g. Worker's Compensation, PIP, or 3rd party Motor Vehicle Liability claims). Accordingly, each computer and paper file would need to be searched individually in order to determine whether the file pertains to: (1) a Delaware claim, (2) for a GEICO insured, (3) relating to Personal Injury Protection benefits, and (4) whether an IME was performed.

8.  There are three ways to access documents at CorVel: (1) One can search CorVel's computer database to identify those documents or files which you want to review; (2) One can search paper files housed at CorVel's Fredericksburg Virginia office for those documents or files which you want to review, or (3) One can search paper files stored off-site at a Fredericksburg, Virginia location for those documents or files which you want to review.

9.  Based upon my knowledge of CorVel's business practices, it would be unduly burdensome for CorVel to comply with the Subpoena requests. CorVel would have to search approximately 8,400-11,000 open and closed claim files, in order to locate those documents, if any, which are responsive to the overbroad Subpoena requests. Such a search would greatly disrupt CorVel's business and would result in significant expense.

      a.     I estimate the average paper file consists of 75-100 pages.

      b.     I estimate that the 8,400 – 11,000 claim files include between 630,000 and 1,100,000 documents.

      c.     I estimate that CorVel has generated approximately 1,000 Delaware files relating to GEICO claims since June 2001.

      d.     I estimate that searches for relevant information in the case files and production of documents requested would take approximately 2 hours per file. This equates to 2,000 man hours.

      e.     Assuming CorVel can hire 4 temporary workers to conduct the search on a full-time basis (40 hours per week), I estimate that the search would take over 3 months to complete.

10.     Compliance with the Subpoena request would subject CorVel to substantial expense.

      a.     CorVel does not have employees that it could take away from their normal daily tasks to conduct such a search. A local temporary agency in the area, Randstad Work Solutions, currently charges $17.96 per hour.

      b.     I estimate the cost to CorVel to conduct a search for documents to identify CorVel's Delaware, PIP-related, GEICO claims where IMEs were performed at approximately $36,000. This estimate does not include the actual production costs to CorVel of printing, scanning, or otherwise producing the documents.

11. CorVel has retrieved its file on Mr. Kerry Johnson. The documents at issue in CorVel's file on the named plaintiff Kerry Johnson total over 400 pages. Because CorVel could easily obtain its file on Mr. Johnson by conducting a search by name, and it has not been subjected to undue burden or expense in these efforts.

12. After a diligent search of its records, CorVel is unable to identify any documents in its possession on the named plaintiff, Sharon Anderson.

_____
Stephen J. Szuchy

Sworn to before me this 11th day of July, 2008.

_____
Notary Public

MATTHEW R. DELUMYEA
Notary Public
Commonwealth of Virginia
7113292
My Commission Expires Mar 31, 2011