UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 1:06-cv-00408-JJF |
| GEICO CASUALTY COMPANY, et al. | * | |
| Defendants | * | **CLASS ACTION** |

\*     \*     \*     \*     \*     \*     \*

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY | * |
| Counter Plaintiffs | * |
| v. | * |
| SHARON ANDERSON | * |
| Counter Defendant | * |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MOTION FOR LEAVE TO AMEND ANSWER TO ADD A COUNTERCLAIM

COMES NOW, Defendant and Counter-Plaintiff Government Employees Insurance Company (hereafter "GEICO"), by its undersigned counsel, and pursuant to Federal Rules of Civil Procedure 15(a) and 13(f) and Delaware Local Rule 15.1, files this Motion for Leave to Amend its Answer to Add a Counterclaim attached hereto as **Exhibit A** and for reasons states as follows:

1.    At all times relevant to this proceeding, Plaintiff/Counter-Defendant, Sharon Anderson, had a policy of automobile insurance issued by GEICO, policy No. 0571-19-46-04.

2.    On August 3, 2004, Ms. Anderson was involved in a motor vehicle accident. As a result of the accident, she filed a personal injury protection ("PIP") claim against GEICO, in which she claimed she sustained bodily injuries in the automobile accident and that she incurred certain expenses as a result.

3.    On or about September 9, 2006, during the pendency of this action, Ms. Anderson submitted to GEICO through the United States Postal Service, a Wage and Salary Verification form in which she claimed that she missed time from work for the one week period between August 3, 2004 and August 10, 2004 due to the injuries she allegedly sustained in the accident. *See* **Exhibit B**, Wage and Salary Verification completed by Linda Russell who was formerly Ms. Anderson's co-worker at the University of Delaware. Ms. Anderson previously had submitted a disability slip from Horatio Jones, M.D., dated October 10, 2005, which purportedly confirmed her alleged disability from work. *See* **Exhibit C**.

4.    The Wage and Salary Verification form claimed that Ms. Anderson was paid full wages by her employer for the week she allegedly missed in the amount of $1,647.99. That amount claimed by Ms. Anderson was more than twice the amount of her actual weekly salary.

5.    Based on the representations made by Ms. Anderson, and her submission of the Wage and Salary Verification form, and following consultations with her attorney, GEICO paid Ms. Anderson $1,647.99.

6.    On April 14, 2008, Ms. Anderson was deposed regarding the nature of her claims in this action. While preparing for the deposition, counsel reviewed the transcript of a recorded statement taken by GEICO on August 6, 2004 in which she told the GEICO

2

claims representative that as of August 6th, she had not missed any time from work. During her deposition, Ms. Anderson attested to the accuracy of the transcript. **Exhibit D**, Deposition of Sharon Anderson at 245-248. However, Ms. Anderson then acknowledged that she submitted the above referenced Wage and Salary Verification form for time missed between August 3rd and August 10th. She also confirmed that she received payment from GEICO in the amount of $1,647.99. As a result of the contradictory statements in Ms. Anderson's testimony, GEICO conducted further investigation to determine if, in fact, Ms. Anderson had missed time from work. GEICO's investigation.has now revealed that, consistent with what she told GEICO on August 6, 2004, Ms. Anderson did not miss any time from work between August 3, 2004 and August 10, 2004 and the representation to that effect on the Wage and Salary Verification was false.

7.    Based on the totality of the discovery and investigation, GEICO now seeks to amend its Answer to the First Amended Complaint to assert a counterclaim against Ms. Anderson. *See* **Exhibit A**, Amended Answer with Counterclaim.

8.    Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." Moreover, Rule 13(f) allows this Court to "permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect, or if justice so requires." (emphasis added). The facts revealed through Defendant's investigation and through the discovery of the nature of Ms. Anderson's claim demonstrate that justice requires that Defendant be permitted to assert a counterclaim against Ms. Anderson. Defendant alleges that Ms. Anderson knowingly and intentionally submitted a false claim for lost wages to GEICO when she did not lose

3

time from work during the period claimed.    Moreover, Defendant alleges that Ms. Anderson knowingly and intentionally accepted payment for the lost wage claim in an amount that was more than twice the amount to which she would have been entitled to had her claim been legitimate.

9.    This case is in the "class discovery" phase and ample time exists for Plaintiff to answer and defend against the counterclaim.    Plaintiff will in no way be prejudiced by the timing of this filing.

10.    Defendant states that pursuant to Local Rule 7.1.1., a reasonable effort was made to obtain the consent for the filing of the amendment to Defendant's answer to add a counterclaim.    Consent from Plaintiff's counsel was not obtained.

WHEREFORE, Defendant respectfully requests that this Court grant its Motion for Leave to Amend its Answer to Add a Counterclaim.

                             */s/  Heather Long*
                             Heather Long, Trial Bar No. 4910
                             Dawn L. Becker, Trial Bar No. 2975
                             LAW OFFICES OF DAWN L. BECKER
                             Citizens Bank Center
                             919 N. Market Street
                             Suite 460
                             Wilmington, Delaware  19801
                             302-778-5786
                             ***Attorneys for Defendants***

4

George M. Church
Laura A. Cellucci
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

**_Attorneys for Defendants_**
**_Admitted Pro Hac Vice_**

## CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that on the 28th day of August, 2008, the undersigned

counsel caused a copy of the foregoing to be served by first class mail, postage prepaid,

to:

Richard H. Cross, Jr., Esquire
Christopher P. Simon, Esquire
CROSS & SIMON, LLC
913 North Market Street
11th Floor
P.O. Box 1380
Wilmington, Delaware  19899-1380


John S. Spadaro, Esquire
John Sheehan Spadaro, LLC
724 Yorklyn Road
Suite 375
Hockessin, Delaware 19707

_Attorneys for Plaintiffs_


 /s/  Heather Long
Heather Long

5

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON, et al. | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 1:06-cv-00408-JJF |
| GEICO CASUALTY COMPANY, et al. | * | |
| Defendants | * | **CLASS ACTION** |

\* \* \* \* \* \* \*

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY | * |
| Counter Plaintiffs | * |
| v. | * |
| SHARON ANDERSON | * |
| Counter Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \*

### ORDER

Upon consideration of Defendant and Counter-Plaintiff Government Employees Insurance Company's Motion for Leave to Amend Answer to Add a Counterclaim and any opposition thereto, it is this ____ day of _____, 2008, by the United States District Court for the District of Delaware;

ORDERED, that Defendant and Counter-Plaintiff's Motion for Leave to Amend Answer to Add a Counterclaim is hereby GRANTED.

_____
J U D G E

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

KERRY JOHNSON, et al.                          *

      Plaintiffs                                *

v.                                             *     Civil Action No. 1:06-cv-408

GEICO Casualty Company, et al.                 *

      Defendants                                *     **CLASS ACTION**

  *   *   *   *   *   *   *   *   *   *   *   *

## AMENDED ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

      Defendants, Government Employees Insurance Company, GEICO Casualty
Company, GEICO General Insurance Company and GEICO Indemnity Company, by
their undersigned counsel, submit this <u>Amended</u> Answer to First Amended Class Action
Complaint <u>and Counter Claim</u>, and in support thereof, state:

      1.    Paragraph 1 of the First Amended Class Action Complaint contains no
allegations which require a response.

      2.    Paragraph 2 of the First Amended Class Action Complaint is merely
descriptive of the nature of the cause of action and no response to the factual allegation is
required. To the extent a response is required, the Defendants deny the allegations.

      3.    The Defendants are without knowledge or information sufficient to form a
belief as to Mr. Johnson's address. The Defendants admit that Mr. Johnson was insured
as alleged and deny that all claims tendered were reasonable and necessary.

      4.    The Defendants are without knowledge or information sufficient to form a
belief as to Ms. Anderson's address. The Defendants admit that Ms. Anderson was
insured as alleged and deny that all claims tendered were reasonable and necessary.

5.    The Defendants admit the allegations contained in paragraph 5 of the First Amended Class Action Complaint.

6.    The Defendants admit the allegations contained in paragraph 6 of the First Amended Class Action Complaint.

7.    The Defendants admit the allegations contained in paragraph 7 of the First Amended Class Action Complaint.

8.    The Defendants admit the allegations contained in paragraph 8 of the First Amended Class Action Complaint.

9.    No response is required to paragraph 9 of the First Amended Class Action Complaint pursuant to the Court's Order of September 27, 2007.

10.    The Defendants admit that they issue automobile insurance policies in Delaware which include personal injury protection.

11.    The Defendants admit that their policies provide coverage as required by law and are without knowledge or information sufficient to form a belief as to the intention of legislators.

12.    The Defendants admit that they advertise their insurance products and admit that they have utilized various slogans including the slogan quoted in paragraph 12 of the First Amended Class Action Complaint.

13.    The Defendants admit that they have derived premium revenues from the sale of insurance policies in Delaware, but deny that they failed to pay covered PIP benefits.

14.    The requirements of 21 Del. C. § 2118B are set forth in the statute and thus, no response to paragraph 14 is required.

15.     The requirements of 21 Del. C. § 2118B are set forth in the statute and thus no response regarding those requirements is required.  To the extent this paragraph implies the Defendants acted in bad faith, the Defendants deny the allegation.

16.     Defendants deny that a PIP claimant may file suit with the Department of Insurance.  Defendants admit that a PIP claimant may elect to file with the Insurance Commissioner's Office for an Insurance Commissioner's Arbitration.  The Defendants deny that the Department of Insurance "always" directs Defendants to pay PIP benefits. The Defendants further deny that they improperly reduce payments or improperly deny benefits.

17.     The requirements of 21 Del. C. § 2118 and 2118B are set forth within the statutes and thus no response regarding those requirements is required.  The Defendants' contractual obligations are set forth in their insurance policies   The Defendants admit that they are required to pay reasonable medical bills for medically necessary and causally related medical treatment within the limits of their policies.

18.     The requirements for PIP coverage are set forth within pertinent provisions of the Delaware Code.  The Defendants admit that their handling of PIP claims is in compliance with the statutes and their insurance policies.

19.     The Defendants deny that they have made express promises that their insureds would save money and they further deny that they make any promises regarding coverage under their policies other than what is stated within the policies.  They further deny that they have not honored their obligations under policies issued to Delaware residents or pursuant to Delaware law.

3

20.    The Defendants deny the allegations contained in paragraph 20 of the First Amended Class Action Complaint.

21.    The Defendants deny the allegations contained in paragraph 21 of the First Amended Class Action Complaint.

22.    The Defendants deny the allegations contained in paragraph 22 of the First Amended Class Action Complaint.

23.    The Defendants admit that they review medical expenses and analyze PIP claims. The Defendants further admit that they pay PIP related expenses in conformance with Delaware law and their contractual obligations. The Defendants deny the remaining allegations in paragraph 23 of the First Amended Class Action Complaint.

24.    The allegations contained paragraph 24 of the First Amended Class Action Complaint are argument and do not require a response from these Defendants. To the extent that a response is required, Defendants deny the allegations in paragraph 24 of the First Amended Class Action Complaint.

25.    The Defendants deny that GEICO's insureds are held liable for unpaid medical bills. The Defendants are without knowledge or information sufficient to form a belief as to how Delaware doctors handle unpaid medical bills. The Defendants are without knowledge or information sufficient to form a belief as to the intentions of the Delaware General Assembly. The Defendants deny that they offer no protection to their insureds in the event of a dispute.

26.    The Defendants deny that they wrongfully and arbitrarily deny PIP benefits and deny that the denial of any benefits is done without a credible medical basis.

4

27.    The Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of the First Amended Class Action Complaint but admit that Mr. Johnson paid insurance premiums to GEICO.

28.    The Defendants admit that Mr. Johnson was a named insured on July 16, 2004 and admit that Mr. Johnson claims to have been injured in an automobile accident on that date.

29.    The allegations contained in paragraph 29 of the First Amended Class Action Complaint are unreasonably vague.  To the extent this paragraph implies that GEICO improperly handled Mr. Johnson's PIP claims, the Defendants deny that allegation.

30.    The Defendants deny the allegations contained in paragraph 30 of the First Amended Class Action Complaint.

31.    The Defendants deny the allegations contained in paragraph 31 of the First Amended Class Action Complaint.

32.    The Defendants admit that Mr. Johnson claims to have sought medical treatment from various healthcare providers and further admits that medical bills and records were submitted to GEICO.

33.    The exhibits referenced in paragraph 33 speak for themselves and do not require a response from the Defendants.

34.    The Defendants admit the allegations contained in paragraph 34 of the First Amended Class Action Complaint.

35.    The Defendants deny that Mr. Johnson satisfied his burden of proving that certain treatment was necessary or that certain bills were reasonable.  The Defendants

5

admit that they made payment to Neurology Associates for a CAT scan in the amount of
$721 and further assert that amount was the reasonable amount for the services rendered.
The Defendants further state that the referenced exhibits speak for themselves.

36.     The Defendants state that the referenced exhibit speaks for itself. The
Defendants deny that their payment decisions were unjustified.

37.     The Defendants state that the referenced exhibit speaks for itself. The
Defendants deny that any reasonable medical bills for necessary medical treatment,
causally related to the subject motor vehicle collision remain unpaid.

38.     The Defendants state that the referenced exhibit speaks for itself. The
Defendants are without knowledge or information sufficient to form a belief as to what
Mr. Johnson and his personal injury attorney may have been advised.

39.     The allegations contained in paragraph 39 of the First Amended Class
Action Complaint are not specific enough to provide the Defendants with knowledge or
information sufficient to form a belief as to the truth of the allegations set forth therein.

40.     The Defendants deny the allegations contained in paragraph 40 of the First
Amended Class Action Complaint.

41.     The Defendants are without knowledge or information sufficient to form a
belief as to the allegations contained in paragraph 41 of the First Amended Class Action
Complaint but admit that Ms. Anderson paid insurance premiums to GEICO.

42.     The Defendants admit that Ms. Anderson was a named insured on
August 3, 2004 and admit that Ms. Anderson claims to have been injured in an
automobile accident on that date.

43.    The allegations contained in paragraph 43 of the First Amended Class
Action Complaint are unreasonably vague.  To the extent this paragraph implies that
GEICO improperly handled Ms. Anderson's PIP claims, the Defendants deny that
allegation.

44.    The Defendants deny the allegations contained in paragraph 44 of the First
Amended Class Action Complaint.

45.    The Defendants deny the allegations contained in paragraph 45 of the First
Amended Class Action Complaint.

46.    The Defendants state that the referenced exhibits speak for themselves.

47.    The Defendants state that the referenced exhibits speak for themselves.

48.    The Defendants state that the referenced exhibits speak for themselves.

49.    The Defendants state that the referenced exhibits speak for themselves.

50.    The Defendants state that the referenced exhibits speak for themselves.

51.    The allegations contained in paragraph 51 of the First Amended Class
Action Complaint are not specific enough to provide the Defendants with knowledge or
information sufficient to  form a belief as to the truth of the allegations set forth therein.

52.    The Defendants deny the allegations contained in paragraph 52 of the First
Amended Class Action Complaint.

53.    The Defendants deny that this matter may be properly maintained as a
class action and deny that the Superior Court Rules are applicable.  The Defendants
further deny that the definition of the alleged class is adequate or that it complies with the
Federal Rules of Civil Procedure.

7

54.    The Defendants deny that the number of GEICO policyholders who would fit within the class definition is so numerous as to meet the requirements of Fed. R. Civ. P. 23(a)(1).

55.    The Defendants generally deny all of the allegations contained in paragraph 55 of the First Amended Class Action Complaint and its subparts. The Defendants deny that there are common questions of law and fact and further state that the applicability of the allegations contained in subparagraphs "a" through "n" require a case by case, individualized determination.

56.    The Defendants deny that the claims of Mr. Johnson and Ms. Anderson are typical of other members of the proposed class and further deny that the claims of Johnson and Anderson are not typical of each other. The Defendants further deny any impropriety in handling the PIP claims of Johnson or Anderson and deny that they engage in fraudulent practices.

57.    The Defendants deny that Mr. Johnson and Ms. Anderson are adequate representatives of the proposed class and deny that the allegations of paragraph 57 are sufficient to allege adequacy of representation of their counsel.

58.    The Defendants generally deny that adjudicating the issues alleged in the First Amended Class Action Complaint in a class action is a superior means of handling the disputes.

59.    The Defendants deny that the proposed class could be certified under any provision of the Superior Court Rules and further state that, to the extent Plaintiffs intend to allege Fed. R. Civ. P. 23(b)(1) and (2), the Defendants deny that a class would be certifiable under those Rules either.

60.    The Defendants deny the allegations contained in paragraph 60 of the First Amended Class Action Complaint. The Defendants deny any fraudulent concealment and further deny that there is any tolling of any applicable statute of limitations with respect to any class member's claim. The Defendants further state that their claims decisions are communicated to policyholders at the time those decisions are made.

61.    The Defendants adopt and incorporate by reference their responses to paragraphs 1 through 60 herein.

62.    The Defendants admit that they are required to comply with Delaware law and the terms of their insurance policies.

63.    The Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 63 of the First Amended Class Action Complaint because the terminology used is vague and subject to multiple interpretations. The Defendants admit that they are required to comply with the requirements of Delaware law and their insurance policies.

64.    The Defendants deny the allegations contained in paragraph 64 of the First Amended Class Action Complaint.

65.    The Defendants deny the allegations contained in paragraph 65 of the First Amended Class Action Complaint.

66.    The Defendants deny the allegations contained in paragraph 66 of the First Amended Class Action Complaint and further state that the determination of justiciable controversies sufficient to justify entry of declaratory judgment is subject to an individualized case by case determination for each purported class member.

67.    The Defendants deny the allegations contained in paragraph 67 of the First Amended Class Action Complaint and further state that, any need for declaratory relief would be subsumed within the context of other specific Counts of the First Amended Class Action Complaint.

68.    The Defendants deny that any such judgment could be entered except on an individualized, case by case basis.

69.    The Defendants adopt and incorporate by reference their responses to paragraphs 1 through 68 herein.

70.    The Defendants are without knowledge or information sufficient to form a belief as to why the Plaintiffs and purported class members purchased GEICO insurance and further state that the reasons for purchasing GEICO insurance require an individualized case by case determination for each Plaintiff and purported class member. The extent to which purported class members paid their insurance premiums is also subject to an individualized determination.

71.    The Defendants deny the allegations contained in paragraph 71 of the First Amended Class Action Complaint.

72.    The Defendants deny the allegations contained in paragraph 72 of the First Amended Class Action Complaint.

73.    The Defendants adopt and incorporate by reference their responses to paragraphs 1 through 72 herein.

74.    The Defendants deny the allegations contained in paragraph 74 of the First Amended Class Action Complaint.

10

75.    The Defendants deny the allegations contained in paragraph 75 of the First Amended Class Action Complaint.

76.    The Defendants deny the allegations contained in paragraph 76 of the First Amended Class Action Complaint.

77.    The Defendants deny the allegations contained in paragraph 77 of the First Amended Class Action Complaint.

78.    The Defendants adopt and incorporate by reference their responses to paragraphs 1 through 77 herein.

79.    The Defendants deny the allegations contained in paragraph 79 of the First Amended Class Action Complaint.

80.    The Defendants deny the allegations contained in paragraph 80 of the First Amended Class Action Complaint.

81.    The Defendants adopt and incorporate by reference their responses to paragraphs 1 through 80 herein.

82.    The Defendants admit that they were required to comply with Delaware law and the terms of their insurance policies.

83.    The Defendants are without knowledge or information sufficient to form a belief as to why the Plaintiffs and purported class members purchased GEICO insurance and further state that the reasons for purchasing GEICO insurance require an individualized case by case determination for each Plaintiff and purported class member. The extent to which purported class members paid their insurance premiums is also subject to individual analysis.

11

84.    The Defendants deny the allegations contained in paragraph 84 of the First Amended Class Action Complaint, but admit that they are required to comply with Delaware law and the terms of their insurance policies.

85.    The Defendants deny the allegations contained in paragraph 85 that Defendants did not deal fairly with their insureds but admit that they are required to comply with Delaware law and the terms of their insurance policies.

86.    The Defendants deny making any false representations.

87.    The Defendants deny the allegations contained in paragraph 87 of the First Amended Class Action Complaint.

88.    The Defendants deny the allegations contained in paragraph 88 of the First Amended Class Action Complaint.

89.    The Defendants deny the allegations contained in paragraph 89 of the First Amended Class Action Complaint.

90.    The Defendants deny that they made any false representations and further deny the remaining allegations in paragraph 90 of the First Amended Class Action Complaint.

91.    The Defendants are without knowledge of information sufficient to form a basis as to why the Plaintiffs and purported class members purchased GEICO insurance and further state that their reasons for purchasing GEICO insurance requires an individualized case by case determination for each Plaintiff and purported class member.

92.    The Defendants deny that they made any false representations and deny that Plaintiff justifiably relied on any alleged misrepresentations.

12

93.    The Defendants deny the allegations contained in paragraph 93 of the First Amended Class Action Complaint.

94.    The Defendants deny the allegations contained in paragraph 94 of the First Amended Class Action Complaint.

95.    The Defendants adopt and incorporate by reference their responses to paragraphs 1 through 94 herein.

96.    The Defendants deny the allegations contained in paragraph 96 of the First Amended Class Action Complaint.

97.    The Defendants deny the allegations contained in paragraph 97 of the First Amended Class Action Complaint.

98.    The Defendants deny the allegations contained in paragraph 98 of the First Amended Class Action Complaint.

99-113.    By Order of September 27, 2007, the Court has dismissed Counts VII, VIII and IX of the First Amended Class Action Complaint and, therefore, no response is required to paragraphs 99-113 of the First Amended Class Action Complaint.

## FIRST AFFIRMATIVE DEFENSE

The First Amended Class Action Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims of Plaintiffs and the purported class members are barred by the doctrine of accord and satisfaction.

13

### THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiffs and the purported class members are barred by the doctrine of collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and the purported class members are barred by the doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and the purported class members are barred by the doctrine of release.

### SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and the purported class members are barred by the statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and the purported class members are barred by the doctrine of waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' assertion that they are entitled to prosecute this case as a class action is denied as Plaintiffs are unable to demonstrate that they can satisfy the requirements of Federal Rule Civil Procedure 23.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs lack standing to bring such claims and there is no justiciable issue presented for judicial resolution.

14

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs haven not actually incurred the medical expenses they seek.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they are not ripe.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they are moot.

## THIRTEEN AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to mitigate damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrine of equitable estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrine of ratification.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to exhaust administrative remedies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent that any matters have already been determined in any other judicial or administrative proceeding and are subject to the doctrine as *res judicata*, claim preclusion, or issue preclusion.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs' claim for punitive damages is barred because Defendants at all times and places mentioned in the First Amended Class Action Complaint acted reasonably and in good faith, and without malice or oppression towards the Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants allege that to the extent punitive damages are permissible, which Defendants specifically deny, Defendants are entitled to a bifurcated trial on any punitive damages claim against them.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The causes of action asserted herein by Plaintiffs fail to state facts sufficient to constitute a cause of action in that Plaintiffs have asserted claims for punitive damages which, if granted, would violate the prohibition against laws impairing the obligation of contracts set forth in Article I, Section 10 of the United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive or exemplary damages are barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the States through the Fourteenth Amendment to the United States Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs' First Amended Class Action Complaint fails to state facts sufficient to support an award of punitive or exemplary damages against them. The First Amended Class Action Complaint, to the extent that it seeks exemplary or punitive damages, violates Defendants' right to procedural due process and equal

16

protection of the laws as guaranteed by the Fourteenth Amendment of the United States

Constitution, and fails to state a cause of action upon which either punitive or exemplary

damages can be awarded.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Class Action Complaint lacks the required numerosity

as to be certified for a class action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Class Action Complaint lacks the required common

questions of law and fact as to be certified as a class.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not typical of the class.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that Plaintiffs' First Amended Class Action Complaint fails to

set out its claims with sufficient particularity to permit Defendants to raise all appropriate

defenses and thus, Defendants reserve the right to add additional defenses as the factual

basis for these claims become known.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Neither Plaintiffs nor their counsel will adequately represent the rights and

interests of putative class members.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The First Amended Class Action Complaint fails to assert a claim where a class

can be certified because handling this matter as a class action is not a superior means for

adjudicating the controversy.

17

## THIRTIETH AFFIRMATIVE DEFENSE

The First Amended Class Action Complaint fails to assert a claim where a class can be certified because individual questions will predominate over any common questions that may exist.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Each Plaintiff's claim, as well as those of the putative class members, will necessarily be determined on a case-by-case basis with the result that individual questions will predominate over any common question that may exist.

**WHEREFORE**, the Defendants pray for the following relief:

    A.    That class Plaintiff Johnson's and Anderson's claim be dismissed;

    B.    That this case not be certified as a class action case under Federal Rule of Civil Procedure 23;

    C.    That this Court deny Plaintiffs' claim for declaratory relief, or in the alternative declare that GEICO has not breached their contracts with their insureds and has not violated 21 Del. C. §2118, and 6 Del. C. 2513;

    D.    That this Court deny Plaintiffs' claim for injunctive relief;

    E.    That this Court deny Plaintiffs' claim for punitive damages;

    F.    That this Court deny Plaintiffs' claim for treble damages;

    G.    That this Court deny Plaintiffs' claims for compensatory, consequential and incidental damages; and

H.      That this Court deny the Plaintiffs' claim for attorneys' fees,

disbursements, costs and pre-judgment and post-judgment interest.

## COUNTERCLAIM

Defendant/Counter-Plaintiff, Government Employees Insurance Company ("GEICO") by and through its undersigned counsel, hereby asserts a Counterclaim against Plaintiff and Counter-Defendant, Sharon Anderson, and in support thereof, states as follows:

## STATEMENT OF FACTS

1.      At all times relevant to this proceeding, Plaintiff/Counter-Defendant, Sharon Anderson had a policy of automobile insurance issued by GEICO, policy No. 0571-19-46-04.

2.      On August 3, 2004, Ms. Anderson was involved in a motor vehicle accident. As a result of the accident, she filed a personal injury protection ("PIP") claim against GEICO, in which she claimed she sustained bodily injuries in the automobile accident and that she incurred certain expenses as a result.

3.      On or about September 9, 2006, Ms. Anderson submitted to GEICO a Wage and Salary Verification form in which she claimed that she missed time from work for the one week period between August 3, 2004 and August 10, 2004 due to the injuries she allegedly sustained in the accident. That claim was false.

4.      On the Wage and Salary Verification form submitted by Ms. Anderson, she claimed she was paid full wages for the week she allegedly missed from work in the amount of $1,647.99. That statement was also false, as the amount claimed by Ms. Anderson was more than twice the amount of her actual weekly salary.

19

5.    Based on the false representations made by Ms. Anderson, and her submission of the Wage and Salary Verification form to GEICO, GEICO paid Ms. Anderson $1,647.99 under the PIP coverage of her policy.

6.    Ms. Anderson knew when she submitted the claim on September 9, 2006 that she did not lose the time as alleged and that the monetary wage claim was inflated.

7.    Defendant's investigation and discovery into Ms. Anderson's claim for lost wages has revealed that Ms. Anderson did not miss time from work between August 3, 2004 and August 10, 2004 and the amount paid to her in reliance upon her false representations was more than twice the amount to which she would have been entitled under GEICO's PIP coverage if her claim was legitimate. Yet, with full knowledge and understanding of the falsity of those representations, Ms. Anderson submitted the false claim and wrongfully converted GEICO's funds to her own use in the amount of $1,647.99.

## COUNT I
## FRAUD/INTENTIONAL MISREPRESENTATION

8.    The allegations set forth in paragraphs 1-7 of this Counterclaim are adopted by reference as if more fully stated herein.

9.    Ms. Anderson submitted a Wage and Salary Verification to GEICO in which she represented to GEICO that she missed time from work from August 3, 2004 through August 10, 2004 and that she incurred lost wages in the amount of $1,647.99. The representations in the Wage and Salary Verification were materially false.

10.    In reliance upon Ms. Anderson's false representations, GEICO tendered payment to Ms. Anderson in the amount of $1,647.99. Ms. Anderson accepted that payment which was more than twice the amount to which she would have been entitled

even if her claim for lost wages was legitimate. GEICO's reliance upon Ms. Anderson's representations was justified as GEICO could fairly assume that Ms. Anderson was prosecuting her claim in good faith and fair dealing.

11.     Ms. Anderson knew her statements and representations were false when made and those statements and representations were made with the intention of defrauding GEICO by inducing GEICO to pay Ms. Anderson monies to which she was not entitled.

12.     Ms. Anderson's conduct can only be characterized as egregious and outrageous conduct of an intentional nature. This is particularly true here where her fraudulent acts occurred at a time when her multiple count lawsuit against GEICO, including claims of alleged fraud, bad faith, and racketeering violations was pending. Ms. Anderson acted with malice and evil motive when she submitted her claim for lost wages knowing that she had not lost any time from work and knowing that the amount she was claiming was inflated.

13.     As a result of the intentional misrepresentations by Ms. Anderson, GEICO incurred damages in the amount of $1,647.99.

**WHEREFORE,** GEICO demands judgment against Counter-Defendant Sharon Anderson for compensatory damages in the amount of $1,647.99, plus interest, costs and attorney's fees, and for such other and further relief as this Court deems just and proper.

21

## COUNT II
## BREACH OF CONTRACT

14.    The allegations set forth in paragraphs 1-13 of this Counterclaim are adopted by reference as if more fully stated herein.

15.    Ms. Anderson was insured under a policy of automobile insurance issued by GEICO.

16.    Ms. Anderson submitted a false claim for lost wages as part of her claim for PIP benefits, thereby materially breaching her contract of insurance with GEICO.

17.    As a result of Ms. Anderson's false claim for lost wages, GEICO paid Ms. Anderson $1,647.99. Accordingly, GEICO incurred damages in that amount as a result of the breach by Ms. Anderson of the insurance contract.

**WHEREFORE,** GEICO demands judgment against Counter-Defendant Sharon Anderson for compensatory damages in the amount of $1,647.99, plus interest, costs and attorney's fees, and for such other and further relief as this Court deems just and proper.

## COUNT III
## BAD FAITH BREACH OF CONTRACT

18.    The allegations set forth in paragraphs 1-17 of this Counterclaim are adopted by reference as if more fully stated herein.

19.    Ms. Anderson was insured under a policy of automobile insurance issued by GEICO.

20.    There is an implied obligation of good faith and fair dealing underlying all contractual obligations. As such, Ms. Anderson had an obligation to act in good faith when she submitted her claim for PIP benefits.

21.    Ms. Anderson breached her obligation of good faith and fair dealing with GEICO by acting in bad faith as she knowingly and intentionally submitted a false claim for lost wages as part of her claim for PIP benefits.

22.    Ms. Anderson conduct can only be characterized as egregious and outrageous conduct of an intentional nature. Ms. Anderson acted with malice and evil motive when she submitted her claim for lost wages knowing that she had not lost any time from work and knowing that the amount she was claiming was inflated

23.    As a result of Ms. Anderson's false submission of her claim for lost wages, GEICO paid Ms. Anderson $1,647.99. Accordingly, GEICO incurred damages in the amount of $1,647.99 as a result of the bad faith breach by Ms. Anderson of her insurance contract with GEICO.

**WHEREFORE,** GEICO demands judgment against Counter-Defendant Sharon Anderson for compensatory damages in the amount of $1,647.99, plus interest, costs and attorney's fees, and for such other and further relief as this Court deems just and proper.

### COUNT IV
### BREACH OF DUTY OF FAIR DEALING

24.    The allegations set forth in paragraphs 1-23 of this Counterclaim are adopted by reference as if more fully stated herein.

25.    The insurance policy contract between GEICO and Ms. Anderson contains an implied covenant of fair dealing which requires the parties to the contract to deal fairly, openly and honestly with each other in matters concerning the contract.

26.    Ms. Anderson engaged in fraud, deceit or misrepresentation when she submitted a false claim for lost wages as part of her claim for personal injury protection

23

benefits, thereby materially breaching her duty of fair dealing implied in the insurance policy contract.

27.    As a result of Ms. Anderson's breach of the duty of fair dealing, GEICO paid Ms. Anderson $1,647.99. Accordingly, GEICO incurred damages in the amount of $1,647.99 as a result of the breach by Ms. Anderson of the duty of fair dealing.

**WHEREFORE,** GEICO demands judgment against Counter-Defendant Sharon Anderson for compensatory damages in the amount of $1,647.99, plus interest, costs and attorney's fees, and for such other and further relief as this Court deems just and proper.

*/s/ Heather Long*
Heather Long, Trial Bar No. 4910
Dawn L. Becker, Trial Bar No. 2975
LAW OFFICES OF DAWN L. BECKER
Citizens Bank Center
919 N. Market Street
Suite 725
Wilmington, Delaware  19801
302-778-5786
***Attorneys for Defendants/***
***Counter Plaintiffs***

George M. Church
Laura A. Cellucci
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, Maryland 21202
(410) 727-6464

***Attorneys for Defendants***
***Admitted Pro Hac Vice***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of August, 2008, a copy of the

foregoing was served electronically and/or by first class mail, postage prepaid, to:

Richard H. Cross, Jr., Esquire
Christopher P. Simon, Esquire
CROSS & SIMON, LLC
913 North Market Street
11th Floor
P.O. Box 1380
Wilmington, Delaware 19899-1380


John S. Spadaro, Esquire
John Sheehan Spadaro, LLC
724 Yorklyn Road
Suite 375
Hockessin, Delaware 19707


Attorneys for Plaintiffs/Counter-Defendant


/s/ Heather Long
Heather Long

SEP. 18. 2006 9:41AM      GEICO                                    NO. 4518   P. 2/4

**WAGE & SALARY VERIFICATION**

NAME AND ADDRESS OF INSURER:

ONE GEICO BOULEVARD
FREDERICKSBURG, VA 22412

| DATE | OUR POLICYHOLDER | POLICY NO. | LOSS DATE | CL. NO. |
|------|------------------|-----------|-----------|---------|
|      | SHARON ANDERSON  |           | 8/3/04    | 0141240130101027 |

NAME AND ADDRESS OF APPLICANT:

SHARON ANDERSON
216 N. CONNELL ST.
WILMINGTON, DE 1980⁵

EMPLOYEE'S NAME AND ADDRESS:

SOCIAL SECURITY NO.

Dear Sir or Madam:

The above named person has applied for benefits under the MARYLAND ECONOMIC LOSS PROTECTION LAW as a result of injuries in an automobile accident on the date indicated. We understand this person is your employee or former employee. To assist us in determining benefits that may be due the applicant, please provide us with the answers to the following questions.

Please complete and return this report directly to us.

CLAIM DEPT.

1. DATES OF EMPLOYMENT:                    FROM: 7/16/90        THROUGH: Current

2. JOB TITLE OR DESCRIPTION:               ADMINISTRATIVE Coordinator

3. WAGE OR SALARY AS OF DATE OF ACCIDENT: $ 3,296.00 ☐ PER HOUR ☐ PER WEEK ☑ PER MONTH

4. CIRCLE DAYS NORMALLY OFF:   (S)  M  T  W  T  F  (S)  NONE

                                            HOURS NORMAL WORK WEEK  37.5

5. HOURS NORMALLY WORKED (EXAMPLES 9 A.M. – 5:00 P.M.) 8:00 AM    To 4:30 PM

6. DATES ABSENT BECAUSE OF ACCIDENT        FROM: 8/3/04    THROUGH: 8/10/04

7. WAS EMPLOYEE PAID WAGES OR SALARY       YES ☑ IF "YES", AMOUNT PAID $ 1647.99
   DURING THIS ABSENCE?                    NO ☐

8. IS EMPLOYEE ENTITLED TO RECEIVE BENEFITS UNDER ANY WORKMEN'S COMPENSATION LAW AS A RESULT OF THIS
   ACCIDENT?                               YES ☐  NO ☑

9. NAME OF WORKMEN'S COMPENSATION INSURANCE CARRIER.   PMA

---

**DEPOSITION
EXHIBIT**
ANDERSON - 22
ECH  4-14-08

DATE: 8/23/06.

SIGNED: Linda P. Russell
YOUR NAME: Linda H. Russell
TITLE: Assistant to the Chair
COMPANY NAME: University of Delaware
ADDRESS: English Dept. Newark De 19716
TELEPHONE NUMBER: 302-831-1974



CONFIDENTIAL

P 000006

EXHIBIT0009

CONFIDENTIAL Sharon L. Anderson

Page 1

CONFIDENTIAL TRANSCRIPT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KERRY JOHNSON, et al., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 06048 JJF |
| v. | ) ) | |
| GEICO CASUALTY COMPANY, et al., | ) ) ) | |
| Defendants. | ) | |

A videotape deposition of SHARON L. ANDERSON
was taken pursuant to notice before Ellen Corbett Hannum,
Registered Merit Reporter, in the law offices of Dawn L.
Becker, 919 Market Street, Suite 460, Wilmington,
Delaware, on Monday, April 14, 2008, beginning at
approximately 10:04 a.m., there being present:

CORBETT & WILCOX
Registered Professional Reporters
The Parcels Building - 230 N. Market Street
Wilmington, DE 19801
(302) 571-0510
www.corbettreporting.com
Corbett & Wilcox is not affiliated with Wilcox & Fetzer,
Court Reporters

CONFIDENTIAL Sharon L. Anderson

Page 245

1    she did not ask when the recording began.

2         Q.    Right.  But I mean, they can't just -- you

3    understand they can't just launch into a recording

4    without first talking to you?

5         A.    Okay.

6         Q.    And in addition, getting your authorization to

7    do it.

8         A.    Understood.

9         Q.    Okay.  But my question to you is -- and if you

10   want to take -- I've got a few more minutes, if you want

11   to take five minutes and read that to make sure that it's

12   accurate.

13        A.    No, we can keep moving.

14        Q.    Okay.  On page 7 of 8 -- and again, I will

15   tell you I checked the calendar and April -- I mean,

16   August 6th, 2004 was a Friday afternoon.  And your

17   accident was on a Tuesday afternoon, August 3rd.

18                     And if you will go to page 7 -- a couple

19   of things.  Right in the middle it said:  "Have you ever

20   been injured in an auto accident prior to this?"  And

21   your answer was:  "Yes."  And she said:  "How long ago

22   was that?"  And you said, "1992."  But, indeed, you had

23   subsequent -- at least a subsequent accident after 1992,

24   in which you had injured your back; correct?  Didn't you

CONFIDENTIAL Sharon L. Anderson

```
 1    say you had one in '96?

 2         A.   I thought that was my rotor cuff that was

 3    injured.

 4         Q.   This didn't say what part.  It just said:

 5    Have you ever been injured in an auto accident?

 6         A.   And I said yes.

 7         Q.   Okay.  Well, but I mean, you only told her

 8    about 1992, you didn't tell her about anything else;

 9    correct?

10         A.   Well, I guess when she said how long ago was

11    that, I went to the longest one away.

12         Q.   All right.  Now, up the page about, up near

13    the top, and again this is Friday afternoon, it says:

14    "Have you had to miss any time from work because of your

15    injury?"  And your answer was, "No, or I should say not

16    yet."  So as of that Friday afternoon, you hadn't missed

17    any time from work; is that accurate?  Again, this is

18    three days after the accident?  You would know three days

19    after the accident whether or not you had missed any time

20    from work, wouldn't you not?

21         A.   I suppose.

22         Q.   Okay.

23              MR. CHURCH:  Next, we will mark this

24    document.
```

CONFIDENTIAL Sharon L. Anderson

Page 247

```
 1                    (A document was marked as Anderson
 2     Exhibit No. 22 for identification.)
 3     BY MR. CHURCH:
 4          Q.   Now, what I will represent to you is that on
 5     or about September the -- sometime in September 2006 --
 6     and the third page of this you will see is an envelope,
 7     and I believe you will recognize your handwriting on that
 8     envelope -- addressed to One GEICO Boulevard, with your
 9     address up in the left-hand corner.  Do you see that?
10          A.   Um-hmm.
11          Q.   Is that your handwriting, is it?
12          A.   Yes.
13          Q.   Okay.  And this showed up in GEICO's mailroom
14     that day, and this was mailed to GEICO by you in
15     September of 2006; is that correct?
16          A.   Yes.
17          Q.   Okay.  And this Linda Russell, who is Linda
18     Russell?
19          A.   She was assistant to the chair in English.
20          Q.   Okay.  And you were a co-worker with her?
21          A.   Yes.
22          Q.   Were you friends with her?  Are you friends
23     with her?
24          A.   I would not necessarily define it as friends.
```

CONFIDENTIAL Sharon L. Anderson

Page 248

1          Q.    Did you ever socialize with her?

2          A.    Well, she is the one that that loud and

3     abrupt, you know, comment on that document you showed...

4          Q.    Did you everybody socialize with her is my

5     question?

6          A.    Outside of anything work related?  I don't

7     believe so.

8          Q.    Okay.  And you sent this document in, and this

9     was a wage and salary verification, in September of 2006.

10    And on paragraph No. 6 of this document, you said that

11    you were absent because of the accident from 8/3/04

12    through 8/10/04; correct?

13         A.    That's what it says.

14         Q.    And as a result of that representation, GEICO

15    paid you $1,647.99 shortly after you submitted this to

16    GEICO in September of 2006, didn't they?

17         A.    That's correct.

18                    MR. CHURCH:  Let's get this marked,

19    please.

20                    (A document was marked as Anderson

21    Exhibit No. 23 for identification.)

22                    MR. CHURCH:  This is what, 23?

23    BY MR. CHURCH:

24         Q.    This is a document that I received from your