IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KERRY JOHNSON, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 06-408-JJF |
| : | |
| GOVERNMENT EMPLOYEES INSURANCE : | |
| COMPANY, et al., : | |
| : | |
| Defendants. : | |

**MEMORANDUM ORDER**

Presently before the Court is a Motion To Quash and Motion For Protective Order (D.I. 176) filed by Defendants. The motion seeks to quash a subpoena directed to a third-party, Berkshire Hathaway Inc. Defendants argue that the subpoena should be quashed and a protective order entered for several reasons: 1) the discovery sought by the subpoena seeks information outside the scope of the issues in this case; 2) the subpoena seeks documents protected by the attorney-client privilege and documents of a proprietary nature; 3) the subpoena seeks information previously provided by Defendants to Plaintiffs; and 4) the subpoena is unduly burdensome and expensive to Berkshire Hathaway. Defendants also contend, apparently on behalf of Berkshire Hathaway, that the subpoena is technically deficient because Berkshire Hathaway's offices are located in Omaha, Nebraska and Rule 45(C)(3)(A)(ii) requires a Court to quash a subpoena that requires a non party to travel more than 100 miles from where the person resides, is employed, or regularly transacts business.

In response, Plaintiffs set forth facts which it argues demonstrate that Berkshire Hathaway possesses information that Berkshire obtained from the Defendants which both contradicts what Defendants have produced and demonstrates that Defendants production to Plaintiff has not been complete or accurate.  After reviewing Plaintiff's submission, I am persuaded that Berkshire Hathaway does possess information that is relevant to Plaintiff's claims in this case as framed against Defendants, and therefore, the motion to quash and for protective order will be denied.  However, the question of where a 30(b)(6) deposition of a Berkshire Hathaway corporate designee should occur is in the first instance best left to the parties.  Plaintiffs, Defendants and Berkshire Hathaway shall attempt to schedule the deposition and, if an agreement cannot be reached, the Court will intervene.  Thus, for the reasons provided, IT IS HEREBY ORDERED that the Defendants' Motion To Quash and Motion For Protective Order (D.I. 176) is **DENIED**.

 February 20, 2009                         _Joseph J Farnan Jr._
        DATE                          UNITED STATES DISTRICT JUDGE