IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KERRY JOHNSON, et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 06-408-JJF |
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al., | : |
| Defendants. | : |

**MEMORANDUM ORDER**

Pending before the Court is the Motion of Berkshire Hathaway Inc. To Quash a Subpoena Seeking The Production of Documents and A Corporate Deponent (D.I. 181). By its motion, Berkshire Hathaway contends that: 1) Plaintiffs are not entitled to receive information protected by the attorney and work product privileges; 2) Berkshire Hathaway will be unduly burdened by producing documents in Delaware; and 3) Berkshire Hathaway should not be ordered to produce business records that are irrelevant to the claims presented in this litigation.

Plaintiffs respond that they agree with Berkshire Hathaway that documents subject to a privilege need not be produced; however, Plaintiffs assert that a privilege log should be produced. Plaintiffs state that they are willing to discuss the place of production as well as the location and timing of a corporate designee deposition. Lastly, Plaintiffs contend that Berkshire Hathaway has misapprehended the applicable rule in determining what is discoverable under the Federal Rules. In this regard, Plaintiffs contend that the standard is not

relevancy, but whether the information could lead to the discovery of admissible evidence.

Having reviewed the parties papers and considered similar arguments on a companion application by the Defendants in this litigation, the Court finds that Berkshire Hathaway's motion must be granted as it relates to any documents subject to a privilege. The Court also will grant the motion as to the location of any deposition of a corporate designee.  If the Plaintiffs and Berkshire Hathaway are unable to agree on the location of the deposition, the parties may request the Court to decide.  With regard to the extent of what must be produced by Berkshire Hathaway, the Court finds that documents relevant to the Defendant's business practices pertaining to PIP claims, costs containment efforts, and bill processing systems must be produced.  Additionally, Berkshire Hathaway must produce any documents that provide information in a reporting context on the financial aspects of claim handling and cost containment that it receives from Defendants in the course of their business relationship.

In sum, IT IS HEREBY ORDERED that the Motion (D.I. 181) of Berkshire Hathaway Inc. is **GRANTED** except as to documents described above.  A privilege log shall be prepared and provided to Plaintiffs.

February 20, 2009
DATE

*Joseph J. Farnan Jr.*
UNITED STATES DISTRICT JUDGE