IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KERRY JOHNSON and                    :
SHARON ANDERSON,                     :
on behalf of themselves and          :
all others similarly situated        :
                                     :
            Plaintiffs,              :
                                     :
        v.                           :    C.A. No. 06-408-JJF
                                     :
GEICO CASUALTY COMPANY,              :
GEICO GENERAL INSURANCE COMPANY,     :
GEICO INDEMNITY COMPANY, and         :
GOVERNMENT EMPLOYEES INSURANCE       :
COMPANY,                             :
                                     :
            Defendants.              :

---

Richard H. Cross, Jr., Esquire; Christopher P. Simon, Esquire;
and Kevin S. Mann, Esquire of CROSS & SIMON, LLC, Wilmington,
Delaware.
John Sheehan Spadaro, Esquire of JOHN SHEEHAN SPADARO, LLC,
Hockessin, Delaware.

Attorneys for Plaintiff.

George M. Church, Esquire, and Laura A. Cellucci, Esquire, of
MILES & STOCKBRIDGE P.C., Baltimore, Maryland.
Meloney Cargil Perry, Esquire of MECKLER BULGER TILSON MARICK &
PEARSON LLP, Dallas, Texas.
Paul A. Bradley, MARON MARVEL BRADLEY & ANDERSON, P.A.,
Wilmington, Delaware.

Attorneys for Defendant.

---

**MEMORANDUM OPINION**

December $\underline{11}$ , 2009
Wilmington, Delaware

**Farnan,** ~~District Judge.~~

Presently before the Court are Defendants GEICO Casualty
Company's And GEICO General Insurance Company's Rule 12(B)(1)
Motion To Dismiss Claims For Lack Of Standing (D.I. 194) and
Plaintiffs' Motion For Leave To Amend First Amended Complaint
(D.I. 225).  For the reasons discussed, the Court will grant both
motions.

## I.    Background

Plaintiffs Kerry Johnson and Sharon Anderson (collectively,
"Plaintiffs") initially filed this proposed class action lawsuit
on behalf of themselves and all others similarly situated against
Defendants GEICO Casualty Company ("GEICO Casualty"), GEICO
General Insurance Company ("GEICO General"), and GEICO Indemnity
Company ("GEICO Indemnity") (collectively, "Defendants") in the
Superior Court for the State of Delaware in and for New Castle
County.  In a nine-count Complaint, Plaintiffs alleged that
Defendants committed various statutory and common law violations,
including breaches of insurance contracts, bad faith breaches of
insurance contracts, breach of the duty of fair dealing, and
common law fraud, in connection with Defendants' denial of
benefits under Personal Injury Protection ("PIP") coverage issued
as part of Defendants' insurance contracts. (D.I. 1, Ex. D ¶¶ 1-
2.)  On June 27, 2006, Defendants removed this action from the
Delaware Superior Court to this Court pursuant to 28 U.S.C. §1332

and §1446. (D.I. 1.)

In a Memorandum Opinion and Order entered on September 27, 2007, the Court granted Plaintiffs' Motion For Leave To File Amended Complaint (D.I. 11) to the extent that Plaintiffs sought to supplement the facts alleged and add Government Employees Insurance Company as a defendant (D.I. 23, 24.)  Further, the Court granted Defendants' Motion To Dismiss For Failure To State A Claim (D.I. 3) with respect to Counts VII, VIII, and IX.  (Id.) Accordingly, the Plaintiffs still seek declaratory judgment that Defendants violated 21 Del. C. § 2118 and breached their automobile contracts with Plaintiffs (Count I.)  Plaintiffs' other remaining claims are: breach of contract (Count II); bad faith breach of contract (Count III); breach of the duty of fair dealing (Count IV); common law fraud (Count V); and consumer fraud in violation of 6 Del. C. § 2513 (Count VI).

On April 22, 2009, Defendants filed the present Motion To Dismiss Claims For Lack Of Standing ("Motion To Dismiss") and a Rule 23 Motion To Deny Class Certification (D.I. 198). Plaintiffs filed the present Motion For Leave To Amend First Amended Complaint ("Motion To Amend") on June 6, 2009.  At this time, the class certification issues have not been resolved by the Court.

## II.   **Plaintiffs' Motion For Leave To Amend First Amended Complaint [D.I. 225]**

### A.   **Parties' Contentions**

By their Motion to Amend, Plaintiffs seek leave to add GEICO Corporation as an additional corporate defendant, add a Count VII for tortuous interference with contractual relations, and add a claim for injunctive relief. (D.I. 225, Ex. 2.)   Further, Plaintiffs seek to amend Paragraphs 9, 27-53, and 58-61 (id.) to "supplement viable causes of action against Defendants with additional facts consistent with the record" (D.I. 226, at 14). Plaintiffs also seek to amend the proposed class definition in Paragraph 88, dividing it into three plaintiff classes. (D.I. 225, Ex. 2.) Plaintiffs contend their Motion To Amend should be granted because, in the absence of bad faith, dilatory motive, futility, or undue delay, leave to amend should be granted liberally. (D.I. 226, at 15.) With respect to amending to add an additional defendant, Plaintiffs contend that GEICO Corporation is the direct and indirect parent of the present Defendants, and that GEICO Corporation and all Defendants share resources and act collectively with regard to their insureds. (Id.) Plaintiffs additionally contend that the proposed amendments relate back to the date of the initial Complaint (April 19, 2006) because Defendants' alleged conduct has not changed, all causes of action arise out of or relate to the averments in the initial Complaint,

3

and the additional defendant (GEICO Corporation) has an identity of interests with existing Defendants, and was on notice of the action. (Id. at 17-20.)

Defendants oppose the proposed Second Amended Class Action Complaint in its entirety. (D.I. 250, at 4.) Generally, Defendants contend that Plaintiffs have acted with undue delay in seeking leave to amend because Plaintiffs had knowledge concerning most of the newly asserted facts and claims prior to filing the initial Complaint. (Id. at 2.) Defendants assert specific objections to each proposed amendment within the Second Amended Class Action Complaint. With respect to the addition of GEICO Corporation as a defendant, Defendants contend that such amendment is futile as it is barred by the statute of limitations, and that Plaintiffs lack standing against GEICO Corporation. (Id. at 3.) Defendants contend that the proposed amendments regarding a claim for injunctive relief and a cause of action for tortuous interference are futile. (Id.) Further, Defendants assert that additional factual allegations are merely "gratuitous statements of Plaintiffs' legal theories, totally unnecessary, and simply an attempt by Plaintiffs to drive up litigation costs." (Id.) Finally, Defendants oppose the proposed class definitions as untimely and prejudicial in light of the fact that Defendants filed their Rule 23 Motion To Deny Class Certification based on the original class definitions. (Id. at

4

15.)

## B.    **Legal Standard**

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000)(citing Fed. R. Civ. P. 15(a)).  The district court has discretion in granting a motion to amend, Foman v. Davis, 371 U.S. 178, 182 (1962), and "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has adopted a liberal policy favoring the amendment of pleadings to ensure that claims are decided on the merits rather than on technicalities.  Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990).  Amendment should be permitted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc." Foman, 371 U.S. at 182.

## C.    **Discussion**

The Court will grant Plaintiffs' Motion to file a Second Amended Class Action Complaint.

1.   Whether The Second Amended Class Action Complaint
     Should Be Denied As Futile

Amendment of a complaint is futile if it fails to state a
claim upon which relief can be granted.   In re Burlington Coat
Factory Sec. Litig., 114 F.3d 1410, 1434 (3d. Cir. 1997)(citing
Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir.
1996)).   In determining the futility of a proposed amendment, the
district court must apply the same standard of legal sufficiency
as under Rule 12(b)(6) of the Federal Rules of Civil Procedure.
Id.   If the proposed amendment "is frivolous or advances a claim
or defense that is legally insufficient on its face, the court
may deny leave to amend."   Harrison Beverage Co. v. Dribeck Imp.,
Inc., 133 F.R.D. 463, 468-69 (D.N.J. 1990)(citing 6 Charles Alan
Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and
Procedure § 1487 (2nd ed. 1990)).

     a.   *Whether Proposed Amended Claims Against GEICO*
          *Corporation Are Futile*

The Court concludes that Plaintiffs' Second Amended Class
Action Complaint, which seeks to add GEICO Corporation as a new
defendant, relates back to the initial Complaint, and thus, is
not futile.[1]   To ameliorate the running of the statute of

---

[1]Although Plaintiffs contend they are seeking leave to amend
before the expiration of any statute of limitations, and
Defendants contend the statute of limitations for claims against
GEICO Corporation has expired, neither Plaintiffs nor Defendants
provide any discussion of the applicable statute(s) of
limitations under Delaware law within their briefing of this
Motion.   Defendants make their arguments with respect to statute

6

limitations, Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure imposes three conditions, all of which must be met for a party to successfully relate back an amended complaint adding a new defendant. See Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 193 (3d Cir. 2001)(citing Fed. R. Civ. P. 15(c)). The three required conditions for relation back are: 1) the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out- or attempted to be set out- in the initial pleading; 2) the newly named party received such notice of the institution of the action within the period specified in Rule 4(m) (i.e., 120 days of the filing of the complaint), so that the party will not be prejudiced in maintaining a defense on the merits; 3) the newly named party knew or should have known that the action would have been brought against it, but for a mistake concerning the newly named party's identity. Fed. R. Civ. P. 15(c)(1)(C); see also Singletary, F.3d at 193-94.

The Court concludes that the first condition is satisfied, as the claims asserted against GEICO Corporation arise out of the same conduct as alleged in the initial Complaint. The Court also concludes that the second condition is satisfied. For purposes of relation back, the newly named party may have had "actual,

of limitations within their Rule 23 Motion To Deny Class Certification. The Court need not resolve any dispute as to the proper statute of limitations or its application for purposes of this Motion because it has determined that the proposed amendment relates back.

constructive, or imputed" notice of the action. <u>In re Color Tile Inc.</u>, 475 F.3d 508, 512 (3d Cir. 2007)(citing <u>Singletary</u>, 266 F.3d at 195)). GEICO Corporation may well have received actual notice of this action. (<u>See</u> D.I. 229, Pl. App. at 20 (Berkshire Hathaway acknowledging in a privilege log that it received reports from "GEICO Office of the General Counsel" regarding the status of "GEICO's legal affairs, including various lawsuits," and that "[f]rom 2006-forward, the Johnson case has been identified on the reports").) However, because it is unclear whether such reports were generated within 120 days of the filing of the initial Complaint (rather than just within 2006 generally), the Court cannot conclude that GEICO Corporation had actual notice.

At a minimum, notice of the action within 120 days can be imputed to GEICO Corporation. The Third Circuit has endorsed two methods of imputing notice under Rule 15(c): the "shared attorney" method and the "identity of interest" method. <u>Singletary</u>, 266 F.3d at 196-200. Plaintiffs contend that the "identity of interest" methods is applicable. (D.I. 226, at 18.) "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." <u>Singletary</u>, 266 F.3d at 197 (citations omitted). An identity of interest generally

8

exists in a parent-subsidiary context. See 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1499 (2d ed. 2009); see also E.I. duPont de Nemours & Co. v. Phillips Petroleum Co., 621 F. Supp. 310, 314 (D. Del. 1985)(finding identity of interest where plaintiff sought to add wholly-owned subsidiary as a defendant when parent corporation was named as party in initial complaint). Accordingly, GEICO Corporation has an identity of interest in this action because it is the parent corporation of the existing Defendants. (See D.I. 250, at 5 ("GEICO Corporation is a holding company that is the parent corporation of the Defendant insurance companies").)

The third condition requires that the newly added party knew or should have known that it would have been named in the complaint but for a mistake - whether the mistake is based on lack of knowledge or mere misnomer. Arthur v. Maersk, 434 F.3d 196, 209 (3d Cir. 2006). "A 'mistake' is no less a 'mistake' when it flows from lack of knowledge as opposed to inaccurate description." Id. Although Plaintiffs do not explicitly allege what "mistake" led to GEICO Corporation not being included as a defendant initially, Plaintiffs appear to contend that they lacked knowledge about Defendants' corporate structure before discovery had taken place.[2]  (D.I. 226, at 6-7.)  GEICO

_____

[2]  The Court acknowledges that Plaintiffs apparently possessed some knowledge about Defendants' corporate structure as early as August 2006. On August 24, 2006, Defendants moved for

Corporation contends that it "does not sell insurance," "does not handle or adjust Delaware personal injury protection claims," and "does not establish policies or procedures used by its subsidiaries in handling or adjusting insurance claims," (D.I. 250, Ex. A., Robinson Aff.) and thus, should not have known it might be named as a defendant. Given its status as parent corporation to Defendants, and the fact that Plaintiffs were engaging in continued discovery efforts with respect to the GEICO corporate structure, the Court finds it reasonable to infer that GEICO Corporation knew or should have known that the action could have been brought against it but for Plaintiffs' mistake. Accordingly, the Court concludes the requirements for relation back are met, and that allowing Plaintiffs leave to amend to add GEICO Corporation as a defendant is not futile.

Defendants alternatively contend that allowing an amendment to add GEICO Corporation is futile because Plaintiffs lack standing against GEICO Corporation. (D.I. 250, at 5-6.) A determination of Plaintiffs' standing turns on the nature of the relationship between Defendants and GEICO Corporation. Because an evaluation of this relationship would necessarily require the Court to examine matters outside the pleadings, the Court will

---

leave to file the First Amended Class Action Complaint (D.I. 11) to add Government Employees Insurance Company as a defendant on the basis that it was a related entity to the three original defendants. (See D.I. 12.)

defer ruling on the question of Plaintiffs' standing against
GEICO Corporation.

               b.    *Whether Proposed Tortuous Interference Claim*
                   *Against All Defendants Is Futile*

The Court concludes that allowing Plaintiffs leave to amend
to add a claim for tortuous interference with contractual
relations is not futile. A claim for tortuous interference with
contractual relations requires proof of five elements under
Delaware law: 1) a contract, 2) about which the defendant knew,
3) an intentional act that is a significant factor in causing the
breach of contract, 4) without justification, and 5) which causes
injury. Aeroglobal Capital Mgmt. v. Cirrus Indus., 871 A.2d 428,
437 n.7 (Del. 2005). Upon review of the proposed Second Amended
Class Action Complaint, the Court believes that Plaintiffs
sufficiently state a claim for tortuous interference in that the
factual allegations are enough to raise a right to relief above
the speculative level, and the claim is plausible on its face.
Although Defendants contend that only the healthcare provider
could maintain an action for tortuous interference of the
contract between the providers and Plaintiffs (D.I. 250, at 12),
they provide no authority to support this contention.

               2.    Whether Defendants Are Unduly Prejudiced By The
                   Second Amended Class Action Complaint

The Court concludes that granting Plaintiffs leave to amend
will not unduly prejudice Defendants. Defendants contend that

11

the revised factual allegations and class definitions would cause
undue prejudice to Defendants' prosecution of its Rule 23 Motion
to Deny Class Certification.  (D.I. 250, at 14-15.)  Further,
Defendants contend that the request for injunctive relief in the
Second Amended Class Action Complaint is unduly prejudicial
because of Defendants' pending class certification motion.  (Id.
at 13.)

    The non-movant bears the burden of proving that actual
prejudice will result from amendment of a complaint.  Pegasus
Dev. Corp. v. DIRECTV, Inc., No. CIV.A 00-*1020-GMS 2002 WL
598457, at *2 (D. Del. Apr. 18, 2002)(citations omitted); see
also Kiser v. Gen. Elec. Co., 831 F.2d 423, 427-28 (3d Cir.
1987).  In order to prove undue prejudice, the non-movant "must
show that it was unfairly disadvantaged or deprived of the
opportunity to present facts or evidence which it would have
offered . . . had the amendments been timely."  Bechtel v.
Robinson, 886 F.2d 644, 652 (3d Cir. 1989)(citing Heyl &
Patterson Int'l, Inc. v. F.D. Rich Hous. of V.I., Inc., 663 F.2d
419, 426 (3d Cir. 1981)).  Under Rule 15 of the Federal Rules of
Civil Procedure, prejudice "means undue difficulty in prosecuting
[or defending] a lawsuit as a result of a change in tactics or
theories on the part of the other party."  Deakyne v. Comm'rs of
Lewes, 416 F.2d 290, 300 (3d Cir. 1969).

    The Court rejects Defendants' contention that they will be

unduly prejudiced by amendment because their Rule 23 Motion To Deny Class Certification is currently pending. Plaintiffs filed their Motion For Class Certification (D.I. 262) subsequent to filing the present Motion To Amend, and the Motion For Class Certification largely incorporates the proposed changes from the Motion To Amend. Defendants filed an Answering Brief in Opposition To Plaintiffs' Motion For Class Certification (D.I. 291), and thus, were not deprived of an opportunity to present facts or evidence on class certification. The Court has reviewed the briefing on Defendants' Rule 23 Motion To Deny Class Certification and Plaintiffs' Motion For Class Certification, and concludes that Plaintiffs' Motion to Amend does not represent a change in tactics or legal theories with regard to this lawsuit generally, or the class certification issue specifically. Further, the Court notes that Defendants' Answering Brief in Opposition To Plaintiffs' Motion For Class Certification references and incorporates many arguments made in their Rule 23 Motion To Deny Class Certification. Accordingly, the Court concludes Defendants have not, and will not, incur any undue difficulty in defending against the Second Amended Class Action Complaint.

>        3.    Whether The Second Amended Class Action Complaint
>              Is The Product of Plaintiffs' Undue Delay

Defendants contend that Plaintiffs acted with undue delay in seeking leave to amend to add a tortuous interference claim and

to revise its factual allegations and proposed subclass definitions. (D.I. 250, at 11, 14-15.) The Third Circuit has stated that "[t]he passage of time, without more, does not require that a motion to amend a complaint be denied; however, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984). The question of undue delay requires the Court to focus on Plaintiffs' reasons for not amending sooner. Cureton v. NCAA, 252 F.3d 267, 276 (3d Cir. 2001).

Beyond the allegedly late date of amendment, Defendants have not demonstrated sufficient prejudice resulting from the delay. Although Defendants have invested significant time and expense in discovery to-date, the general nature of the factual allegations has remained the same, and the same alleged conduct by Defendants forms the basis for the tortuous interference claim and the existing claims. Accordingly, in the Court's view, it is unlikely Defendants would have conducted the case any differently had these amendments been made earlier. See Dole v. Fresh Fruit Co. V. Del. Cold Storage, Inc., 961 F. Supp. 676, 686 (D. Del. 1997)(granting plaintiff's motion to amend to add restitution claim despite delay because it was unlikely defendant would have conducted case differently if it had been aware of restitution

claim). Further, the Court finds no indication that Plaintiffs acted in bad faith by any delay in filing.

In sum, the Court concludes that the Second Amended Class Action Complaint is not futile, will not unduly prejudice Defendants, and was not the product of undue delay. Therefore, the Court will grant Plaintiffs' Motion To Amend.

## III. Defendants' Motion To Dismiss [D.I. 194]

### A. Parties' Contentions

By its Motion To Dismiss, Defendants GEICO Casualty Company ("GEICO Casualty") and GEICO General Insurance Company ("GEICO General") seek to have all claims against them dismissed, and to be dismissed from the action. (D.I. 194, at ¶3.) Defendants contend that no insurer/insured or contractual relationship existed between either of the named Plaintiffs and Defendants. (Id. at 3.) Because all the asserted causes of action are based upon the existence of a contractual relationship (i.e., insurance policies) between Plaintiffs and Defendants, Defendants contend that Plaintiffs lack standing against GEICO Casualty and GEICO General. (Id.) Specifically, Defendants contend that Plaintiffs have suffered no injury-in-fact that is fairly traceable to any act of GEICO Casualty or GEICO General, and that is redressable by the Court. (Id.)

Plaintiffs contend they have standing against GEICO Casualty and GEICO General because all four Defendants appear as parties

to Plaintiffs' policies, and all four entities act jointly and collectively.  (D.I. 223, at 3.)  Specifically, Plaintiffs contend that all Defendants market their insurance products under the same name, administer PIP claims jointly, and jointly use a database and software system managed by Medata.  (Id. at 18-20.) Plaintiffs further assert that all Defendants share resources, including personnel and legal counsel.  (Id. at 19.)

## B.    Legal Standard

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court may dismiss a complaint for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1). Motions brought under Rule 12(b)(1) may present either a facial challenge or a factual challenge to the Court's subject matter jurisdiction. Gould Elecs. Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000)(citing Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.3d 884, 891 (3d Cir. 1977)).  If the motion presents a factual attack, the Court may consider evidence outside the pleadings, id., including affidavits, depositions, and testimony, to resolve factual issues bearing on jurisdiction.  Gotha v. U.S., 115 F.3d 176, 179 (3d Cir. 1997).  If the motion presents a facial attack, the Court may only consider the allegations of the complaint, and documents referenced therein, in the light most favorable to the plaintiff.  Gould Elecs., 220 F.3d at 176.

## C. Discussion

### 1. Standing Generally

Standing to sue is a constitutional prerequisite to maintaining an action in federal court. See DaimlerChrysler Corp. V. Cuno, 547 U.S. 332, 342 (2006)(citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992))("The 'core component' of the requirement that a litigant have standing to invoke the authority of a federal court 'is an essential and unchanging part of the case-or-controversy requirement of Article III.'").   To demonstrate standing, a plaintiff must demonstrate that a case or controversy exists within the meaning of Article III of the Constitution.  Lujan, 504 U.S. at 560.  To meet this requirement, a plaintiff must show: 1) that it suffered an injury-in-fact; 2) the injury is fairly traceable to the action challenged; and 3) it is likely that the injury will be redressed by a favorable decision.  Id. at 560-61.

### 2. Standing In The Context Of A Putative Class Action

Standing requirements in putative class actions are no different than in other actions. See Lewis v. Casey, 518 U.S. 343, 357 (1996)(citing Simon v. Eastern Ky. Wildlife Rights Org., 426 U.S. 26, 40 n.20 (1976))("That a suit may be a class action . . . adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered

17

by other, unidentified members of the class to which they belong and which they purport to represent.'"). "Standing cannot be acquired through the back door of a class action." Allee v. Medrano, 416 U.S. 802, 829 (1974). Thus, a named plaintiff can not represent a class against a defendant if he lacks standing to sue that defendant in his own right. See In re Franklin Mut. Funds Fee Litig., 388 F. Supp. 2d 451, 461 (D.N.J. 2005)("[I]n order to establish standing in the class action context, for each named defendant, at least one named plaintiff must be able to allege injury traceable to that defendant.")

Plaintiffs contend that the issue of class certification should be decided before the Court determines whether Plaintiffs have standing to sue GEICO Casualty and GEICO General. (D.I. 223, at 23.) In the Court's view, however, the constitutional issue of whether Plaintiffs have standing to sue GEICO Casualty and GEICO General should be resolved prior to the pending class certification motions. See O'Shea v. Littleton, 414 U.S. 488, 494 n.3 (1974)("There was no class determination in this case as the complaint was dismissed on grounds[, the absence of standing,] which did not require that determination to be made."); Hassine v. Jeffes, 846 F.2d 169, 176 (3d Cir. 1988)("[W]e note that review of standing is a threshold inquiry, and that the proper disposition of a case in which the putative class plaintiff lacks standing is to dismiss the complaint- not

18

to deny class certification.")  Disposition in this order is

consistent with the Supreme Court's observation in Amchem

Products, Inc. v. Windsor, 521 U.S. 591, 613 (1997), that "Rule

23's requirements must be interpreted in keeping with Article

III's constraints."

### 3. Whether Plaintiffs Have Standing To Sue GEICO Casualty and GEICO General

The Court concludes that Plaintiffs lack standing to sue

GEICO Casualty and GEICO General, and accordingly, they will be

dismissed as parties to the action.  In its decision denying in

part Defendants' first Motion To Dismiss (D.I. 23), the Court

addressed the issue of standing as it pertained to GEICO Casualty

and GEICO General.  At that time, the Court declined to dismiss

GEICO Casualty and GEICO General under Rule 12(b)(6), finding

that discovery on the issue of standing was warranted before the

Court entertained the question of dismissal.  (Id. at 6.)

Defendants fail to make clear whether the current Motion To

Dismiss, made under Rule 12(b)(1), is a facial or factual

challenge.  In light of the affidavits and copies of Plaintiffs'

amendments and policy contracts which Defendants have attached to

support their position on subject matter jurisdiction, the Court

understands and considers this Motion To Dismiss as a factual

challenge.[3]

---

[3]The Court considers the Motion To Dismiss in the context of
the Second Amended Class Action Complaint.

Plaintiffs Ms. Anderson and Mr. Johnson were insured under Delaware family automobile policies issued by Defendants Government Employees Insurance Company and GEICO Indemnity, respectively. (D.I. 194, Ex. 1 ¶¶ 3,6.) The injury alleged by Plaintiffs in the Second Amended Class Action Complaint is the denial of benefits and performances to which Plaintiffs were lawfully entitled under PIP coverage issued as part of Defendants' insurance contracts, due to Defendants' "arbitrary, unreasonable, unjust, unfair, fraudulent, deceptive, and otherwise wrongful and illegal conduct." (D.I. 225, Ex. 1 ¶ 1.) Assuming Plaintiffs have suffered this injury-in-fact, a causal connection between that injury and GEICO Casualty and GEICO General must exist. In other words, "the injury has to be 'fairly trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.'" Lujan, 504 U.S. at 560 (citations omitted). The Court concludes this requirement is not met, because even if GEICO Casualty and GEICO General engaged in the arbitrary and unreasonable denial of benefits, Plaintiffs' injuries are not traceable to that conduct. Rather, Plaintiffs' alleged injuries are traceable to Government Employees Insurance Company and GEICO Indemnity, the insurance companies which issued their policies.

Although it examined standing in the context of Delaware

law, the Court finds that the case of Murphy v. United Serv. Auto Ass'n, No. Civ.A. 04C-07-003RFS, 2005 WL 1249374 (Del. Super. Ct. May 10, 2005) provides additional support for this conclusion. In Murphy, plaintiffs brought a putative class action complaint against seventeen insurance companies who provide no-fault insurance coverage in Delaware. Murphy, 2005 WL 1249374 at *1. Plaintiffs alleged that, inter alia, the defendant insurance companies unlawfully denied payment of some or all benefits, and that the insurance companies made payment decisions without a fair assessment. Id. Because the named plaintiffs were only party to insurance policies with two of the insurance companies, the Delaware Superior Court dismissed plaintiffs' claims against the other defendants for lack of standing. Id. at *2. The instant case admittedly differs in that the four existing Defendants are related companies. However, like Murphy, neither of the named Plaintiffs are party to an insurance policy issued by GEICO Casualty or GEICO General.

Plaintiffs do not dispute that neither named Plaintiff was insured under a policy issued by GEICO Casualty or GEICO General. Rather, they contend that the action should be permitted to go forward because all Defendants are juridically related. (D.I. 223, at 23.) Specifically, Plaintiffs contend that a juridical relationship exists because "[t]here does not appear to be any difference between, inter alia, the claims handling procedures,

types of policies, policy language, personnel, training manuals, legal counsel, the process by which each corporation obtains its customers, or ownership of the four GEICO entities." (Id. at 27-28.) This logic cannot save Plaintiffs' claims against GEICO Casualty and GEICO General because the juridical link doctrine is inapplicable to issues of standing, and is appropriately considered in a class certification analysis under Rule 23. In re Franklin Mut. Fund Fees Litig., 388 F. Supp. 2d at 462 n.7.

The Court is also not able to accept Plaintiffs' contention that standing has been established against GEICO Casualty and GEICO General because the four existing Defendants have responded to all discovery requests jointly, and have admitted on the record that the policies and practices of the four Defendants are jointly administered. (D.I. 223, at 17.) Standing is a jurisdictional question that cannot be waived. See, e.g., U.S. v. Hays, 515 U.S. 737, 742 (1995)("The question of standing is not subject to waiver...."). Accordingly, GEICO Casualty and GEICO General are not precluded from raising a standing challenge at this stage of the litigation based on their behavior during discovery.

## IV. Conclusion

For the reasons discussed, Defendants GEICO Casualty Company's And GEICO General Insurance Company's Rule 12(B)(1) Motion To Dismiss Claims For Lack Of Standing will be granted.

Plaintiffs' Motion For Leave To Amend First Amended Complaint
will also be granted.

An appropriate Order will be entered.