IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **KERRY JOHNSON, and SHARON ANDERSON, on behalf of themselves and all others similarly situated**<br>Plaintiffs;<br>v.<br>**GOVERNMENT EMPLOYEES INSURANCE COMPANY**, et al,<br>Defendants, | Civil Action No. 06-408-RGA |

MEMORANDUM OPINION

Richard H. Cross, Jr., Esq., Christopher P. Simon, Esq., and Kevin S. Mann, Esq., Cross and Simon LLC, Wilmington, DE; Ingrid Moll, Esq., Motley Rice, LLC, Hartford, CT, attorneys for the Plaintiffs.

Paul A. Bradley, Esq., Maron Marvel Bradley & Anderson, LLC, Wilmington, DE; George M. Church, Esq. and Laura A. Cellucci, Esq., Miles & Stockbridge P.C., Baltimore, MD; Meloney Perry, Esq., Perry Law P.C., Dallas, TX, attorneys for the Defendants.

March 26, 2014

ANDREWS, UNITED STATES DISTRICT JUDGE:

Presently before the Court for disposition is Defendants' Motion for Summary Judgment Regarding the Claims of Sharon Anderson. (D.I. 579). This matter has been fully briefed. (D.I. 585, 599, 611). For the reasons set forth herein, the Defendants' Motion for Summary Judgment is **GRANTED IN PART** and **DEFERRED IN PART**.

## BACKGROUND

The Plaintiffs filed this case on April 19, 2006 in the Superior Court of Delaware. The case was removed to this Court on June 27, 2006. (D.I. 1). The Plaintiffs assert that the Defendants' automated claims processing system violates the Delaware personal injury protection law ("PIP") as it "imposes undisclosed and unjustified policy exclusions[] in violation of Defendants' contractual, extra-contractual, statutory, and regulatory obligations to their insureds . . . ." (D.I. 599 at 8). This case has seven Counts.

I. Declaratory Judgment

II. Breach of Contract

III. Bad Faith Breach of Contract

IV. Breach of the Duty of Fair Dealing

V. Common Law Fraud

VI. Consumer Fraud

VII. Tortious Interference with Contract

On December 30, 2009 the Court certified this case as a class action for Counts III, IV, and VI. (D.I. 321 at 1). The Defendants now move the Court to grant their Motion for Summary Judgment on all seven Counts.

1

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(a). The moving party has the initial burden of proving the absence of a genuinely disputed material fact relative to the claims in question. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Material facts are those "that could affect the outcome" of the proceeding, and "a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the nonmoving party." *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The burden on the moving party may be discharged by demonstrating that there is an absence of evidence supporting the non-moving party's case. *Celotex*, 477 U.S. at 325.

The burden then shifts to the non-movant to demonstrate the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460–61 (3d Cir. 1989). A non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ." FED.R.CIV.P. 56(c)(1).

When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). A dispute is "genuine" only if the evidence is such that a

reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 247–49. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp.*, 477 U.S. at 322.

## ANALYSIS

The Defendants put forth four main arguments: (1) that the Plaintiff Sharon Anderson ("Plaintiff") lacks standing under 21 Del. C. §§ 2118 and 2118B(c), (2) that the Plaintiff is not entitled to the statutory penalty under 21 Del. C. § 2118B(c) because she was provided a written explanation for any denial of payment, (3) that GEICO is entitled to summary judgment on Counts III, IV, and VI because they are premised on a violation of 18 Del. C. § 2304(16), and (4) that GEICO is entitled to summary judgment on all seven Counts because the Plaintiff cannot satisfy the required elements of each Count. The Court will address each of these arguments in turn.

### 21 Del. C. §§ 2118 and 2118B(c)

The Defendants contend that the Plaintiff lacks standing to seek additional benefits or statutory interest under 21 Del. C. § 2118B(c).

*Legal Standard*

The purpose of 21 Del. C. § 2118B "is to ensure reasonably prompt processing and payment of sums owed by insurers . . . , and to prevent the financial hardship and damage to personal credit ratings that can result from the unjustifiable delays of such payments." 21 Del. C. § 2118B(a). In order to accomplish this, the law requires:

> When an insurer receives a written request for payment of a claim for benefits pursuant to § 2118(a)(2) of this title, the insurer shall promptly process the claim and shall, no later than 30 days following the insurer's receipt of said written

3

request for first-party insurance benefits and documentation that the treatment or expense is compensable pursuant to § 2118(a) of this title, make payment of the amount of claimed benefits that are due to the claimant or, if said claim is wholly or partly denied, provide the claimant with a written explanation of the reasons for such denial. If an insurer fails to comply with the provisions of this subsection, then the amount of unpaid benefits due from the insurer to the claimant shall be increased at the monthly rate of:

> (1) One and one-half percent from the thirty-first day through the sixtieth day; and
>
> (2) Two percent from the sixty-first day through the one hundred and twentieth day; and
>
> (3) Two and one-half percent after the one hundred and twenty-first day.

*Id.* at (c).

The statute allows only for a "claimant" to bring suit. *Id.* The term "claimant" is defined as the person, or organization, that submits the claim to the insurer. *Sammons v. Hartford Underwriters Ins. Co.*, 2011 WL 6402189, *2 (Del. Super. Dec. 15, 2011) (defining the term claimant as a matter of statutory construction and finding that "[c]ommon sense dictates that the 'claimant' who submitted the claim receives any statutory damages."), *aff'd*, 49 A.3d 1194 (Del. 2012). This means that a claimant can be, but is not limited to, an insured or a medical provider. *Id.* In *Sammons*, the Superior Court of Delaware determined that because the medical bill was submitted to the insurer by the medical practice, the medical provider and not the insured was the claimant. *Id.* at *3. The Superior Court further held that even if the payment was not timely, the insured would not have been "entitled to any statutory interest." *Id.*

*Discussion*

The Plaintiff argues that she is the claimant and thus has standing under 21 Del. C. § 2118B. The Defendants disagree. (D.I. 585 at 15). The Defendants argue that "there are no material factual differences between the *Sammons* case and this case that would require a result

4

different than that reached in *Sammons*." *Id*. The Plaintiff contends that this case is different from *Sammons* because, unlike in *Sammons*, here (1) the Plaintiff would be subject to late fees if GEICO did not pay the claimed amounts on time, (2) "GEICO's insurance policies and operating procedures dictate that the insureds, not medical providers, are the 'claimants' of benefits under their policies," (3) GEICO sends insureds applications for claim benefits, and (4) GEICO only negotiates the amount of a claim with an insured. (D.I. 599 at 21-25). The Defendants argue that the charges that the Plaintiff bases her claim on were submitted by the Plaintiff's providers to GEICO and that GEICO paid the claims directly to the providers. (D.I. 585 at 19, 20). The Defendants provide the Court with ample documentation both that the claims were made by the various medical providers and that the claims were paid directly to the various medical providers. (D.I. 582-3, 582-4, 582-5, 582-6, 582-7). The Plaintiff does not dispute this. Instead, the Plaintiff argues that this case is different from *Sammons* because, despite the bills originating from the medical providers, the Plaintiff remained ultimately liable for any unpaid bills, which is dissimilar from the facts in *Sammons*, where the insurance company was only alleged to have paid the bills late. (D.I. 599 at 27, 28). The Court disagrees with the Plaintiff.

The Superior Court of Delaware found as a matter of statutory construction that the claimant was the person or entity that submitted the bill to the insurer. *Sammons*, 2011 WL 6402189 at *2. The Supreme Court of Delaware then affirmed the decision, albeit without an opinion. *Sammons v. Hartford Underwriters Ins. Co.*, 49 A.3d 1194 (Del. 2012). Despite the Plaintiff's invitation, this Court will not construe this statute differently than the state courts of Delaware have done.[1] Thus, as the Plaintiff has not provided any evidence that she submitted a

---

[1] It may be that the Supreme Court's affirmance is not binding on this court. Nevertheless, even assuming that, this Court must still give deference to the Superior Court's interpretation, both because it is a state court interpretation of a state statute, and also because its logic is compelling.

5

bill directly to GEICO, she does not have standing under 21 Del. C. § 2118B. The Defendants' Motion for Summary Judgment regarding additional benefits and statutory benefits under 21 Del. C. § 2118B(c) is granted.[2]

### Counts III, IV, and VI's Connection 18 Del. C. § 2304(16)

The Defendants argue that because "Counts III, IV[,] and VI are premised entirely upon [an] alleged violation of 18 Del. C. §2304(16)," and the Court has previously found that there is no private right of action afforded under 18 Del. C. §2304(16), the Defendants' motion for Summary Judgment as to these claims should be granted. (D.I. 585 at 27). The Court will hold oral argument on this issue and will therefore reserve judgment on it.

### Counts I, II, III, IV, and V

The Defendants argue that Counts I, II, III, IV, and V should be dismissed as the Plaintiff is unable to satisfy her burden of proof regarding each of these claims. *Id.* at 36-45. The Court will hold oral argument on these issues and will therefore reserve judgment on each of them.

### Count VI

The Defendants argue that Count VI fails as the Plaintiff has put forth no evidence of any misrepresentations relating to the sale or advertisement of her auto insurance policy. (D.I. 585 at 45, 46).

*Legal Standard*

Count VI is a claim under Delaware Consumer Fraud Act, 6 Del. C. § 2513. (D.I. 316 at 32, 33). The statute reads:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of

---

[2] As the Court is granting Defendants' motion for Summary Judgment as to 21 Del. C. § 2118B(c) for lack of standing, the Court need not, and elects not to, address the Defendants' argument that 21 Del. C. § 2118B(c) was not violated because GEICO provided written explanations for any claim denials.

any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale, lease or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice.

6 Del. C. § 2513. As per the statute, misrepresentations are only actionable as related to the sale, lease, or advertisement of merchandise.[3]

*Discussion*

The Defendants argue that, "The undisputed evidence shows there are no misrepresentations, misstatements, or promises by GEICO, whether intentional or negligent, in connection with GEICO's merchandising practices." (D.I. 585 at 46). Furthermore, GEICO directs the Court's attention to numerous locations in Plaintiff's deposition that confirm this proposition. *Id.*; *See, e.g.,* (D.I. 654-2 at 3-20). The Plaintiff responds that the Defendants' form insurance contract "promises insureds that '[a]ny term of this policy in conflict with the statutes of Delaware are [sic] amended to conform to those statutes.'" (D.I. 599 at 45). The Court is not persuaded by the Plaintiff's argument. The Plaintiff fails to point to any evidence that this sentence was ever relied on by anyone, including the Plaintiff, during the purchase of any policy. Furthermore, the only possible interpretation of the cited language is that the contract is to be interpreted consistent with Delaware law. The clause is meant to avoid conflicts between the contract and Delaware law. It cannot serve as a mode of advertisement under 6 Del. C. § 2513. The Plaintiff has not cited any case that so holds, nor has the Plaintiff cited to any cases in support of its arguments as related to Count VI. (D.I. 599 at 45). Here, the Defendants have pointed the court to an absence of material facts, as required by *Celotex*

---

[3] GEICO acknowledges that, for the purpose of this statute, an auto insurance plan is considered merchandise. The Court agrees. (D.I. 585 at 46); *see also* 6 Del. C. § 2511 (6).

7

*Corp.*, and the Plaintiff fails to point the Court to any *genuine* material issue of disputed fact. Therefore, the Defendants' Motion for Summary Judgment is granted as to Count VI.

## Count VII

The Defendants argue that the Plaintiff fails to satisfy the elements for a claim of tortious interference with contractual relations.

*Legal Standard*

Tortious interference requires "(1) a contract, (2) about which defendant knew and (3) an intentional act that is a significant factor in causing the breach of such contract (4) without justification (5) which causes injury." *Aspen Advisors LLC v. United Artists Theatre Co.*, 861 A.2d 1251, 1266 (Del. 2004).

*Discussion*

The Defendants argue that the Plaintiff "has failed to state a viable claim that GEICO interfered with her contracts with her providers" because "under [the Plaintiff's] allegations, it could only be her healthcare providers, not [the Plaintiff] to whom GEICO may be subject to liability." (D.I. 585 at 48 (internal quotation marks omitted)). The Plaintiff argues that because "[the Plaintiff] had a contractual relationship with a medical provider, which was known to GEICO," there can be tortious interference. (D.I. 599 at 46). The Court disagrees with the Plaintiff.

One relevant portion of the Restatement (Second) of Torts, on which Delaware law is based, *see Irwin & Leighton, Inc. v. W.M. Anderson Co.*, 532 A.2d 983, 992 (Del. Ch. 1987), reads:

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability

to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

Restatement (Second) of Torts § 766 (1979). It is clear, after substituting in the relevant party names, that the Plaintiff has no cause of action. The restatement would either read:

> [GEICO] intentionally and improperly interfere[d] with the performance of a contract (except a contract to marry) between [the Plaintiff] and a [medical practice] by inducing or otherwise causing [the medical practice] not to perform the contract, is subject to liability to [the Plaintiff] for the pecuniary loss resulting to the [Plaintiff] from the failure of the [medical practice] to perform the contract.

Or

> [GEICO] intentionally and improperly interfere[d] with the performance of a contract (except a contract to marry) between [the medical practice] and [the Plaintiff] by inducing or otherwise causing [the Plaintiff] not to perform the contract, is subject to liability to [the medical practice] for the pecuniary loss resulting to the [medical practice] from the failure of the [Plaintiff] to perform the contract.

In the first instance, there has been no evidence that the medical practice failed to perform any promise owed to the Plaintiff, and in the second instance, it would be the medical practice, and not the Plaintiff, that could recover.

The Plaintiff argues that section 766A of the Restatement (Second) of Torts permits the Plaintiff's claim. Section 766A reads:

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person, by preventing the other from performing the contract or causing his performance to be more expensive or burdensome, is subject to liability to the other for the pecuniary loss resulting to him.

Restatement (Second) of Torts § 766A (1979). Comment (e) to this section states:

> *Intent and purpose.* The intent required for this Section is that defined in § 8A. The interference with the other's performance of his contract is intentional if the actor desires to bring it about or if he knows that the interference is certain or substantially certain to occur as a result of his action.

9

*Id.* The Plaintiff is correct that this Court should also consider § 766A of the Restatement (Second). *See Allen Family Foods, Inc. v. Capitol Carbonic Corp.*, 2011 WL 1205138 (Del. Super. Mar. 31, 2011). However, the Plaintiff has made no showing that any harm alleged from the breach of contract (*i.e.*, the Plaintiff's failure to pay her medical bills) impacted the performance owed to the Plaintiff. (D.I. 316 at 33); *see Allen*, 2011 WL 1205138 at *6 ("Section 766A is intended to address situations where 'the Plaintiff is unable to obtain performance of the contract by the third person because he has been prevented from performing his part of the contract.'") The Plaintiff makes no allegation, and has no evidence, that she did not get all the medical services she wanted. Therefore, the Defendants' Motion for Summary Judgment as to Count VII is granted.

## CONCLUSION

For the reasons above, the Court will **GRANT IN PART** and **DEFER IN PART** the Defendants' Motion for Summary Judgment (D.I. 579). The Court will hear oral argument regarding the 18 Del. C. § 2304(16) issue, as it relates to Count III, IV, and VI, and whether the Defendants have met their burden to show an absence of disputed material fact on each of the elements of Claims I, II, III, IV, and V. An appropriate order will be entered.