IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**KERRY JOHNSON, and SHARON ANDERSON, on behalf of themselves and all others similarly situated**
　　　　　Plaintiffs;

v.

**GOVERNMENT EMPLOYEES INSURANCE COMPANY**, et al,
　　　　　Defendants.

Civil Action No. 06-408-RGA

MEMORANDUM OPINION

Richard H. Cross, Jr., Esq. (argued) and Christopher P. Simon, Esq., Cross and Simon LLC, Wilmington, DE, attorneys for the Plaintiff.

Paul A. Bradley, Esq., Maron Marvel Bradley & Anderson, LLC, Wilmington, DE; George M. Church, Esq. (argued), Miles & Stockbridge P.C., Baltimore, MD; Meloney Perry, Esq. (argued), Perry Law P.C., Dallas, TX, attorneys for the Defendants.

June 16, 2014

ANDREWS, UNITED STATES DISTRICT JUDGE:

This is a continuation of the Court's Memorandum Opinion dated March 26, 2014. (D.I. 655). This matter has been fully briefed. (D.I. 585, 599, 611, 662). The Court heard oral argument on May 8, 2014. (D.I. 663). For the reasons set forth herein, the Defendants' Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**.

## ANALYSIS

### Count II – Breach of Contract

*Legal Standard*

To prove a breach of contract claim, the Plaintiff must establish: (1) the existence of a contract, (2) a breach of the contract, (3) and that the breach of the contract was the proximate cause of damages. *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003).

*Discussion*

The Court assumes without deciding that there is binding contract between the parties and that there was a breach of said contract. Thus, the Court turns its attention to whether the breach of the contract was the proximate cause of the claimed damages.

GEICO argues that, "There is no legally sufficient evidence to establish a causal relationship between the auto accident and [the] treatment rendered between June 13, 2005 and October 27, 2005." (D.I. 585 at 38). GEICO maintains that for the Plaintiff to establish that GEICO breached its contract for nonpayment for a rendered treatment, the Plaintiff "must present legally sufficient evidence to establish a causal relationship between the accident and this treatment." *Id.* GEICO further presents the Court with evidence that, while at the time of the PIP claim there was no reason to question causation, discovery in this case has raised the issue of causation. Specifically, discovery has shown that the Plaintiff has suffered longstanding chronic

1

back and neck problems, the same injury of which the Plaintiff now complains. *Id.* GEICO also presents deposition testimony showing that Dr. Jones, the Plaintiff's doctor, "admitted that he could not state to a reasonable degree of medical certainty or probability that the treatment at issue was causally related." *Id.* (citing D.I. 654-3 at 9 (Dr. Jones stating, "All I know is [that] she came in and told me the pain was related to the accident.")). Furthermore, GEICO maintains that under Delaware law, proof of medical causation requires expert testimony, and no such testimony has been proffered here. (D.I. 585 at 39 (citing *Habel v. Temple University Hospital*, 2005 WL 637918 (D. Del. March 10, 2005)).

The Plaintiff argues that "to the extent that GEICO now attacks payment of Anderson's medical bills as not prescribed or necessary, GEICO has waived such challenge by not raising it within the mandatory 30-day period. Even if GEICO were allowed to concoct a post-facto reason why coverage was not warranted, [Ms.] Anderson has established through the testimony and report of her treating physician that her treatment was reimbursable under her policy." (D.I. 599 at 41 (internal citations and footnotes omitted)). The Plaintiff further maintains that any preexisting disease or infirmity that she may have suffered is covered by Delaware's longstanding eggshell skull rule. *Id.* (citing *Reese v. Home Budget Center*, 619 A.2d 907, 910 n.1 (Del. 1992)).

The determination of proximate cause of an injury, especially as related to an automobile accident, is not a matter of common knowledge and thus expert medical testimony is required. *Sluss v. Davis*, 2006 WL 2846387 at *2 (Del. Super. Oct. 4, 2006); *See also Rayfield v. Power*, 840 A.2d 642 (Del. 2003). Here, GEICO has proffered sufficient evidence to demonstrate that the Plaintiff's back and neck problems preexisted the car accident. This showing shifts the burden to the Plaintiff to demonstrate that there is a genuine dispute of material fact as to

2

whether her injuries were caused by the car accident, and thus that her claims were reasonable and necessary.

Ms. Anderson has put forth no evidence to establish that the treatment rendered to her was causally connected to the automobile accident. There is nothing in the record, as presented to the Court now, other than argument, to show that the Plaintiff's treatment was a reasonable and necessary medical expense that arose from injuries sustained in the automobile accident. Furthermore, once GEICO put forth evidence showing that the Plaintiff's injuries were unrelated to the car accident, it became the Plaintiff's burden to bring forth medical expert testimony to prove causation. Despite the years that this case has been before the Court, the Plaintiff has failed to put forth such evidence. Therefore, GEICO's motion for summary judgment on the Plaintiff's breach of contract count is granted.

The Plaintiff maintains that GEICO has waived any challenge to the reasonableness of the medical charges because the challenge was not disclosed within the statutory 30-day period. (D.I. 599 at 41).

> When an insurer receives a written request for payment of a claim for benefits pursuant to § 2118(a)(2) of this title, the insurer shall promptly process the claim and shall, no later than 30 days following the insurer's receipt of said written request for first-party insurance benefits and documentation that the treatment or expense is compensable pursuant to § 2118(a) of this title, make payment of the amount of claimed benefits that are due to the claimant or, if said claim is wholly or partly denied, provide the claimant with a written explanation of the reasons for such denial.

21 Del. C. § 2118B(b). The aforementioned section precludes an insurance carrier from changing the reason for a denial of an insurance claim after the 30 day statutory period. *Spine Care Delaware, LLC v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 495899 at * 2 (Del. Super. Feb. 5, 2007). In *Spine Care* the Court determined that the defendant was precluded from

3

asserting defenses not disclosed in the first 30 days and for changing its reason for denial. *Id.* Specifically, the Defendant initially denied the claim on the basis that the medical facility fee was not reimbursable as the medical facility lacked a proper license. *Id.* at *1. The Defendant abandoned this contention during litigation and argued that the facility fee was not reimbursable because the facility fee was not reasonable or necessary. *Id.* The Court determined that the Defendant was precluded under 21 Del. C. § 2118B(b) from raising this new defense, because it was not disclosed during the 30 day statutory period. *Id.* at *3. Here, GEICO's initial denial of the Plaintiff's claim was based on the reasonableness of the charge. This is the same defense that GEICO now presents to the Court, though with notably more evidence. Therefore, the Court finds that GEICO's coverage defense is not precluded under 21 Del. C. § 2118B(b).[1]

The Plaintiff additionally argues that Ms. Anderson's pre-existing condition is irrelevant because of Delaware's eggshell plaintiff rule. (D.I. 599 at 411 n. 27). While Delaware does have a longstanding eggshell plaintiff rule, *see Reese*, 619 A2d at 910 n.1, the rule does not excuse the Plaintiff from having to present evidence that the Plaintiff's damages were proximately caused by the accident.

Count III – Bad Faith Breach of Contract

*Legal Standard*

The eligibility to receive PIP benefits in an automobile accident is "entirely statutory in origin and operation." *Harper v. State Farm Mut. Auto. Ins. Co.*, 703 A.2d 136, 140 (Del. 1997). This is because the eligibility to receive PIP benefits derives from the Delaware No-

---

[1] In connection with the class action certification in this case, Judge Farnan appeared to reach the same conclusion. "Even if the claims [of the classes] were systematically denied and reduced, . . . individualized inquiries would be required to determine whether each class member's individual claim was actually medically necessary and their expenses reasonable." *Johnson v. GEICO Cas. Co.*, 673 F.Supp. 2d 255, 273 (D. Del. 2009).

Fault Insurance Statute rather than common law. *Id.* The Delaware Supreme Court has found that the statute only creates a cause of action if there is a breach of the PIP contract. *Id.* Furthermore, under Delaware law, a "cause of action for bad faith delay, or nonpayment, of an insured's claim in a first-party insured-insurer relationship is . . . a breach of contractual obligations." *D'Orazio v. Hartford Ins. Co.*, 2011 WL 1756004 (E.D. Pa. May 6, 2011), *aff'd*, 459 F. App'x 203 (3d Cir. 2012) (citing *Tackett v. State Farm Fire and Cas. Ins. Co.*, 653 A.2d 254, 264 (Del. 1995)).

*Discussion*

As a bad faith breach of contract claim is considered to be a contract claim and not a tort claim, *see Tackett,* 653 A.2d at 264, and as the Court has found that there is no breach of contract, there can, as a matter of law, be no bad faith breach of contract. Therefore, Defendants' motion for summary judgment on Plaintiff's bad faith breach of contract claim is granted.

The Plaintiff maintains that "GEICO's position that a bad faith claim cannot exist without an underlying breach of an express term of the contract is an incorrect statement of law. . . ." (D.I. 599 at 41, 42). To support this claim Plaintiff cites several cases for the proposition that the "implied covenant of good faith and fair dealing is triggered when the defendant's conduct does not violate the express terms of the agreement but nevertheless deprives the plaintiff of the fruits of the bargain." (D.I. 599 at 42 (internal citations omitted)). The Plaintiff's arguments, however, about good faith and fair dealing are not relevant here. The determination of the existence of bad faith cannot supply causation in a case in which causation is unproved. The breach of the covenant of good faith and fair dealing concerns breach, not causation. More simply put, a breach of the implied covenant of good faith and fair dealing involves cases in

which there is a breach of a term that has been implied into the contract. *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 441 (Del. 2005).

### Count IV – Breach of Duty of Good Faith and Fair Dealing

*Legal Standard*

The implied covenant of good faith and fair dealing attaches to every contract. *Dunlap*, 878 A.2d at 441-42. "[T]he implied covenant requires a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the bargain." *Id.* at 442 (internal quotation marks omitted). A party is liable for breaching the implied covenant of good faith and fair dealing when the party's conduct is such that it frustrates the general purpose of the contract "by taking advantage of [its] position to control implementation of the [contract's] terms." *Id.* While there exists an occasional need to imply contract terms that "ensure the parties' reasonable expectations are fulfilled," quasi-reformation "should be a rare and fact intensive exercise, governed solely by issues of compelling fairness." *Id.* (internal quotation marks and brackets omitted). As for insurance contacts, the duty of good faith and fair dealing "comprehends duties other than the duty to promptly process and pay claims." *Id.* at 444.

*Discussion*

GEICO argues that a bad faith breach of contract and breach of the covenant of good faith and fair dealing "are one and the same. . . ." (D.I. 585 at 34). However, the Delaware Supreme Court has made it clear that the two claims are not the same, and furthermore that the duty of good faith and fair dealing extends beyond the refusal to pay insurance proceeds. *See Dunlap*, 878 A.2d at 442-44. GEICO also argues that the Plaintiff's breach of the implied covenant of good faith and fair dealing improperly incorporates 18 Del. C. § 2304, as 18 Del. C.

6

§ 2304 provides the Commissioner the power to regulate the insurance industry, but does not create a private right of action. (D.I. 585 at 28, 31).

The Plaintiff argues that, "GEICO has frustrated the overarching purpose of the insurance contacts – and PIP law – and has taken advantage of its position to control processing of claims, to its benefit, to the detriment of policyholders, and with fraud, deceit, misrepresentation, or furtive design, in violation of the covenant." (D.I. 599 at 43). However, except for the aforementioned generic statement, the Plaintiff does not cite to a single location in the record that would demonstrate any such violation. In response to the GEICO's § 2304 argument, the Plaintiff states that she is not relying on §2304 to create her claim, but instead solely to satisfy an element of her claim. (D.I. 599 at 34, 35).[2]

"The Delaware Unfair Trade Practices Act ('UTPA'), 18 Del. C. § 2301, *et seq.* (1975), empowers the Delaware Commissioner of Insurance . . . to deal with unfair trade practices within the insurance industry." *Correa v. Pennsylvania Mfrs. Ass'n Ins. Co.*, 618 F. Supp. 915, 925 (D. Del. 1985). The UTPA does not create a private right of action. *Davidson v. Travelers Home & Marine Ins. Co.*, 2011 WL 7063521 (Del. Super. Dec. 30, 2011). However, the statute does not preempt any common law right of action. *Correa*, 618 F. Supp. at 924. Finally, violations of statutory requirements may be used to prove an element of a claim. *See, e.g., New Haverford P'ship v. Stroot*, 772 A.2d 792, 797-98 (Del. 2001).

Here the Plaintiff is not using the § 2304 to satisfy an element of a claim, but is instead arguing that the statutory requirements should be read into the contract that the insured and the insurer agreed to. In other words, the Plaintiff is attempting to reform the contract via the

---

[2] The Plaintiff raises this argument in terms of both Counts III and Count IV. The Court takes up the issue only as it relates to Count IV, the breach of the implied covenant of good faith, as it is unnecessary to decide it in relation to Count III.

7

implied covenant of good faith and fair dealing, to include the requirements of 18 Del. C. § 2304. For the Court to read into the insurance contract the requirements of § 2304 would require the Court to find that the parties would have agreed to such a term had the parties thought to have negotiated with respect to the matter. *See Dunlap*, 878 A.2d at 442. Here, as § 2304 contains no private right of action, the Court will not read the requirements into the contract[3] without compelling evidence that the parties would have agreed to include the clause if they had negotiated the issue. The Plaintiff has provided no such evidence. Therefore, Defendants' motion for summary judgment on the Plaintiff's breach of the duty of good faith and fair dealing claim is granted.

### Counts I and V

The Court finds that the Defendants have failed to show the absence of a disputed material fact in relation to Count V and therefore denies the Defendants' Motion for Summary Judgment as it relates to that Count. The parties' briefing in relation to Count I was cursory, and circumstances have now changed. The Court would therefore find it helpful to have further letter briefing, and requests that each party file a supplemental letter of no more than five pages, limited to the question of summary judgment (or dismissal) in relation to Count I.

### CONCLUSION

For the reasons above, the Court will **GRANT IN PART** and **DENY IN PART** the Defendants' Motion for Summary Judgment (D.I. 579). An appropriate order will be entered.

---

[3] The Superior Court came to a similar conclusion regarding a similar argument in *Price v. State Farm Mutual Auto. Ins. Co.*, 2013 WL 1213292 at *14 (Super. Ct. Mar. 15, 2013).

8