IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KERRY JOHNSON, and SHARON ANDERSON, on behalf of themselves and all others similarly situated<br>Plaintiffs;<br><br>v.<br><br>GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al,<br>Defendants, | Civil Action No. 06-408-RGA |

MEMORANDUM ORDER

Having considered all the papers and argument submitted regarding the Plaintiff's Motion for Reconsideration of the Court's June 16, 2014 Memorandum Opinion and Order (D.I. 681) and the response (D.I. 684), the Court **DENIES** the motion.

The Plaintiff brought the present motion under FED. R. CIV. P. 59(e) and 60(b). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 59(e) is a "device to relitigate the original issue decided by the district court, and used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003) (internal quotation marks omitted). "The moving party must show one of the following in order to prevail on a Rule 59(e) motion: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Maymi v. Phelps*, 2011 WL 6034480 at *1 (D. Del. Dec. 5, 2011). "A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided." *Id.*

1

As there was no final judgment in this case, Rule 60(b) does not apply. Instead, the Court views this motion in light of the requirements for a motion under Rule 59(e). Furthermore, the Court notes at the outset that the Plaintiff has pointed the Court to no intervening change in the controlling law. The Plaintiff requests reconsideration regarding the Court's finding as to Counts II, III, and IV. The Court will address these Counts in turn.

*Count II:*

The Plaintiff argues that the Court had made specific findings of fact and law that the Plaintiff relied upon when drafting its summary judgment briefing, and thus was unfairly prejudiced as the Court dismissed Count II in such a way that was contrary to the Court's previous findings. (D.I. 681 at 2-5). The Court disagrees.

The Court dismissed Count II, a contract claim, because the Plaintiff failed to provide any evidence that the Defendants' breach of the contract was causally connected to the Plaintiff's damages. Section D.2.a. of the Defendants' opening brief is titled, "There is no legally sufficient evidence to establish a causal relationship between the automobile accident of August 3, 2004 and the treatment rendered between June 13, 2005 and October 27, 2005." (D.I. 580 at 55). This section is four full pages in length, *see id.* at 55-59, and was listed in the brief's table of contents. *Id.* at 4. In this section, GEICO presented deposition testimony showing that Dr. Jones, the Plaintiff's Doctor, admitted that he could not state to a reasonable degree of medical certainty or probability that the treatments that Ms. Anderson received were related to the car accident. This evidence went unanswered by the Plaintiff.

The Plaintiff now brings evidence regarding causation to the Court's attention. However, the proper time for such evidence has come and gone. While the Plaintiff argues that all of this evidence had been in front of the Court in various filings, this is irrelevant for the current

2

purposes. I am not Captain Jack Sparrow, in search of the hidden treasure from the "dreaded Isla de Muerta," the "island that cannot be found except by those who already know where it is." *Pirates of the Caribbean: The Curse of the Black Pearl* (2003). It was Plaintiff's choice not to present the evidence to the Court in her 39 pages of briefing. Moreover, both the Defendants and I specifically raised the issue of causation during oral argument on May 6, 2014, and the Plaintiff still chose not to present evidence sufficient to show causation. (D.I. 663 at 22, 33-44 ([Defendant's Attorney]: "Well, where is the proof [of causation], I guess is my question to [Plaintiff's Counsel]? I don't know where it is.")). These are choices with which the Plaintiff must now live. *See* FED. R. CIV. P. 56(e)(2) & (3). Furthermore, regarding the Plaintiff's arguments concerning the Court's previous findings, those were made in relation to class certification, and are irrelevant to the motion for summary judgment, which pertains to Ms. Anderson in her individual capacity. The Defendants had, and chose to exercise, the right to contest causality as it pertained specifically to Ms. Anderson. Therefore the Plaintiff's Motion as to Count II is **DENIED**.[1]

*Count III:*

The Plaintiff argues that in granting the Defendants' motion for summary judgment, "the Court failed to consider any number of other ways the Defendants breached their agreement with Ms. Anderson that could give rise to a claim for bad faith." (D.I. 681 at 10). Here the Plaintiff is simply rearguing an issue that had been raised by the Plaintiff in its briefing (D.I. 599 at 41-43), and which was addressed by the Court in its Opinion. (D.I. 675 at 6). The Plaintiff's

---

[1] The Defendants requested that the Court strike the "Plaintiff's unauthorized attempt to supplement the record." (D.I. 684 at 6). While the Court will not strike the appendix to the present motion (D.I. 681-1, 681-2), I am certainly not considering any portion of it that presents evidence that the Plaintiff could have presented at the time of her motion for summary judgment.

3

motion regarding Count III fails to meet the high burden of showing that the Court made a clear error of law or fact. Therefore, the motion concerning Count III is **DENIED**.

*Count IV:*

The Plaintiff argues that the Court both ignored the Plaintiff's citation to her counter statement of facts and that the Court ignored and did not cite applicable Delaware law. In the Court's June 16, 2014 Opinion, the Court found that under Delaware law it was inappropriate to read the requirements of 18 Del. C. § 2304 into the contract without the parties showing compelling evidence that they would have agreed to include such a clause in the contract. (D.I. 675 at 9). No such evidence is present in the Plaintiff's briefing, including in her counter-statement of facts.

Furthermore, while the Plaintiff makes the generic argument that GEICO frustrated the overarching purpose of the insurance contract and points the Court to the Plaintiff's counter statement of facts, the Plaintiff provides no guidance as to which of those facts are relevant to her arguments. To defeat a motion for summary judgment in which the moving party has met its burden, as GEICO did in this case, the non-moving party asserting that a fact is genuinely disputed must support such an assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials; or (B) showing that the materials cited [by the opposing party] do not establish the absence . . . of a genuine dispute . . . ." FED. R. CIV. P. Rule 56(c)(1). The plaintiff's generic citation to her counter statement of facts, followed by a listing of a litany of possible breaches of duty (D.I. 599 at 43), does not meet the requisite burden established by Rule 56(c)(1). Therefore the Plaintiff's Motion as to Count IV is **DENIED**.

*Other issues raised by the Plaintiff and the Defendants:*

The Plaintiff argues that the Court should afford the other class members an opportunity to intervene. The Plaintiff is free to make a motion regarding this issue.

The Defendants argue that the Court should *sua sponte* decertify Counts III, IV, and VI. (D.I. 684 at 11). The Court declines this invitation.

Entered this 12th day of September, 2014.

United States District Judge