IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KERRY JOHNSON, and SHARON
ANDERSON, on behalf of themselves and
all others similarly situated
              Plaintiffs;
v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, et al,
              Defendants,

Civil Action No. 06-408-RGA

MEMORANDUM ORDER

This is a continuation of the Court's Memorandum Opinion dated June 16, 2014 (D.I. 675), which was a continuation of the Court's Memorandum Opinion dated March 26, 2014. (D.I. 655). For the reasons set forth herein, the Court **DISMISSES** Plaintiff Ms. Sharon Anderson's Claim 1 for lack of jurisdiction.

## BACKGROUND

In the Court's Memorandum Opinion dated June 16, 2014, the Court reserved judgment regarding Claim 1, the declaratory judgment claim. The Court requested additional briefing on this issue. After review of the briefing, the Court issued an order that, "Pursuant to Federal Rule of Civil Procedure Rule 56(f), the parties are given notice that the Court is considering whether to grant summary judgment for Claim 1 based upon the claim not being ripe under federal law, as it is unlikely that the Plaintiff will have a subsequent car accident." (D.I. 683). The parties were additionally ordered to provide the Court with supplemental briefing. *Id.* This issue is now fully briefed and ripe for decision. (D.I. 685, 686, 690, 691, 692).

## ANALYSIS

The Defendants argue that Ms. Anderson, the Plaintiff, "has no standing to proceed on Count I and her claim is not ripe for consideration by the Court." (D.I. 685 at 1). The Plaintiff argues that the claim is ripe. (D.I. 686 at 1).

"In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C. § 2201.

> Determining whether declaratory judgment jurisdiction exists in a particular case requires consideration of the facts alleged, under all the circumstances, in order to evaluate whether they show that there is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*PHL Variable Ins. Co. v. ESF QIF Trust by & through Deutsche Bank Trust Co.*, 2013 WL 6869803, at *3 (D. Del. Dec. 30, 2013) (internal quotation marks omitted).

Before considering the merits of a declaratory judgment action, the Court must ensure that the action is ripe for adjudication, so as to avoid "entangling [itself] in abstract disagreements." *Surrick v. Killion*, 449 F.3d 520, 527 (3d Cir. 2006). "Ultimately, a case must involve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical [set] of facts." *Id.* (internal quotation marks omitted). The Court should look to "[(1)] the adversity of the interest of the parties, [(2)] the conclusiveness of the judicial judgment

and [(3)] the practical help, or utility, of that judgment." *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647 (3d Cir. 1990).

### 1. *Adversity of Interest*

The Defendants argue that, "Ms. Anderson cannot show that her claim based on her 2004 accident warrants the issuance of a declaratory judgment. . . ." (D.I. 685 at 4). Ms. Anderson argues that there is an adversity of interest because she lost her "peace of mind" as the Defendants did not afford her the coverage that she was promised. (D.I. 686 at 3).

"[A] plaintiff need not suffer a completed harm to establish adversity of interest between the parties. [For i]n some situations, present harms will flow from the threat of future actions." *Armstrong World Indus., Inc. by Wolfson v. Adams*, 961 F.2d 405, 412 (3d Cir. 1992) (internal citations and quotation marks omitted). However, the future threat may not simply be "feared," instead the probability of that future event occurring must be "real and substantial" and "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* Here, the Court has already granted summary judgment finding that Ms. Anderson was unable to make out a case that GEICO failed to pay her PIP claim. (*See* D.I. 675). Furthermore, Ms. Anderson's request for a declaratory judgment is grounded in the assumption that if she were in another car accident, GEICO would not properly handle her claim. Specifically, Plaintiff's Second Amended Class Action Complaint, requests that the Court find that "(i) GEICO violated 21 Del. C. § 2118; and (ii) GEICO breaches its contracts with its insured by failing to pay claims submitted in accordance with Delaware's PIP statute." (D.I. 316 at ¶ 103).

First, the Court has found that the declaratory judgment count is not properly a class action suit. (D.I. 320 at 24-25). Therefore, the Court need only address the issue as to Ms. Anderson. Second, as the Court has found that GEICO did not breach its contract with Ms.

Anderson, Ms. Anderson's first request for relief is meritless. Third, and finally, GEICO cannot breach its contract with Ms. Anderson in the future, unless she is in another car accident causing personal injury to Ms. Anderson. The probability of another car accident of that sort is completely unknown to the Court, but is surely fairly low.[1] Further, Ms. Anderson could at any time obtain auto insurance from a different insurance carrier. Therefore, the Court finds that there is no real and substantial likelihood that an event will occur that will implicate the existing Anderson/GEICO contract, or any hypothetical future contract. There likewise is no sufficient immediacy to warrant the issuance of a declaratory judgment.

Ms. Anderson claims that there is an adversity of interest because there exists "continuous harm result[ing] from the loss of peace of mind that occurs when Defendant does not afford the coverage that was promised. . . ." (D.I. 686 at 3). While it is certainly the case that any type of insurance provides the insured peace of mind, this is not a ground for which the Plaintiff brought her declaratory judgment action in her Second Amended Class Action Complaint. (*See D.I.* 316 at ¶ 96-103). Furthermore, seeking "peace of mind" is not a sufficient basis for a declaratory judgment action. *Harshbarger v. Stevens*, 2011 WL 684611, *4 (D. Colo. Feb. 17, 2011). Therefore the Court finds that the adversity of interest between the parties is minimal.

*2. Conclusiveness*

The Defendants argue that as the Court would only be rendering an advisory opinion, the conclusiveness factor weighs in the Defendants' favor. (D.I. 685 at 4). Ms. Anderson argues

---

[1] Car insurance companies estimate that a person will submit an accident claim every 17.9 years. Des Toups, *How Many Times Will You Crash Your Car*, FORBES, http://forbes.com/sites/moneybuilder/2011/07/27/how-many-times-will-you-crash-your-car/, at 1 (July 27, 2011, 6:50 PM). Furthermore, it is predicted that 1 in every 150 drivers will be in an accident that causes physical injuries every year. *Id.* at 2.

that as the issue here is the resolution of a contractual issue, a judgment would be conclusive. (D.I. 686 at 4). The second step of *Step-Saver* requires the Court to determine if judicial action would "amount to more than an advisory opinion based upon a hypothetical set of facts." *Presbytery of New Jersey of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1468 (3d Cir. 1994). The Court finds that, as the heart of this declaratory judgment is a contractual dispute, the Court could order GEICO to comply with the contract, and specify what this entails. Thus, the Court would be able to provide more than an advisory opinion. Therefore, this factor weighs in favor of Ms. Anderson.

### 3. Practical Help or Utility

The Defendants argue that a declaratory judgment would serve no useful purpose (D.I. 685 at 5), while Ms. Anderson maintains that a declaratory judgment "would allow Defendant to know whether they could continue to use the rule and would either restore the peace of mind for Plaintiff or allow Plaintiff (and other class members) to know what their rights are under their policy." (D.I. 686 at 4-5).

The Third Circuit requires that for a district court to take up a declaratory judgment suit the court must be "*convinced* that by its action a useful purpose will be served." *Armstrong World Indus.*, 961 F.2d at 412 (emphasis added, brackets omitted). "Therefore, even if a declaratory judgment would clarify the parties' legal rights, it should ordinarily not be granted unless the parties' plans of actions are likely to be affected by a declaratory judgment." *Id.* (internal quotation marks omitted).

I am far from convinced that this declaratory judgment action would serve any useful purpose. Despite the Plaintiff claiming that a resolution here would give peace of mind to an entire class, the declaratory judgment action was not certified as a class action and therefore the

5

Court considers the utility only in regards to Ms. Anderson. As for Ms. Anderson, I am far from convinced that the *Step-Saver* requirement that the declaratory judgment be of practical help or utility is satisfied by giving the plaintiff peace of mind.

## CONCLUSION

Considering the three *Step-Saver* requirements, the first and third strongly argue against jurisdiction and they are not outweighed by the second. Thus, the present declaratory action claim is not ripe. Therefore the Court **DISMISSES** the Plaintiff's Claim 1 for lack of jurisdiction.[2]

IT IS SO ORDERED this 12th day of September 2014.

/s/ Richard G. Andrews
United States District Judge

---

[2] The only claim Ms. Anderson has left is the fraud claim. The parties are to meet and confer and submit a status report addressing their readiness for trial on this count.